THE TOTAL AMENDMENT AND RESTATEMENT
OF THE
JEG FAMILY TRUST
Originally Dated November 1, 2006

Prepared by
GREGORY S. SMITH, LTD.
2520 St. Rose Parkway, Suite 210
Henderson, Nevada 89074

## TABLE OF CONTENTS

ARTICLE I
NAME AND BENEFICIARIES OF THE TRUST . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARTICLE II
DISTRIBUTION OF INCOME AND PRINCIPAL
WHILE THE TRUSTOR SHALL LIVE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARTICLE III
INCAPACITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARTICLE IV
DISTRIBUTION OF CASH, HOUSEHOLD AND PERSONAL EFFECTS
AFTER DEATH OF TRUSTOR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARTICLE V
DISTRIBUTION OF INCOME AND PRINCIPAL
AFTER DEATH OF THE TRUSTOR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARTICLE VI
TRUSTEE'S DISCRETION ON DISTRIBUTION TO PRIMARY BENEFICIARIES . . . . . 9

ARTICLE VII
PROVISIONS RELATING TO TRUSTEESHIP . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ARTICLE VIII
PROVISIONS RELATING TO TRUSTOR'S POWERS . . . . . . . . . . . . . . . . . . . . . . . 14

ARTICLE IX
PROVISIONS RELATING TO TRUSTEE'S POWERS . . . . . . . . . . . . . . . . . . . . . . . 14

ARTICLE X
SUBCHAPTER S STOCK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

ARTICLE XI
QUALIFIED PLANS AND IRA'S . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

ARTICLE XII
PROTECTION OF AND ACCOUNTING BY TRUSTEE . . . . . . . . . . . . . . . . . . . . . . 25

ARTICLE XIII
GENERAL PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

# TRUST AGREEMENT

## OF THE
## TOTAL AMENDMENT AND RESTATEMENT
## OF THE
## JEG FAMILY TRUST

THIS DECLARATION OF TRUST AGREEMENT is a Total Amendment and
Restatement of the JEG FAMILY TRUST, which was originally established on November 1,
2006. This Total Amendment and Restatement, as follows, is made on *August 16th*, 2012,
by JACK E. GALARDI, also known as JACK HAROLD EDWARD GALARDI (hereinafter
referred to as the "Trustor" or "Grantor" when reference is made to him in his capacity as creator
of this Trust and the transferor of the principal properties thereof), and JACK E. GALARDI, of
Clark County, Nevada (hereinafter referred to as the "Trustee," when reference is made to him
in his capacity as Trustee or fiduciary hereunder).

### *Witnesseth:*

WHEREAS, the Trustor desires by this Trust Agreement to totally amend and restate the
"JEG FAMILY TRUST" for the use and purposes hereinafter set forth, to make provisions for
the care and management of certain of his present properties and for the ultimate distribution of
the Trust properties;

NOW, THEREFORE, the Trustor hereby gives, grants, and transfers to the Trustee, IN
TRUST, which Trustee hereby declares that he has received from the Grantor, the property listed
on Schedule "A", (which schedule is attached hereto and made a part of this Trust Agreement),
TO HAVE AND TO HOLD THE SAME IN TRUST, and to manage, invest and reinvest the same
and any additions that may be made from time to time hereto, subject to the provisions of Trust
as hereinafter provided.

1

GREGORY S. SMITH, LTD.
Attorney at Law

All property subject to this Trust Indenture shall constitute the Trust estate and shall be held for the purpose of protecting and preserving it, collecting the income therefrom, and making distributions of the principal and income thereof as hereinafter provided.

Additional property may be added to the Trust estate, at any time and from time to time, by the Trustor or any person or persons, by inter vivos act or testamentary transfer, or by insurance contract or Trust designation.

The property comprising the original Trust estate, during the life of the Trustor, shall retain its character as his separate property, as designated on the attached Schedule "A" or document of transfer or conveyance. Property subsequently received by the Trustee during the life of the Trustor may be listed on addenda to Schedule "A" and shall have the separate character designated thereon or on the document of transfer or conveyance.

## ARTICLE I
## NAME AND BENEFICIARIES OF THE TRUST

1.1     **Name**. The Trust created in this instrument may be referred to as the "JEG FAMILY TRUST", and any separate Trust may be referred to by adding the name of the beneficiary.

1.2     **Beneficiaries**. The Trust estate created hereby shall be for the use and benefit of JACK E. GALARDI, and for the other beneficiaries named herein. The names of the five (5) now living children of the Trustor are JACKIE GALARDI, JACK GALARDI, JR., MICHAEL D. GALARDI, TERI GALE GALARDI, and KATHY HOLDER. For purposes of this Trust Indenture, the Trustor has intentionally and with full knowledge, failed to provide for JACKIE GALARDI and MICHAEL D. GALARDI, and their issue and they shall be disinherited and treated as though they predeceased the Trustor. The Trustor wishes to express his love and affection for KATHY HOLDER and he has provided for her under Sections 5.2 and 5.5, below. However, except for Sections 5.2 and 5.5, below,

2                                    GREGORY S. SMITH, LTD.
                                     Attorney at Law

KATHY HOLDER shall not be considered a child of the Trustor. JACK
GALARDI, JR. and TERI GALE GALARDI shall hereinafter be designated as the
"children of the Trustor."

# ARTICLE II
## DISTRIBUTION OF INCOME AND PRINCIPAL
## WHILE THE TRUSTOR SHALL LIVE

2.1        **Distributions While The Trustor Lives.** During the lifetime of JACK
HAROLD EDWARD GALARDI, he shall be entitled to all income and principal
of the Trust property without limitation.

2.2        **Use of Residence.** While the Trustor shall live, he may possess and use,
without rental or accounting to Trustee, any residence owned by this Trust.

# ARTICLE III
## INCAPACITY

3.1        **Incapacity of Trustor.** If at any time, as certified in writing by two
licensed physicians, the Trustor has become physically or mentally incapacitated,
whether or not a court of competent jurisdiction has declared him incompetent,
mentally ill, or in need of a guardian or conservator, the Trustee shall pay to the
Trustor or apply for his benefit, the amounts of net income and principal necessary,
in the Trustee's discretion, for the proper health, support and maintenance of the
Trustor in accordance with his accustomed manner of living, until the incapacitated
Trustor, either in the Trustee's discretion or as certified by two licensed
physicians, is again able to manage his own affairs or until his death.

3.2        **Reliance on writing.** Anyone dealing with this Trust may rely on the
physicians' written statements regarding the Trustor's incapacity, or a photocopy

3                          GREGORY S. SMITH, LTD.
                           Attorney at Law

of the statements, presented to them by the Trustee. A third party relying on such written statements shall not incur any liability to any beneficiary for any dealings with the Trustee in reliance upon such written statements. This provision is inserted in this Trust indenture to encourage third parties to deal with the Trustee without the need for court proceedings.

## ARTICLE IV

## DISTRIBUTION OF CASH, HOUSEHOLD AND PERSONAL EFFECTS AFTER DEATH OF TRUSTOR

4.1        **Distribution of Cash and Personal Property**. After the death of the Trustor, the Trustee shall distribute all cash, tangible personal property of the deceased Trustor, including but not limited to, furniture, furnishings, rugs, pictures, books, silverplate, linen, china, glassware, objects of art, wearing apparel, jewelry, ornaments, and automobiles in accordance with any written statement or list that the Trustor leaves disposing of this property.    Any such statement or list then in existence shall be determinative with respect to all bequests made therein. Any cash or property not included on said list shall be added to the Trust created in Article V below.

## ARTICLE V

## DISTRIBUTION OF INCOME AND PRINCIPAL AFTER DEATH OF THE TRUSTOR

5.1        **Payment of Expenses**. Upon the death of the Trustor, the Trustee may, in the Trustee's sole discretion, pay from the income and/or principal of this Trust, the administrative expenses, the expenses of the last illness and funeral of the Trustor, and any other debt owed by Trustor. Following such payments, the

GREGORY S. SMITH, LTD.
4                                    Attorney at Law

principal and undistributed income of the Trust shall be administered and as set forth herein.

5.2 **Specific Bequest for the Benefit of KATHY HOLDER**. Upon the death of the Trustor, the Trustee shall set aside the sum of *Three Hundred Thousand* dollars (\$ **3𝒪𝒪,𝒪𝒪𝒪** .00) for the benefit of KATHY HOLDER ("KATHY"), to be held in trust as follows:

(a) For so long as KATHY shall live, KATHY's share shall be retained in a separate Trust and the net income and principal from this Trust share shall be distributed to KATHY as is necessary, in the discretion of the Trustee, for the support, comfort, well-being, education or health needs of the beneficiary. In addition, principal may be used, in the discretion of the Trustee, for the education or emergency health needs of the beneficiary.

(b) Upon the death of KATHY, the remainder of this Trust share, if any, shall be distributed pursuant to Section 5.3, below.

5.3 **Distribution of the Remaining Trust Estate**. Upon the death of the Trustor, the Trustee shall divide the Trust estate into two (2) shares, namely, the TERI GALARDI SUB-TRUST and the JACK GALARDI JR. SUB-TRUST, to be administered and distributed as follows:

(a) The TERI GALARDI SUB-TRUST: Seventy-five percent (75%) of the remaining Trust estate shall be distributed to TERI GALE GALARDI, if she is then living, outright and free of trust. If TERI GALE GALARDI is not then living, then this Trust share shall be divided into as many equal shares as there are children of TERI GALE GALARDI who are then living (hereinafter referred to as "grandchildren of the Trustor" or "grandchild of the Trustor") and grandchildren of the Trustor who are deceased leaving issue then living, and these shares shall be distributed or retained as follows:

(1) If any grandchild of the Trustor is then the age of Thirty-five (35) years or older, his or her share shall be distributed to him or her outright and free of trust.

(2) For each grandchild of the Trustor who is then under the age of Thirty-five (35) years, his or her share shall be retained in a separate Trust and, until the grandchild attains the age of

GREGORY S. SMITH, LTD.
Attorney at Law

5

Twenty-five (25) years, the net income and principal from each Trust share shall be distributed to the grandchild as is necessary, in the discretion of the Trustee, for the support, comfort, well-being, education or health needs of the grandchild. After attaining the age of Twenty-five (25) years, the net income from each Trust share shall be distributed at least quarter annually to the grandchild of the Trustor. In addition, principal may be used, in the discretion of the Trustee, for the education or emergency health needs of the beneficiary.

(3) Upon attaining the age of Twenty-five (25) years, one-third (1/3) of the then value of the grandchild's Trust share shall be distributed to him or her outright and free of trust. Upon attaining the age of Thirty (30) years, one-half (½) of the then value of the grandchild's Trust share shall be distributed to him or her outright and free of trust. Upon attaining the age of Thirty-five (35) years, the entire remaining balance of the grandchild's Trust share shall be distributed to the grandchild outright and free of trust. If a grandchild has already attained age Twenty-five (25), Thirty (30), or Thirty-five (35) at the division date, the Trustee shall, upon making the division, distribute to such grandchild one-third (1/3), one-half (½), or all of his or her Trust share, respectively.

(4) If prior to full distribution a grandchild becomes deceased, his or her remaining share shall be distributed outright equally to his or her issue who are then living under the same terms and conditions as set forth in this section or, if there are no then living issue of the grandchild, his or her remaining share shall be distributed outright to his or her then living siblings. However, if any such distributee is one for whom a Trust is then being administered under this Section 5.2, the share of such distributee shall, instead of being distributed outright, be added to that Trust and administered and distributed in accordance with its terms.

(b) The JACK GALARDI, JR. SUB-TRUST: Twenty-five percent (25%) of the remaining Trust estate shall be distributed to the JACK GALARDI, JR. SUB-TRUST, to be distributed or retained as follows.

(1) For so long as JACK GALARDI, JR. ("JACK JR.") shall live, JACK JR.'s share shall be retained in a separate Trust and the net income and principal from this Trust share shall be distributed to JACK JR. as is necessary, in the discretion of the Trustee, for the

6

GREGORY S. SMITH, LTD.
Attorney at Law

support, comfort, well-being, education or health needs of the beneficiary. In addition, principal may be used, in the discretion of the Trustee, for JACK JR.'s education or emergency health needs.

(2) In the event that JACK JR. should predecease the Trustor, or, upon his death, this Trust share shall be divided into as many equal shares as there are children of JACK JR. who are then living (hereinafter referred to as "grandchildren of the Trustor" or "grandchild of the Trustor") and grandchildren of the Trustor who are deceased leaving issue then living, and these shares shall be distributed or retained as follows:

    (i) If any grandchild of the Trustor is then the age of Thirty-five (35) years or older, his or her share shall be distributed to him or her outright and free of trust.

    (ii) For each grandchild of the Trustor who is then under the age of Thirty-five (35) years, his or her share shall be retained in a separate Trust and, until the grandchild attains the age of Twenty-five (25) years, the net income and principal from each Trust share shall be distributed to the grandchild as is necessary, in the discretion of the Trustee, for the support, comfort, well-being, education or health needs of the grandchild. After attaining the age of Twenty-five (25) years, the net income from each Trust share shall be distributed at least quarter annually to the grandchild of the Trustor. In addition, principal may be used, in the discretion of the Trustee, for the education or emergency health needs of the beneficiary.

    (iii) Upon attaining the age of Twenty-five (25) years, one-third (1/3) of the then value of the grandchild's Trust share shall be distributed to him or her outright and free of trust. Upon attaining the age of Thirty (30) years, one-half (½) of the then value of the grandchild's Trust share shall be distributed to him or her outright and free of trust. Upon attaining the age of Thirty-five (35) years, the entire remaining balance of the grandchild's Trust share shall be distributed to the grandchild outright and free of trust. If a grandchild has already attained age Twenty-five (25), Thirty (30), or Thirty-five (35) at the division date, the Trustee shall, upon making the division, distribute to such

GREGORY S. SMITH, LTD.
Attorney at Law

grandchild one-third (1/3), one-half (½), or all of his or her
Trust share, respectively.

(iv)     If prior to full distribution a grandchild becomes deceased,
his or her remaining share shall be distributed outright
equally to his or her issue who are then living under the
same terms and conditions as set forth in this section or, if
there are no then living issue of the grandchild, his or her
remaining share shall be distributed outright to TERI GALE
GALARDI pursuant to the terms of Section 5.3(a), above.

5.4          **Charging Advances Against Beneficiary's Distributive Shares.**
Whenever any Trust assets here under are being divided into shares and, under the
provisions of this trust, the share of any person in such assets is required to be
charged with any advance (with or without interest on such advance), the actual
charging of such advance against such share shall be accounted for on a hotchpot
basis; that is, as though the amount of such advance (based on fair market values
at the effective date of such advance and including interest thereon, if so provided)
were a part of an increase in the Trust assets being divided into shares and as
though the amount of such advance had been allocated to and represented a prior
partial distribution toward the share of the person who is charged with such
advance.  Likewise, whenever any Trust assets hereunder are being divided into
shares and there is included among those assets a promissory note receivable (or
similar monetary obligation due the Trust involved) which its Trustees determine
is owed directly or indirectly by any person who is directly or indirectly a
beneficiary of one of those shares, (i) such receivable shall be valued at its then
face amount (including accrued but unpaid interest thereon, if any) and (ii), in the
making of such division into shares, such receivables shall be allocated at such
value to the share in which such debtor has a direct or indirect interest (at least
insofar as the size of such share permits such allocation).

5.5          **Generation Skipping Trusts.**  If the special generation skipping transfer
tax exemption election provided by Section 2652(a)(3) of the Internal Revenue

8                                  GREGORY S. SMITH, LTD.
                                   Attorney at Law

Code (Code) is exercised as to any property held in this Trust or if this Trust is receiving property from any other Trust to which the special election has been made, the Trustee is authorized, at any time in the exercise of absolute discretion, to set apart such property in a separate trust so that its inclusion ratio, as defined in Section 2642(a) of the Code is or remains zero. If such Trust(s) is (are) created then any estate or death taxes as well as any discretionary distributions to the Children of the Trustor shall be first charged against and paid out of the principal of the Trust(s) as to which the special election provided by Section 2652(a)(3) is not applicable.

5.6 **Last Resort Clause**. In the event that the principal of the Trust administered under this Article V is not disposed of under the foregoing provisions, the remainder, if any, shall be distributed, outright and free of Trust, to the heirs at law of JACK HAROLD EDWARD GALARDI, their identities and shares to be determined according to the laws of the State of Nevada then in effect relating to the intestate succession of separate property.

## ARTICLE VI

## TRUSTEE'S DISCRETION ON DISTRIBUTION TO PRIMARY BENEFICIARIES

6.1 **Delay of Distribution**. Notwithstanding the distribution provisions of Article V, the following powers and directions are given to the Trustee:

(a) If, upon any of the dates described in Article V, the Trustee for any reason described below determines, in the Trustee's sole discretion, that it would not be in the best interest of the beneficiary that a distribution take place, then in that event the said distribution shall be totally or partially postponed until the reason for the postponement has been eliminated. During the period of postponement, the Trustee shall have the absolute discretion to distribute income or principal to the beneficiary as the Trustee deems advisable for the beneficiary's welfare.

(b) If said causes for delayed distribution are never removed, then the Trust share of that beneficiary shall continue until the death of the beneficiary and

GREGORY S. SMITH, LTD.
Attorney at Law

then be distributed as provided in this Trust Instrument. The causes of such delay in the distribution shall be limited to any of the following:

(1) The current involvement of the beneficiary in a divorce proceeding or a bankruptcy or other insolvency proceeding.

(2) The existence of a large judgment against the beneficiary.

(3) Chemical abuse or dependency, or the conviction of the beneficiary of a felony, involving drugs or narcotics, unless a five year period has followed said conviction.

(4) The existence of any event that would deprive the beneficiary of complete freedom to expend the distribution from the Trust estate according to his or her own desires.

(5) In the event that a beneficiary is not residing in the United States of America at any given time, then the Trustee may decline to transmit to him or her any part or all of the income and shall not be required to transmit to him or her any of the principal if, in the Trustee's sole and uncontrolled judgment, the political and/or economic conditions of such place of residence of the beneficiary are such that it is likely the money would not reach him or her, or upon reaching him or her, would be unduly taxed, seized, confiscated, appropriated, or in any way taken from him or her in such a manner as to prevent his or her use and enjoyment of the same.

(6) The judicially declared incompetency of the beneficiary.

(c) The Trustee shall not be responsible unless the Trustee has knowledge of the happening of any event set forth above.

(d) To safeguard the rights of the beneficiary, if any distribution from his or her Trust share has been delayed for more than one (1) year, he or she may apply to the District Court in Las Vegas, Nevada, for a judicial determination as to whether the Trustee has reasonably adhered to the standards set forth herein. The Trustee shall not have any liability in the event the Court determines the Trustee made a good faith attempt to reasonably follow the standards set forth above.

GREGORY S. SMITH, LTD.
Attorney at Law

# ARTICLE VII

## PROVISIONS RELATING TO TRUSTEESHIP

7.1 **Successor Trustee**. In the event of the death or incapacity of the original Trustee, TERI GALE GALARDI shall serve as the Successor Trustee of all of the Trusts hereunder. In the event of the death or incapacity of TERI GALE GALARDI, EMELITA P. SY and DANIEL GEIGER shall serve as the Successor co-Trustees of all of the Trusts hereunder. If either of them should become deceased, unable or unwilling to serve as a Successor co-Trustee, then MARICAR A. MARTINEZ shall serve as Successor co-Trustee with the survivor of EMELITA P. SY or DANIEL GEIGER of all of the Trusts hereunder. If the other of them and MARICAR A. MARTINEZ should become deceased, unable or unwilling to serve as a Successor co-Trustee, the survivor of EMELITA P. SY, DANIEL GEIGER or MARICAR A. MARTINEZ shall serve as sole Successor Trustee of all of the Trusts hereunder. In determining the incapacity of any Trustee serving hereunder, the guidelines set forth in Section 3.1 may be followed.

If no Successor Trustee is designated to act in the event of the death, incapacity or resignation of the Trustee then acting, or no Successor Trustee accepts the office, the Trustee then acting if there is may appoint a Successor Trustee. If no such appointment is made, the majority of the adult beneficiaries entitled to distribution from this trust may appoint a Successor Trustee.

When Two (2) Successor Trustees are serving, and an agreement can not be reached between them, the Trust Consultant, defined below, shall make the deciding vote.

7.2 **Trust Consultant**. During the lifetime of the Trustor, *Gregory S. Smith* (herein known as the "Consultant" to the Trust) shall have the right and power by giving ten (10) days written notice to the Trustee to remove any Trustee named herein (except the Trust Consultant may not remove the Trustor as a Trustee

GREGORY S. SMITH, LTD.
Attorney at Law

11

hereunder) or any Successor Trustee, and to appoint either (1) an individual who is an "independent" Trustee pursuant to Internal Revenue Code Section 674, as amended, or (2) a Nevada bank or trust company to serve as Trustee or as Co-Trustees of the Trusts created hereunder. If any Trustee ceased to serve, the Trust Consultant shall have the power to appoint a successor Trustee as provided above. In the event the Trust Consultant shall fail to appoint a Successor Trustee, a majority of the adult beneficiaries may appoint a banking institution or trust company to so serve.

If no successor Trust Consultant is designated to act in the event of the death, incapacity or resignation of the Trust Consultant then acting, or no successor Trust Consultant accepts the office, the Trust Consultant then acting may appoint a successor Trust Consultant. If no such appointment is made, the majority of the adult beneficiaries entitled to distribution from this Trust may appoint a successor Trust Consultant.

7.3     **Liability Of Successor Trustee**. No Successor Trustee shall be liable for the acts, omissions, or default of a prior Trustee. Unless requested in writing within sixty (60) days of appointment by an adult beneficiary of the Trust, no Successor Trustee shall have any duty to audit or investigate the accounts or administration of any such Trustee, and may accept the accounting records of the predecessor Trustee showing assets on hand without further investigation and without incurring any liability to any person claiming or having an interest in the Trust.

7.4     **Acceptance By Trustee**. A Trustee shall become Trustee or Co-Trustee jointly with any remaining or surviving Co-Trustees, and assume the duties thereof, immediately upon delivery of written acceptance to Trustor, during his lifetime and thereafter to any Trustee hereunder, or to any beneficiary hereunder, if for any reason there shall be no Trustee then serving, without the necessity of any other act, conveyance, or transfer.

12

GREGORY S. SMITH, LTD.
Attorney at Law

7.5       **Delegation By Trustee**. Any individual Co-Trustee shall have the right at
any time, by an instrument in writing delivered to the other Co-Trustee, to delegate
to such other Co-Trustee any and all of the Trustee's powers and discretion.

7.6       **Resignation Of Trustee**. Any Trustee at any time serving hereunder may
resign as Trustee by delivering to Trustor, during his lifetime and thereafter to any
Trustee hereunder, or to any beneficiary hereunder if for any reason there shall be
no Trustee then serving hereunder, an instrument in writing signed by the resigning
Trustee.

7.7       **Corporate Trustee**. During the Trust periods, if any, that a corporate
Trustee acts as Co-Trustee with an individual, the corporate Trustee shall have the
unrestricted right to the custody of all securities, funds, and other property of the
Trusts and it shall make all payments and distributions provided hereunder.

7.8       **Majority**. Subject to any limitations stated elsewhere in this Trust
Indenture, all decisions affecting any of the Trust estate shall be made in the
following manner: While three or more Trustees, whether corporate or individual,
are in office, the determination of a majority shall be binding. If only two Trustees
are in office, they must act unanimously, except when at an impasse, then the Trust
Consultant shall cast the deciding vote.

7.9       **Bond**. No bond shall ever be required of any Trustee hereunder.

7.10      **Expenses and Fees**. The Successor Trustee shall be reimbursed for all
actual expenses incurred in the administration of any Trust created herein. The
Successor Trustee shall be entitled to reasonable compensation for service rendered
to the Trust. In no event, however, shall the fees exceed those fees that would
have been charged by state or federal banks in the jurisdiction in which the Trust
is being governed. However, any corporate Trustee shall be entitled to
compensation for its services in accordance with its published fee schedule.

GREGORY S. SMITH, LTD.
Attorney at Law

# ARTICLE VIII

## PROVISIONS RELATING TO TRUSTOR'S POWERS

8.1        **Power To Amend**. During the lifetime of the Trustor, this Trust Indenture
may be amended in whole or in part by an instrument in writing, signed by the
Trustor, and delivered to the Trustee. Upon the death of the Trustor, this Trust
Indenture shall not be amended.

8.2        **Power To Revoke**. During the lifetime of Trustor, the Trustor may revoke
this Trust Indenture by an instrument in writing, signed by the Trustor. Upon
revocation, the Trustee shall deliver the revoked portion of the Trust property to
the Trustor. Upon the death of the Trustor, this Trust Indenture shall not be
revoked.

8.3        **Power To Change Trustee**. During the lifetime of the Trustor, he may
change the Trustee or Successor Trustee of this Trust by an instrument in writing.

8.4        **Additions To Trust**. Any additional property acceptable to the Trustee
may be transferred to this Trust. The property shall be subject to the terms of this
Trust.

8.5        **Gift Program**. If the Trustor becomes legally incompetent, or if in the
Trustee's judgment reasonable doubt exists regarding capacity, the Trustee is
authorized in such Trustee's sole discretion to continue any gift program which the
Trustor had previously commenced, to make use of the federal gift tax annual
exclusion. Such gifts may be made outright or in trust.

# ARTICLE IX

## PROVISIONS RELATING TO TRUSTEE'S POWERS

9.1        **Management Of Trust Property**. With respect to the Trust property,
except as otherwise specifically provided in this Trust, the Trustee shall have all

14

GREGORY S. SMITH, LTD.
Attorney at Law

powers now or hereafter conferred upon trustees by applicable state law, and also those powers appropriate to the orderly and effective administration of the Trust. Any expenditure involved in the exercise of the Trustee's powers shall be borne by the Trust estate. Such powers shall include, but not be limited to, the following powers with respect to the assets in the Trust estate:

(a)   To register any securities or other property held hereunder in the name of the Trustee or in the name of a nominee, with or without the addition of words indicating that such securities or other property are held in a fiduciary capacity, and to hold in bearer form any securities or other property held hereunder so that title thereto will pass by delivery, but the books and records of Trustee shall show that all such investments are part of his respective funds.

(b)   To hold, manage, invest and account for the separate trusts in one or more consolidated funds, in whole or in part, as he may determine. As to each consolidated fund, the division into the various shares comprising such fund need be made only upon Trustee's books of account.

(c)   To lease Trust property for terms within or beyond the term of the Trust and for any purpose, including exploration for and removal of gas, oil, and other minerals; and to enter into community oil leases, pooling and unitization agreements.

(d)   To borrow money, mortgage, hypothecate, pledge or lease Trust assets for whatever period of time Trustee shall determine, even beyond the expected term of the respective Trust.

(e)   To hold and retain any property, real or personal, in the form in which the same may be at the time of the receipt thereof, as long as in the exercise of his discretion it may be advisable so to do, notwithstanding same may not be of a character authorized by law for investment of trust funds.

(f)   To invest and reinvest in his absolute discretion, and he shall not be restricted in his choice of investments to such investments as are permissible for fiduciaries under any present or future applicable law, notwithstanding that the same may constitute an interest in a partnership.

(g)   To advance funds to any of the Trusts for any Trust purpose. The interest rate imposed for such advances shall not exceed the current rates.

GREGORY S. SMITH, LTD.
Attorney at Law

(h)     To institute, compromise, and defend any actions and proceedings.

(i)     To vote, in person or by proxy, at corporate meetings any shares of stock in any Trust created herein, and to participate in or consent to any voting Trust, reorganization, dissolution, liquidation, merger, or other action affecting any such shares of stock or any corporation which has issued such shares of stock.

(j)     To partition, allot, and distribute, in undivided interest or in kind, or partly in money and partly in kind, and to sell such property as the Trustee may deem necessary to make division or partial or final distribution of any of the Trusts.

(k)     To determine what is principal or income of the Trusts and apportion and allocate receipts and expenses as between these accounts.

(l)     To make payments hereunder directly to any beneficiary under disability, to the guardian of his or her person or estate, to any other person deemed suitable by the Trustees, or by direct payment of such beneficiary's expenses.

(m)     To employ agents, attorneys, brokers, and other employees, individual or corporate, and to pay them reasonable compensation, which shall be deemed part of the expenses of the Trusts and powers hereunder.

(n)     To accept additions of property to the Trusts, whether made by the Trustor, a member of the Trustor's family, by any beneficiaries hereunder, or by any one interested in such beneficiaries.

(o)     To hold on deposit or to deposit any funds of any Trust created herein, whether part of the original Trust fund or received thereafter, in one or more savings and loan associations, bank or other financing institution and in such form of account, whether or not interest bearing, as Trustee may determine, without regard to the amount of any such deposit or to whether or not it would otherwise be a suitable investment for funds of a trust.

(p)     To open and maintain safety deposit boxes in the name of this Trust.

(q)     To make distributions to any Trust or beneficiary hereunder in cash or in specific property, real or personal, or an undivided interest therein, or partly in cash and partly in such property, and to do so without regard to the income tax basis of specific property so distributed. The Trustor

16

requests but does not direct, that the Trustee make distributions in a manner which will result in maximizing the aggregate increase in income tax basis of assets of the estate on account of federal and state estate, inheritance and succession taxes attributable to appreciation of such assets.

(r)     The powers enumerated in NRS 163.265 to NRS 163.410, inclusive, are hereby incorporated herein to the extent they do not conflict with any other provisions of this instrument.

(s)     The enumeration of certain powers of the Trustee shall not limit his general powers, subject always to the discharge of his fiduciary obligations, and being vested with and having all the rights, powers, and privileges which an absolute owner of the same property would have.

(t)     The Trustee shall have the power to invest Trust assets in securities of every kind, including debt and equity securities, to buy and sell securities, to write covered securities options on recognized options exchanges, to buy-back covered securities options listed on such exchanges, to buy and sell listed securities options, individually and in combination, employing recognized investment techniques such as, but not limited to, spreads, straddles, and other documents, including margin and option agreements which may be required by securities brokerage firms in connection with the opening of accounts in which such option transactions will be effected.

(u)     In regard to the operation of any closely held business of the Trust, the Trustee shall have the following powers:

(1)     The power to retain and continue the business engaged in by the Trust or to recapitalize, liquidate or sell the same.

(2)     The power to direct, control, supervise, manage, or participate in the operation of the business and to determine the manner and degree of the fiduciary's active participation in the management of the business and to that end to delegate all or any part of the power to supervise, manage or operate the business to such person or persons as the fiduciary may select, including any individual who may be a beneficiary or Trustee hereunder.

(3)     The power to engage, compensate and discharge, or as a stockholder owning the stock of the Corporation, to vote for the engagement, compensation and discharge of such managers, employees, agents, attorneys, accountants, consultants or other

17

GREGORY S. SMITH, LTD.
Attorney at Law

representatives, including anyone who may be a beneficiary or Trustee hereunder.

    (4)    The power to become or continue to be an officer, director or employee of a Corporation and to be paid reasonable compensation from such Corporation as such officer, director and employee, in addition to any compensation otherwise allowed by law.

    (5)    The power to invest or employ in such business such other assets of the Trust estate.

    (v)    To borrow money at interest rates then prevailing from any individual, bank or other source, irrespective or whether any such individual or bank is then acting as Trustee, and to create security interests in the Trust property by mortgage, pledge, or otherwise, to make a guaranty of, including a third party guaranty.

9.2        **Limitation on Discretionary Power**. The Trustee's discretion to distribute income and principal to a beneficiary who is also a Trustee shall be limited, with respect to such Trustee, to distributions for the beneficiary's health, education, maintenance and support.

9.3        **Power to Appoint Agent**. The Trustee is authorized to employ attorneys, accountants, investment managers, specialists, and such other agents as the Trustee shall deem necessary or desirable. The Trustee shall have the authority to appoint an investment manager or managers to manage all or any part of the assets of the Trust, and to delegate to said investment manager the discretionary power to acquire and dispose of assets of the Trust. The Trustee may charge the compensation of such attorneys, accountants, investment managers, specialists, and other agents against the Trust, including any other related expenses.

9.4        **Broad Powers Of Distribution**. After the death of the Trustor, upon any division or partial or final distribution of the Trust estate, the successor Trustee shall have the power to partition, allot and distribute the Trust estate in undivided interest or in kind, or partly in money and partly in kind, at valuations determined by the Trustee, and to sell such property as the Trustee, in the Trustee's discretion,

18

GREGORY S. SMITH, LTD.
Attorney at Law

considers necessary to make such division or distribution. In making any division or partial or final distribution of the Trust estate, the Trustee shall be under no obligation to make a pro rata division or to distribute the same assets to beneficiaries similarly situated. Rather, the Trustee may, in the Trustee's discretion, make non pro rata divisions between Trusts or shares and non pro rata distributions to beneficiaries as long as the respective assets allocated to separate trusts or shares or the distributions to beneficiaries have equivalent or proportionate fair market value. The income tax basis of assets allocated or distributed non pro rata need not be equivalent and may vary to a greater or lesser amount, as determined by the Trustee, in his or her discretion, and no adjustment need be made to compensate for any difference in basis.

9.5        **Merger of Identical Trusts.**  Should the Trustee of any separate trust hereunder at any time also be the Trustee of a trust having substantially identical dispositive provisions for the benefit of the same beneficiary or beneficiaries but created under some other trust agreement, such two identical trusts may, in the discretion of such Trustee, be merged together and thereafter administered as one single trust under the trust agreement having the earliest rule against perpetuities savings clause date. Where such a merger would be thus authorized but for differences in the identity of the contingent remainder beneficiaries of such otherwise mergeable trusts, such trusts may instead be consolidated together in a new trust created by the Trustee of such otherwise mergeable trusts under a new trust instrument executed by it having all of the same provisions as would apply to such a merger except those provisions relating to contingent remainder interests, which provisions shall be written in such manner as to preserve the relative interests of the different contingent remainder beneficiaries having an interest therein on the basis of the fair market value of the net assets of each trust entering into such consolidation as of the effective date of such consolidation as reasonably determined by such Trustee.

19

9.6         **Special Needs Trust.** If any beneficiary has any special needs where
government assistance is utilized, and if any direct or indirect distribution from this
Trust to or on behalf of the beneficiary may jeopardize the beneficiary's ability to
qualify for government assistance, then the vesting of said beneficiary's share may,
in the Trustee's discretion, be postponed until the Trustee(s) does as follows, if
possible: the Trustee(s) is specifically empowered to place that beneficiary's share
into a discretionary Special Needs Trust under the applicable state and federal
statutes. The terms of the discretionary Special Needs Trust shall be such terms as
are provided by default under the applicable state and federal statutes, as well as such
other terms as are necessary in the discretion of the Trustee(s) in furtherance of the
objectives of this Trust. If required, the Trustee(s) may seek court action to establish
this discretionary sub-Trust.

9.7         **Apply For Government Assistance**. The Trustee shall have the power to
deal with governmental agencies and to make applications for, receive and
administer any of the following benefits, if applicable: Social Security, Medicare,
Medicaid, Supplemental Security Income, In-Home Support Services, and any
other government resources and community support services available to the
elderly.

9.8         **Catastrophic Health Care Planning**. The Trustee shall have the power to
explore and implement planning strategies and options and to plan and accomplish
asset preservation in the event the Trustor needs long-term health and nursing care.
Such planning shall include, but is not necessarily limited to, the power and
authority to: (1) make home improvements and additions to the Trustor's family
residence; (2) pay off, partly or in full, the encumbrance, if any, on the Trustor's
family residence; (3) purchase a family residence, if the Trustor does not own one;
(4) purchase a more expensive family residence; (5) make gifts of assets for estate
planning purposes to the beneficiaries and in the proportions set forth in Article V.

GREGORY S. SMITH, LTD.
Attorney at Law

# ARTICLE X
## SUBCHAPTER S STOCK

10.1      **S-Corporation Stock**. To the extent that any Trust created under this Instrument (for purposes of this Article an "Original Trust") owns or becomes the owner (or would but for this provision become the owner) of shares of stock of any then electing "S corporation" pursuant to Section 1361 et seq. of the Internal Revenue Code, or to the extent that any such Original Trust owns or becomes the owner of shares of stock of any "small business corporation" as defined in Section 1361 (b) of the Internal Revenue Code with respect to which the Trustees desire to continue, make, or allow to be made an S corporation election, the Trustees of such Trust shall have the power at any time, in such Trustees' sole and absolute discretion, the exercise of which shall not be subject to review by any person or court, to terminate said original Trust as to such shares of stock and to allocate, pay, and distribute (or cause to be allocated, paid, and distributed directly from any transferor) some or all of such shares of stock to either (i) a separate and distinct Qualified Subchapter S Trust pursuant to the provisions of paragraph 10.2 below, or (ii) a separate and distinct Electing Small Business Trust pursuant to the provisions of paragraph 10.3 below.

10.2      **Qualified Subchapter S Trust**. In the event shares of stock are allocated, paid, or distributed to a Qualified Subchapter S Trust pursuant to paragraph 10.1 above, such Trust and Trust fund shall be designated with the name of the same Beneficiary with whose name the Original Trust is designated (such Beneficiary with whose name the Original Trust is designated being for purposes of this Article the only "Beneficiary" of such trust) and shall be held pursuant to the same terms and conditions as the Original Trust, except that, notwithstanding any other provision in this Trust Indenture applicable to the Original Trust:

21

(a) Until the death of the Beneficiary of the Qualified Subchapter S Trust, the Trustees of such Qualified Subchapter S Trust shall pay and distribute to such Beneficiary and to no other person all of the net income of the Qualified Subchapter S Trust annually or at more frequent intervals. Any and all income accrued but not paid to the Beneficiary prior to the death of the Beneficiary shall be paid to the estate of the Beneficiary.

(b) Any distribution of principal from a Qualified Subchapter S Trust may be made only to the Beneficiary then entitled to receive income from such trust.

(c) The current income Beneficiary's income interest terminates on the earlier of the Beneficiary's death or the termination of the Qualified Subchapter S Trust. If the Qualified Subchapter S Trust terminates during the life of the Beneficiary, all Qualified Subchapter S Trust principal shall distribute to the income Beneficiary.

(d) Each Qualified Subchapter S Trust is intended to be a Qualified Subchapter S Trust, as defined in Section 1361 (d) of the Internal Revenue Code, as amended, or any successor provisions thereto. Accordingly, no Trustees of any Qualified Subchapter S Trust created pursuant to this Article shall have any power, the possession of which would cause any such Trust to fail to be a Qualified Subchapter S Trust; no power shall be exercisable in such a manner as to cause any such Trust to fail to be a Qualified Subchapter S Trust; and any ambiguity in this Trust Indenture shall be resolved in such a manner that each such trust shall be a Qualified Subchapter S Trust.

(e) The provisions of Articles V and VI shall have no application to the distribution of income from any Qualified Subchapter S Trust created or continued pursuant to the provisions of this Article.

(f) Any power provided in Articles V and VI of this Trust Indenture may be exercised with respect to any Qualified Subchapter S Trust created pursuant to this Article if and only if, or to the extent that, the exercise of any such power shall not violate the provisions of this Article and shall not impair or disqualify the Qualified Subchapter S Trust status of such trust.

10.3 **Electing Small Business Trust.** In the event shares of stock are allocated, paid, or distributed to an Electing Small Business Trust pursuant to paragraph 10.1 above, the Trustee shall make the proper Small Business Trust election, and such Trust and Trust fund shall be designated with a name chosen at the Trustee's

GREGORY S. SMITH, LTD.
22                          Attorney at Law

discretion, and shall be held pursuant to the same terms and conditions as the Original Trust except that, notwithstanding any other provision in this Trust Indenture applicable to the Original Trust:

(a)     The Electing Small Business Trust shall not have as a beneficiary any person other than an individual or an estate, except that a charitable organization described in paragraph (2), (3), (4) or (5) of Section 170(c) of the Internal Revenue Code may hold a contingent interest.

(b)     No interest in the Electing Small Business Trust may be acquired by purchase.

(c)     Each Electing Small Business Trust is intended to be an Electing Small Business Trust, as defined in Section 1361(e) of the Internal Revenue Code, as amended, or any successor provisions thereto. Accordingly, no Trustees of any Electing Small Business Trust created pursuant to this Article shall have any power, the possession of which would cause any such Trust to fail to be a Electing Small Business Trust; no power shall be exercisable in such a manner as to cause any such Trust to fail to be an Electing Small Business Trust; and any ambiguity in this Trust Indenture shall be resolved in such a manner that each such trust shall be an Electing Small Business Trust.

10.4        **Effect on Beneficiaries.**  In granting to the Trustee the discretion to create one or more Qualified Subchapter S Trusts and/or Electing Small Business Trusts as herein provided, the Trustor recognizes that the interest of present or future beneficiaries may be increased or diminished upon the exercise of such discretion.

# ARTICLE XI
## QUALIFIED PLANS AND IRA'S

11.1        Any Trust created hereunder may receive distributions from a Qualified Plan (as defined below).  In the event a Trust which is named as a designated beneficiary of a Qualified Plan is subdivided into separate sub-trusts, the Trustee may, in the Trustee's discretion, allocate the Qualified Plan in such manner as the Trustee determines, provided that the Qualified Plan shall be allocated only to a

23                                    GREGORY S. SMITH, LTD.
                                      Attorney at Law

Trust which is or becomes irrevocable at the death of the owner of the Qualified Plan, and provided further that no allocation shall be made which would cause immediate income tax recognition of the Qualified Plan.

11.2 The Trustee is directed to take all steps necessary to qualify the Trust as a "designated beneficiary" for purposes of the minimum distribution rules set forth in § 401(a)(9) of the Code. This includes providing appropriate documentation to the plan administrator of each Qualified Plan (including the custodian of each individual retirement account) by October 31 of the calendar year immediately following the calendar year in which the Trustor's death occurs, consistent with the requirements of Treas. Reg. § 1.401(a)(9)-4, A-6.

11.3 The Trustee is further directed to receive annually from the Qualified Plan the minimum distribution amounts based on the beneficiary's life expectancy, and to immediately distribute such amounts to the beneficiary of the Trust or sub-Trust, as the case may be.

11.4 For purposes of this Article XI, the account balance in any Qualified Plan at the Trustor's death shall be considered Trust principal. Income from a Qualified Plan shall mean income in a trust accounting sense, determined under the provisions of this Declaration as if the Qualified Plan were a Trust, without regard to any provisions of the Code defining income for federal income tax purposes.

11.5 Notwithstanding any other provision of this Declaration, no debt, estate tax or expense of administration arising at the death of a trustor may be paid from a Qualified Plan for which a Trust created hereunder is designated as beneficiary. Estate taxes or GST taxes arising upon the death of a Trustor shall not be apportioned to assets held in a Qualified Plan except to the extent that failure to apportion taxes to assets of a Qualified Plan would cause a substantial disparity in the distribution of Trust assets among beneficiaries of the same class, in which case the taxes apportioned to the Qualified Plan shall be payable from other Trust assets distributable to the beneficiaries. In the alternative, rather than satisfying the taxes

24

GREGORY S. SMITH, LTD.
Attorney at Law

from other assets of the Trust, a beneficiary whose interest in the assets of a Qualified Plan is subject to the burden of such taxes may pay the taxes personally if the beneficiary so chooses.

11.6     As used herein, the term "Qualified Plan" refers to any employee benefit plan or individual retirement arrangement that is allowed to accumulate any part of its earnings on an income tax deferred basis under the Code including, without limitation, plans described under I.R.C. § 401, I.R.C. § 403, I.R.C. 408, I.R.C. § 408A, and I.R.C. § 457. A Qualified Plan includes a plan that is reasonably believed to qualify under one or more such provisions of the Code, even if it is subsequently determined that such plan does not so qualify.

## ARTICLE XII
## PROTECTION OF AND ACCOUNTING BY TRUSTEE

12.1     **Protection**. The Trustee shall not be liable for any loss or injury to the property at any time held by him hereunder, except only such as may result from his fraud, willful misconduct, or gross negligence. Every election, determination, or other exercise by Trustee of any discretion vested, either expressly or by implication, in him, pursuant to this Trust Indenture, whether made upon a question actually raised or implied in his acts and proceedings, shall be conclusive and binding upon all parties in interest.

12.2     **Accounting**. Upon the written request delivered or mailed to the Trustee by an income beneficiary hereunder, the Trustee shall render a written statement of the financial status of the Trust. Such statement shall include the receipts and disbursements of the Trust for the period requested or for the period transpired since the last statement and the principal of the Trust at the end of such period. Statements need not be rendered more frequently than annually.

GREGORY S. SMITH, LTD.
Attorney at Law

# ARTICLE XIII

## GENERAL PROVISIONS

13.1      **Controlling Law**. This Trust Indenture is executed under the laws of the State of Nevada and shall in all respects be administered by the laws of the State of Nevada; provided, however, the Trustee shall have the discretion, exercisable at any later time and from time to time, to administer any Trust created hereunder pursuant to the laws of any jurisdiction in which the Trustee may be domiciled, by executing a written instrument acknowledged before a notary public to that effect, and delivered to the then income beneficiaries. If the Trustee exercises the discretion, as above provided, this Trust Indenture shall be administered from that time forth by the laws of the other state or jurisdiction.

13.2      **Spendthrift Provision**. No interest in the principal or income of any trust created under this Trust Instrument shall be anticipated, assigned, encumbered or subjected to creditors' claims or legal process before actual receipt by a beneficiary. This provision shall not apply to the Trustor's interest in the Trust estate. The income and principal of this Trust shall be paid over to the beneficiary at the time and in the manner provided by the terms of this Trust, and not upon any written or oral order, nor upon any assignment or transfer by the beneficiary, nor by operation of law.

13.3      **Perpetuities Savings Clause**. Unless terminated earlier in accordance with other provisions of this trust, any trust hereby created or created by the exercise of any power hereunder shall terminate the later of, (1) Twenty-one (21) years after the death of the last survivor of the following: (a) the Trustor; (b) all the issue of Trustor who are living at the death of the Trustor; and (c) all named beneficiaries who are living at the death of the Trustor, or (2) upon the expiration of the maximum period authorized by the laws of the State of Nevada or the state by which the trust is then being governed. Upon such termination, the Trust estate,

GREGORY S. SMITH, LTD.
Attorney at Law

and any accumulations thereon, shall be distributed to those persons and in the same proportions as the income of the trust is then being paid.

13.4    **No-Contest Provision**. The Trustor specifically desires that this Trust Indenture and these Trusts created herein be administered and distributed without litigation or dispute of any kind. If any beneficiary of these trusts or any other person, whether stranger, relative or heir, or any legatee or devisee under the Last Will and Testament of either the Trustor or the successors-in-interest of any such persons, including the Trustor's estate under the intestate laws of the State of Nevada or any other state lawfully or indirectly, singly or in conjunction with another person, seek or establish to assert any claim or claims to the assets of these Trusts established herein, or attack, oppose or seek to set aside the administration and distribution of the Trusts, or to invalidate, impair or set aside its provisions, or to have the same or any part thereof declared null and void or diminished, or to defeat or change any part of the provisions of the Trusts established herein, then in any and all of the above-mentioned cases and events, such person or persons shall receive One Dollar ($1.00), and no more, in lieu of any interest in the assets of the Trusts or interest in income or principal.

13.5    **Provision For Others**. The Trustor has, except as otherwise expressly provided in this Trust Indenture, intentionally and with full knowledge declined to provide for any and all of his heirs or other persons who may claim an interest in his respective estates or in these Trusts.

13.6    **Severability**. In the event any clause, provision or provisions of this Trust Indenture prove to be or be adjudged invalid or void for any reason, then such invalid or void clause, provision or provisions shall not affect the whole of this instrument, but the balance of the provisions hereof shall remain operative and shall be carried into effect insofar as legally possible.

13.7    **Physical Division of Property Not Necessary**. Physical segregation or division of the various trusts created hereunder is not required, except as may be

27                                    GREGORY S. SMITH, LTD.
                                         Attorney at Law

necessary by the termination of any such trust. The Trustee is required to keep separate accounts for the various undivided trusts.

13.8        **Distribution Of Small Trust**. If the Trustee, in the Trustee's absolute discretion, determines that the amount held in Trust is not large enough to be administered in Trust on an economical basis, then the Trustee may distribute the Trust assets free of Trust to those persons then entitled to receive the same; or in the case of a minor beneficiary, the Trustee may, in the Trustee's discretion, also distribute to a custodial account under the Uniform Transfers to Minors Act or similar account for the benefit of the minor beneficiary.

13.9        **Headings**. The various clause headings used herein are for convenience of reference only and constitute no part of this Trust Indenture.

13.10       **More Than One Original**. This Trust Indenture may be executed in any number of copies and each shall constitute an original of one and the same instrument.

13.11       **Interpretation**. Whenever it shall be necessary to interpret this Trust, the masculine, feminine and neuter personal pronouns shall be construed interchangeably, and the singular shall include the plural and the singular.

13.12       **Definitions**. The following words are defined as follows:

    (a)   **"Principal" and "Income"**. Except as otherwise specifically provided in this Trust Indenture, the determination of all matters with respect to what is principal and income of the Trust estate and the apportionment and allocation of receipts and expenses thereon shall be governed by the provisions of Nevada's Revised Uniform Principal and Income Act, or its equivalent, as it may be amended from time to time and so long as such Act does not conflict with any provision of this instrument. Notwithstanding such Act, no allowance for depreciation shall be charged against income or net income payable to any beneficiary.

    (b)   **"Education"**. Whenever provision is made in this Trust Indenture for payment for the "education" of a beneficiary, the term "education" shall be construed to include private schools, non profit and independent schools, pre-kindergarten through twelfth grade, include technical or trade schooling, college or postgraduate study, so long as pursued to advantage

28

GREGORY S. SMITH, LTD.
Attorney at Law

by the beneficiary at an institution of the beneficiary's choice. In determining payments to be made for a beneficiary's education, the Trustees shall take into consideration the beneficiary's related living and traveling expenses to the extent that they are reasonable.

(c)     **"Child, Children, Descendants or Issue"**.  Except as otherwise set forth herein, as used in this instrument, the term "descendants" or "issue" of a person means all of that person's lineal descendants of all generations.  The terms "child, children, descendants or issue" include adopted persons, but do not include a step-child or step-grandchild, unless that person is entitled to inherit as a legally adopted person.

(d)     **"Tangible Personal Property"**.  As used in this instrument, the term "tangible personal property" shall not include money, evidences of indebtedness, documents of title, securities and property used in a trade or business.

13.13     **Health Insurance Portability and Accountability Act Regulations**.

(a)     **HIPAA Regulations Require Special Release and Consent.**  The federal regulation known as the Health Insurance Portability and Accountability Act (HIPAA) regarding disclosure of individually identifiable health information necessitates a special release and consent authority to all healthcare providers before medical information will be released to agents of the patient.  It is the Trustor's intent to be in compliance with HIPAA.

(b)     **HIPAA Release Authority**.  The Trustor hereby instructs that the Trustee(s) be treated as the Trustor wants to be treated with respect to the Trustor's rights and regarding the use and disclosure of the Trustor's individually identifiable health information or other medical records.  This release authority applies to any information governed by the Health Insurance Portability and Accountability Act, 42 USC 1320d and 45 CFR 160-164.

(c)     **Legal Consent for Disclosure of Health Care Information**.  Any physician, healthcare professional, dentist, health plan, hospital, clinic, laboratory, pharmacy or other health care provider, any insurance company, the Medical Information Bureau Inc. or other health care clearinghouse that has provided treatment or services shall give, disclose and release to the Trustor's designated Trustee, without restriction, identifiable health information and medical records regarding any past, present or future medical or mental health condition, to include all

GREGORY S. SMITH, LTD.
Attorney at Law

29

information relating to the diagnoses treatment of HIV/AIDS, sexually
transmitted diseases, mental illness and drug or alcohol abuse.

(d)     **Supersession of Prior Documents and Expiration Event**. The authority
given the Trustee in this HIPAA legal consent shall supercede any prior
agreements that the Trustor may have made with the Trustor's health care
providers to restrict access or disclosure of the Trustor's individually
identifiable health information. The authority given the Trustee has no
expiration date and shall expire only in the event that the Trustor revokes
the authority in writing and delivers it to the Trustor's health care provider.

(e)     **Release and Hold Harmless Provision**. In order to induce the disclosing
party to disclose the aforesaid private and/or protected confidential
information, the Trustor hereby forever releases and holds harmless said
disclosing party who relies on this instrument from any liability under
confidentiality rules arising from HIPAA as a consequence of said
disclosure.

EXECUTED on _____ $Av_{y}/st$  16th _____, 2012.

_____
JACKIE E. GALARDI

## ACCEPTANCE BY TRUSTEE

I certify that I have read the foregoing Declaration of Trust and understand the terms and
conditions upon which the Trust estate is to be held, managed, and disposed of by me as Trustee.
I accept the Declaration of Trust in all particulars and acknowledge receipt of the trust property
described in Schedule "A" attached hereto, identified by my signature.

_____
JACK E. GALARDI

30

GREGORY S. SMITH, LTD.
Attorney at Law

STATE OF *Georgia* )
                    ) ss.
COUNTY OF *Fulton* )

On _____ *AUGUST 15TH*, 2012, before me, the undersigned, a Notary Public in and for such County and State, personally appeared JACK E. GALARDI, known to me to be Trustor and Trustee whose name is subscribed to the within instrument and who acknowledged to me that he executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the day and year in this certificate first above written.

NOTARY PUBLIC
Notary Public, Fulton County, Georgia
My Commission Expires Sept. 15, 2013

31

GREGORY S. SMITH, LTD.
Attorney at Law