**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| TERI G. GALARDI , | ) | CASE NO. 22-50035-JPS |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| | ) | |
| JACK E. GALARDI, JR. AND | ) | |
| EMELITA P. SY, as the TRUSTEE of the | ) | |
| JACK E. GALARDI, JR. SUB-TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Proceeding No.  22-05008 |
| | ) | |
| v. | ) | |
| | ) | |
| TERI G. GALARDI, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**MOTION TO ABSTAIN**

COMES NOW, Defendant Teri G. Galardi ("Teri") and hereby moves pursuant to Fed.R.Civ.P. 8(a)(2), 10(b) and 12(b)(6) made applicable to this proceeding by Fed.R.Bankr.P. 7008, 7010 and 7012, respectively, to dismiss the Complaint for a Determination that Debt is Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A), § 523(a)(4) and § 523(a)(6), and (the "Complaint") filed by Plaintiffs Jack E. Galardi ("Jack Jr.") and Emelita P. Sy, as the Trustee of the Jack E. Galardi, Jr. Sub-Trust ("Sy") (collectively, with Jack Jr, the "Plaintiffs") or, in the alternative, for the Court to abstain from adjudicating the Complaint.

The Complaint is drafted in such a way that Teri, and this Court, are left guessing what facts apply to what claims and which Plaintiff asserts such claims, and after deducing the claims, the facts upon which the bankruptcy claims are based, are Nevada state law claims that are barred

by the Nevada statute of limitations and thus subject to dismissal for failure to state a claim.[1] Alternatively, should this Court not dismiss the Complaint in total, the Court ought to abstain from hearing this case, as the matters asserted have been asserted before and could again be asserted in the Nevada Probate Court as stated, *passim*, in the Complaint.

Wherefore for all the forgoing reasons, and as more fully set forth in the Brief in Support of Defendant's Motion to Dismiss or, In the Alternative Motion to Abstain, Defendant prays that this Honorable Court Dismiss the Complaint or in the alternative, abstain from adjudication.

Respectfully submitted,

**MCBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Ga. Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
Telephone (678) 733-9322
Facsimile (678) 498-2709
**Attorney for Teri Galardi**

---

[1] Simultaneously with this Motion, Teri has filed a Motion to Disqualify counsels and the firm representing Jack Jr.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| TERI G. GALARDI , | ) | CASE NO. 22-50035-JPS |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JACK E. GALARDI, JR. AND | ) | |
| EMELITA P. SY, as the TRUSTEE of the | ) | |
| JACK E. GALARDI, JR. SUB-TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Proceeding No. 22-05008 |
| | ) | |
| v. | ) | |
| | ) | |
| TERI G. GALARDI, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR COURT TO ABSTAIN**

**I.    INTRODUCTION**

Plaintiffs' Complaint should be dismissed for failure to state a claim because the Nevada claims are time-barred and have no validity to support any claims under 11 U.S.C. § 523(a). In the alternative, this court should abstain from hearing the adversary proceeding on either mandatory or permissive grounds because the underlying, invalid claims asserted by Jack Jr., and asserted by Sy, are non-core, state law, old claims that have already in part been adjudicated and remain pending in the Nevada court system.

## II.     FACTUAL BACKGROUND

### A.     The Parties and Trust

On or about November 1, 2006, Jack Galardi, Sr. ("Jack Sr.") created the JEG Family Trust, which was later amended in August 2012 (collectively referred to as the "Trust").  Compl. ¶¶ 11, 12. Following the death of Jack Sr. in December 2012, Teri, Jack Sr.'s daughter, was named the personal representative in Jack Sr.'s Last Will and Testament. Compl. ¶ 13. In accordance with Section 5.3(b) and other terms and provisions of the Trust, Teri, as successor trustee, divided the Trust assets such that twenty-five percent (25%) of the Trust was distributed to the Jack Galardi, Jr. Sub-Trust (the "Sub-Trust"), with the remaining seventy-five percent (75%) distributed to Teri outright.  Id. ¶ 15,16. The distributions were made in November 2014.

### B.     Procedural History

On September 19, 2018, Jack Jr. initiated a case in the District Court of Clark County, Nevada by filing a Petition to Allow This Court to Take Jurisdiction over the Trust; and Request for Removal of Named Successor Trustee (Case No. P-18-096792-T, the "Nevada Original Petition," attached hereto as **Exhibit A**). Complaint ¶ 53. On December 7, 2018, the Nevada Court granted in part the Nevada Original Petition and ordered Teri to provide an accounting of the Sub-Trust.  Id. ¶ 55. Teri did so. (Plaintiffs state "upon information and belief, Teri failed to provide a full accounting…". Id. ¶ 57. Teri asserts this language is intended to protect current counsel, as they are, at a minimum, Jack Jr.'s 5th set of attorneys since 2018.)

On August 16, 2019, Jack Jr., filed a Petition for Removal of Teri Galardi, Successor Trustee (the "Nevada Removal Petition," attached hereto as **Exhibit B**), which, in part, acknowledged that "Teri presented a distribution of assets to the residuary beneficiary dated 11/7/2014." Exhibit B, ¶ 12.

On September 27, 2019, the parties entered a Stipulation and Order (attached hereto as **Exhibit C**) wherein Teri resigned as trustee of the Sub-Trust and Sy was appointed the successor Trustee Compl. ¶ 18.[2]

On January 12, 2021, Jack Jr. filed the Petition for Recovery of Assets from Teri Galardi, Co-Beneficiary of the JEG Trust (the "Nevada Recovery Petition" and together with the Nevada Original Petition, the Nevada Removal Petition and any pleadings related thereto, the "Nevada Case"). The Petition brought more than 6 years after the distributions were made to Jack Jr.'s Sub-Trust and more than 6 years after Jack Jr. had been provided a Form 706 Estate Tax Return listing the assets for distribution, accused Teri of not distributing the assets of the Trust appropriately, in violation of her fiduciary duties. The claims in the Petition, like the claims in this adversary proceeding, are hopelessly time-barred.

On March 24, 2021, Teri filed a Motion to Dismiss Petition for Recovery of Assets from Teri Galardi Co-Beneficiary of the JEG Trust (the "Motion to Dismiss Nevada Recovery Petition," attached hereto as **Exhibit D**). Teri's motion pointed out that Nevada imposes a three-year statute of limitations for breach of fiduciary duty claims. Ex. D ¶¶ 5-6. See The Motion to Dismiss also has attached correspondence to and from Jack Jr.'s counsel wherein all assets distributed were disclosed as well. Exhibit D, citing to its Exhibits 2 and 3.

On May 12, 2021, Jack Jr. filed Jack Galardi, Jr.'s Opposition to Motion to Dismiss Petition for Recovery of Assets from Teri Galardi, Co-Beneficiary of the JEG Trust (the "Objection"). At the June 3, 2021, hearing on the Motion to Dismiss, the Court told Jack Jr.'s counsel that his Objection to the Motion to Dismiss did not present sufficient facts to show that his Petition was

---

[2]Sy's position as Plaintiff herein is a mere trojan horse contrived for Jack Jr. The Complaint does not separate out the claims separately and Plaintiffs utilize the old chestnut strongly disfavored by the 11th Circuit - shot gun pleadings.

not barred by the statute of limitations. On November 15, 2021, the Court entered an Order (the "Order") acknowledging the parties' agreement that a three-year statute of limitations applied, and giving Jack Jr.'s counsel until July 9, 2021, to supplement his Objection.[3] See Order attached hereto as **Exhibit E**) ( The Order specifically states that the parties **agree** that a three (3) year period of limitation for breach of fiduciary duty applies to the case pursuant to under NRS § 11.190(d)(3).)(emphasis added) Despite being given an opportunity to show his Petition was not time barred, Jack Jr. filed no supplement or any other document in response to the Court's Order. Because his Petition to find Teri at fault for an alleged breach of fiduciary duty was time-barred, Jack Jr. apparently abandoned that effort and instead sought to persuade the Nevada Court that the accounting Teri provided, in response to the Nevada Court's December 2018 order for an accounting, was incomplete, so that on March 10, 2022, Jack Jr. filed a Petition to Enforce Court Order to Account (the "Petition to Enforce").

On April 11, 2022, counsel for Jack Jr. and Teri signed a stipulation agreeing to continue the hearing on the Petition to Enforce and the Nevada Court thereafter set a hearing for June 16, 2022. (As of the filing of this motion, Jack Jr. has not moved for stay relief.) Rather, Jack Jr. and the successor Trustee Sy have filed this adversary proceeding. Like Jack Jr.'s 2021 petition before the Nevada Court, the claims in this case are barred by the 3-year statute of limitations.

---

[3] The Order post-dated the time period in which Jack Jr. had to file a supplement because his counsel delayed in preparing an order to circulate to counsel and the parties thereafter disputed as to whether Jack Jr. had until July 9, 2021, to file a supplement or thirty-days after the order was entered. After submitting competing orders to the Court, the Court signed off on the order submitted by Teri's counsel that provided a date certain of July 9, 2021, for Jack Jr. to file a supplement.

### III. ARGUMENT AND CITATION TO AUTHORITY

A. The Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 8 and 10

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Christian v. Okefenokee Charlton Tr.* (slip op. Sept 2, 2020, Civil Action No. 5:19-CV-034, S.D. Ga. 2020). As noted by the Eleventh Circuit, a "shotgun pleading is the antithesis of the type of pleading required by Federal Rules of Civil Procedure; to wit, a "short and plain statement of the claim." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002). See also *Bynum v. Resienburg*, 2018 WL 6163179 (N.D. Ga. Feb. 12, 2018). Plaintiff's Complaint is a textbook example of a shotgun pleading.

The Complaint falls into two categories of shotgun pleadings identified by the Eleventh Circuit. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-22 (11th Cir. 2015). The first is a complaint with multiple counts and each count adopts the allegations of all preceding counts which causes each successive count to carry all the allegations of the preceding counts. Id. The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected" to the cause of action. *Id*. Plaintiffs have successfully attained both types of shot gun pleadings. They incorporate by reference every single paragraph of an allegation in each successive claim asserted and assert additional facts in each claim for both Plaintiffs against Teri, which are in fact, inter alia, conclusory and immaterial to the claims asserted. Compl. ¶¶ 63, 81, 89, 68, 70, 71, 72, 82, 83, 90, and 91. Teri, and this Court, are left to guess what facts and claims are asserted by Sy or by Jack, Jr., as plainly as stated in the Complaint, Sy waived rights to assert claims against Teri. Compl. ¶ 59.

B. The Complaint Should be Dismissed Pursuant to Fed. R. Civ. Pro. 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) provides that, in response to a claim for relief, a defendant may assert by motion a defense for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" *Gonsalvez v. Celebrity Cruises Inc.*, 750 F. 3d 1195, 1197 (11th Cir. 2013) (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (dismissing plaintiff's suit under 12(b)(6) because claim was barred by statute of limitations); see also *Gomez v. State*, p. 4 (11th Cir. 2017).

Jack Jr.'s[4] Complaint for non-dischargeability must be dismissed because he has no valid claims in the bankruptcy, as any assertions against Teri's estate are clearly time-barred. "Before a creditor can show that a debt is nondischargeable under one of the § 523(a) exceptions, it must first be established that the debtor actually owes a debt to the creditor under state law." *Bethany Vill. v. Dees (In re Dees)*, at p. 5 (Bankr. S.D. Ohio 2021) (citing *Conley v. Conley (In re Conley)*, 482 B.R. 191, 207 (Bankr. S.D. Ohio) and *Steed v. Shapiro*, 180 B.R. 37, 38 (Bankr. E.D.N.Y. 1995)).

As confirmed in the Order entered in the Nevada Case, there is a three-year statute of limitations on Jack Jr.'s claims for breach of fiduciary duty, which period expired in November 2017, 3 years after Jack Jr. acknowledged that distributions under the Trust were made by Teri. The Bankruptcy Court in *Shapiro* dismissed a complaint for non-dischargeability because a potential malpractice action underlying the creditor's claim was time-barred by New York state's

---

[4] Teri will address the claims asserted from here on as Jack Jr.'s, as Sy does not have standing. Notwithstanding the shotgun pleading, no act asserted by Teri in this Complaint was directed toward Sy, nor any communication is asserted from Teri to Sy. Complaint, *passim*.

civil procedural laws. 180 B.R. at 42 ("there is no 'debt' to except from discharge"). Here, the assertions giving rising to Jack Jr.'s claims, the alleged breach of fiduciary duty are time-barred by Nevada law.

Further, the Complaint in this adversary proceeding mirrors the action brought by Jack Jr. last year in the Nevada Court the claims in which Teri has already proved were time barred. *See* Teri's Motion to Dismiss, Ex. D. The Complaint here alleges that when Teri distributed assets in November of 2014 (7½ years ago), "Teri mismanaged the allocation of assets into the JGJ Subtrust" by funding the Sub-Trust in part with personal debt from her to Jack Jr., to balance the distributions[5], which the Complaint asserts is a violation of her fiduciary duties. Compl ¶ 35. The Complaint seeks to find Teri's personal debt to Jack Jr. non-dischargeable because of this alleged violation of her fiduciary duties occurring in or before November 2014 under §523(a)(2)(A), §523(a)(4) and §523(a)(6) all of which exceptions to discharge are founded on breach of fiduciary duty which under Nevada law are deemed to be fraud and is subject to a three-year statute of limitations. NRS. 11.190(3)(d). Because these claims are time-barred, they are, in actuality, not claims at all. There is no debt owed by Teri or her estate to Jack Jr. or the Sub-Trust that can be recognized by the Bankruptcy Code as a non-dischargeable debt. Teri's estate has already been heavily taxed by having to defend -- for years -- the frivolous Nevada Case; Teri's estate is further taxed by having to defend this adversary proceeding. It is in the best interest of all creditors to the Bankruptcy and to the resources of the judicial system to dismiss the Complaint.

---

[5]The primary assets of the trust were businesses and real estate. Because Jack Jr. was unable to operate the businesses, and the real estate was not easily divisible, the business properties were distributed to Teri, the real estate was distributed to both Teri and Jack Jr. subtrust, and any differences necessary to make an even 75/25 split were accomplished by Teri writing a promissory note to Jack.

C. <u>The Court Should Abstain from Adjudicating the Nevada Case.</u>

    1.      Mandatory Abstention Is Warranted

Abstention provisions applicable to bankruptcy court proceedings are governed by title 28 of the United States Code, specifically section 1334. *In re Cashco, Inc., (Montoya v. Curtis)*, 614 B.R. 715, 719 (Bankr. N.M. 2020). Section 1334(c)(2) addresses mandatory abstention:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Courts' specific breakdown of the elements of mandatory abstention under 28 U.S.C. § 1334(c)(2) vary slightly, though all are similar. For example, one court explains that "mandatory abstention is warranted if: (1) a party files a motion requesting mandatory abstention; (2) the proceeding is based upon a state law claim or cause of action that is not arising in or arising under title 11; (3) the action was commenced in state court; and (4) the state court can timely adjudicate the action." *In re SBMC Healthcare LLC, (McVey v. Johnson),* 519 B.R. 172, 189 (Bankr. S.D. Tex.2014).

Alternatively phrased, mandatory abstention is warranted if "(1) the claim has no independent basis for federal jurisdiction other than § 1334(b); (2) the claim is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *In re Brooks,* 389 B.R. 790, 795 (Bankr. M.D. Fla. 2008) (citing *In re United Petroleum Group, Inc,* 311 B,R, 307, 311 (Bankr. S.D. Fla. 2004). The Tenth Circuit offers yet another clarification: "(1) the motion for abstention must be timely; (2) the proceeding is based on state law; (3) the proceeding is a non-core "related to" proceeding; (4) there is no other

basis for federal jurisdiction other than 28 U.S.C. § 1334; (5) an action is pending in state court; and (6) the proceeding can be timely adjudicated in state court." *In re Midgard Corp., (Personette v. Kennedy)*, 204 B.R. 764, 760-780, (10th Cir. BAP 1997); Cashco, 614 at 723. In the present case, all factors are in favor of mandatory abstention. Applying the comprehensive *Midgard* factors, it is clear this Court must dismiss the Complaint.

    a.   The Motion for Abstention is Timely.

Teri's motion for abstention is timely by any measure. "The Code does define what makes a motion 'timely' within the meaning of 28 U.S.C. §1334(c)(2)." *In re Applegate,* 414 B.R. 209, 214 (N.D. Ohio 2008). Neither does Federal Rule of Bankruptcy Procedure 5011 the rule setting forth procedures related to abstention, clarify "timeliness. *Midgard*, 204 B.R. at 776; *In re Cashco* at 724 ("Neither the statute nor any rule fixes a deadline for filing a motion for abstention." Citations omitted). According to the *Applegate* Court, "timeliness appears to turn on the stage of the litigation and its procedural history rather than on the mere ticking of the clock." Id. at 214. Teri filed this motion for abstention within the time frame required to file the first response to the Complaint, thus rendering this motion timely.

    b.   The Proceeding is Based on State Law.

The Nevada Case is based upon state probate law, did not arise under title 11, and was commenced in state court. As in *Cashco*, the Nevada Case, a state court action, raises state law claims for breach of fiduciary duty. The petitions filed by Jack Jr. in the Nevada case do not assert any claims based on federal statute.

    c.   The Nevada Case is a Non-Core, "Related-to" Proceeding.

Whether a claim or proceeding is considered "core" or "non-core" depends on whether that claim involves rights that would *only* arise within a bankruptcy case. *In re Cashco, Inc.,* 614 B.R.

at 720 (Bankr. N.M. 2020) (citing *In re Gardner, (Gardner v. U.S.),* 913 F.2d 1515, 1518 (10th Cir. 1990)). It is well-established that proceedings that are "related to" as opposed to "arising in" a bankruptcy case are considered "non-core." Id. at 719 (citing *In re Zale Corp.,* 62 F.3d 746, 752 (5th Cir. 1995); *In re Midgard Corp., (Personette v. Kennedy),* 204 B.R. 764, 771 (10th Cir. BAP 1997) and other cases). "Core proceedings are proceedings which have no existence outside of bankruptcy." *Gardener,* 913 F.2d at 1518 (citations omitted). Non-core proceedings "encompass … claims that, were it not for the bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others." Zale Corp., 62 F.3d at 752 (quoting *Zernand-Bernal Group, Inc. v. Coz*, F. 3d 159, 1610-162 (7th Cir. 1994)).

Uncontradictably, the Nevada Case arose well before, not in or from, the Bankruptcy. Further, under the Tenth Circuit's test for non-core, related-to jurisdiction, a party's claims for breach of fiduciary duty, as Jack Jr. asserts against Teri, are not core proceedings because they "do not depend on the bankruptcy laws for their existence." *Cashco* at 720 quoting *Gardner* at 1518.

    d.   The Nevada Case Has No Independent Federal Jurisdiction Requirement.

As addressed above, all underlying allegations and claims (which are invalid) asserted by Jack Jr. in the Nevada Case are based on state law. Stated differently, Jack Jr. could not have commenced the Nevada Case in federal court absent the Bankruptcy.

    e.   The Nevada Case Was Commenced in State Court Years Before the Bankruptcy.

Jack Jr. originally commenced the Nevada Case in state court in 2018. This factor is uncontrovertibly met.

    f.   The Nevada Case is Capable of Timely Adjudication in State Court.

"The phrase 'timely adjudication' is not defined in the Bankruptcy Code. Courts interpreting this phrase have focused on whether allowing an action to proceed in state court will

have any unfavorable effect on the administration of a bankruptcy. *Midgard* at 778. Some factors in that determination evidence that the state court's calendar is open to adjudication of the state court matter. Id. at 779. (Note, however, that "where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant.")

As per above, the facts here are again unequivocal. The Nevada Court is ready and able to adjudicate the Nevada Case, as demonstrated by its scheduling of a hearing on the pleadings in that case for June 2022, should relief from stay be sought by Jack Jr.

    2.    Even though Mandatory Abstention is Warranted, Permissive Abstention Is Also Appropriate.

Section 1334(c)(1) of title 28 of the United States Code allows a bankruptcy court to permissively abstain from "hearing a proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Bankruptcy courts have broad power to permissively abstain. *SBMC* at 190; *Cashco* at 725 (citations omitted). "A Court may abstain from both core and non-core matters when abstention best serves the interest of justice, judicial economy, or comity with state courts. *Cashco* at 725 (citations omitted). In a 2014 Texas bankruptcy decision, the *SBMC* Court enumerated 14 factors a court "may" consider when determining if it should permissively abstain from hearing a state court matter as follows:

(1) The effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
(2) The extent to which state law issues predominate over bankruptcy issues;
(3) The difficult or unsettled nature of applicable law;
(4) The presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
(5) The jurisdictional basis, if any, other than § 1334;
(6) The degree of relatedness or remoteness of proceeding to main bankruptcy case;
(7) The substance rather than the form of an asserted core proceeding;

    (8)     The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
    (9)     The burden on the bankruptcy court's docket;
    (10)   The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
    (11)   The existence of a right to a jury trial;
    (12)   The presence in the proceeding of non-debtor parties;
    (13)   Comity; and
    (14)   The possibility of prejudice to other parties in the action.

Id.; *see also Cascho* at 725 for 12-factor enumeration.

The overwhelming sum of the factors weigh in favor of the Court's abstention from hearing the Complaint.

1. <u>Abstention Will Not Have an Adverse Effect on the Efficient Administration of the Bankruptcy Estate</u>.

Abstention will not have an adverse effect on the efficient administration of the Bankruptcy estate. The outcome of the Nevada Case will not significantly impact the estate. Even if Jack Jr. prevails in the Nevada Case, which is unlikely, Teri can make a distribution in accordance with the Bankruptcy Code and her Plan.[6]

2. <u>State Law Issues Predominate Over Bankruptcy Issues</u>.

As addressed at length above, <u>all</u> of the causes of action asserted in the Complaint and in the Nevada Case are based entirely on state law. Accordingly, state law issues heavily predominate over bankruptcy issues and this factor weighs in favor of abstention.

3. <u>The Applicable State Law Issues are Not Difficult</u>.

Jack Jr.'s asserted causes of action in the Nevada Case and the Complaint are "garden variety" state law claims and, as such, "cannot be categorized as 'difficult or unsettled' [such that]

---

[6] In fact, the Plan contemplated includes continuing to fund the two Notes complained of and must deal with the IRS debt attributed to the Estate of Jack Galardi.

state courts are 'better able to respond.'" SBMC at 191.  This factor thus also heavily favors abstention.

4. <u>The Related Proceeding Was Long Ago Commenced in State Court</u>.

Jack Jr. sued Teri in Nevada State Court in September 2018, almost four years ago.  This factor is overwhelmingly in favor of abstention.

5. <u>There is No Jurisdictional Basis for the Nevada Case Outside of § 1334</u>.

There is no jurisdictional basis for the Nevada Case outside of § 1334 of the Bankruptcy Code.  The Complaint/Adversary Proceeding is not a core proceeding.  "Where a cause of action is based entirely on state law, … state courts retain concurrent jurisdiction." <u>SBMC</u> at 188.

6. <u>The Nevada Case is Loosely Related, at Best, to the Main Bankruptcy Case</u>.

But for the Bankruptcy case filed by Teri, this Court would not have jurisdiction over Jack Jr.'s state law fiduciary claims.

7. <u>The Nevada Case is Not a Core Proceeding</u>.

The Nevada Case is non-core as addressed above.  Any direct causes of action are not core to the Bankruptcy, thus rendering this factor and the next moot.

8. <u>There is no Need to Sever State Law Claims from Core Bankruptcy Claims Because the Entire Nevada Case is Non-Core</u>.

Plaintiffs allege only claims based upon non-core state law.

9. <u>The Burden on the Bankruptcy Court's Docket is Subject to the Court's Analysis</u>.

    All courts are presumably burdened due to the pandemic.

10. <u>Jack Jr. Inappropriately Filed the Complaint in Bankruptcy Court as an Effort to Forum Shop</u>.

Jack Jr. could have but did not seek stay relief, because bluntly he failed to comply with the Nevada Probate Court order, and intentionally failed to mention that in this Complaint. He is blatantly forum shopping.

11. <u>Jury Trial</u> – This factor does not apply.

12. <u>Other Parties</u> – This factor does not apply.

13. <u>Comity Supports Abstention</u>.

Jack Jr. had already commenced a case and filed multiple petitions/pleadings in the Nevada Court, thus this Court should defer to the Nevada court.

14. <u>Possibility of Prejudice to Other Parties in the Action</u>.

The prejudice is to Teri, in that the records and counsel who are familiar with the Nevada Case are in Nevada. The factors that apply weigh heavily in favor of this Court abstaining from hearing this Nevada based case, and Jack Jr. should continue his action in the Nevada court.

IV.    **CONCLUSION**

Plaintiffs Jack Jr. and Sy have filed a 97 paragraph, three count complaint wherein the first 62 paragraphs are "factual" and then for each actual claim asserted they "reallege and incorporate herein by reference paragraphs 1 through …". Forcing Defendant Teri Galardi to guess what fact or claim is asserted by which Plaintiff. Sy has waived actions against Teri. Jack Jr. has not, but Jack Jr. is forum shopping because he has had a matter pending in the Nevada Probate Court since 2021, even though he has failed to abide by that Court's Order. The Complaint is shotgun pleading that the 11th Circuit strongly disfavors and is thus subject to dismissal under Rules 8 and 10.

This Complaint is also subject to dismissal under Rule 12(b)(6) because the Plaintiffs are asserting breach of fiduciary duties and fraud that by their own complaint they knew about more than 3 years before they asserted any such claims in the Nevada Probate Court-the correct court to

assert such claims. Plaintiffs plainly acknowledge the breach occurred in 2014 and no such matter was asserted until 2018. The claims remain state law based, notwithstanding the filing of the Bankruptcy case by Teri, and are subject to dismissal under the relevant statute of limitations.

However, should the Court not dismiss for failure to state a claim under 12(b)(6), this Court should abstain from hearing the matter, because of the prior pending Nevada Case. Jack Jr's forum shopping, and lack of diligence in Nevada should not be rewarded by this Bankruptcy Court.

WHEREFORE, for all the forgoing reasons, Defendant respectfully requests that the Court dismiss the Complaint or, in the alternative, abstain from adjudication.

Respectfully submitted,

**MCBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Ga. Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
Telephone (678) 733-9322
Facsimile (678) 498-2709
**Attorney for Teri Galardi**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| TERI G. GALARDI, | ) | CASE NO. 22-50035-JPS |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| JACK E. GALARDI, JR. AND | ) | |
| EMELITA P. SY, as the TRUSTEE of the | ) | |
| JACK E. GALARDI, JR. SUB-TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Proceeding No. 22-05008 |
| | ) | |
| v. | ) | |
| | ) | |
| TERI G. GALARDI, | ) | |
| | ) | |
|     Defendant. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO ABSTAIN** using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the following parties in this case under the Bankruptcy Court's Electronic Case Filing Program:

The following parties were served by electronic notice:

| | |
|---|---|
| **William Bussell Geer** | wgeer@geerlawgroup.com, notices@nextchapterbk.com; willgeer@ecf.courtdrive.com |
| **Garrett A. Nail** | gnail@pgnlaw.com |

This 31st day of May 2022.

                                                **McBRYAN, LLC**

                                                /s/Louis G. McBryan
                                                Louis G. McBryan, Georgia Bar No. 480993
                                                lmcbryan@mcbryanlaw.com
                                                **Attorneys for Debtor**