Case 22-05008-JPS    Doc 6-2    Filed 05/31/22 16:41:31    Desc
Exhibit B (081619 Petit... Page 1 of 10

Electronically Filed
8/16/2019 3:22 PM
Steven D. Grierson
CLERK OF THE COURT

**EXHIBIT B**

PET
SHIRLEY A. DERKE, ESQ.
Nevada Bar No. 2686
627 S. Seventh St.
Las Vegas, NV 89101
702-386-6800
shirley@Derke.lvcoxmail.com
Attorney for Petitioner

DISTRICT COURT

CLARK COUNTY, NEVADA

\* \* \*

In the Matter of the

JEG TRUST - JACK GALARDI JR.
SUB-TRUST

Case No. P 18-096792-T
Dept. PC1
DATE:
TIME: 9:30 a.m.

### PETITION FOR REMOVAL OF TERI GALARDI, SUCCESSOR TRUSTEE

Comes now, the Petitioner, JACK GALARDI, JR., sole beneficiary of the JEG TRUST - JACK GALARDI JR. SUB-TRUST, (hereinafter referred to as JACK, JR.). by and through his attorney, Shirley A. Derke, Esq., hereby moves this court for an order removing TERI GALE GALARDI, Successor Trustee (hereinafter referred to as TERI) by alleging as follows:

### GENERAL FACTS

1. This Court has taken jurisdiction of this Sub Trust created under JACK GALARDI, SR.'s revocable living trust dated November 1, 2006 and amended and restated on August 16, 2012 and confirmed Teri Galardi as the Successor Trustee under an order entered on December 7, 2018.

2. Under the order entered on December 7, 2018 TERI was ordered to provide the JACK JR. the following documents within 30 days from the entry of the order, which was served on TERI's counsel on December 10, 2018:

A. An accounting of the funding of the assets of the sub-trust, which includes all activities from the date of death until the sub-trust was fully funded and fully identifying all assets separated from the Family Trust.

B. An accounting of the sub-trust, since initial funding to date.

C. All accounting is to be prepared in accordance with NRS 165.135.

3. Since the entry of this Court's order on December 10, 2018, the parties have met to discuss the issues numerous times, without any final resolution.

4. TERI has provided the following accounting records (some provided prior to this court's order and others not necessarily within the 30 days as ordered by this Court) as follows:

A. Trust Income tax return form 1041 for the Galardi Family Trust for the fiscal years ending 11/30/13; 11/30/14; 11/30/15 and 11/30/16 (which was marked as a final return)

B. 2007 gift tax return form 709 for Jack E. Galardi (this was for 2 qualified personal residence trusts created by Jack E. Galardi on June 4, 2007 - Las Vegas and Florida)

C. TERI's Final Trust Allocation for the Jack Galardi Trust with asset distributions as approved by TERI on 11/7/2014

D. 2015 Quickbooks general ledger for JACK JR.'s Sub-trust - which was the initial year of financial records on sub trust

E. 2016 Quickbooks general ledger; 12/31/16 Balance Sheet and 2016 Profit & Loss on JACK, JR's sub trust

F. 2017 Quickbooks general ledger; 12/31/16 Balance Sheet and 2016 Profit & Loss on JACK, JR.'s sub trust

G. Quickbooks general ledger for the period 12/1/17-11/30/18 for JACK, JR.'s sub trust - which is not on a fiscal year, but a calender year

H. Quickbooks general ledger for the period 12/1/17-11/30/18 for the Family Trust along with the 11/30/18 Balance sheet and Profit & Loss.

I. Our files indicate on approximately March 20, 2019 Emelita Sy dropped off a general ledger for the Galardi Family trust along with Balance Sheets and profits and Loss statements for the periods ending 11/30/13 and 11/30/14. The documents were reviewed by Shirley A. Derke, Esq. prior to a 3/26/19 meeting with counsel for TERI, but it was discovered in June 2019 that the records cannot be located and a duplicate copy (preferably an electronic version of the quickbooks data) was requested by e-mail to TERI's counsel on June 25, 2019 and nothing has been received for this period.

### ESTATE TAXES HAVE NOT BEEN ALLOCATED ON SPECIFIC BEQUESTS AND/OR ASSETS DISTRIBUTED DIRECTLY TO NAMED BENEFICIARIES

4. Upon review of the Federal Estate Tax return, form 706, it appears that there were estate taxes imposed in the amount of $16,586,905. The assets taxed on this return included items that were paid out to beneficiaries named or listed as specific bequests in the Jack E. Galardi Family Trust restated on August 15, 2012 are as follows:

    A. Life insurance paid directly to Teri Galardi, Schedule D of 706     $2,000,000
    B. Specific Bequests listed in the trust & Form 706, Part 4, Line 5
        a. Kathy Holder     $300,000
        b. Emelita Sy     200,000
        c. Maricar Martinez     100,000
        d. Jeffrey Stromatt     65,000$^a$
        e. Diana Pontrelli     100,000$^c$
        f. Daniel Geiger     200,000
        g. Michael Porter     20,000$^b$
        h. Daniel Purdy     100,000
        i. Charles Wright     100,000     <u>1,185,000</u>
                      $3,185,000

5. This trust is governed by Nevada Law. Nevada adopted the Federal Estate Tax Apportionment Law in 1957 to equitably prorate payment of the federal estate tax among those persons interested in the estate subject to that tax and is a fundamental public policy of this state subject only to the expressed will of the testator to the contrary. NRS 150.310 states, in part, as follows:

> NRS 150.310 Proration of tax among persons interested in estate; exceptions.
> 1. If it appears upon any accounting, or in any appropriate action or proceeding, that a personal representative, trustee or other fiduciary has paid or may be required to pay an estate tax to the Federal Government under the provisions of any federal estate tax law, now existing or hereafter enacted, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the

---

(a) Disposition of personal property states that Jeff Stromatt was to receive a Falcon 20 (airplane?) which is not listed on the form 706. Not sure if this was cash paid out or fair market value of the airplane. Not sure who owned the Falcon 20 - possibly an asset of LVA Management, Inc., an entity transferred to Teri Galardi per the distribution schedule.
(b) Disposition of personal property states that Michel Porter was to receive a gun collection. Item F7 on form 706 groups the gun collection with jewelry and other personal items for a total value of $120,000. Teri Galardi's distribution schedule shows that she received the entire value of $120,000.
(c) Disposition of personal property states that Diana Pontrelli was to receive $200,000 in cash, not $100,000. It appears that this bequest has not been fully satisfied.

amount of the tax must be equitably prorated among the persons interested in the estate, whether residents or nonresidents of this State, to whom the property was, is or may be transferred or to whom any benefit accrues, except:
   (a) Where a testator otherwise directs in his or her will.
   (b) Where by written instrument, including, without limitation, an electronic trust, executed inter vivos direction is given for apportionment among the beneficiaries of taxes assessed upon the specific fund dealt with in the instrument.

6. Upon review of the Total Amendment and Restatement of the JEG Family Trust and the pour over will as admitted to probate by this Court under Case P-13-076839-E, there was no direction indicating that these beneficiaries were to receive their inheritance free from any estate taxes.

7. TERI's distribution schedule incorrectly allocates all of the estate taxes to the residual beneficiaries. In this distribution schedule signed on 11/7/14 (See Exhibit A attached hereto) TERI allocated all of the estate taxes to her portion to reduce the value of the assets she has received and thereby overstating the trust value of her 75% residual share of the remaining trust estate.

### ASSETS APPEAR TO BE NOT PROPERLY ACCOUNTED FOR

8. Upon review of the Estate income tax returns, form 1041, along with form 706, the following discrepencies were discovered:

   A. The Family Trust forms 1041 for 2012 (FYE 11/30/13) thorough 2014 (FYE 11/30/15) indicate that there was a pass-through entity reported on Schedule E, namely Red Eyed, Inc. This entity was never listed on the estate tax return, form 706. As the division of assets dated 11/7/2014 uses assets as listed on form 706, this entity has not been taken into consideration in the division. It should be noted that the pass through from this entity were losses for each taxable year, but it unknown as to the value of the entity.

   B. The 2013 form 1041, Schedule D and form 8949, page 2, reports that DAMM, Inc. was written off as a capital loss in the amount of $10,000. This entity was never listed on the estate tax return, form 706. As the division of assets on 11/7/2014 uses assets as listed on form 706, this entity has not been taken into consideration in the division. If it were a worthless asset as the date of death, then there would be no capital loss to take as of 9/20/14, the

disposition date used on the income tax return.

C. Form 706 lists GFT Management and Consulting, Inc. twice on Schedule B - See item 16 and item 19 (both item reflect a fair market value of $10,000). TERI's distribution schedule lists item 16 at a value of $10 and item 19 at a value of $10,000. It has been acknowledged by TERI's accountant, Dan Geiger, as well as her counsel, that the true value of this *one* asset is $10,000 and the value was over reported on form 706.

D. The 2013 form 1041, Schedule D and form 8949, page 2 reports a sale of real property located at 3010 Overseas Hwy., Marathon, FL for a sales price of $80,000 and a basis of $91,353 with a resulting net loss of $11,353. The only Overseas Hwy., Marathon, FL property listed on Form 706 was vacant land at 1477 Overseas Hwy (See 706, Schedule A, item 35) with a basis of $225,000 - which property was allocated to JACK GALARDI, JR. sub trust and sold 11/2015. It appears that there were two real properties held by the decedent on Overseas Highway and both parcels were not reported on the form 706. As the division of assets on 11/7/2014 uses assets as listed on form 706, this property has not been taken into consideration in the division.

E. The 2013 form 1041, Schedule D and form 8949, page 2 reports a sale of real property located at North Park Court, Stockbridge, GA (see 706, Schedule A, item 38) on 12/27/13. The basis on form 706 was $504,927 and the basis reported on the sale was $431,044. There is no supporting documentation provided to show a reduction in basis from the date of death.

F. Vacant land located at 6220 E. Adamo Dr., Tampa, FL, APN 81-96-15-000-0 (Form 706, Schedule A item 30 represented as titled in the name of Galardi Rentals, LLC., but Galardi Rentals, LLC was not listed on Schedule B of the form). TERI's distribution schedule funded JACK, JR.'s sub-trust with this real property. There is no disclosure as to other assets held in the Galardi, Rentals, LLC, if any on form 706.

G. Vacant property located on 15th St., Marathon, Florida (Form 706, Schedule A, item 17) valued at $43,000 and used to fund JACK, JR.'s sub-trust. DANIEL GEIGER, CPA

verbally informed Petitioner, during one of the meetings, that the property was sold in 2015. JACK JR's sub trust general ledger as of 12/31/16 lists the property as still being held. In fact, the 2016 Profit and Loss reflects the following amounts as Other Income/Expense:

    Forfeited deposits received from Great American Realty of Tampa    $5,000

    Loss on sale of Ft. Lauderdale property    < 65>

The records do not clearly indicate it the property was sold or not. How can the Profit and Loss show a loss on sale, yet a forfeited deposit that exceeds the recorded loss? No sale was reported in JACK JR.'s sub trust 2015 form 1041 of this property.

9. Based upon prior conversations with TERI's counsel, it was questioned why the Galardi Family Trust general ledger would include the $2,000,000 of life insurance on Jack E. Galardi when TERI was the sole beneficiary. This indicates that TERI may have been co-mingling her personal assets with the Family Trust Assets.

10. The division of assets dated 11/7/2014 states that the decedent held a publicly traded stock - 18,000 shares of Sirus XM Radio with a date of death value of $50,220. This asset was used to fund JACK JR.'s sub-trust but does not appear on JACK, JR.'s sub-trust general ledger.

11. JACK JR.'s sub-trust was funded with a residence and lot located at Navarro Isle, Ft. Lauderdale, FL with a date of death value of $4,200,000 per Form 706 (Schedule A, item 24) and recorded in JACK JR.'s sub-trust 2015 general ledger at a different value of $4,275,000. This property was subject to a mortgage, listed on Schedule K, item 12 of the Form 706 in the amount of $3,411,325. The 706 implies that there was equity in the property of $788,675. The distribution schedule improperly allocated two liens secured by other real property of the estate in the total amount of $3,592,794 - an error of $181,469 undervaluing the assets received by JACK, JR.'s sub trust. It is interesting to note that JACK JR.'s sub trust general ledger reflected the proper mortgage of $3,411,325 as of the date of death - which presumes that no payments were made against the mortgage from the date of death to the date of distribution. When the property was sold by JACK, JR.'s sub-trust on 10/22/2015, the trust showed a loss of $1,243,346.63 - a difference in equity in the property of over $2,000,000. It is also interesting to

note that this property represented 13.8% of the total assets funding JACK, JR.'s sub-trust (788,675/5,694,500).

### THE DISTRIBUTION SCHEDULE FAILS TO ADDRESS THE CHANGES IN THE ASSETS HELD AT THE TIME OF DISTRIBUTION AS WELL AS THE INCOME AND EXPENSES ALLOCATED TO JACK, JR.'S SUB-TRUST FROM THE TIME OF DEATH TO DATE OF DISTRIBUTION

12. Proper trust accounting requires the fiduciary to have an accurate record of the assets and liabilities of the trust at all times. TERI presented a distribution of assets to the residuary beneficiaries dated 11/7/2014. This list presumes that the trust held all of the assets as listed, but in fact it was attempting to account for distribution of the assets as of the date of death and as reported on form 706 - without regard to sales of assets during administration; income and expenses during administration; payment on any existing liabilities as of the date of death including any negotiated reductions as well as additional interest and assessments; and distributions to or on behalf of the residual beneficiaries. Note that the only information provided by the Trustee was income tax returns without any general ledgers to support.

13. The following assets were disposed of prior to the 11/7/2014 distribution proposal and should not have been part of the allocations:

A. Real Property - 1730 NW 33rd St., Pompano Beach, FL (Schedule A, Item 2) was sold 2/5/14 and reported a net capital loss of $395,999

B. Real property - 13922 NW 13th St., Pompano Beach, FL (Schedule A, Item 3) was sold 10/17/13 and reported a net capital loss of $10,480. The basis on form 706 was $500,000 and the basis on Form 1041, Schedule D was $530,480. No support as to the difference in basis.

C. Real property - 3445 Shoreland Dr., Buford, GA (Schedule A, Item 10) was sold 9/12/13 and reported on 2012 form 4979, Line 10, Statement 6 with a net capital loss of $228,189.

D. Real property - 1704 Hudson Bridge Rd., Stockbridge, CA (Schedule A, Item 18) was sold 9/12/13 and reported on 2012 form 4979, Line 10, Statement 6 with a net capital

gain of $106,629.

E. Real property - 973 Marrietta St., Atlanta, GA (Schedule A, Item 26) was sold 9/18/13 and reported on the Family Trust 2012 form 1041, 4979, Line 10, Statement 6 with a net capital loss of $29,672. The basis on form 706 was $750,000 and the basis on Form 1041, Schedule D was $793,561. No support as to the difference in basis. In fact, the 706 states that the sale was agreed upon prior to death and the date of death basis was taken from the 9/18/2013 closing statement. The form 706 was signed by TERI GALE GALARDI on March 3, 2014.

## TERI HAS FAILED TO DISCLOSE ALL DEBTS OF THE DECEDENT AS WELL AS ALL SECURED DEBTS AGAINST THE SUB-TRUST ASSETS

14. TERI, acting as Trustee of the JEG LV Qualified Personal Residence Trust dated June 4, 2007, encumbered the real property of the Decedent located at 1245 S. Rancho Drive on September 10, 2012 (within 90 days prior to the decedent's death) as indicated on the $750,000 Deed of Trust attached hereto as Exhibit B. This loan is not disclosed on the Decedent's 706 or any financial reports provided by TERI This property was used to fund JACK, JR.'s sub-trust and the lien is not reflected on JACK, JR's sub-trust general ledger.

15. TERI has also failed to disclose a prior $250,000.00 mortgage lien on the real property located at 1245 S. Rancho Drive, Las Vegas, NV as indicated in the Deed of Trust attached hereto as Exhibit C. This loan is not disclosed on the Decedent's 706 or any financial reports provided by TERI. This property was used to fund JACK, JR.'s sub-trust and the lien is not reflected on JACK, JR.'s sub-trust general ledger.

16. The names, ages, relationships and residences of the beneficiaries, trustee and Successor Trustees of the trust, so far as known to the Petitioner are as follows:

Jack E. Galardi, Jr., sole beneficiary
C/O Shirley A. Derke, Esq.
627 S. Seventh St.
Las Vegas, NV 89101

Teri Gale Galardi, Trustee of the JACK E. GALARDI, JR. SUB-TRUST
C/O Greg Smith, Esq.
Smith & Shapiro, PLLC
2520 St. Rose Parkway #220
Henderson, NV 89074

Daniel Geiger, named Successor Co-Trustee of the JACK E. GALARDI, JR. SUB-TRUST
2850 S. Jones Blvd, Suite 2
Las Vegas, NV 89146

Emelita P. Sy, named Successor Co-Trustee of the JACK E. GALARDI, JR. SUB-TRUST
2121 S. Highland Dr.
Las Vegas, NV 89102

17. Prior to the Decedent's death, Daniel Geiger was the accountant and income tax preparer for JACK GALARDI, SR. To the Petitioner's knowledge, he has remained the accountant and income tax preparer to TERI, as Trustee of the JACK, JR. sub trust. Due to many of the issues contained herein and his apparent participation in the accountings complained of, Petitioner hereby objects to him acting as Successor Trustee for this Trust.

WHEREFORE, Petitioner prays that the court finds the following:

A. That this court immediately suspend TERI GALE GALARDI as Trustee of the JACK E. GALARDI, JR. SUB-TRUST;

C. That this court confirm EMELITA P. SY as Successor Trustee of the JACK E. GALARDI, JR. SUB-TRUST; and

D. And for such other and further relief as to the Court may seem just and proper in the premises.

DATED this 16th day of August 2019.

_____
SHIRLEY A. DERKE, ESQ.

Exhibit B (081619 Petition for Removal)    Page 10 of 10

STATE OF NEVADA        )
                       ) ss:
COUNTY OF CLARK        )

JACK GALARDI, JR., being first duly sworn, deposes and says:

That he is the Petitioner in the above entitled matter; that he has read the above and foregoing Petition and knows the contents thereof, and that the same is true of his own knowledge, except as to those matters therein stated on information and belief, and for those matters, he believes them to be true.

*/s/ Jack Galardi*
JACK GALARDI, JR.

SUBSCRIBED and SWORN to before me this 16th day of September 2019.

*/s/ Shirley Derke*
NOTARY PUBLIC

SHIRLEY DERKE
Notary Public State of Nevada
No. 92-1690-1
My Appt. Exp. Dec. 16, 2020

SUBMITTED BY:

*/s/ Shirley Derke*
SHIRLEY A. DERKE, ESQ.
Case No. P-18-096792-T