Electronically Filed
3/24/2021 11:52 AM
Steven D. Grierson
CLERK OF THE COURT

Michael D. Rawlins, Esq.
Nevada Bar No. 5467
**SMITH & SHAPIRO, PLLC**
3333 East Serene Avenue, Suite 130
Henderson, Nevada 89074
Telephone: (702) 318-5033
Facsimile: (702) 318-5034
Email: mrawlins@smithshapiro.com

Dana A. Dwiggins, Esq.
Nevada Bar No. 7049
**SOLOMON DWIGGINS & FREER, LTD.**
9060 W. Cheyenne Ave.
Las Vegas, NV 89129
Telephone: (702) 853-5483
Facsimile: (702) 853-5485
Email: ddwiggins@sdfnvlaw.com

*Attorney for Teri Gale Galardi*

SMITH & SHAPIRO, PLLC
3333 E. Serene Ave., Suite 130
Henderson, NV 89074
O:(702)318-5033 F:(702)318-5034

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

*****

| In the Matter of the<br><br>JEG TRUST-JACK GALARDI JR., SUB-TRUST,<br><br>Deceased. | Case No.: P-18-096792-T<br>Dept. PC1<br><br>**HEARING REQUESTED** |
|---|---|

**MOTION TO DISMISS PETITION FOR RECOVERY OF ASSETS FROM TERI GALARDI, CO-BENEFICIARY OF THE JEG TRUST**

TERI GALE GALARDI ("***Teri***") moves the Court to dismiss Petitioner JACK GALARDI, JR.'s ("***Jack, Jr.***") Petition for Recovery of Assets From Teri Galardi, Co-Beneficiary of the JEG Trust (the "***Petition***").

This Motion is made and based upon the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, the attached affidavits and exhibits, and any oral argument the Court may wish to entertain in the premises.

\\\

\\\

SMITH & SHAPIRO, PLLC
3333 E. Serene Ave., Suite 130
Henderson, NV 89074
O:(702)318-5033 F:(702)318-5034

DATED this 24th day of March, 2021.

**SMITH & SHAPIRO, PLLC**

*/s/ Michael D. Rawlins*
Michael D. Rawlins
Nevada Bar No. 5467
3333 East Serene Avenue, Suite 130
Henderson, Nevada 89074

*Attorney for Teri Gale Galardi*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A. BACKGROUND.

On or about November 1, 2006, Jack Galardi, Sr. ("***Jack, Sr.***") created the JEG Family Trust. *See* Total Amendment and Restatement of the JEG Family Trust, a true and correct copy of which is attached hereto as ***Exhibit "1"***. The Trust was amended in August 2012. *See* Exhibit "1". The initial trust and amendment thereto shall collectively be referred to as the "Trust" herein. Jack Sr. thereafter passed away on December 1, 2012. Teri, who is Jack, Sr.'s daughter, was named as personal representative in Jack, Sr.'s Last Will and Testament. As a result, Teri caused probate proceedings to be open in Clark County under Case No. P-13-076839-E.

Pursuant to Section 5.3(b) of the Trust, Teri, as successor trustee, was charged with dividing the Trust assets *See* Exhibit "1". Pursuant to the terms of the Trust, twenty-five percent (25%) of the Trust was to be distributed to the Jack Galardi, Jr. Sub-Trust (the "***Sub-Trust***"), with the remaining seventy-five percent (75%) to be distributed to Teri outright and free of trust. *See* Exhibit "1". In accordance with the terms of the Trust, on or about November 7, 2014, Teri distributed the assets of the Trust to the Sub-Trust and herself. *See* Exhibit "A" to Jack, Jr.'s Petition. In connection with the same, Teri prepared an allocation schedule setting forth the assets and value thereof distributed both to the Sub-Trust and herself ("***Allocation***").

\ \ \

SMITH & SHAPIRO, PLLC
3333 E. Serene Ave., Suite 130
Henderson, NV 89074
O:(702)318-5033 F:(702)318-5034

In early 2015, Jack, Jr. retained attorney Travis Twitchell "to represent and advise him in his capacity as a beneficiary of the JEG Family Trust." *See* March 2015 Letter from Twitchell, a true and correct copy of which is attached hereto as ***Exhibit "2"***. On March 4, 2015, Jack, Jr.'s counsel sent a letter to Teri's counsel, Gregory Smith of Smith & Shapiro, PLLC, requesting: (1) "an inventory of trust assets, as well as an accounting of the trust assets from the date of his father's death until the present time," (2) a copy of the Form 706 estate tax return, and (3) a $10,000 payment from the Sub-Trust for a retainer. *See* Exhibit "2". Teri's counsel responded on March 20, 2015, providing Jack, Jr.'s counsel with a copy of the Form 706 estate tax return and Allocation. *See* March 2015 Letter to Twitchell, a true and correct copy of which is attached hereto as ***Exhibit "3"***. Thus, as of March 20, 2015, Jack, Jr. and his counsel were fully aware of how the Trust assets were valued and distributed by Teri to both the Sub-Trust and herself.

**B. <u>PROCEDURAL POSTURE.</u>**

Jack, Jr. initiated the instant case on September 19, 2018 by filing his Petition to Allow This Court to Take Jurisdiction over the Trust; and Request for Removal of Named Successor Trustee (the "***<u>Original Petition</u>***").[1] The Original Petition expressly acknowledged that Teri had provided Jack, Jr. and/or his counsel documents relating to the assets funded it the Sub-Trust, including a general ledger and the estate tax return. *See* Original Petition on file with this Court at p. 2. The Original Petition further acknowledged the specific assets allocated to the Sub-Trust and valuation thereof and recognized that, because of restrictive licensing requirements, none of the business interests were allowed to be funded in the Sub-Trust. After addressing each asset and the purported problems with Teri's allocation to the Sub-Trust, Jack, Jr. requested that this Court remove Teri and alleged she failed to perform her duties and trustee of the Sub-Trust. *See* Original Petition at p. 6, requested relief. On December 7, 2018, the Court granted the Original Petition in Part, and ordered Teri to provide an accounting of the Sub-Trust.

\\\

\\\

[1] A copy of the Original Petition without exhibits is attached hereto as Exhibit "4" for this Court's reference and convenience.

SMITH & SHAPIRO, PLLC
3333 E. Serene Ave., Suite 130
Henderson, NV 89074
O:(702)318-5033 F:(702)318-5034

Rather, on August 16, 2019, Jack, Jr. filed a second Petition for Removal of Teri Galardi, Successor Trustee ("***Removal Petition***").[2] The Removal Petition, in part, acknowledged that "Teri presented a distribution of assets to the residuary beneficiary dated 11/7/2014." *See* Removal Petition at p. 7, ll. 6-7. On or about September 27, 2019, the parties entered a Stipulation and Order wherein Teri resigned as successor trustee of the Sub-Trust. Although the Stipulation and Order further stated that "Jack E. Galardi, Jr. does not waive his individual right as a beneficiary to audit or investigate the accounts or administration of the prior trustee," it did not toll the statute of limitations on Jack, Jr.'s ability to initiate any claim for breach of fiduciary duty against Teri.[3]

On January 12, 2021, Jack, Jr. filed the instant Petition ("***Recovery Petition***"). For the reasons set forth herein, the Recovery Petition, along with the Original Petition, is time-barred and should be dismissed.

## II.

## STATEMENT OF AUTHORITIES

### A. LEGAL STANDARD.

Nevada Rule of Civil Procedure 12(b)(5) provides for the dismissal of actions for failure to state a claim upon which relief can be granted. Dismissal is appropriate when it appears beyond a doubt that the Plaintiff can prove no set of facts which, if true, would entitle him to relief. Buzz Stew, LLC v. City of Las Vegas, 124 Nev. 224, 227, 181 P.3d 670, 672 (2008). In ruling on a Motion to Dismiss, pursuant to N.R.C.P. 12(b)(5), the Court must regard all factual allegations in the Complaint as true and must draw all inferences in favor of the non-moving party. Schneider v. County of Elko, 119 Nev. 381, 75 P.3d 368 (2003); Hampe v. Foote, 118 Nev. 405, 47 P.3d 438 (2002). Dismissal is proper where the allegations are insufficient to establish the elements of a claim for relief. Hampe at 408.

\ \ \

\ \ \

---

[2] A copy of the Removal Petition without exhibits is attached hereto as Exhibit "5" for this Court's reference and convenience.

[3] A copy of the Stipulation and Order is attached hereto as Exhibit "6" for this Court's reference and convenience.

SMITH & SHAPIRO, PLLC
3333 E. Serene Ave., Suite 130
Henderson, NV 89074
O:(702)318-5033 F:(702)318-5034

**B. PETITIONER'S CLAIMS AGAINST TERI ARE TIME-BARRED.**

A court can dismiss a complaint for failure to state a claim upon which relief can be granted if the action is barred by the statute of limitations. Bemis v. Estate of Bemis, 114 Nev. 1021, 967 P.2d 437, 439 (1998). The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought. Id. at 440. An exception to the general rule has been recognized by the Nevada Supreme Court and many others in the form of the so-called "discovery rule." Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action. Id.

Under N.R.S. § 11.190(3)(d), the statute of limitations for fraud claims is three (3) years from the date that the aggrieved party discovered the facts constituting the fraud. The Nevada Supreme Court has held that "[a] breach of fiduciary duty is a fraud giving rise to the application of the three year statute of limitations." Shupe v. Ham, 98 Nev. 61, 639 P.2d 540, 542 (Nev. 1982). In Shupe v. Ham, appellate, Shupe, brought a suit for breach of fiduciary against her former husband, Ham, for purchasing property which he held in trust for her. Id. at 541. The Nevada Supreme Court affirmed the District Court's holding that the "statute of limitations began to run when the appellant ***knew or reasonably should have known facts giving rise to respondent's alleged breach of fiduciary duty***." Id. at 542 (emphasis added). Based upon such standard, the Nevada Supreme Court affirmed the District Court's finding that appellant's claim was barred based upon the statute of limitations. Id. at 543. In so holding, the Nevada Supreme Court rejected the notion that the three-year limitation period did not commence until the beneficiary actually learned of any breach of trust. Id. at 542. *See also* Nevada State Bank v. Jamison Family Partnership, 106 Nev. 792, 800, 801 P.2d 1377, 1382 (Nev. 1990) (statute of limitations on a breach of fiduciary action commences when the aggrieved party knew, or reasonably should have known, of the facts giving rise to the breach); Millspaugh v. Millspaugh, 96 Nev. 446, 448-49 (Nev. 1980) (holding that genuine issue of material fact existed as whether appellant should have learned, through the exercise of proper diligence, of the fraud resulting in the commencement of the statute of limitations).

In this case, Jack, Jr.'s claims against Teri for breach of fiduciary duty are time-barred as a

SMITH & SHAPIRO, PLLC
3333 E. Serene Ave., Suite 130
Henderson, NV 89074
O:(702)318-5033 F:(702)318-5034

matter of law. Jack, Jr.'s Recovery Petition asserts that Teri's division of Trust assets and Allocation resulted in a breach of her fiduciary duties to Jack, Jr. when funding the Sub-Trust. Jack Jr. ignores the fact that the Allocation was initially provided to him and his legal counsel in March 2015, along with the Form 706, Estate Tax Return. The Allocation disclosed the values of the property funded into each respective subtrust based upon the valuations on the estate tax return. Jack Jr. waited until September 19, 2018, to file the Original Petition to remove Teri as Trustee based upon the contention that she breached her fiduciary duties by allocating the assets in such manner. Despite the fact that the Original Petition was barred by the statute of limitation, Jack Jr. nonetheless never pursued the breach of fiduciary claim. In fact, no further action was taken by Jack Jr. on the allegations of breach of fiduciary duty, including the submission of a scheduling order or request for an evidentiary hearing.

Thereafter, on January 21, 2021, Jack Jr. filed the instant, Recovery Petition seeking to surcharge Teri for breach of fiduciary duty, nearly six (6) years after having received the Allocation. Such claim is unequivocally barred by the three (3) year statute of limitations. The fact that Jack, Jr. may have received additional information in 2018 is immaterial because, based upon the Allocation provided to him in March 2015, Jack, Jr. knew or reasonably should have known of any purported breach by Teri. Consequently, Jack, Jr. was aware of the facts which form the alleged basis of his claim for breach of fiduciary duty no later than March 20, 2015, when his counsel received a letter from Teri's counsel attaching the Allocation schedule and the estate tax return for Jack, Sr. Thus, Jack, Jr. had until March 20, 2018 within which to file any breach of fiduciary duty claims against Teri. Jack, Jr. did not but rather waited until September 19, 2018, to initiate the Original Petition and further waited until January 21, 2021 to file the Recovery Petition. Jack, Jr.'s claims relative to the Allocation or, more specifically, the assets and value thereof funded into the Sub-Trust are barred by the statute of limitations as a matter of law. This Court should grant the instant Motion to Dismiss.

\\\

\\\

\\\

**CONCLUSION**

**SMITH & SHAPIRO, PLLC**
3333 E. Serene Ave., Suite 130
Henderson, NV 89074
O:(702)318-5033 F:(702)318-5034

For the reasons set forth above, Teri respectfully requests that this Honorable Court dismiss Jack, Jr.'s Petition for Recovery of Assets From Teri Galardi, Co-Beneficiary of the JEG Trust.

DATED this 24th day of March, 2021.

**SMITH & SHAPIRO, PLLC**

*/s/ Michael D. Rawlins*
Michael D. Rawlins
Nevada Bar No. 5467
3333 East Serene Avenue, Suite 130
Henderson, Nevada 89074

*Attorney for Teri Gale Galardi*

SMITH & SHAPIRO, PLLC
3333 E. Serene Ave., Suite 130
Henderson, NV 89074
O:(702)318-5033 F:(702)318-5034

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Smith & Shapiro, PLLC and that, on this 24th day of March, 2021, I served a true and correct copy of the **MOTION TO DISMISS PETITION FOR RECOVERY OF ASSETS FROM TERI GALARDI, CO-BENEFICIARY OF THE JEG TRUST** by e-serving a copy on all parties listed as Service Recipients in Odyssey File & Serve, the Court's on-line, electronic filing website, pursuant to Administrative Order 14-2, entered on May 9, 2014, and by U.S. Mail, postage pre-paid to the following:

Shirley A. Derke, Esq.
Kirk Kaplan, Esq.
*Attorneys for Petitioner, Jack E. Galardi, Jr.*

Daniel Geiger, named Successor Co-Trustee
2850 S. Jones Blvd,, Ste, 2
Las Vegas, Nevada 89146

/s/ *Jennifer A. Bidwell*____________
Jennifer A. Bidwell, an employee of
SMITH & SHAPIRO, PLLC

# EXHIBIT 1

EXHIBIT 1

# THE TOTAL AMENDMENT AND RESTATEMENT
# OF THE
# JEG FAMILY TRUST
Originally Dated November 1, 2006

Prepared by
GREGORY S. SMITH, LTD.
2520 St. Rose Parkway, Suite 210
Henderson, Nevada 89074

TABLE OF CONTENTS

ARTICLE I
NAME AND BENEFICIARIES OF THE TRUST . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARTICLE II
DISTRIBUTION OF INCOME AND PRINCIPAL
WHILE THE TRUSTOR SHALL LIVE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARTICLE III
INCAPACITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARTICLE IV
DISTRIBUTION OF CASH, HOUSEHOLD AND PERSONAL EFFECTS
AFTER DEATH OF TRUSTOR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARTICLE V
DISTRIBUTION OF INCOME AND PRINCIPAL
AFTER DEATH OF THE TRUSTOR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARTICLE VI
TRUSTEE'S DISCRETION ON DISTRIBUTION TO PRIMARY BENEFICIARIES . . . . . 9

ARTICLE VII
PROVISIONS RELATING TO TRUSTEESHIP . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ARTICLE VIII
PROVISIONS RELATING TO TRUSTOR'S POWERS . . . . . . . . . . . . . . . . . . . . . . 14

ARTICLE IX
PROVISIONS RELATING TO TRUSTEE'S POWERS . . . . . . . . . . . . . . . . . . . . . . 14

ARTICLE X
SUBCHAPTER S STOCK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

ARTICLE XI
QUALIFIED PLANS AND IRA'S . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

ARTICLE XII
PROTECTION OF AND ACCOUNTING BY TRUSTEE . . . . . . . . . . . . . . . . . . . . . 25

ARTICLE XIII
GENERAL PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

# TRUST AGREEMENT

**OF THE**

**TOTAL AMENDMENT AND RESTATEMENT**

**OF THE**

**JEG FAMILY TRUST**

THIS DECLARATION OF TRUST AGREEMENT is a Total Amendment and Restatement of the JEG FAMILY TRUST, which was originally established on November 1, 2006. This Total Amendment and Restatement, as follows, is made on August 16th, 2012, by JACK E. GALARDI, also known as JACK HAROLD EDWARD GALARDI (hereinafter referred to as the "Trustor" or "Grantor" when reference is made to him in his capacity as creator of this Trust and the transferor of the principal properties thereof), and JACK E. GALARDI, of Clark County, Nevada (hereinafter referred to as the "Trustee," when reference is made to him in his capacity as Trustee or fiduciary hereunder).

*Witnesseth:*

WHEREAS, the Trustor desires by this Trust Agreement to totally amend and restate the "JEG FAMILY TRUST" for the use and purposes hereinafter set forth, to make provisions for the care and management of certain of his present properties and for the ultimate distribution of the Trust properties;

NOW, THEREFORE, the Trustor hereby gives, grants, and transfers to the Trustee, IN TRUST, which Trustee hereby declares that he has received from the Grantor, the property listed on Schedule "A", (which schedule is attached hereto and made a part of this Trust Agreement), TO HAVE AND TO HOLD THE SAME IN TRUST, and to manage, invest and reinvest the same and any additions that may be made from time to time hereto, subject to the provisions of Trust as hereinafter provided.

All property subject to this Trust Indenture shall constitute the Trust estate and shall be held for the purpose of protecting and preserving it, collecting the income therefrom, and making distributions of the principal and income thereof as hereinafter provided.

Additional property may be added to the Trust estate, at any time and from time to time, by the Trustor or any person or persons, by inter vivos act or testamentary transfer, or by insurance contract or Trust designation.

The property comprising the original Trust estate, during the life of the Trustor, shall retain its character as his separate property, as designated on the attached Schedule "A" or document of transfer or conveyance. Property subsequently received by the Trustee during the life of the Trustor may be listed on addenda to Schedule "A" and shall have the separate character designated thereon or on the document of transfer or conveyance.

## ARTICLE I
## NAME AND BENEFICIARIES OF THE TRUST

1.1 **Name**. The Trust created in this instrument may be referred to as the "JEG FAMILY TRUST", and any separate Trust may be referred to by adding the name of the beneficiary.

1.2 **Beneficiaries**. The Trust estate created hereby shall be for the use and benefit of JACK E. GALARDI, and for the other beneficiaries named herein. The names of the five (5) now living children of the Trustor are JACKIE GALARDI, JACK GALARDI, JR., MICHAEL D. GALARDI, TERI GALE GALARDI, and KATHY HOLDER. For purposes of this Trust Indenture, the Trustor has intentionally and with full knowledge, failed to provide for JACKIE GALARDI and MICHAEL D. GALARDI, and their issue and they shall be disinherited and treated as though they predeceased the Trustor. The Trustor wishes to express his love and affection for KATHY HOLDER and he has provided for her under Sections 5.2 and 5.5, below. However, except for Sections 5.2 and 5.5, below,

KATHY HOLDER shall not be considered a child of the Trustor. JACK GALARDI, JR. and TERI GALE GALARDI shall hereinafter be designated as the "children of the Trustor."

## ARTICLE II
## DISTRIBUTION OF INCOME AND PRINCIPAL WHILE THE TRUSTOR SHALL LIVE

2.1 **Distributions While The Trustor Lives**. During the lifetime of JACK HAROLD EDWARD GALARDI, he shall be entitled to all income and principal of the Trust property without limitation.

2.2 **Use of Residence**. While the Trustor shall live, he may possess and use, without rental or accounting to Trustee, any residence owned by this Trust.

## ARTICLE III
## INCAPACITY

3.1 **Incapacity of Trustor**. If at any time, as certified in writing by two licensed physicians, the Trustor has become physically or mentally incapacitated, whether or not a court of competent jurisdiction has declared him incompetent, mentally ill, or in need of a guardian or conservator, the Trustee shall pay to the Trustor or apply for his benefit, the amounts of net income and principal necessary, in the Trustee's discretion, for the proper health, support and maintenance of the Trustor in accordance with his accustomed manner of living, until the incapacitated Trustor, either in the Trustee's discretion or as certified by two licensed physicians, is again able to manage his own affairs or until his death.

3.2 **Reliance on writing**. Anyone dealing with this Trust may rely on the physicians' written statements regarding the Trustor's incapacity, or a photocopy

of the statements, presented to them by the Trustee. A third party relying on such written statements shall not incur any liability to any beneficiary for any dealings with the Trustee in reliance upon such written statements. This provision is inserted in this Trust indenture to encourage third parties to deal with the Trustee without the need for court proceedings.

## ARTICLE IV
## DISTRIBUTION OF CASH, HOUSEHOLD AND PERSONAL EFFECTS AFTER DEATH OF TRUSTOR

4.1 **Distribution of Cash and Personal Property**. After the death of the Trustor, the Trustee shall distribute all cash, tangible personal property of the deceased Trustor, including but not limited to, furniture, furnishings, rugs, pictures, books, silverplate, linen, china, glassware, objects of art, wearing apparel, jewelry, ornaments, and automobiles in accordance with any written statement or list that the Trustor leaves disposing of this property. Any such statement or list then in existence shall be determinative with respect to all bequests made therein. Any cash or property not included on said list shall be added to the Trust created in Article V below.

## ARTICLE V
## DISTRIBUTION OF INCOME AND PRINCIPAL AFTER DEATH OF THE TRUSTOR

5.1 **Payment of Expenses**. Upon the death of the Trustor, the Trustee may, in the Trustee's sole discretion, pay from the income and/or principal of this Trust, the administrative expenses, the expenses of the last illness and funeral of the Trustor, and any other debt owed by Trustor. Following such payments, the

principal and undistributed income of the Trust shall be administered and as set forth herein.

5.2 **Specific Bequest for the Benefit of KATHY HOLDER**. Upon the death of the Trustor, the Trustee shall set aside the sum of Three Hundred Thousand dollars ($300,000.00) for the benefit of KATHY HOLDER ("KATHY"), to be held in trust as follows:

(a) For so long as KATHY shall live, KATHY's share shall be retained in a separate Trust and the net income and principal from this Trust share shall be distributed to KATHY as is necessary, in the discretion of the Trustee, for the support, comfort, well-being, education or health needs of the beneficiary. In addition, principal may be used, in the discretion of the Trustee, for the education or emergency health needs of the beneficiary.

(b) Upon the death of KATHY, the remainder of this Trust share, if any, shall be distributed pursuant to Section 5.3, below.

5.3 **Distribution of the Remaining Trust Estate**. Upon the death of the Trustor, the Trustee shall divide the Trust estate into two (2) shares, namely, the TERI GALARDI SUB-TRUST and the JACK GALARDI JR. SUB-TRUST, to be administered and distributed as follows:

(a) The TERI GALARDI SUB-TRUST: Seventy-five percent (75%) of the remaining Trust estate shall be distributed to TERI GALE GALARDI, if she is then living, outright and free of trust. If TERI GALE GALARDI is not then living, then this Trust share shall be divided into as many equal shares as there are children of TERI GALE GALARDI who are then living (hereinafter referred to as "grandchildren of the Trustor" or "grandchild of the Trustor") and grandchildren of the Trustor who are deceased leaving issue then living, and these shares shall be distributed or retained as follows:

(1) If any grandchild of the Trustor is then the age of Thirty-five (35) years or older, his or her share shall be distributed to him or her outright and free of trust.

(2) For each grandchild of the Trustor who is then under the age of Thirty-five (35) years, his or her share shall be retained in a separate Trust and, until the grandchild attains the age of



GREGORY S. SMITH, LTD.
Attorney at Law

Twenty-five (25) years, the net income and principal from each Trust share shall be distributed to the grandchild as is necessary, in the discretion of the Trustee, for the support, comfort, well-being, education or health needs of the grandchild. After attaining the age of Twenty-five (25) years, the net income from each Trust share shall be distributed at least quarter annually to the grandchild of the Trustor. In addition, principal may be used, in the discretion of the Trustee, for the education or emergency health needs of the beneficiary.

(3) Upon attaining the age of Twenty-five (25) years, one-third (1/3) of the then value of the grandchild's Trust share shall be distributed to him or her outright and free of trust. Upon attaining the age of Thirty (30) years, one-half (½) of the then value of the grandchild's Trust share shall be distributed to him or her outright and free of trust. Upon attaining the age of Thirty-five (35) years, the entire remaining balance of the grandchild's Trust share shall be distributed to the grandchild outright and free of trust. If a grandchild has already attained age Twenty-five (25), Thirty (30), or Thirty-five (35) at the division date, the Trustee shall, upon making the division, distribute to such grandchild one-third (1/3), one-half (½), or all of his or her Trust share, respectively.

(4) If prior to full distribution a grandchild becomes deceased, his or her remaining share shall be distributed outright equally to his or her issue who are then living under the same terms and conditions as set forth in this section or, if there are no then living issue of the grandchild, his or her remaining share shall be distributed outright to his or her then living siblings. However, if any such distributee is one for whom a Trust is then being administered under this Section 5.2, the share of such distributee shall, instead of being distributed outright, be added to that Trust and administered and distributed in accordance with its terms.

(b) <u>The JACK GALARDI, JR. SUB-TRUST</u>: Twenty-five percent (25%) of the remaining Trust estate shall be distributed to the JACK GALARDI, JR. SUB-TRUST, to be distributed or retained as follows.

(1) For so long as JACK GALARDI, JR. ("JACK JR.") shall live, JACK JR.'s share shall be retained in a separate Trust and the net income and principal from this Trust share shall be distributed to JACK JR. as is necessary, in the discretion of the Trustee, for the

support, comfort, well-being, education or health needs of the beneficiary. In addition, principal may be used, in the discretion of the Trustee, for JACK JR.'s education or emergency health needs.

(2) In the event that JACK JR. should predecease the Trustor, or, upon his death, this Trust share shall be divided into as many equal shares as there are children of JACK JR. who are then living (hereinafter referred to as "grandchildren of the Trustor" or "grandchild of the Trustor") and grandchildren of the Trustor who are deceased leaving issue then living, and these shares shall be distributed or retained as follows:

(i) If any grandchild of the Trustor is then the age of Thirty-five (35) years or older, his or her share shall be distributed to him or her outright and free of trust.

(ii) For each grandchild of the Trustor who is then under the age of Thirty-five (35) years, his or her share shall be retained in a separate Trust and, until the grandchild attains the age of Twenty-five (25) years, the net income and principal from each Trust share shall be distributed to the grandchild as is necessary, in the discretion of the Trustee, for the support, comfort, well-being, education or health needs of the grandchild. After attaining the age of Twenty-five (25) years, the net income from each Trust share shall be distributed at least quarter annually to the grandchild of the Trustor. In addition, principal may be used, in the discretion of the Trustee, for the education or emergency health needs of the beneficiary.

(iii) Upon attaining the age of Twenty-five (25) years, one-third (1/3) of the then value of the grandchild's Trust share shall be distributed to him or her outright and free of trust. Upon attaining the age of Thirty (30) years, one-half (½) of the then value of the grandchild's Trust share shall be distributed to him or her outright and free of trust. Upon attaining the age of Thirty-five (35) years, the entire remaining balance of the grandchild's Trust share shall be distributed to the grandchild outright and free of trust. If a grandchild has already attained age Twenty-five (25), Thirty (30), or Thirty-five (35) at the division date, the Trustee shall, upon making the division, distribute to such

grandchild one-third (1/3), one-half (½), or all of his or her Trust share, respectively.

(iv) If prior to full distribution a grandchild becomes deceased, his or her remaining share shall be distributed outright equally to his or her issue who are then living under the same terms and conditions as set forth in this section or, if there are no then living issue of the grandchild, his or her remaining share shall be distributed outright to TERI GALE GALARDI pursuant to the terms of Section 5.3(a), above.

5.4 **Charging Advances Against Beneficiary's Distributive Shares.** Whenever any Trust assets here under are being divided into shares and, under the provisions of this trust, the share of any person in such assets is required to be charged with any advance (with or without interest on such advance), the actual charging of such advance against such share shall be accounted for on a hotchpot basis; that is, as though the amount of such advance (based on fair market values at the effective date of such advance and including interest thereon, if so provided) were a part of an increase in the Trust assets being divided into shares and as though the amount of such advance had been allocated to and represented a prior partial distribution toward the share of the person who is charged with such advance. Likewise, whenever any Trust assets hereunder are being divided into shares and there is included among those assets a promissory note receivable (or similar monetary obligation due the Trust involved) which its Trustees determine is owed directly or indirectly by any person who is directly or indirectly a beneficiary of one of those shares, (i) such receivable shall be valued at its then face amount (including accrued but unpaid interest thereon, if any) and (ii), in the making of such division into shares, such receivables shall be allocated at such value to the share in which such debtor has a direct or indirect interest (at least insofar as the size of such share permits such allocation).

5.5 **Generation Skipping Trusts**. If the special generation skipping transfer tax exemption election provided by Section 2652(a)(3) of the Internal Revenue

Code (Code) is exercised as to any property held in this Trust or if this Trust is receiving property from any other Trust to which the special election has been made, the Trustee is authorized, at any time in the exercise of absolute discretion, to set apart such property in a separate trust so that its inclusion ratio, as defined in Section 2642(a) of the Code is or remains zero. If such Trust(s) is (are) created then any estate or death taxes as well as any discretionary distributions to the Children of the Trustor shall be first charged against and paid out of the principal of the Trust(s) as to which the special election provided by Section 2652(a)(3) is not applicable.

5.6 **Last Resort Clause**. In the event that the principal of the Trust administered under this Article V is not disposed of under the foregoing provisions, the remainder, if any, shall be distributed, outright and free of Trust, to the heirs at law of JACK HAROLD EDWARD GALARDI, their identities and shares to be determined according to the laws of the State of Nevada then in effect relating to the intestate succession of separate property.

## ARTICLE VI

## TRUSTEE'S DISCRETION ON DISTRIBUTION TO PRIMARY BENEFICIARIES

6.1 **Delay of Distribution**. Notwithstanding the distribution provisions of Article V, the following powers and directions are given to the Trustee:

(a) If, upon any of the dates described in Article V, the Trustee for any reason described below determines, in the Trustee's sole discretion, that it would not be in the best interest of the beneficiary that a distribution take place, then in that event the said distribution shall be totally or partially postponed until the reason for the postponement has been eliminated. During the period of postponement, the Trustee shall have the absolute discretion to distribute income or principal to the beneficiary as the Trustee deems advisable for the beneficiary's welfare.

(b) If said causes for delayed distribution are never removed, then the Trust share of that beneficiary shall continue until the death of the beneficiary and

then be distributed as provided in this Trust Instrument. The causes of such delay in the distribution shall be limited to any of the following:

(1) The current involvement of the beneficiary in a divorce proceeding or a bankruptcy or other insolvency proceeding.

(2) The existence of a large judgment against the beneficiary.

(3) Chemical abuse or dependency, or the conviction of the beneficiary of a felony, involving drugs or narcotics, unless a five year period has followed said conviction.

(4) The existence of any event that would deprive the beneficiary of complete freedom to expend the distribution from the Trust estate according to his or her own desires.

(5) In the event that a beneficiary is not residing in the United States of America at any given time, then the Trustee may decline to transmit to him or her any part or all of the income and shall not be required to transmit to him or her any of the principal if, in the Trustee's sole and uncontrolled judgment, the political and/or economic conditions of such place of residence of the beneficiary are such that it is likely the money would not reach him or her, or upon reaching him or her, would be unduly taxed, seized, confiscated, appropriated, or in any way taken from him or her in such a manner as to prevent his or her use and enjoyment of the same.

(6) The judicially declared incompetency of the beneficiary.

(c) The Trustee shall not be responsible unless the Trustee has knowledge of the happening of any event set forth above.

(d) To safeguard the rights of the beneficiary, if any distribution from his or her Trust share has been delayed for more than one (1) year, he or she may apply to the District Court in Las Vegas, Nevada, for a judicial determination as to whether the Trustee has reasonably adhered to the standards set forth herein. The Trustee shall not have any liability in the event the Court determines the Trustee made a good faith attempt to reasonably follow the standards set forth above.

## ARTICLE VII

## PROVISIONS RELATING TO TRUSTEESHIP

7.1 **Successor Trustee**. In the event of the death or incapacity of the original Trustee, TERI GALE GALARDI shall serve as the Successor Trustee of all of the Trusts hereunder. In the event of the death or incapacity of TERI GALE GALARDI, EMELITA P. SY and DANIEL GEIGER shall serve as the Successor co-Trustees of all of the Trusts hereunder. If either of them should become deceased, unable or unwilling to serve as a Successor co-Trustee, then MARICAR A. MARTINEZ shall serve as Successor co-Trustee with the survivor of EMELITA P. SY or DANIEL GEIGER of all of the Trusts hereunder. If the other of them and MARICAR A. MARTINEZ should become deceased, unable or unwilling to serve as a Successor co-Trustee, the survivor of EMELITA P. SY, DANIEL GEIGER or MARICAR A. MARTINEZ shall serve as sole Successor Trustee of all of the Trusts hereunder. In determining the incapacity of any Trustee serving hereunder, the guidelines set forth in Section 3.1 may be followed.

If no Successor Trustee is designated to act in the event of the death, incapacity or resignation of the Trustee then acting, or no Successor Trustee accepts the office, the Trustee then acting if there is may appoint a Successor Trustee. If no such appointment is made, the majority of the adult beneficiaries entitled to distribution from this trust may appoint a Successor Trustee.

When Two (2) Successor Trustees are serving, and an agreement can not be reached between them, the Trust Consultant, defined below, shall make the deciding vote.

7.2 **Trust Consultant**. During the lifetime of the Trustor, Gregory S. Smith (herein known as the "Consultant" to the Trust) shall have the right and power by giving ten (10) days written notice to the Trustee to remove any Trustee named herein (except the Trust Consultant may not remove the Trustor as a Trustee

hereunder) or any Successor Trustee, and to appoint either (1) an individual who is an "independent" Trustee pursuant to Internal Revenue Code Section 674, as amended, or (2) a Nevada bank or trust company to serve as Trustee or as Co-Trustees of the Trusts created hereunder. If any Trustee ceased to serve, the Trust Consultant shall have the power to appoint a successor Trustee as provided above. In the event the Trust Consultant shall fail to appoint a Successor Trustee, a majority of the adult beneficiaries may appoint a banking institution or trust company to so serve.

If no successor Trust Consultant is designated to act in the event of the death, incapacity or resignation of the Trust Consultant then acting, or no successor Trust Consultant accepts the office, the Trust Consultant then acting may appoint a successor Trust Consultant. If no such appointment is made, the majority of the adult beneficiaries entitled to distribution from this Trust may appoint a successor Trust Consultant.

7.3 **Liability Of Successor Trustee**. No Successor Trustee shall be liable for the acts, omissions, or default of a prior Trustee. Unless requested in writing within sixty (60) days of appointment by an adult beneficiary of the Trust, no Successor Trustee shall have any duty to audit or investigate the accounts or administration of any such Trustee, and may accept the accounting records of the predecessor Trustee showing assets on hand without further investigation and without incurring any liability to any person claiming or having an interest in the Trust.

7.4 **Acceptance By Trustee**. A Trustee shall become Trustee or Co-Trustee jointly with any remaining or surviving Co-Trustees, and assume the duties thereof, immediately upon delivery of written acceptance to Trustor, during his lifetime and thereafter to any Trustee hereunder, or to any beneficiary hereunder, if for any reason there shall be no Trustee then serving, without the necessity of any other act, conveyance, or transfer.

7.5 **Delegation By Trustee**. Any individual Co-Trustee shall have the right at any time, by an instrument in writing delivered to the other Co-Trustee, to delegate to such other Co-Trustee any and all of the Trustee's powers and discretion.

7.6 **Resignation Of Trustee**. Any Trustee at any time serving hereunder may resign as Trustee by delivering to Trustor, during his lifetime and thereafter to any Trustee hereunder, or to any beneficiary hereunder if for any reason there shall be no Trustee then serving hereunder, an instrument in writing signed by the resigning Trustee.

7.7 **Corporate Trustee**. During the Trust periods, if any, that a corporate Trustee acts as Co-Trustee with an individual, the corporate Trustee shall have the unrestricted right to the custody of all securities, funds, and other property of the Trusts and it shall make all payments and distributions provided hereunder.

7.8 **Majority**. Subject to any limitations stated elsewhere in this Trust Indenture, all decisions affecting any of the Trust estate shall be made in the following manner: While three or more Trustees, whether corporate or individual, are in office, the determination of a majority shall be binding. If only two Trustees are in office, they must act unanimously, except when at an impasse, then the Trust Consultant shall cast the deciding vote.

7.9 **Bond**. No bond shall ever be required of any Trustee hereunder.

7.10 **Expenses and Fees**. The Successor Trustee shall be reimbursed for all actual expenses incurred in the administration of any Trust created herein. The Successor Trustee shall be entitled to reasonable compensation for service rendered to the Trust. In no event, however, shall the fees exceed those fees that would have been charged by state or federal banks in the jurisdiction in which the Trust is being governed. However, any corporate Trustee shall be entitled to compensation for its services in accordance with its published fee schedule.

## ARTICLE VIII

## PROVISIONS RELATING TO TRUSTOR'S POWERS

8.1 **Power To Amend**. During the lifetime of the Trustor, this Trust Indenture may be amended in whole or in part by an instrument in writing, signed by the Trustor, and delivered to the Trustee. Upon the death of the Trustor, this Trust Indenture shall not be amended.

8.2 **Power To Revoke**. During the lifetime of Trustor, the Trustor may revoke this Trust Indenture by an instrument in writing, signed by the Trustor. Upon revocation, the Trustee shall deliver the revoked portion of the Trust property to the Trustor. Upon the death of the Trustor, this Trust Indenture shall not be revoked.

8.3 **Power To Change Trustee**. During the lifetime of the Trustor, he may change the Trustee or Successor Trustee of this Trust by an instrument in writing.

8.4 **Additions To Trust**. Any additional property acceptable to the Trustee may be transferred to this Trust. The property shall be subject to the terms of this Trust.

8.5 **Gift Program**. If the Trustor becomes legally incompetent, or if in the Trustee's judgment reasonable doubt exists regarding capacity, the Trustee is authorized in such Trustee's sole discretion to continue any gift program which the Trustor had previously commenced, to make use of the federal gift tax annual exclusion. Such gifts may be made outright or in trust.

## ARTICLE IX

## PROVISIONS RELATING TO TRUSTEE'S POWERS

9.1 **Management Of Trust Property**. With respect to the Trust property, except as otherwise specifically provided in this Trust, the Trustee shall have all

powers now or hereafter conferred upon trustees by applicable state law, and also those powers appropriate to the orderly and effective administration of the Trust. Any expenditure involved in the exercise of the Trustee's powers shall be borne by the Trust estate. Such powers shall include, but not be limited to, the following powers with respect to the assets in the Trust estate:

(a) To register any securities or other property held hereunder in the name of the Trustee or in the name of a nominee, with or without the addition of words indicating that such securities or other property are held in a fiduciary capacity, and to hold in bearer form any securities or other property held hereunder so that title thereto will pass by delivery, but the books and records of Trustee shall show that all such investments are part of his respective funds.

(b) To hold, manage, invest and account for the separate trusts in one or more consolidated funds, in whole or in part, as he may determine. As to each consolidated fund, the division into the various shares comprising such fund need be made only upon Trustee's books of account.

(c) To lease Trust property for terms within or beyond the term of the Trust and for any purpose, including exploration for and removal of gas, oil, and other minerals; and to enter into community oil leases, pooling and unitization agreements.

(d) To borrow money, mortgage, hypothecate, pledge or lease Trust assets for whatever period of time Trustee shall determine, even beyond the expected term of the respective Trust.

(e) To hold and retain any property, real or personal, in the form in which the same may be at the time of the receipt thereof, as long as in the exercise of his discretion it may be advisable so to do, notwithstanding same may not be of a character authorized by law for investment of trust funds.

(f) To invest and reinvest in his absolute discretion, and he shall not be restricted in his choice of investments to such investments as are permissible for fiduciaries under any present or future applicable law, notwithstanding that the same may constitute an interest in a partnership.

(g) To advance funds to any of the Trusts for any Trust purpose. The interest rate imposed for such advances shall not exceed the current rates.

(h) To institute, compromise, and defend any actions and proceedings.

(i) To vote, in person or by proxy, at corporate meetings any shares of stock in any Trust created herein, and to participate in or consent to any voting Trust, reorganization, dissolution, liquidation, merger, or other action affecting any such shares of stock or any corporation which has issued such shares of stock.

(j) To partition, allot, and distribute, in undivided interest or in kind, or partly in money and partly in kind, and to sell such property as the Trustee may deem necessary to make division or partial or final distribution of any of the Trusts.

(k) To determine what is principal or income of the Trusts and apportion and allocate receipts and expenses as between these accounts.

(l) To make payments hereunder directly to any beneficiary under disability, to the guardian of his or her person or estate, to any other person deemed suitable by the Trustees, or by direct payment of such beneficiary's expenses.

(m) To employ agents, attorneys, brokers, and other employees, individual or corporate, and to pay them reasonable compensation, which shall be deemed part of the expenses of the Trusts and powers hereunder.

(n) To accept additions of property to the Trusts, whether made by the Trustor, a member of the Trustor's family, by any beneficiaries hereunder, or by any one interested in such beneficiaries.

(o) To hold on deposit or to deposit any funds of any Trust created herein, whether part of the original Trust fund or received thereafter, in one or more savings and loan associations, bank or other financing institution and in such form of account, whether or not interest bearing, as Trustee may determine, without regard to the amount of any such deposit or to whether or not it would otherwise be a suitable investment for funds of a trust.

(p) To open and maintain safety deposit boxes in the name of this Trust.

(q) To make distributions to any Trust or beneficiary hereunder in cash or in specific property, real or personal, or an undivided interest therein, or partly in cash and partly in such property, and to do so without regard to the income tax basis of specific property so distributed. The Trustor

requests but does not direct, that the Trustee make distributions in a manner which will result in maximizing the aggregate increase in income tax basis of assets of the estate on account of federal and state estate, inheritance and succession taxes attributable to appreciation of such assets.

(r) The powers enumerated in NRS 163.265 to NRS 163.410, inclusive, are hereby incorporated herein to the extent they do not conflict with any other provisions of this instrument.

(s) The enumeration of certain powers of the Trustee shall not limit his general powers, subject always to the discharge of his fiduciary obligations, and being vested with and having all the rights, powers, and privileges which an absolute owner of the same property would have.

(t) The Trustee shall have the power to invest Trust assets in securities of every kind, including debt and equity securities, to buy and sell securities, to write covered securities options on recognized options exchanges, to buy-back covered securities options listed on such exchanges, to buy and sell listed securities options, individually and in combination, employing recognized investment techniques such as, but not limited to, spreads, straddles, and other documents, including margin and option agreements which may be required by securities brokerage firms in connection with the opening of accounts in which such option transactions will be effected.

(u) In regard to the operation of any closely held business of the Trust, the Trustee shall have the following powers:

(1) The power to retain and continue the business engaged in by the Trust or to recapitalize, liquidate or sell the same.

(2) The power to direct, control, supervise, manage, or participate in the operation of the business and to determine the manner and degree of the fiduciary's active participation in the management of the business and to that end to delegate all or any part of the power to supervise, manage or operate the business to such person or persons as the fiduciary may select, including any individual who may be a beneficiary or Trustee hereunder.

(3) The power to engage, compensate and discharge, or as a stockholder owning the stock of the Corporation, to vote for the engagement, compensation and discharge of such managers, employees, agents, attorneys, accountants, consultants or other

representatives, including anyone who may be a beneficiary or Trustee hereunder.

(4) The power to become or continue to be an officer, director or employee of a Corporation and to be paid reasonable compensation from such Corporation as such officer, director and employee, in addition to any compensation otherwise allowed by law.

(5) The power to invest or employ in such business such other assets of the Trust estate.

(v) To borrow money at interest rates then prevailing from any individual, bank or other source, irrespective or whether any such individual or bank is then acting as Trustee, and to create security interests in the Trust property by mortgage, pledge, or otherwise, to make a guaranty of, including a third party guaranty.

9.2 **Limitation on Discretionary Power**. The Trustee's discretion to distribute income and principal to a beneficiary who is also a Trustee shall be limited, with respect to such Trustee, to distributions for the beneficiary's health, education, maintenance and support.

9.3 **Power to Appoint Agent**. The Trustee is authorized to employ attorneys, accountants, investment managers, specialists, and such other agents as the Trustee shall deem necessary or desirable. The Trustee shall have the authority to appoint an investment manager or managers to manage all or any part of the assets of the Trust, and to delegate to said investment manager the discretionary power to acquire and dispose of assets of the Trust. The Trustee may charge the compensation of such attorneys, accountants, investment managers, specialists, and other agents against the Trust, including any other related expenses.

9.4 **Broad Powers Of Distribution**. After the death of the Trustor, upon any division or partial or final distribution of the Trust estate, the successor Trustee shall have the power to partition, allot and distribute the Trust estate in undivided interest or in kind, or partly in money and partly in kind, at valuations determined by the Trustee, and to sell such property as the Trustee, in the Trustee's discretion,

considers necessary to make such division or distribution. In making any division or partial or final distribution of the Trust estate, the Trustee shall be under no obligation to make a pro rata division or to distribute the same assets to beneficiaries similarly situated. Rather, the Trustee may, in the Trustee's discretion, make non pro rata divisions between Trusts or shares and non pro rata distributions to beneficiaries as long as the respective assets allocated to separate trusts or shares or the distributions to beneficiaries have equivalent or proportionate fair market value. The income tax basis of assets allocated or distributed non pro rata need not be equivalent and may vary to a greater or lesser amount, as determined by the Trustee, in his or her discretion, and no adjustment need be made to compensate for any difference in basis.

9.5 **Merger of Identical Trusts**. Should the Trustee of any separate trust hereunder at any time also be the Trustee of a trust having substantially identical dispositive provisions for the benefit of the same beneficiary or beneficiaries but created under some other trust agreement, such two identical trusts may, in the discretion of such Trustee, be merged together and thereafter administered as one single trust under the trust agreement having the earliest rule against perpetuities savings clause date. Where such a merger would be thus authorized but for differences in the identity of the contingent remainder beneficiaries of such otherwise mergeable trusts, such trusts may instead be consolidated together in a new trust created by the Trustee of such otherwise mergeable trusts under a new trust instrument executed by it having all of the same provisions as would apply to such a merger except those provisions relating to contingent remainder interests, which provisions shall be written in such manner as to preserve the relative interests of the different contingent remainder beneficiaries having an interest therein on the basis of the fair market value of the net assets of each trust entering into such consolidation as of the effective date of such consolidation as reasonably determined by such Trustee.

9.6 **Special Needs Trust.** If any beneficiary has any special needs where government assistance is utilized, and if any direct or indirect distribution from this Trust to or on behalf of the beneficiary may jeopardize the beneficiary's ability to qualify for government assistance, then the vesting of said beneficiary's share may, in the Trustee's discretion, be postponed until the Trustee(s) does as follows, if possible: the Trustee(s) is specifically empowered to place that beneficiary's share into a discretionary Special Needs Trust under the applicable state and federal statutes. The terms of the discretionary Special Needs Trust shall be such terms as are provided by default under the applicable state and federal statutes, as well as such other terms as are necessary in the discretion of the Trustee(s) in furtherance of the objectives of this Trust. If required, the Trustee(s) may seek court action to establish this discretionary sub-Trust.

9.7 **Apply For Government Assistance**. The Trustee shall have the power to deal with governmental agencies and to make applications for, receive and administer any of the following benefits, if applicable: Social Security, Medicare, Medicaid, Supplemental Security Income, In-Home Support Services, and any other government resources and community support services available to the elderly.

9.8 **Catastrophic Health Care Planning**. The Trustee shall have the power to explore and implement planning strategies and options and to plan and accomplish asset preservation in the event the Trustor needs long-term health and nursing care. Such planning shall include, but is not necessarily limited to, the power and authority to: (1) make home improvements and additions to the Trustor's family residence; (2) pay off, partly or in full, the encumbrance, if any, on the Trustor's family residence; (3) purchase a family residence, if the Trustor does not own one; (4) purchase a more expensive family residence; (5) make gifts of assets for estate planning purposes to the beneficiaries and in the proportions set forth in Article V.

# ARTICLE X

## SUBCHAPTER S STOCK

10.1 **S-Corporation Stock**. To the extent that any Trust created under this Instrument (for purposes of this Article an "Original Trust") owns or becomes the owner (or would but for this provision become the owner) of shares of stock of any then electing "S corporation" pursuant to Section 1361 et seq. of the Internal Revenue Code, or to the extent that any such Original Trust owns or becomes the owner of shares of stock of any "small business corporation" as defined in Section 1361 (b) of the Internal Revenue Code with respect to which the Trustees desire to continue, make, or allow to be made an S corporation election, the Trustees of such Trust shall have the power at any time, in such Trustees' sole and absolute discretion, the exercise of which shall not be subject to review by any person or court, to terminate said original Trust as to such shares of stock and to allocate, pay, and distribute (or cause to be allocated, paid, and distributed directly from any transferor) some or all of such shares of stock to either (i) a separate and distinct Qualified Subchapter S Trust pursuant to the provisions of paragraph 10.2 below, or (ii) a separate and distinct Electing Small Business Trust pursuant to the provisions of paragraph 10.3 below.

10.2 **Qualified Subchapter S Trust**. In the event shares of stock are allocated, paid, or distributed to a Qualified Subchapter S Trust pursuant to paragraph 10.1 above, such Trust and Trust fund shall be designated with the name of the same Beneficiary with whose name the Original Trust is designated (such Beneficiary with whose name the Original Trust is designated being for purposes of this Article the only "Beneficiary" of such trust) and shall be held pursuant to the same terms and conditions as the Original Trust, except that, notwithstanding any other provision in this Trust Indenture applicable to the Original Trust:

(a) Until the death of the Beneficiary of the Qualified Subchapter S Trust, the Trustees of such Qualified Subchapter S Trust shall pay and distribute to such Beneficiary and to no other person all of the net income of the Qualified Subchapter S Trust annually or at more frequent intervals. Any and all income accrued but not paid to the Beneficiary prior to the death of the Beneficiary shall be paid to the estate of the Beneficiary.

(b) Any distribution of principal from a Qualified Subchapter S Trust may be made only to the Beneficiary then entitled to receive income from such trust.

(c) The current income Beneficiary's income interest terminates on the earlier of the Beneficiary's death or the termination of the Qualified Subchapter S Trust. If the Qualified Subchapter S Trust terminates during the life of the Beneficiary, all Qualified Subchapter S Trust principal shall distribute to the income Beneficiary.

(d) Each Qualified Subchapter S Trust is intended to be a Qualified Subchapter S Trust, as defined in Section 1361 (d) of the Internal Revenue Code, as amended, or any successor provisions thereto. Accordingly, no Trustees of any Qualified Subchapter S Trust created pursuant to this Article shall have any power, the possession of which would cause any such Trust to fail to be a Qualified Subchapter S Trust; no power shall be exercisable in such a manner as to cause any such Trust to fail to be a Qualified Subchapter S Trust; and any ambiguity in this Trust Indenture shall be resolved in such a manner that each such trust shall be a Qualified Subchapter S Trust.

(e) The provisions of Articles V and VI shall have no application to the distribution of income from any Qualified Subchapter S Trust created or continued pursuant to the provisions of this Article.

(f) Any power provided in Articles V and VI of this Trust Indenture may be exercised with respect to any Qualified Subchapter S Trust created pursuant to this Article if and only if, or to the extent that, the exercise of any such power shall not violate the provisions of this Article and shall not impair or disqualify the Qualified Subchapter S Trust status of such trust.

10.3 **Electing Small Business Trust**. In the event shares of stock are allocated, paid, or distributed to an Electing Small Business Trust pursuant to paragraph 10.1 above, the Trustee shall make the proper Small Business Trust election, and such Trust and Trust fund shall be designated with a name chosen at the Trustee's

discretion, and shall be held pursuant to the same terms and conditions as the Original Trust except that, notwithstanding any other provision in this Trust Indenture applicable to the Original Trust:

(a) The Electing Small Business Trust shall not have as a beneficiary any person other than an individual or an estate, except that a charitable organization described in paragraph (2), (3), (4) or (5) of Section 170(c) of the Internal Revenue Code may hold a contingent interest.

(b) No interest in the Electing Small Business Trust may be acquired by purchase.

(c) Each Electing Small Business Trust is intended to be an Electing Small Business Trust, as defined in Section 1361(e) of the Internal Revenue Code, as amended, or any successor provisions thereto. Accordingly, no Trustees of any Electing Small Business Trust created pursuant to this Article shall have any power, the possession of which would cause any such Trust to fail to be a Electing Small Business Trust; no power shall be exercisable in such a manner as to cause any such Trust to fail to be an Electing Small Business Trust; and any ambiguity in this Trust Indenture shall be resolved in such a manner that each such trust shall be an Electing Small Business Trust.

10.4 **Effect on Beneficiaries.** In granting to the Trustee the discretion to create one or more Qualified Subchapter S Trusts and/or Electing Small Business Trusts as herein provided, the Trustor recognizes that the interest of present or future beneficiaries may be increased or diminished upon the exercise of such discretion.

## ARTICLE XI
## QUALIFIED PLANS AND IRA'S

11.1 Any Trust created hereunder may receive distributions from a Qualified Plan (as defined below). In the event a Trust which is named as a designated beneficiary of a Qualified Plan is subdivided into separate sub-trusts, the Trustee may, in the Trustee's discretion, allocate the Qualified Plan in such manner as the Trustee determines, provided that the Qualified Plan shall be allocated only to a

Trust which is or becomes irrevocable at the death of the owner of the Qualified Plan, and provided further that no allocation shall be made which would cause immediate income tax recognition of the Qualified Plan.

11.2 The Trustee is directed to take all steps necessary to qualify the Trust as a "designated beneficiary" for purposes of the minimum distribution rules set forth in § 401(a)(9) of the Code. This includes providing appropriate documentation to the plan administrator of each Qualified Plan (including the custodian of each individual retirement account) by October 31 of the calendar year immediately following the calendar year in which the Trustor's death occurs, consistent with the requirements of Treas. Reg. § 1.401(a)(9)-4, A-6.

11.3 The Trustee is further directed to receive annually from the Qualified Plan the minimum distribution amounts based on the beneficiary's life expectancy, and to immediately distribute such amounts to the beneficiary of the Trust or sub-Trust, as the case may be.

11.4 For purposes of this Article XI, the account balance in any Qualified Plan at the Trustor's death shall be considered Trust principal. Income from a Qualified Plan shall mean income in a trust accounting sense, determined under the provisions of this Declaration as if the Qualified Plan were a Trust, without regard to any provisions of the Code defining income for federal income tax purposes.

11.5 Notwithstanding any other provision of this Declaration, no debt, estate tax or expense of administration arising at the death of a trustor may be paid from a Qualified Plan for which a Trust created hereunder is designated as beneficiary. Estate taxes or GST taxes arising upon the death of a Trustor shall not be apportioned to assets held in a Qualified Plan except to the extent that failure to apportion taxes to assets of a Qualified Plan would cause a substantial disparity in the distribution of Trust assets among beneficiaries of the same class, in which case the taxes apportioned to the Qualified Plan shall be payable from other Trust assets distributable to the beneficiaries. In the alternative, rather than satisfying the taxes

from other assets of the Trust, a beneficiary whose interest in the assets of a Qualified Plan is subject to the burden of such taxes may pay the taxes personally if the beneficiary so chooses.

11.6 As used herein, the term "Qualified Plan" refers to any employee benefit plan or individual retirement arrangement that is allowed to accumulate any part of its earnings on an income tax deferred basis under the Code including, without limitation, plans described under I.R.C. § 401, I.R.C. § 403, I.R.C. 408, I.R.C. § 408A, and I.R.C. § 457. A Qualified Plan includes a plan that is reasonably believed to qualify under one or more such provisions of the Code, even if it is subsequently determined that such plan does not so qualify.

## ARTICLE XII

## PROTECTION OF AND ACCOUNTING BY TRUSTEE

12.1 **Protection**. The Trustee shall not be liable for any loss or injury to the property at any time held by him hereunder, except only such as may result from his fraud, willful misconduct, or gross negligence. Every election, determination, or other exercise by Trustee of any discretion vested, either expressly or by implication, in him, pursuant to this Trust Indenture, whether made upon a question actually raised or implied in his acts and proceedings, shall be conclusive and binding upon all parties in interest.

12.2 **Accounting**. Upon the written request delivered or mailed to the Trustee by an income beneficiary hereunder, the Trustee shall render a written statement of the financial status of the Trust. Such statement shall include the receipts and disbursements of the Trust for the period requested or for the period transpired since the last statement and the principal of the Trust at the end of such period. Statements need not be rendered more frequently than annually.

# ARTICLE XIII

# GENERAL PROVISIONS

13.1 **Controlling Law**. This Trust Indenture is executed under the laws of the State of Nevada and shall in all respects be administered by the laws of the State of Nevada; provided, however, the Trustee shall have the discretion, exercisable at any later time and from time to time, to administer any Trust created hereunder pursuant to the laws of any jurisdiction in which the Trustee may be domiciled, by executing a written instrument acknowledged before a notary public to that effect, and delivered to the then income beneficiaries. If the Trustee exercises the discretion, as above provided, this Trust Indenture shall be administered from that time forth by the laws of the other state or jurisdiction.

13.2 **Spendthrift Provision**. No interest in the principal or income of any trust created under this Trust Instrument shall be anticipated, assigned, encumbered or subjected to creditors' claims or legal process before actual receipt by a beneficiary. This provision shall not apply to the Trustor's interest in the Trust estate. The income and principal of this Trust shall be paid over to the beneficiary at the time and in the manner provided by the terms of this Trust, and not upon any written or oral order, nor upon any assignment or transfer by the beneficiary, nor by operation of law.

13.3 **Perpetuities Savings Clause**. Unless terminated earlier in accordance with other provisions of this trust, any trust hereby created or created by the exercise of any power hereunder shall terminate the later of, (1) Twenty-one (21) years after the death of the last survivor of the following: (a) the Trustor; (b) all the issue of Trustor who are living at the death of the Trustor; and (c) all named beneficiaries who are living at the death of the Trustor, or (2) upon the expiration of the maximum period authorized by the laws of the State of Nevada or the state by which the trust is then being governed. Upon such termination, the Trust estate,

and any accumulations thereon, shall be distributed to those persons and in the same proportions as the income of the trust is then being paid.

13.4 **No-Contest Provision**. The Trustor specifically desires that this Trust Indenture and these Trusts created herein be administered and distributed without litigation or dispute of any kind. If any beneficiary of these trusts or any other person, whether stranger, relative or heir, or any legatee or devisee under the Last Will and Testament of either the Trustor or the successors-in-interest of any such persons, including the Trustor's estate under the intestate laws of the State of Nevada or any other state lawfully or indirectly, singly or in conjunction with another person, seek or establish to assert any claim or claims to the assets of these Trusts established herein, or attack, oppose or seek to set aside the administration and distribution of the Trusts, or to invalidate, impair or set aside its provisions, or to have the same or any part thereof declared null and void or diminished, or to defeat or change any part of the provisions of the Trusts established herein, then in any and all of the above-mentioned cases and events, such person or persons shall receive One Dollar ($1.00), and no more, in lieu of any interest in the assets of the Trusts or interest in income or principal.

13.5 **Provision For Others**. The Trustor has, except as otherwise expressly provided in this Trust Indenture, intentionally and with full knowledge declined to provide for any and all of his heirs or other persons who may claim an interest in his respective estates or in these Trusts.

13.6 **Severability**. In the event any clause, provision or provisions of this Trust Indenture prove to be or be adjudged invalid or void for any reason, then such invalid or void clause, provision or provisions shall not affect the whole of this instrument, but the balance of the provisions hereof shall remain operative and shall be carried into effect insofar as legally possible.

13.7 **Physical Division of Property Not Necessary**. Physical segregation or division of the various trusts created hereunder is not required, except as may be

necessary by the termination of any such trust. The Trustee is required to keep separate accounts for the various undivided trusts.

13.8 **Distribution Of Small Trust**. If the Trustee, in the Trustee's absolute discretion, determines that the amount held in Trust is not large enough to be administered in Trust on an economical basis, then the Trustee may distribute the Trust assets free of Trust to those persons then entitled to receive the same; or in the case of a minor beneficiary, the Trustee may, in the Trustee's discretion, also distribute to a custodial account under the Uniform Transfers to Minors Act or similar account for the benefit of the minor beneficiary.

13.9 **Headings**. The various clause headings used herein are for convenience of reference only and constitute no part of this Trust Indenture.

13.10 **More Than One Original**. This Trust Indenture may be executed in any number of copies and each shall constitute an original of one and the same instrument.

13.11 **Interpretation**. Whenever it shall be necessary to interpret this Trust, the masculine, feminine and neuter personal pronouns shall be construed interchangeably, and the singular shall include the plural and the singular.

13.12 **Definitions**. The following words are defined as follows:

(a) **"Principal" and "Income"**. Except as otherwise specifically provided in this Trust Indenture, the determination of all matters with respect to what is principal and income of the Trust estate and the apportionment and allocation of receipts and expenses thereon shall be governed by the provisions of Nevada's Revised Uniform Principal and Income Act, or its equivalent, as it may be amended from time to time and so long as such Act does not conflict with any provision of this instrument. Notwithstanding such Act, no allowance for depreciation shall be charged against income or net income payable to any beneficiary.

(b) **"Education"**. Whenever provision is made in this Trust Indenture for payment for the "education" of a beneficiary, the term "education" shall be construed to include private schools, non profit and independent schools, pre-kindergarten through twelfth grade, include technical or trade schooling, college or postgraduate study, so long as pursued to advantage

by the beneficiary at an institution of the beneficiary's choice. In determining payments to be made for a beneficiary's education, the Trustees shall take into consideration the beneficiary's related living and traveling expenses to the extent that they are reasonable.

(c) **"Child, Children, Descendants or Issue"**. Except as otherwise set forth herein, as used in this instrument, the term "descendants" or "issue" of a person means all of that person's lineal descendants of all generations. The terms "child, children, descendants or issue" include adopted persons, but do not include a step-child or step-grandchild, unless that person is entitled to inherit as a legally adopted person.

(d) **"Tangible Personal Property"**. As used in this instrument, the term "tangible personal property" shall not include money, evidences of indebtedness, documents of title, securities and property used in a trade or business.

13.13 **Health Insurance Portability and Accountability Act Regulations**.

(a) **HIPAA Regulations Require Special Release and Consent.** The federal regulation known as the Health Insurance Portability and Accountability Act (HIPAA) regarding disclosure of individually identifiable health information necessitates a special release and consent authority to all healthcare providers before medical information will be released to agents of the patient. It is the Trustor's intent to be in compliance with HIPAA.

(b) **HIPAA Release Authority**. The Trustor hereby instructs that the Trustee(s) be treated as the Trustor wants to be treated with respect to the Trustor's rights and regarding the use and disclosure of the Trustor's individually identifiable health information or other medical records. This release authority applies to any information governed by the Health Insurance Portability and Accountability Act, 42 USC 1320d and 45 CFR 160-164.

(c) **Legal Consent for Disclosure of Health Care Information**. Any physician, healthcare professional, dentist, health plan, hospital, clinic, laboratory, pharmacy or other health care provider, any insurance company, the Medical Information Bureau Inc. or other health care clearinghouse that has provided treatment or services shall give, disclose and release to the Trustor's designated Trustee, without restriction, identifiable health information and medical records regarding any past, present or future medical or mental health condition, to include all

information relating to the diagnoses treatment of HIV/AIDS, sexually transmitted diseases, mental illness and drug or alcohol abuse.

(d) **Supersession of Prior Documents and Expiration Event**. The authority given the Trustee in this HIPAA legal consent shall supercede any prior agreements that the Trustor may have made with the Trustor's health care providers to restrict access or disclosure of the Trustor's individually identifiable health information. The authority given the Trustee has no expiration date and shall expire only in the event that the Trustor revokes the authority in writing and delivers it to the Trustor's health care provider.

(e) **Release and Hold Harmless Provision**. In order to induce the disclosing party to disclose the aforesaid private and/or protected confidential information, the Trustor hereby forever releases and holds harmless said disclosing party who relies on this instrument from any liability under confidentiality rules arising from HIPAA as a consequence of said disclosure.

EXECUTED on August 16th, 2012.

JACK E. GALARDI

## ACCEPTANCE BY TRUSTEE

I certify that I have read the foregoing Declaration of Trust and understand the terms and conditions upon which the Trust estate is to be held, managed, and disposed of by me as Trustee. I accept the Declaration of Trust in all particulars and acknowledge receipt of the trust property described in Schedule "A" attached hereto, identified by my signature.

JACK E. GALARDI

STATE OF Georgia )
) ss.
COUNTY OF Fulton )

On AUGUST 15TH, 2012, before me, the undersigned, a Notary Public in and for such County and State, personally appeared JACK E. GALARDI, known to me to be Trustor and Trustee whose name is subscribed to the within instrument and who acknowledged to me that he executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the day and year in this certificate first above written.

NOTARY PUBLIC

Notary Public, [illegible] County, [illegible]
My Commission Expires Sept. 15, 20[illegible]

# EXHIBIT 2

EXHIBIT 2

Russell K. Bowler+
Andrew F. Dixon
Travis K. Twitchell
Sheldon A. Herbert
Christopher Harris
R. Jared Holt*

+Also admitted in Arizona
*Licensed in Utah only

# BOWLER DIXON & TWITCHELL LLP

ATTORNEYS AT LAW

Email: bdt@bdtlawyers.com
Web address: www.bdtlawyers.com

3137 E. Warm Springs Rd.
Suite 100
Las Vegas, Nevada 89120
Telephone: (702) 436-4333
Telefax: (702) 260-8983

March 4, 2015

***Via Certified Mail/***
***Return Receipt Requested***

Gregory S. Smith, Esq.
2520 Saint Rose Parkway, Suite 210
Henderson, Nevada 89074

**Re: <u>JEG Family Trust</u>**

Dear Mr. Smith:

Our law firm has been retained by Jack Galardi, Jr. to represent and advise him in his capacity as a beneficiary of the JEG Family Trust.

To ensure his adequate protection as beneficiary of the trust, Mr. Galardi will need an inventory of trust assets, as well as an accounting of the trust assets from the date of his father's death until the present time.

In addition, Mr. Galardi would like to receive a copy of the Form 706 estate tax return filed for his father's estate. Mr. Galardi also requests the trustee of the trust pay $10,000.00 from Mr. Galardi's sub-trust to our law firm as an initial retainer fee for reviewing the trust accounting and to possibly hire other professionals (such as an accountant) to ensure that his rights as a beneficiary are being adequately protected.

If you have any questions about the foregoing, please do not hesitate to contact me.

Sincerely,

BOWLER DIXON & TWITCHELL LLP

Travis K. Twitchell

# EXHIBIT 3

EXHIBIT 3




March 20, 2015

Travis K. Twitchell, Esq.
Bowler Dixon & Twitchell
3137 E. Warm Springs Rd. Suite 100
Las Vegas, NV 89120

RE: JEG Family Trust

Dear Mr. Twitchell:

We are responding to your March 4th letter on behalf of Teri Galardi, Trustee of the JEG Family Trust and the JEG Family Trust - Jack Galardi Sub-Trust. The letter requests a copy of Form 706, and a retainer of $10,000.00.

Pursuant to our discussion, enclosed are the following items:

1) IRS Form 706 as originally filed and as unfiled (copies of appraisals are available for your inspection at the offices of Daniel Geiger, accountant at Nyberg and Associates).

2) Trust allocation schedule.

3) Teri Galardi, Trustee, shall be sending the retainer directly to you.

When the 706 was originally filed, we expected to amend the 706 because many appraisals were not yet finalized. However, the IRS issued a "no change" audit on the originally filed Return; therefore, the amended 706 was not filed. The Trust allocations, however, are based on the unfiled amended Return since those numbers reflect actual fair values. See the enclosed unfiled amended 706 for your review and comparison to the Trust Allocation.

If you have any questions, please feel free to call me.

SMITH & SHAPIRO, PLLC

GREGORY S. SMITH, ESQ.

GSS:car
cc: Teri Galardi, Trustee
Emelita Sy
Daniel Geiger



Main 2520 St. Rose Parkway, Suite 220, Henderson, NV 89074 Office 702.318.5033
West 2915 Lake East Drive, Las Vegas, NV 89117 Fax 702.318.5034

Russell K. Bowler+
Andrew F. Dixon
Travis K. Twitchell
Sheldon A. Herbert
Christopher Harris
R. Jared Holt*

+Also admitted in Arizona
*Licensed in Utah only

BOWLER DIXON
& TWITCHELL LLP

ATTORNEYS AT LAW

Email: bdt@bdtlawyers.com
Web address: www.bdtlawyers.com

3137 E. Warm Springs Rd.
Suite 100
Las Vegas, Nevada 89120
Telephone: (702) 436-4333
Telefax: (702) 260-8983

March 4, 2015

***Via Certified Mail/***
***Return Receipt Requested***

Gregory S. Smith, Esq.
2520 Saint Rose Parkway, Suite 210
Henderson, Nevada 89074

**Re: JEG Family Trust**

Dear Mr. Smith:

Our law firm has been retained by Jack Galardi, Jr. to represent and advise him in his capacity as a beneficiary of the JEG Family Trust.

To ensure his adequate protection as beneficiary of the trust, Mr. Galardi will need an inventory of trust assets, as well as an accounting of the trust assets from the date of his father's death until the present time.

In addition, Mr. Galardi would like to receive a copy of the Form 706 estate tax return filed for his father's estate. Mr. Galardi also requests the trustee of the trust pay $10,000.00 from Mr. Galardi's sub-trust to our law firm as an initial retainer fee for reviewing the trust accounting and to possibly hire other professionals (such as an accountant) to ensure that his rights as a beneficiary are being adequately protected.

If you have any questions about the foregoing, please do not hesitate to contact me.

Sincerely,

BOWLER DIXON & TWITCHELL LLP

Travis K. Twitchell

**FINAL TRUST ASSET ALLOCATION FOR THE JACK GALARDI TRUST - Effective Date 12/1/2012 (Date of Death of Jack E. Galardi)**

** As approved by Trustee Terrie Galardi. All distributions subject to T. Galardi discretion

| Item Number | Item Description | Tax Value | Teri Galardi Trust | Jack Galardi Jr. Trust |
|---|---|---|---|---|
| | **SCHEDULE A** | | | |
| 1 | House and lot-760 Piedmont Avenue, Atlanta, GA and more specifically Dis 14, LI49, Lot 47, Piedmont Avenue, Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-1 | $ 728,000 | $ 728,000 | |
| 2 | Vacant land-1730 NW 33rd St., Pompano Beach, FL, and more specifically The Cigna Freshna Plat Two 128-41B Tract "A". Value per appraisal attached as Exhibit A-2. (Sold for 1.2M, 600k paid to Abromovitz) | 1,520,000 | 1,520,000 | - sold |
| 3 | House and lot-13922 NW 13th St, Pembroke Pines, FL. and more specifically Lot 25 Block 17 Pembroke Falls Phase #5 164-7B. Value per appraisal attached as Exhibit A-3 | 500,000 | 500,000 | - sold |
| 4 | Vacant land-20 acres, Moapa Valley, Clark County, NV and more specifically APN 071-18-601-015. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-4. | 20,000 | | 20,000 |
| 5 | Vacant land-2 parcels, Clark County NV and more specifically 2 acres APN 041-25-301-012 and 1 acre APN 041-25-301-013. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-5 | 48,000 | | 48,000 |
| 6 | Vacant land-2 gross acres, Clark County, NV and more specifically apn 041-36-201-029. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-6. | 39,000 | | 39,000 |
| 7 | Land and building-2112 Western Avenue, Las Vegas, NV and more specifically APN 162-04-302-006, 162-04-302-007, 162-04-403-001. Titled in the name of New International Properties, LLC. Value per appraisal . attached as Exhibit A-7. (cheetahs) . Property offset by Mortgage owed to Jack Galardi Jr. Trust. | 2,260,000 | 2,260,000 | |
| 8 | Land and building-2111 and 2121 Highland Avenue, Las Vegas, NV and more specifically APN 1652-04- 403-002 and 162-04-403-003. Titled in the name of New International Properties, LLC. Value per appraisal attached as Exhibit A-8. | 380,000 | 380,000 | |
| 9 | Vacant land-6.45 acres, Naples FL, and more specifically Royal Palm Golf Estates Replat #3 Tract B. Titled in the name of Jack E Galardi LLC. Value per appraisal attached as Exhibit A-9. | 84,000 | 84,000 | |
| 10 | House and lot, 8445 Shoreland Dr., Buford GA, and more specifically LI167, 8th District, Lots 1-2, Block C, H E Compton, Hall County. Value per appraisal attached as Exhibit A-10. | 629,000 | 629,000 | - sold |
| 11 | House and lot, 18511 Royal Hammock Blvd.,Naples FL and more specifically Royal Palm Golf Estates Unit #1 Blk A Lot 66. Value per appraisal attached as Exhibit A-11. | 230,000 | 230,000 | |
| 12 | 2 Unit Condominium warehouse/retail building located at 7951 and 7971 NW 33rd St., Doral, FL 33122 and more specifically Airport Ind Center Condo Whse Unit 1-B and 9-B-1 undivided 5% and 2.75% interest in common elements off rec Rec-11292-2134. Value per appraisal attached as Exh1bit A-12 (PINK PONY) | 755,000 | 755,000 | |
| 13 | Vacant land-Lot 58 on S/S Lake Hammond Dr, Naples FL and more specifically Royal Palm Golf Estates Replat #3 Lot 58. Titled in the name of Jack Galardi LLC. Value per appraisal attached as Exhibit A-13 | 21,000 | 21,000 | |
| 14 | Vacant land-1.47 acre residential lot-747-751 Scott Road, Forest Park, GA, and more specifically City of Forest Park Parcel ID# 13015D A012. Titled in the name of JEG Family Trust. Value per appraisal attached as Exh1bit A-14. | 30,000 | 30,000 | |
| 15 | Vacant land-.341 acres-775 Conley Rd. SE, Atlanta, GA and more specifically City of Atlanta, Parcel ID# 14-0032-LL-080-6 and City of Forest Park Parcel ID# 13015B B002A. Titled in the name of Walleye LLC. Value per appraisal attached as Exhibit A-15. | 135,000 | 135,000 | |
| 16 | Vacant land-.812 acres-3700 Jonesboro Rd SE, Atlanta GA and more specifically City of Atlanta Tax ID# 14 0032 LL0715 Titled in the name of JEG Family Trust. Value per appraisal attached as Exh1bit A-16 | 530,000 | 530,000 | - |

| | | | | |
|---|---|---|---|---|
| 17 | Vacant lot-1xx 15th St., Marathon, FL, and more specifically Parrish sub Marathon sub PB 2--18 S"ly lots 1 & 2 blk 2. Value per appraisal attached as Exhibit A-17. | 309,000 | 84,000 | 225,000 |
| 18 | Land and building,-1704 Hudson Bridge Rd., Stockbridge, GA and more specifically parcel ID 032-01012007. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-18 | 245,000 | 245,000 | sold |
| 19 | Land and building-3920 Jonesboro Road, Forest Park, GA and more specifically Clayton County parcel ID# 13015B 8002. Titled in the name of Walleye LLC. Value per appraisal attached as Exhibit A-19 | 650,000 | 650,000 | |
| 20 | Vacant land-425 Industrial Boulevard, McDonough, GA and more specifically Henry County, City of McDonough, Parcel ID# 093-01018005, Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-20 | 440,000 | | 440,000 |
| 21 | Land and buildings including personal property located at 18100 Royal Tree Parkway, Naples FL and more specifically APN 71370080006. Titled in the name of Jack E Galardi, LLC. Value per appraisal attached as Exhibit A-21 | 3,240,000 | 3,240,000 | |
| 22 | Land and building-1901 Mr. Joe White Avenue, Myrtle Beach SC and more specifically APN 18100-01-031. Value per appraisal attached as Exhibit A-22 | 3,475,000 | 3,475,000 | |
| 23 | Vacant land-Mokelumne Hill, Calaveral County, CA and more specifically APN 020-001-091. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit-A23 | 67,500 | | 67,500 |
| 24 | House and lot-201 Navarro Isle A.K.A. Gordon Rd., Ft. Lauderdale, FL., and more specifically Lot 7,8 Navarro Isle 15-40B. Property is titled in the name of JEG LV Qualified Peronal Residence Trust per appraisal, but was deeded to JEG Family Trust On July 20, 2012. Value per appraisal attached as Exhibit A-24. | 4,200,000 | | 4,200,000 |
| 25 | Land and building-29 NE 11th St., 1135 North Miami Avenue and adjacent vacant land, all located in Miami FL. This real estate is a part of a sale, agreed to prior to December 1, 2012 and consumated December 18, 2012. Value per closing statement attached as Exhibit A-25 (GOLD RUSH) | 4,500,000 | 4,500,000 | - sold |
| 26 | Land and building-973 Marietta Street, Atlanta GA. This property is a part of a sale, agreed to prior to December 1, 2012 and consumated September 18, 2013. Value per closing statement attached as Exhibit A-26 | 750,000 | 750,000 | - sold |
| 27 | Land and building-4766 Frontage Road, Forest Park, GA and more specifically APN 13044C A002. Titled in the name of JGP&P LLC. Value per appraisal attached as Exhibit A-27. (pink pony south) | 450,000 | 450,000 | |
| 28 | Vacant land-2.718 acres 10710 Walker Road, Thonotosassa, Hillsborough County, FL and more specifically, Parcel ID #U182820ZZZ000002096900 or Folio Number 061121-000. Value per appraisal attached as Exhibit A-28. See Dent Note of 400,000 at Schedule C | | | . |
| 29 | Land and Building-1837 Corporate Boulevard, Atlanta GA. and more specifically APN 18-156-01-003.Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-29 | 2,491,946 | 2,491,946 | |
| 30 | Land-6220 E. Adamo Dr., Tampa FL and more specifically APN 81-96-15-000-0. Titled in the name of Galardi Rentals LLC. Appraisal forthcoming. | 5,000 | | 5,000 |
| 31 | Land and building-2610 Metropolitan Parkway, and more specifically Fulton County parcel ID's 14-0092-0003-058-6 and 14-0092-003-056-9. Titled in the name of Trinidad Creations, LLC. Value per appraisal attached as Exhibit A-31 | 1,600,000 | 1,600,000 | |
| 32 | Land and buildings-826 Knox Chapel Rd. Social Circle, Butts County, GA. And more specifically #C170-000000-0118-000. Titled in the name of Geno G's LLC, Value per appraisal attached. | 448,000 | 448,000 | |
| 33 | Land and buildings-4730 Frontage Road, Forest Park, GA and more specifically APN 13044C A002, Titled in the name of JGP&P LLC. Appraisal forthcoming. | 650,000 | 650,000 | |
| 34 | Land and building-211 New Goff Mountain Rd., Cross Lanes WV 25313 and more specifically Part Parcel A-10 91/100 Rocky Fork Relocated State Route 622 and B-10 Containing 36/1000 SW Cross Lanes Exit 64, Union District, Deed Book 2524, Page 366, Value per appraisal attached as Exhibit A-34 | 650,000 | | 650,000 rental |
| 35 | Condominium-354 Mcgill Pl, NE, Atlanta, GA 30312 and more specifically District 14 LL 47,Unit 354, Mcgill Place. Value per appraisal attached as Exhibit A-35 | 85,000 | 85,000 | |

**SCHEDULE B**

| | | | | | |
|---|---|---|---|---|---|
| 1 | 100% ownership - Trop, Inc., Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. (PINK PONY) | $ | 6,299,800 | 6,299,800 | |
| 2 | 100% ownership - Turntable Entertainment & Production Company, Inc. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. | | 7,476,000 | 7,476,000 | |
| 3 | 100% ownership - Country Club, Inc. (a Georgia corporation. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. | | 1,453,600 | 1,453,600 | |
| 4 | 100% ownership - Ponytail, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. | | 4,086,900 | 4,086,900 | |
| 5 | 100% ownership - Lafuente, Inc. 715 E Ogden St., Las Vegas, NV 89101. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. | | 1,848,300 | 1,848,300 | |
| 6 | 100% ownership - Fly LOW, Inc. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. (note - payments to fly low then to tst) | | 1,892,500 | 1,892,500 | |
| 7 | 100% ownership -Bella Mia, Inc. Value per appraisal attached as Exhibit B-7 (PINK PONY VEGAS) | | 865,700 | 865,700 | |
| 8 | 50% ownership -MBJG Inc. 2555 Chantilly Drive, Atlanta, GA. Value estimated. Appraisal forthcoming. | | 2,247,000 | 2,247,000 | |
| 9 | 100% ownership - Galardi Eagle Lakes LLC. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. (GOLF COURSE) | | 2,070,000 | 2,070,000 | |
| 10 | 100% ownership - Country Club, Inc. (a South Carolina corporation). Appraisal in final review to be submitted upon receipt. Preliminary provided by the appraiser. | | 2,451,600 | 2,451,600 | |
| 11 | 100% ownership - LVA Management, Inc, 713 E. Ogden Street, Las Vegas, NV 89101. Value estimated. Appraisal forthcoming. | | 1,500,000 | 1,500,000 | |
| 12 | 100% ownership - Three Women, Inc.,Value estimated. Appraisal forthcoming. | | 200,000 | 200,000 | |
| 13 | 100% ownership - Candy Pink, Inc. 713 B. Ogden st., Las Vegas, NV 89101. Value estimated. Appraisal forthcoming. | | 10,000 | 10,000 | |
| 14 | 100% ownership -E & J Inc. Value estimated. Appraisal forthcoming. 43.33 acres. | | 25,000 | 25,000 | |
| 15 | 100% ownership -The Riviera Entertainment Group, Inc. Value estimated, Appraisal forthcoming. | | 1,000 | 1,000 | |
| 16 | 100% ownership - GFT Management and Consulting, Inc., Value estimated. Appraisal forthcoming. | | 10 | 10 | |
| 17 | 100% ownership - Extreme Tours, Inc. d/b/a Rebel Adventure Tours - 713 E. Ogden Street, Las Vegas, NV 89101. Value estimated, Appraisal forthcoming. | | 50,000 | 50,000 | |
| 18 | 100% ownership - WV Country Club, Inc., Value estimated. Appraisal forthcoming. | | 1,000 | 1,000 | |
| 19 | 100% ownership - GFT Management & Consulting, Inc. Value estimated, Appraisal forthcoming. | | 10,000 | 10,000 | |
| 20 | 50% ownership - Jacmak LLC Value estimated. Appraisal forthcoming. | | 1,000 | 1,000 | |
| 21 | 100% ownership - Mia Luna, Inc. Value estimated. Appraisal forthcoming. | | 1,000 | 1,000 | |
| 22 | 18,000 shares - Sirius XM Radio Inc. common, CUSIP 98375YAU0 | | 50,220 | | 50,220 |

**SCHEDULE C**

| | | | | |
|---|---|---|---|---|
| 1 | Cash on hand | $ | 20,000 | 20,000 |
| 2 | Nevada State Bank-230 Las Vegas Blvd South, Las Vegas, NV checking account | | 1,136 | 1,136 |
| 3 | Bank of North Las Vegas - 6385 Simmons St., North Las Vegas, NV checking account. | | 351 | 351 |
| 4 | Wells Fargo Bank - 1700 East Charleston Ave., Las Vegas, NV | | 1,041 | 1,041 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5 | Note receivable-James I Dent and Willye Dent, 17817 Simms Road, Odessa FL, 33556, The note is dated September 16, 2011, payable monthly, interest only, with interest computed at 5.25% per annum. The note matures September 14, 2018 and is secured by real estate located in Hillsborough County, FL. | | 400,000 | | 400,000 | int only |
| 6 | Accrued interest on Note receivable from James I Dent and Willye M Dent, $400,000 @5.25% per annum from November 15, 2012 to December 1, 2012, or 17 days. | | 978 | 978 | | |

**SCHEDULE F**

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | 31 Work and collectible vehicles known as the Circle G Ranch Automobile Collection. Value per appraisal attached as Exhibit F-1 | $ | 1,031,455 | 1,031,455 | | |
| 2 | Contents, 2200 Waldman Avenue, Las Vegas, NV. Value per appraisal attached as Exhibit F2 | | 85,047 | | 85,047 | |
| 3 | Contents, 4205 Gordon Avenue, Ft. Lauderdale, FL. Appraisal forthcoming. | | 75,000 | | 75,000 | |
| 4 | Contents, 760 Piedmont Avenue, Atlanta, GA. Appraisal forthcoming. | | 75,000 | 75,000 | | |
| 5 | Cash bond established on appeal of judgement in the Nevada Supreme Court. On May 13, 2013 | | 2,227,626 | 2,227,626 | | |
| 6 | Accrued interest on cash bond - Item F5 from April 21,2011 through December 1, 2012 | | 188,401 | 188,401 | | |
| 7 | Gun Collection, Jewelry and other personal items - appraisals forthcoming_ | | 120,000 | 120,000 | - | |
| 8 | 1.1192569% interest in Dominium Elwood Villas, L.P. - 2905 Northwest Blvd., ste 150, Plymouth MN. Estimated value. | | | - | - | |
| 9 | 2007 Gift tax paid for which credit is being allowed. See Schedule G. | | 655,700 | 491,775 | 163,925 | |
| 10 | 100% ownership in Hazeleyes LLC - (a disregarded entity) value estimated, appraisal forthcoming. | | 5,000 | 5,000 | | |
| 11 | 100% ownership - New International Properties, LLC., 713 East Ogden st., Las vegas, NV. The only asset is real estate subject to a mortgage. Value of the real estate is reflected on Schedule A7 and A8. Liability is reflected on Schedule G2. | | | | | |
| 12 | 100% ownership - Jack E Galardi, LLC., The only assets are real estate subject to mortgages. Values of the real estate are reflected on Schedule A9, A11, A12, and A21. Mortgages are reflected on Schedule K9 and K10 | | | | | |
| 13 | 100% ownership - Walleye, LLC, The only asset is real estate subject to a mortgage. The value of the real estate is reflected on Schedule A31. The mortgage is reflected on Schedule K | | | | | |

**SCHEDULE G**

| | | | | | |
|---|---|---|---|---|---|
| 1 | House and lot-1245 Rancho Dr, Las Vegas, NV, and more specifically Parcel map, pg 28 & part NW4 sec 04 21 61. Property is titled in the name of Jeg LV Qual Personal Res Trust. Value per appraisal attached as Exhibit G2-1 | $ | 2,000,000 | | 2,000,000 |
| 2 | House and lot-2211 Edgewood Ave, Las Vegas, NV more specifically Parcel map File 31, page 28, Lot 1. Value per appraisal attached as Exhibit G2-2 | | 330,000 | 330,000 | |
| 3 | Vacant land-Hwy 42 South, Flovilla GA and more specifically LL33,34 of the 4th LD, cont. 51.71 acres, See Deed Book 638-160. Deeded to JEG FL Qualified Personal Residence Trust, shown on appraisal as owned by Circle G Holdings, LLC. Value per appraisal attached as Exhibit G2-3 | | 101,000 | 101,000 | |
| 4 | Vacant land-Hwy 42 South, Flovilla GA and more specifically LL33,34 of the 4th LD, cont. 50 acres. See Deed Book 484-524. Deeded to JEG FL Qualified Personal Residence Trust. Shown on appraisal as owned by Circle G Holdings, LLC, Value per appraisal attached as Exhibit G2-4 | | 79,000 | 79,000 | |
| 5 | House and lot-Highway 42 S, Flovilla, GA and more specifically LL33,34,35,56,63,64 of the 4th LD, cont. 109.364 acres, Tract A & D. See Deed Book 638-160. Deeded to JEG FL Qualified Personal Residence Trust, shown on appraisal as titled in the name of Circle G Holdings. | | 2,450,000 | 2,450,000 | |

**SCHEDULE J**

| | | | | | |
|---|---|---|---|---|---|
| 1 | West Memorials 2481 Brood Ave., Memphis, TN 38112 | $ | (509,013) | (509,013) | |
| 2 | Horticulture Consultation and Desig | | (78,725) | (78,725) | |
| 3 | Wrights Appraisals. 211 Theall St. Sonora CA. - Real Estate appraisal. | | (750) | (750) | |
| 4 | Auto Appraisal Network, Inc. 19 Spectrum Pointe Dr. #605 Lake Forest, CA 92630 - Vehicle appraisals | | (3,100) | (3,100) | |
| 5 | Oracle Real Estate Services, Inc. 3544 Haberdham St., Tucker, GA 30084 - Real estate appraisals | | (14,050) | (14,050) | |
| 6 | David Arenaz CAGA International Estate Auctions 900 Las Vegas Blvd S., Las Vegas NV 89101. Personal property appraisal | | (760) | (760) | |
| 7 | Landauer Valuation & Advisory 1551 N Tustin Ave., Santa Ana, CA - Real estate appraisals | | (20,500) | (20,500) | |
| 8 | Pritchett, Ball & Wise, Inc. 2295 Parklake Dr,Atlanta GA 30345 - Real estate appraisals | | (3,000) | (3,000) | |
| 9 | Casey Dean Eisnor 34 Mutiny Place, Key Largo, FL 33037 - Real estate appraisal | | (800) | (800) | |
| 10 | Dover Realty 464 W 3rd St, Jackson, GA 30233 Real estate appraisals | | (5,100) | (5,100) | |
| 11 | Bloom Sugarman Everett LLP 977 Ponce De Leon Ave., Atlanta, GA-Real estate appraisal | | (12,000) | (12,000) | |
| 12 | Baisloro & Associates Inc PO Box 10725 Tampa, FL 33624 Real Estate appraisal | | (1,800) | (1,800) | |

**SCHEDULE K - Debts of the Decedent**

| | | | | | |
|---|---|---|---|---|---|
| 1 | United States Treasury - 2012 income tax liability-estimated | $ | (2,000,000) | (2,000,000) | |
| 2 | United States Treasury-2011 amended Federal Income Tax Return | | (508,692) | (508,692) | |
| 3 | Accured interest and penalty on 2011 amended Federal Income Tax Return -estimated | | (12,041) | (12,041) | |
| 4 | United States Treasury-2010 amended Federal income Tax return | | (407,468) | (407,468) | |
| 5 | Accrued interest and penalty on 2010 amended Federal Income Tax return -estimated | | (60,000) | (60,000) | |
| 6 | State of Georgia-2012 State income Tax return -estimated | | (120,000) | (120,000) | |
| 7 | TEPC loan re: Florida Department of Taxation lein against item A25 | | (59,743) | (59,743) | |
| 8 | Property taxes due on item A25 | | (57,812) | (57,812) | |
| 9 | Judgement payable to Naples Polaris LLC under appeal as of December 1, 2012. Posted cash bond is shown at item F5. | | (2,227,626) | (2,227,626) | |
| 10 | Accrued interest on judgment from April 21, 2011 through December 1, 2012 | | (188,401) | (188,401) | |
| 11 | Judgement payable to Abramovitz Investment Properties LLC under appeal in the Superior Court of the State of Arizona in and for County of Maricopa as of date of decedents death | | (3,500,000) | (3,500,000) | |
| 12 | Loan payable MBJG, Inc. The debt was incurred in 2010 and is noninterest bearing. | | (308,638) | (308,638) | |
| 13 | EstateTax Payable on Form 706 | | (16,586,905) | (16,586,905) | |
| 14 | Loan payable to Terri Galardi - Insurance Proceeds to Satisfy Tax Obligations | | (2,000,000) | (2,000,000) | |

**SCHEDULE K - Mortgages and Liens**

| | | | | | |
|---|---|---|---|---|---|
| 1 | CITI Mortgage -Original loan was $1,805,000. Interest is computed at 5.3% per annum. Secured by item G2 | $ | (1,330,451) | (1,330,451) | |
| 2 | Sitis Companies -Original loan was $1,200,000. Interest is 8.5% per annum Secured by item A7 (CHEETAH's loan) | | (796,148) | (796,148) | |
| 3 | United Western Mortgage -Original loan was $2,000,000. Interest is 8.3% per annum. Secured by item A-24 | | (561,093) | (561,093) | |
| 4 | Wachovia Bank -Original loan was $980,000. Interest is 7.5% per annum. Secured by item G12. | | (570,973) | (570,973) | |
| 5 | Harrington State Bank -Original loan was $500,000. Interest is 5.5% per annum. Secured by item A18. | | (397,582) | (397,582) | sold |
| 6 | H Earl. and Phyllis J Burcett -Original loan was $400,000. Interest is 8% per annum. Secured by item A29 | | (38,657) | (38,657) | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 7 | James E Hammock -Original loan was $400,000. Interest is 6% per annum. Secured by Item A27. | (337,583) | (337,588) | | | | |
| 8 | Chase Mortgage -Original loan was $440,000. Interest is 6.7% per annum. Secured by Item A10. | (391,549) | (391,549) | | sold | | |
| 9 | TransCapital Bank -Original loan was $2,600,000. Interest is 8.5% per annum. Secured by item A21. | (2,450,381) | (2,450,381) | | | | |
| 10 | TransCapital Bank - Original loan was $1,200,000. Interest is at 6% per annum Secured by item A21 | (1,142,413) | (1,142,413) | | | | |
| 11 | InterAmerican Bank -Original loan was $2,000,000. Interest is 9.2% per annum. Secured by Item A25 (GOLD RUSH) | (1,362,868) | (1,862,863) | | sold | | |
| 12 | TransCapital Bank -Original loan was $4,000,000. Interest is 7.5% per annum. Secured by Item G3 | (3,411,325) | | (3,411,325) | | | |
| 13 | Business First Bank Secured by Item A33 | (1,607,829) | (1,607,829) | | | | |
| 14 | Tumlin Enterprises Secured by Item A30 | (993,045) | (993,045) | | | | |
| 15 | Key Bank - secured by item A22 | (576,029) | (576,029) | | | | |
| 16 | Wells Fargo Bank- Secured by Item A3 | (692,830) | (692,830) | | | | |
| **Specific Bequests** | | | | | | | |
| 1 | Individual Bequests Per Jack Galardi Trust Instrument | (1,165,000) | (1,165,000) | | | | |
| | Remove Gift tax paid | (655,700) | (655,700) | | | | |
| | Gun collection to mike | (120,000) | (120,000) | | | | |
| | Loan payable from Terri Galardi (Cheetahs Mortgage) | | (1,688,742) | 1,688,742 | | | |
| | Gift tax paid by teri owed to teri | (280,000) | (280,000) | | | | |
| | | | | | | check | check |
| | **TOTAL** | **$ 26,984,436** | **$ 20,238,327** | **$ 6,746,109** | | **$ 26,984,436** | **$ -** |
| | TARGET | | 20,238,327 | 6,746,109 | | | |
| | OVER/UNDER TARGET | | - | - | | | |

I, the undersigned, Trustee of the JEG Family Trust, approve and adopt the above Trust Allocations, effective 12/1/2012

Teri G. Galardi, Trustee of the JEG Family Trust, and Teri and Jack Jr. Sub Trusts. — Date: 11-7-14

PROTECTIVE ELECTION ... DOCS ... ATTACHED

Form **706** (Rev. August 2012) Department of the Treasury Internal Revenue Service

# United States Estate (and Generation-Skipping Transfer) Tax Return

▶ Estate of a citizen or resident of the United States (see instructions). To be filed for decedents dying after December 31, 2011, and before January 1, 2013.
▶ Information about Form 706 and its separate instructions is at www.irs.gov/form706.

OMB No. 1545-0015

## Part 1—Decedent and Executor

| | |
|---|---|
| 1a Decedent's first name and middle initial (and maiden name, if any): Jack E | 1b Decedent's last name: Galardi |
| 2 Decedent's SSN: [redacted] | |
| 3a County, state, and ZIP or foreign country and postal code, of legal residence (domicile) at time of death: Butts, GA 30216 | 3b Year domicile established: 2012 |
| 4 Date of birth: [redacted] | 5 Date of death: [redacted] |
| 6a Name of executor (see instructions): Teri Gale Galardi | 6b Executor's address (number and street including apartment or suite no.; city, town, or post office; state; country; and ZIP or postal code) and phone no.: 2146 Hwy 42 FLOVILLA GA 30216 Phone no. [redacted] |
| 6c Executor's social security number (see instructions): [redacted] | |

6d If there are multiple executors, check here ☐ and attach a list showing the names, addresses, telephone numbers, and SSNs of the additional executors.

7a Name and location of court where will was probated or estate administered: Butts County Jackson, GA

COPY

7b Case number:

8 If decedent died testate, check here ▶ ☒ and attach a certified copy of the will.
9 If you extended the time to file this Form 706, check here ▶ ☒

10 If Schedule R-1 is attached, check here ▶ ☐
11 If you are estimating the value of assets included in the gross estate on line 1 pursuant to the special rule of Reg. section 20.2010-2T(a) (7)(ii), check here ▶ ☐

## Part 2—Tax Computation

| Line | Description | Sub-line | Sub-amount | Line | Amount |
|---|---|---|---|---|---|
| 1 | Total gross estate less exclusion (from Part 5—Recapitulation, item 13) | | | 1 | 75,409,987 |
| 2 | Tentative total allowable deductions (from Part 5—Recapitulation, item 24) | | | 2 | 23,115,545 |
| 3a | Tentative taxable estate (subtract line 2 from line 1) | | | 3a | 52,294,442 |
| b | State death tax deduction | | | 3b | |
| c | Taxable estate (subtract line 3b from line 3a) | | | 3c | 52,294,442 |
| 4 | Adjusted taxable gifts (see instructions) | | | 4 | 2,090,145 |
| 5 | Add lines 3c and 4 | | | 5 | 54,384,587 |
| 6 | Tentative tax on the amount on line 5 from Table A in the instructions | | | 6 | 19,015,405 |
| 7 | Total gift tax paid or payable (see instructions) | | | 7 | 655,700 |
| 8 | Gross estate tax (subtract line 7 from line 6) | | | 8 | 18,359,705 |
| 9a | Basic exclusion amount | 9a | 5,120,000 | | |
| 9b | Deceased spousal unused exclusion (DSUE) amount from predeceased spouse(s), if any (from Section D, Part 6-Portability of Deceased Spousal Unused Exclusion) | 9b | | | |
| 9c | Applicable exclusion amount (add lines 9a and 9b) | 9c | 5,120,000 | | |
| 9d | Applicable credit amount (tentative tax on the amount in 9c from Table A in the instructions) | 9d | 1,772,800 | | |
| 10 | Adjustment to applicable credit amount (May not exceed $6,000. See instructions.) | 10 | 0 | | |
| 11 | Allowable applicable credit amount (subtract line 10 from line 9d) | | | 11 | 1,772,800 |
| 12 | Subtract line 11 from line 8 (but do not enter less than zero) | | | 12 | 16,586,905 |
| 13 | Credit for foreign death taxes (from Schedule P). (Attach Form(s) 706-CE.) | 13 | | | |
| 14 | Credit for tax on prior transfers (from Schedule Q) | 14 | | | |
| 15 | Total credits (add lines 13 and 14) | | | 15 | |
| 16 | Net estate tax (subtract line 15 from line 12) | | | 16 | 16,586,905 |
| 17 | Generation-skipping transfer (GST) taxes payable (from Schedule R, Part 2, line 10) | | | 17 | |
| 18 | Total transfer taxes (add lines 16 and 17) | | | 18 | 16,586,905 |
| 19 | Prior payments (explain in an attached statement) | | | 19 | 3,000,000 |
| 20 | Balance due (or overpayment) (subtract line 19 from line 18) | | | 20 | 13,586,905 |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer other than the executor is based on all information of which preparer has any knowledge.

**Sign Here**

▶ Signature of executor ▶ Date 03/03/14

▶ Signature of executor ▶ Date

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| Daniel Geiger | Daniel Geiger | 03/03/14 | | P01265326 |

Firm's name ▶ Nyberg & Associates — Firm's EIN ▶ 88-0394581
Firm's address ▶ 2850 S Jones Blvd Ste 2 Las Vegas, NV 89146 — Phone no. 702-795-7990

Form 706 (Rev. 8-2012)

**Estate of:** Jack E Galardi

Decedent's social security number [redacted]

## Part 4—General Information (continued)

| If you answer "Yes" to any of the following questions, you must attach additional information as described. | Yes | No |
|---|---|---|
| 10 Did the decedent at the time of death own any property as a joint tenant with right of survivorship in which (a) one or more of the other joint tenants was someone other than the decedent's spouse, and (b) less than the full value of the property is included on the return as part of the gross estate? If "Yes," you must complete and attach Schedule E | | X |
| 11a Did the decedent, at the time of death, own any interest in a partnership (for example, a family limited partnership), an unincorporated business, or a limited liability company; or own any stock in an inactive or closely held corporation? | X | |
| b If "Yes," was the value of any interest owned (from above) discounted on this estate tax return? If "Yes," see the instructions on reporting the total accumulated or effective discounts taken on Schedule F or G | | X |
| 12 Did the decedent make any transfer described in sections 2035, 2036, 2037, or 2038? (see instructions) If "Yes," you must complete and attach Schedule G | X | |
| 13a Were there in existence at the time of the decedent's death any trusts created by the decedent during his or her lifetime? | X | |
| b Were there in existence at the time of the decedent's death any trusts not created by the decedent under which the decedent possessed any power, beneficial interest, or trusteeship? | | X |
| c Was the decedent receiving income from a trust created after October 22, 1986, by a parent or grandparent? | | X |
| If "Yes," was there a GST taxable termination (under section 2612) on the death of the decedent? | | X |
| d If there was a GST taxable termination (under section 2612), attach a statement to explain. Provide a copy of the trust or will creating the trust, and give the name, address, and phone number of the current trustee(s). | | |
| e Did the decedent at any time during his or her lifetime transfer or sell an interest in a partnership, limited liability company, or closely held corporation to a trust described in lines 13a or 13b? | | X |
| If "Yes," provide the EIN for this transferred/sold item. ▶ | | |
| 14 Did the decedent ever possess, exercise, or release any general power of appointment? If "Yes," you must complete and attach Schedule H | | X |
| 15 Did the decedent have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account? | | X |
| 16 Was the decedent, immediately before death, receiving an annuity described in the "General" paragraph of the instructions for Schedule I or a private annuity? If "Yes," you must complete and attach Schedule I | | X |
| 17 Was the decedent ever the beneficiary of a trust for which a deduction was claimed by the estate of a predeceased spouse under section 2056(b)(7) and which is not reported on this return? If "Yes," attach an explanation | | X |

## Part 5—Recapitulation.

**Note.** If estimating the value of one or more assets pursuant to the special rule of Reg. section 20.2010-2T(a)(7)(ii), enter on both lines 10 and 23 the amount noted in the instructions for the corresponding range of values. (See instructions for details.)

| Item no. | Gross estate | | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Schedule A—Real Estate | 1 | | 30,097,500 |
| 2 | Schedule B—Stocks and Bonds | 2 | | 33,866,730 |
| 3 | Schedule C—Mortgages, Notes, and Cash | 3 | | 22,528 |
| 4 | Schedule D—Insurance on the Decedent's Life (attach Form(s) 712) | 4 | | 2,000,000 |
| 5 | Schedule E—Jointly Owned Property (attach Form(s) 712 for life insurance) | 5 | | 0 |
| 6 | Schedule F—Other Miscellaneous Property (attach Form(s) 712 for life insurance) | 6 | | 4,463,229 |
| 7 | Schedule G—Transfers During Decedent's Life (att. Form(s) 712 for life insurance) | 7 | | 4,960,000 |
| 8 | Schedule H—Powers of Appointment | 8 | | 0 |
| 9 | Schedule I—Annuities | 9 | | 0 |
| 10 | Estimated value of assets subject to the special rule of Reg. section 20.2010-2T(a)(7)(ii) | 10 | | 0 |
| 11 | Total gross estate (add items 1 through 10) | 11 | | 75,409,987 |
| 12 | Schedule U—Qualified Conservation Easement Exclusion | 12 | | 0 |
| 13 | Total gross estate less exclusion (subtract item 12 from item 11). Enter here and on line 1 of Part 2—Tax Computation | 13 | | 75,409,987 |

| Item no. | Deductions | | Amount |
|---|---|---|---|
| 14 | Schedule J—Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims | 14 | 915,548 |
| 15 | Schedule K—Debts of the Decedent | 15 | 8,178,528 |
| 16 | Schedule K—Mortgages and Liens | 16 | 14,021,469 |
| 17 | Total of items 14 through 16 | 17 | 23,115,545 |
| 18 | Allowable amount of deductions from item 17 (see the instructions for item 18 of the Recapitulation) | 18 | 23,115,545 |
| 19 | Schedule L—Net Losses During Administration | 19 | |
| 20 | Schedule L—Expenses Incurred in Administering Property Not Subject to Claims | 20 | |
| 21 | Schedule M—Bequests, etc., to Surviving Spouse | 21 | |
| 22 | Schedule O—Charitable, Public, and Similar Gifts and Bequests | 22 | |
| 23 | Estimated value of deductible assets subject to the special rule of Reg. section 20.2010-2T(a)(7)(ii) | 23 | 0 |
| 24 | Tentative total allowable deductions (add items 18 through 23). Enter here and on line 2 of the Tax Computation | 24 | 23,115,545 |

DAA

ATTACHMENT
IRS Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return
Estate of Jack E. Galardi, SSN 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
Date of Death: December 1, 2012

**PROTECTIVE ELECTION TO USE ALTERNATE DATE VALUATION**

Pursuant to Treas. Reg. § 20.2032-1(b)(2), the executrix hereby makes a protective election to use alternate date valuation of the assets in the Estate of Jack Galardi should it be subsequently determined that a decrease in both the value of the gross estate and the sum (reduced by allowable credits) of the estate tax and the generation-skipping transfer tax liability payable by reason of the decedent's death with respect to the property includable in the decedent's gross estate will result from using alternate date valuation.

Date: ____________________ ____________________________________

TERI G. GALARDI, Executrix

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## Part 6—Portability of Deceased Spousal Unused Exclusion (DSUE)

### Portability Election

A decedent with a surviving spouse elects portability of the deceased spousal unused exclusion (DSUE) amount, if any, by completing and timely-filing this return. No further action is required to elect portability of the DSUE amount to allow the surviving spouse to use the decedent's DSUE amount.

### Section A. Opting Out of Portability

The estate of a decedent with a surviving spouse may opt out of electing portability of the DSUE amount. Check here and do not complete Sections B and C of Part 6 only if the estate opts NOT to elect portability of the DSUE amount. ☐

### Section B. QDOT

| | Yes | No |
|---|---|---|
| Are any assets of the estate being transferred to a qualified domestic trust (QDOT)? | | X |

If "Yes," the DSUE amount portable to a surviving spouse (calculated in Section C, below) is preliminary and shall be redetermined at the time of the final distribution or other taxable event imposing estate tax under section 2056A. See instructions for more details.

### Section C. DSUE Amount Portable to the Surviving Spouse (To be completed by the estate of a decedent making a portability election.)

Complete the following calculation to determine the DSUE amount that can be transferred to the surviving spouse.

| | | | |
|---|---|---|---|
| 1 | Enter amount from line 9c, Part 2—Tax Computation | 1 | |
| 2 | Enter amount from line 7, Part 2—Tax Computation | 2 | |
| 3 | Divide amount on line 2 by 35% (0.35). (do not enter less than zero) | 3 | |
| 4 | Add lines 1 and 3 | 4 | |
| 5 | Enter the amount from line 5, Part 2—Tax Computation | 5 | |
| 6 | Subtract line 5 from line 4 (do not enter less than zero) | 6 | |
| 7 | DSUE amount portable to the surviving spouse (Enter the lesser of line 6 or line 9a, Part 2—Tax Computation) | 7 | |

### Section D. DSUE Amount Received from Predeceased Spouse(s) (To be completed by the estate of a deceased surviving spouse with DSUE amount from predeceased spouse(s))

Provide the following information to determine the DSUE amount received from deceased spouses.

| A<br>Name of Deceased Spouse (dates of death after December 31, 2010, only) | B<br>Date of Death (enter as mm/dd/yy) | C<br>Portability Election Made? Yes | C<br>No | D<br>If "Yes," DSUE Amount Received from Spouse | E<br>DSUE Amount Applied by Decedent to Lifetime Gifts | F<br>Year of Form 709 Reporting Use of DSUE Amount Listed in col E | G<br>Remaining DSUE Amount, if any (subtract col. E from col. D) |
|---|---|---|---|---|---|---|---|
| **Part 1 — DSUE RECEIVED FROM LAST DECEASED SPOUSE** | | | | | | | |
| | | | | | | | |
| **Part 2 — DSUE RECEIVED FROM OTHER PREDECEASED SPOUSE(S) AND USED BY DECEDENT** | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Total (for all DSUE amounts from predeceased spouse(s) applied) | | | | | | | |

Add the amount from Part 1, column D and the total from Part 2, column E. Enter the result on line 9b, Part 2—Tax Computation ▶

ATTACHMENT
IRS Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return
Estate of Jack E. Galardi, [redacted]
Date of Death: [redacted]

Page 2, Part 4 – General Information

Authorization to receive confidential tax information under Reg. section 601.504(b)(2)(i); to act as the estate's representative before the IRS; and to make written or oral presentations on behalf of the estate:

First Representative:

| | |
|---|---|
| Name: | Arthur Korth, Esquire |
| State: | New Jersey |
| Address: | Cooper Levenson, P.A.<br>1125 Atlantic Avenue, 3rd Floor<br>Atlantic City, NJ 08401-4806 |
| CAF Number: | 2605-14435R |
| Telephone Number: | (609) 572-7348 |

I declare that I am one of the attorneys for the executor. I am not under suspension or disbarment from practice before the Internal Revenue Service and am qualified to practice in the state shown above.

ARTHUR KORTH, ESQUIRE

Date: February 27, 2014

Second Representative:

| | |
|---|---|
| Name: | Robert E. Salad, Esquire |
| State: | New Jersey |
| Address: | Cooper Levenson, P.A.<br>1125 Atlantic Avenue, 3rd Floor<br>Atlantic City, NJ 08401-4806 |
| CAF Number: | 2005 15617R |
| Telephone Number: | (609) 572-7777 |

I declare that I am one of the attorneys for the executor. I am not under suspension or disbarment from practice before the Internal Revenue Service and am qualified to practice in the state shown above.

ROBERT E. SALAD, ESQUIRE

Date: February 27, 2014

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

**Part 3—Elections by the Executor**

**Note.** For information on electing portability of the decedent's DSUE amount, including how to opt out of the election, see Part 6—Portability of Deceased Spousal Unused Exclusion.
**Note.** Some of the following elections may require the posting of bonds or liens.

| Please check "Yes" or "No" box for each question (see instructions). | | Yes | No |
|---|---|---|---|
| 1 Do you elect alternate valuation? | 1 | | X |
| 2 Do you elect special-use valuation? If "Yes," you must complete and attach Schedule A-1 | 2 | | X |
| 3 Do you elect to pay the taxes in installments as described in section 6166? If "Yes," you must attach the additional information described in the instructions. **Note. By electing section 6166 installment payments, you may be required to provide security for estate tax deferred under section 6166 and interest in the form of a surety bond or a section 6324A lien.** | 3 | X | |
| 4 Do you elect to postpone the part of the taxes due to a reversionary or remainder interest as described in section 6163? | 4 | | X |

**Part 4—General Information**

**Note.** Please attach the necessary supplemental documents. **You must attach the death certificate.** (See instructions)

Authorization to receive confidential tax information under Reg. section 601.504(b)(2)(i); to act as the estate's representative before the IRS; and to make written or oral presentations on behalf of the estate:

| Name of representative (print or type) | State | Address (number, street, and room or suite no., city, state, and ZIP code) |
|---|---|---|
| Schedule Attached | | |

I declare that I am the ☐ attorney/ ☐ certified public accountant/ ☐ enrolled agent (check the applicable box) for the executor. I am not under suspension or disbarment from practice before the Internal Revenue Service and am qualified to practice in the state shown above.

| Signature | CAF number | Date | Telephone number |
|---|---|---|---|
| | | | |

1 Death certificate number and issuing authority (attach a copy of the death certificate to this return).
034259

2 Decedent's business or occupation. If retired, check here ▶ ☐ and state decedent's former business or occupation.
Corporate executive

3a Marital status of the decedent at time of death:
☐ Married ☐ Widow/widower ☐ Single ☐ Legally separated ☒ Divorced

3b For all prior marriages, list the name and SSN of the former spouse, the date the marriage ended, and whether the marriage ended by annulment, divorce, or death. Attach additional statements of the same size if necessary.
Shirley Galardi
Joyce Wombley

| 4a Surviving spouse's name | 4b Social security number | 4c Amount received (see instructions) |
|---|---|---|
| None | | |

5 Individuals (other than the surviving spouse), trusts, or other estates who receive benefits from the estate (do not include charitable beneficiaries shown in Schedule O) (see instructions).

| Name of individual, trust, or estate receiving $5,000 or more | Identifying number | Relationship to decedent | Amount (see instructions) |
|---|---|---|---|
| See Statement 1 | | | 35,707,538 |
| | | | |
| | | | |
| | | | |
| All unascertainable beneficiaries and those who receive less than $5,000 ▶ | | | |
| Total | | | 35,707,538 |

| If you answer "Yes" to any of the following questions, you must attach additional information as described. | Yes | No |
|---|---|---|
| 6 Is the estate filing a protective claim for refund? If "Yes," complete and attach two copies of Schedule PC for each claim. | | X |
| 7 Does the gross estate contain any section 2044 property (qualified terminable interest property (QTIP) from a prior gift or estate)? (see instructions) | | X |
| 8a Have federal gift tax returns ever been filed? If "Yes," attach copies of the returns, if available, and furnish the following information: | X | |
| b Period(s) covered: See Statement 2 — c Internal Revenue office(s) where filed | | |
| 9a Was there any insurance on the decedent's life that is not included on the return as part of the gross estate? | | X |
| b Did the decedent own any insurance on the life of another that is not included in the gross estate? | | X |

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A — Real Estate

- For jointly owned property that must be disclosed on Schedule E, see instructions.
- Real estate that is part of a sole proprietorship should be shown on Schedule F.
- Real estate that is included in the gross estate under sections 2035, 2036, 2037, or 2038 should be shown on Schedule G.
- Real estate that is included in the gross estate under section 2041 should be shown on Schedule H.
- If you elect section 2032A valuation, you must complete Schedule A and Schedule A-1.

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010-2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last three columns.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | House and lot-760 Piedmont Avenue, Atlanta, GA and more specifically Dis 14, LI49, Lot 47, Piedmont Avenue. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-1 | | | 728,000 |
| 2 | Vacant land-1730 NW 33rd St., Pompano Beach, FL, and more specifically The Cigna Freshna Plat Two 128-41B Tract "A". Value per appraisal attached as Exhibit A-2. | | | 1,520,000 |
| 3 | House and lot-13922 NW 13th St, Pembroke Pines, FL. and more specifically Lot 25 Block 17 Pembroke Falls Phase #5 164-7B. Value per appraisal attached as Exhibit A-3 | | | 500,000 |
| 4 | Vacant land-20 acres, Moapa Valley, Clark County, NV and more specifically APN 071-18-601-015. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-4. | | | 20,000 |
| 5 | Vacant land-2 parcels, Clark County NV and more specifically 2 acres APN 041-25-301-012 and 1 acre APN 041-25-301-013. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-5 | | | 48,000 |
| 6 | Vacant land-2 gross acres, Clark County, NV and more specifically apn 041-36-201-029. Titled in the name of JEG Family Trust. Value per appraisal attached as | | | 39,000 |
| | Total from continuation schedules or additional statements attached to this schedule | | | 27,242,500 |
| | **TOTAL.** (Also enter on Part 5 — Recapitulation, page 3, at item 1.) | | | 30,097,500 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)

There are 5 continuation schedules attached

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A CONTINUATION SCHEDULE

Continuation Schedule 1 of 5

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | Exhibit A-6. | | | |
| 7 | Land and building-2112 Western Avenue, Las Vegas, NV and more specifically APN 162-04-302-006, 162-04-302-007, 162-04-403-001. Titled in the name of New International Properties, LLC. Value per appraisal attached as Exhibit A-7. | | | 2,260,000 |
| 8 | Land and building-2111 and 2121 Highland Avenue, Las Vegas, NV and more specifically APR 1652-04-403-002 and 162-04-403-003. Titled in the name of New International Properties, LLC. Value per appraisal attached as Exhibit A-8. | | | 380,000 |
| 9 | Vacant land-6.45 acres, Naples FL, and more specifically Royal Palm Golf Estates Replat #3 Tract B. Titled in the name of Jack E Galardi LLC. Value per appraisal attached as Exhibit A-9. | | | 84,000 |
| 10 | House and lot, 3445 Shoreland Dr., Buford GA, and more specifically LI167, 8th District, Lots 1-2, Block C, H E Compton, Hall County. Value per appraisal attached as Exhibit A-10. | | | 629,000 |
| 11 | House and lot, 18511 Royal Hammock Blvd.,Naples FL and more specifically Royal Palm Golf Estates Unit #1 Blk A Lot 66. Value per appraisal attached as Exhibit A-11 | | | 230,000 |
| 12 | 2 Unit Condominium warehouse/retail building located at7951 and 7971NW 33rd St., Doral, FL 33122 and more specifically Airport Ind Center Condo Whse Unit 1-B | | | 755,000 |
| | TOTAL. (Carry forward to main schedule.) | | | 4,338,000 |

Schedule A Continuation

DAA

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A CONTINUATION SCHEDULE

Continuation Schedule 2 of 5

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | and 9-B-1 undivided 5% and 2.75% interest in common elements off rec Rec-11292-2134. Value per appraisal attached as Exhibit A-12 | | | |
| 13 | Vacant land-Lot 58 on S/S Lake Hammond Dr, Naples FL and more specifically Royal Palm Golf Estates Replat #3 Lot 58. Titled in the name of Jack Galardi LLC. Value per appraisal attached as Exhibit A-13 | | | 21,000 |
| 14 | Vacant land-1.47 acre residential lot-747-751 Scott Road, Forest Park, GA, and more specifically City of Forest Park Parcel ID# 13015D A012. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-14. | | | 30,000 |
| 15 | Vacant land-.341 acres-775 Conley Rd. SE, Atlanta, GA and more specifically City of Atlanta, Parcel ID# 14-0032-LL-080-6 and City of Forest Park Parcel ID# 13015B B002A. Titled in the name of Walleye LLC. Value perappraisal attached as Exhibit A-15. | | | 135,000 |
| 16 | Vacant land-.812 acres-3700 Jonesboro Rd SE, Atlanta GA and more specifically City of Atlanta Tax ID# 14 0032 LL0715 Titled in the name of JEG Family Trust.Value per appraisal attached as Exhibit A-16 | | | 530,000 |
| 17 | Vacant lot-1xx 15th St., Marathon, FL, and more specifically Parrish sub Marathon sub PB 2--18 S"ly lots 1 & 2 blk 2. Value per appraisal attached as Exhibit A-17. | | | 41,000 |
| 18 | Land and building,-1704 Hudson | | | 245,000 |
| | TOTAL. (Carry forward to main schedule.) | | | 1,002,000 |

Schedule A Continuation

DAA

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A CONTINUATION SCHEDULE

Continuation Schedule 3 of 5

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | Bridge Rd., Stockbridge, GA and more specifically parcel ID 032-01012007. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-18 | | | |
| 19 | Land and building-3920 Jonesboro Road, Forest Park, GA and more specifically Clayton County parcel ID# 13015B B002. Titled in the name of Walleye LLC. Value per appraisal attached as Exhibit A-19 | | | 650,000 |
| 20 | Vacant land-425 Industrial Boulevard, McDonough, GA and more specifically Henry County, City of McDonough, Parcel ID# 093-01018005. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-20 | | | 440,000 |
| 21 | Land and buildings including personal property located at 18100 Royal Tree Parkway, Naples FL and more specifically APN 71370080006. Titled in the name of Jack E Galardi, LLC. Value per appraisal attached as Exhibit A-21 | | | 3,240,000 |
| 22 | Land and building-1901 Mr. Joe White Avenue, Myrtle Beach SC and more specificall APN 18100-01-031. Value per appraisal attached as Exhibit A-22 | | | 3,475,000 |
| 23 | Vacant land-Mokelumne Hill, Calaveral County, CA and more specifically APN 020-001-091. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit-A23 | | | 67,500 |
| 24 | House and lot-201 Navarro Isle A.K.A Gordon Rd., Ft. Lauderdale, FL, and more | | | 4,200,000 |
| | TOTAL. (Carry forward to main schedule.) | | | 12,072,500 |

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A CONTINUATION SCHEDULE

Continuation Schedule 4 of 5

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | specifically Lot 7,8 Navarro Isle 15-40B. Property is titled in the name of JEG LV Qualified Personal REsidence Trust per appraisal, but was deeded to JEG Family Trust On July 20, 2012. Value per appraisal attached as Exhibit A-24 . | | | |
| 25 | Land and building-29 NE 11th St., 1135 North Miami Avenue and adjacent vacant land, all located in Miami FL. This real estate is a part of a sale, agreed to prior to December 1, 2012 and consumated December 18, 2012. Value per closing statement attached as Exhibit A-25 | | | 4,500,000 |
| 26 | Land and building-973 Marietta Street, Atlanta GA. This property is a part of a sale, agreed to prior to December 1, 2012 and consumated September 18, 2013. Value per closing statement attached as Exhibit A-26 | | | 750,000 |
| 27 | Land and building-4766 Frontage Road, Forest Park, GA and more specifically APN 13044C A002. Titled in the name of JGP&P LLC. Value per appraisal attached as Exhibit A-27. | | | 450,000 |
| 28 | Vacant land-2.718 acres 10710 Walker Road, Thonotosassa, Hillsborough County, FL and more specifically, Parcel ID #U182820ZZZ000002096900 or Folio Number 061121-000. Value per appraisal attached as Exhibit A-28. | | | 275,000 |
| 29 | Land and Building-1837 Corporate Boulevard, Atlant GA. and more | | | 950,000 |
| | TOTAL. (Carry forward to main schedule.) | | | 6,925,000 |

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A CONTINUATION SCHEDULE

Continuation Schedule 5 of 5

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | specifically APN 18-156-01-003. Titled in the name of JEG Family Trust. Appraisal forthcomeing | | | |
| 30 | Land-6220 E. Adamo Dr., Tampa FL and more specifically APN 81-96 -15-000-0. Titled in the name of Galardi Rentals LLC. Appraisal forthcoming. | | | 5,000 |
| 31 | Land and building-2610 Metropolitan Parkway, Titled in the name of Trinidad Creations, LLC. Appraisal forthcoming. | | | 2,000,000 |
| 32 | Land and buildings-Social Circle, Butts County, GA. Appraisal forthcoming. | | | 800,000 |
| 33 | Land and building-4730 Frontage Road, Forest Park, GA and more specifically APN 13044C A002. Titled in the name of JGP&P LLC. Appraisal forthcoming. | | | 100,000 |

TOTAL. (Carry forward to main schedule.) ........ 2,905,000

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE B — Stocks and Bonds

(For jointly owned property that must be disclosed on Schedule E, see instructions.)

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010-2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last four columns.

| Item number | Description, including face amount of bonds or number of shares and par value for identification. Give CUSIP number. If trust, partnership, or closely held entity, give EIN. | CUSIP number or EIN, where applicable | Unit value | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|---|
| 1 | 100% ownership - Trop, Inc., 2555 Chantilly Drive, Atlanta GA 30324. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. | | | | | 6,338,000 |
| 2 | 100% ownership - Turntable Entertainment & Production Company, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. | | | | | 7,476,000 |
| 3 | 100% ownership - Country Club, Inc. 2555 Chantilly Drive, Atlanta, GA 30324 (a Georgia corporation. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. | | | | | 1,669,000 |
| 4 | 100% ownership - Ponytail, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. | | | | | 4,098,700 |
| 5 | 100% ownership - Lafuente, Inc. 713 E Ogden St., Las Vegas, NV 89101. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. | | | | | 2,283,600 |
| 6 | 100% ownership - Fly Low, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. | | | | | 2,402,000 |
| | Total from continuation schedules (or additional statements) attached to this schedule | | | | | 9,599,430 |
| | **TOTAL.** (Also enter on Part 5—Recapitulation, page 3, at item 2.) | | | | | 33,866,730 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)



DAA There are 2 continuation schedules attached

Form 706 (Rev. 8-2012)

**Estate of:** Jack E Galardi

Decedent's social security number [redacted]

# SCHEDULE B CONTINUATION SCHEDULE

Continuation Schedule 1 of 2

| Item number | Description, including face amount of bonds or number of shares and par value for identification. Give CUSIP number. If trust, partnership, or closely held entity, give EIN. | CUSIP number or EIN, where applicable | Unit value | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|---|
| 7 | 100% ownership - Bella Mia, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Appraisal in final review to be submitted upon receipt. Preliminary value provided by appraiser. | | | | | 909,800 |
| 8 | 50% ownership - MBJG Inc. 2555 Chantilly Drive, Atlanta, GA. Value estimated. Appraisal forthcoming. | | | | | 2,247,000 |
| 9 | 100% ownership - Galardi Eagle Lakes LLC 2555 Chantilly Drive, Atlanta, GA 30324. Appraisal in final review to be submitted upon rceipt. Preliminary value provided by appraiser. | | | | | 2,070,000 |
| 10 | 100% ownership - Country Club, Inc. 2555 Chantilly Drive, Atlanta GA 30324 (a South Carolina corporation). Appraisal in final review to be submitted upon receipt. Preliminary provided by the appraiser. | | | | | 2,523,400 |
| 11 | 100% ownership - LVA Management, Inc. 713 E. Ogden Street, Las Vegas, NV 89101. Value estimated. Appraisal forthcoming. | | | | | 1,500,000 |
| 12 | 100% ownership - Three Women, Inc., 2555 Chantilly Drive.tlanta, GA 30324. Value estimated. Appraisal forthcoming. | | | | | 200,000 |
| 13 | 100% ownership - Candy Pink, Inc. 713 E. Ogden St., Las Vegas, NV 89101. Value estimated. Appraisal forthcoming. | | | | | 10,000 |
| 14 | 100% ownership - E & J Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Value estimated. | | | | | 25,000 |
| | TOTAL. (Carry forward to main schedule.) | | | | | 9,485,200 |

DAA

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE B CONTINUATION SCHEDULE

Continuation Schedule 2 of 2

| Item number | Description, including face amount of bonds or number of shares and par value for identification. Give CUSIP number. If trust, partnership, or closely held entity, give EIN. | CUSIP number or EIN, where applicable | Unit value | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|---|
| | Appraisal forthcoming. | | | | | |
| 15 | 100% ownership - The Riviera Entertainment Group, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Value estimated, Appraisal forthcoming. | | | | | 1,000 |
| 16 | 100% ownership - GFT Management and Consulting, Inc., 2555 Chantilly Drive, Atlanta GA 30324. Value estimated. Appraisal forthcoming. | | | | | 10 |
| 17 | 100% ownership - Extreme Tours, Inc. d/b/a Rebel Adventure Tours - 713 E. Ogden Street, Las Vegas, NV 89101. Value estimated, Appraisal forthcoming. | | | | | 50,000 |
| 18 | 100% ownership - WV Country Club, Inc., 2555 Chantilly Drive, Atlanta GA. 30324. Value estimated. Appraisal forthcoming. | | | | | 1,000 |
| 18 | 100% ownership - GFT Management & Consulting, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Value estimated. Appraisal forthcoming. | | | | | 10,000 |
| 19 | 50% ownership - Jacmak LLC Value estimated. Appraisal forthcoming. | | | | | 1,000 |
| 20 | 100% Ownership - Mia Luna, Inc. 2555 Chantilly Drive, Atlanta, Ga 30324. Value estimated. Appraisal forthcoming. | | | | | 1,000 |
| 21 | 18,000 shares - Sirius XM Radio Inc. common. CUSIP 98375YAU0 | | | | | 50,220 |

TOTAL. (Carry forward to main schedule.) ........ 114,230

Schedule B Continuation

DAA

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE C—Mortgages, Notes, and Cash

(For jointly owned property that must be disclosed on Schedule E, see instructions.)

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010–2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last three columns.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Cash on hand | | | 20,000 |
| 2 | Nevada State Bank-230 Las Vegas Blvd South, Las Vegas, NV checking account | | | 1,136 |
| 3 | Bank of North Las Vegas - 6385 Simmons St., North Las Vegas, NV checking account. | | | 351 |
| 4 | Wells Fargo Bank - 1700 East Charleston Ave., Las Vegas, NV | | | 1,041 |
| | Total from continuation schedules (or additional statements) attached to this schedule | | | |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 3.) | | | 22,528 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)

DAA There are no continuation schedules attached

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE D — Insurance on the Decedent's Life

You must list all policies on the life of the decedent and attach a Form 712 for each policy.

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010-2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last three columns.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Universal Life Insurance Policy Pacific Life Insurance Company, P O Box 2030, Omaha, NV 89103-2030, Policy # VF50001050. | | | 2,000,000 |
| | Total from continuation schedules (or additional statements) attached to this schedule | | | |
| | TOTAL. (Also enter on Part 5 — Recapitulation, page 3, at item 4.) | | | 2,000,000 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)

DAA There are no continuation schedules attached

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE F—Other Miscellaneous Property Not Reportable Under Any Other Schedule

(For jointly owned property that must be disclosed on Schedule E, see instructions.)

(If you elect section 2032A valuation, you must complete Schedule F and Schedule A-1.)

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010-2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last three columns.

| | | Yes | No |
|---|---|---|---|
| 1 | Did the decedent own any works of art, items, or any collections whose artistic or collectible value at date of death exceeded $3,000? | | X |
| | If "Yes," submit full details on this schedule and attach appraisals. | | |
| 2 | Has the decedent's estate, spouse, or any other person received (or will receive) any bonus or award as a result of the decedent's employment or death? | | X |
| | If "Yes," submit full details on this schedule. | | |
| 3 | Did the decedent at the time of death have, or have access to, a safe deposit box? | | X |
| | If "Yes," state location, and if held jointly by decedent and another, state name and relationship of joint depositor. If any of the contents of the safe deposit box are omitted from the schedules in this return, explain fully why omitted. | | |

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | CUSIP number or EIN, where applicable | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|
| 1 | 31 Work and collectible vehicles known as the Circle G Ranch Automobile Collection. Value per appraisal attached as Exhibit F-1 | | | | 1,031,455 |
| 2 | Contents, 2200 Waldman Avenue, Las Vegas, NV. Value per appraisal attached as Exhibit F-2 | | | | 85,047 |
| 3 | Contents, 4205 Gordon Avenue, Ft. Lauderdale, FL. Appraisal forthcoming. | | | | 75,000 |
| 4 | Contents, 760 Piedmont Avenue, Atlanta, GA. Appraisal forthcoming. | | | | 75,000 |
| 5 | Cash bond established on appeal of judgement in the Nevada Supreme Court. On May 13, 2013 | | | | 2,227,626 |
| 6 | Accrued interest on cash bond - Item F5 from April 21,2011 through December 1, 2012 | | | | 188,401 |
| 7 | Gun Collection, Jewelry and other personal items - appraisals forthcoming. | | | | 120,000 |
| | Total from continuation schedules (or additional statements) attached to this schedule | | | | 660,700 |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 6.) | | | | 4,463,229 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)

DAA There is 1 continuation schedule attached

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE F CONTINUATION SCHEDULE

Continuation Schedule 1 of 1

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | CUSIP number or EIN, where applicable | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|
| 8 | 1.1192569% interest in Dominium Elwood Villas, L.P. - 2905 Northwest Blvd., ste 150, Plymouth MN. Estimated value. | | | | |
| 9 | 2007 Gift tax paid for which credit is being allowed. See Schedule G. | | | | 655,700 |
| 10 | 100% ownership in Hazeleyes LLC - (a disregarded entity) value estimated, appraisal forthcoming. | | | | 5,000 |
| 11 | 100% ownership - New International Properties, LLC., 713 East Ogden St., Las vegas, NV. The only asset is real estate subject to a mortgage. Value of the real estate is reflected on Schedule A7 and A8. Liabilty is reflected on Schedule G2. | | | | |
| 12 | 100% ownership - Jack E Galardi, LLC., 2555 Chantilly Drive, Atlanta, GA. The only assets are real estate subject to mortgages. Values of the real estate are reflected on Schedule A9, A11, A12, and A21. Mortgages are reflected on Schedule K9 and K10 | | | | |
| 13 | 100% ownership - Walleye, LLC, 2555 Chantilly Drive, Atlanta, GA 30324. The only asset is real estate subject to a mortgage. The value of the real estate is reflected on Schedule A31, The mortgage is reflected on Schedule K | | | | |
| | TOTAL. (Carry forward to main schedule.) | | | | 660,700 |

DAA

Estate of: | Decedent's social security number [redacted]

## SCHEDULE G—Transfers During Decedent's Life

(If you elect section 2032A valuation, you must complete Schedule G and Schedule A-1.)

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010-2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last three columns.

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| A. | Gift tax paid or payable by the decedent or the estate for all gifts made by the decedent or his or her spouse within 3 years before the decedent's death (section 2035(b)) | X X X X X | | |
| B. | Transfers includible under sections 2035(a), 2036, 2037, or 2038: | | | |
| 1 | House and lot-1245 Rancho Dr, Las Vegas, NV, and more specifically Parcel map, pg 28 & part NW4 sec 04 21 61. Property is titled in the name of Jeg LV Qual Personal Res Trust. Value per appraisal attached as Exhibit G2-1 | | | 2,000,000 |
| 2 | House and lot-2211 Edgewood Ave, Las Vegas, NV more specificall Parcel map File 31, page 28, Lot 1. Value per appraisal attached as Exhibit G2-2 | | | 330,000 |
| 3 | Vacant land-Hwy 42 South, Flovilla GA and more | | | 101,000 |
| | There is 1 continuation schedule attached | | | |
| | Total from continuation schedules (or additional statements) attached to this schedule | | | 2,529,000 |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 7.) | | | 4,960,000 |

## SCHEDULE H—Powers of Appointment

(Include "5 and 5 lapsing" powers (section 2041(b)(2)) held by the decedent.)
(If you elect section 2032A valuation, you must complete Schedule H and Schedule A-1.)

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010-2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last three columns.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | | | | |
| | There are no continuation schedules attached | | | |
| | Total from continuation schedules (or additional statements) attached to this schedule | | | |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 8.) | | | 0 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE G CONTINUATION SCHEDULE

Continuation Schedule 1 of 1

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | specifically LL33,34 of the 4th LD, cont. 51.71 acres, See Deed Book 638-160. Deeded to JEG FL Qualified Personal Residence Trust, shown on apprasal as owned by Circle G Holdings, LLC. Value per appraisal attached as Exhibit G2-3 | | | |
| 4 | Vacant land-Hwy 42 South, Flovilla GA and more specifically LL33,34 of the 4th LD, cont. 30 acres. See Deed Book 434-524. Deeded to JEG FL Qualified Personal Residence Trust. Shown on appraisal as owned by Circle G Holdings, LLC, Value oer appraisal attached as Exhibit G2-4 | | | 79,000 |
| 5 | House and lot-Highway 42 S, Flovilla, GA and more specifically LL33,34,35,56,63,64 of the 4th LD, cont. 109.364 acres, Tract A & D. See Deed Book 638-160. Deeded to JEG FL Qualified Personal Residence Trust, shown on appraisal as titled in the name of Circle G Holdings. | | | 2,450,000 |
| | TOTAL. (Carry forward to main schedule.) | | | 2,529,000 |

DAA

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE J — Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims

▶ Use Schedule PC to make a protective claim for refund due to an expense not currently deductible. For such a claim, report the expense on Schedule J but without a value in the last column.

**Note.** Do not list expenses of administering property not subject to claims on this schedule. To report those expenses, see instructions.

If executors' commissions, attorney fees, etc., are claimed and allowed as a deduction for estate tax purposes, they are not allowable as a deduction in computing the taxable income of the estate for federal income tax purposes. They are allowable as an income tax deduction on Form 1041, U.S. Income Tax Return for Estates and Trusts, if a waiver is filed to forgo the deduction on Form 706 (see instructions for Form 1041).

| | Yes | No |
|---|---|---|
| Are you aware of any actual or potential reimbursement to the estate for any expense claimed as a deduction on this schedule? If "Yes," attach a statement describing the expense(s) subject to potential reimbursement. (see instructions) | | X |

| Item number | Description | Expense amount | Total amount |
|---|---|---|---|
| | A. Funeral expenses: | | |
| 1 | West Memorials<br>2481 Brood Ave., Memphis, TN 38112 | 509,013 | |
| | Horticulture Consultation and Desig | 78,725 | |
| | Total funeral expenses ▶ | | 587,738 |
| | B. Administration expenses: | | |
| | 1 Executors' commissions — (Strike out the words that do not apply.) | | 0 |
| | 2 Attorney fees — Amount estimated, Paid (Strike out the words that do not apply.) | | 117,050 |
| | 3 Accountant fees — Amount estimated, Paid (Strike out the words that do not apply.) | | 148,900 |
| | 4 Miscellaneous expenses: | Expense amount | |
| | Wrights Appraisals. 211 Theall St.<br>Sonora CA. - Real Estate appraisal. | 750 | |
| | Auto Appraisal Network, Inc.<br>19 Spectrum Pointe Dr. #605<br>Lake Forest, CA 92630 - Vehicle appraisals | 3,100 | |
| | Oracle Real Estate Services, Inc.<br>3544 Haberdham St., Tucker, GA<br>30084 - Real estate appraisals | 14,050 | |
| | David Arenaz CAGA<br>International Estate Auctions<br>900 Las Vegas Blvd S., Las Vegas<br>NV 89101. Personal property appraisal | 760 | |
| | Landauer Valuation & Advisory<br>1551 N Tustin Ave., Santa Ana, CA<br>- Real estate appraisals | 20,500 | |
| | Pritchett, Ball & Wise, Inc.<br>2295 Parklake Dr,Atlanta GA<br>30345 - Real estate appraisals | 3,000 | |
| | Casey Dean Eisnor | | |
| | Total miscellaneous expenses from continuation schedules (or additional statements) attached to this schedule | 19,700 | |
| | Total miscellaneous expenses ▶ | | 61,860 |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 14.) ▶ | | 915,548 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)



DAA There is 1 continuation schedule attached

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE J CONTINUATION SCHEDULE

Continuation Schedule 1 of 1

| | Description of Miscellaneous expense | Expense amount |
|---|---|---|
| | 34 Mutiny Place, Key Largo, FL 33037 - Real estate appraisal | 800 |
| | Dover Realty 464 W 3rd St. Jackson, GA 30233 Real estate appraisals | 5,100 |
| | Bloom Sugarman Everett LLP 977 Ponce De Leon Ave., Atlanta, GA-Real estate appraisal | 12,000 |
| | Balsiero & Associates Inc P O Box 10725 Tampa, FL 33624 Real Estate appraisal | 1,800 |

TOTAL. (Carry forward to main schedule.) .......... 19,700

DAA

Form 706 (Rev. 8-2012)

**Estate of:** Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE K — Debts of the Decedent, and Mortgages and Liens

▶ Use Schedule PC to make a protective claim for refund due to a claim not currently deductible. For such a claim, report the expense on Schedule K but without a value in the last column.

| | Yes | No |
|---|---|---|
| Are you aware of any actual or potential reimbursement to the estate for any debt of the decedent, mortgage, or lien claimed as a deduction on this schedule? | | X |
| If "Yes," attach a statement describing the items subject to potential reimbursement. (see instructions) | | |
| Are any of the items on this schedule deductible under Reg. section 20.2053-4(b) and Reg. section 20.2053-4(c)? | | X |
| If "Yes," attach a statement indicating the applicable provision and documenting the value of the claim. | | |

| Item number | Debts of the Decedent — Creditor and nature of debt, and allowable death taxes | Amount |
|---|---|---|
| 1 | United States Treasury - 2012 income tax liability-estimated | 2,000,000 |
| 2 | United States Treasury-2011 amended Federal Income Tax Return | 417,478 |
| 3 | Accured interest and penalty on 2011 amended Federal Income Tax Return - estimated | 40,000 |
| 4 | United States Treasury- 2010 amended Federal income Tax return | 407,468 |
| 5 | Accrued interest and penalty on 2010 amended Federal Inome Tax return - estimated | 60,000 |
| 6 | State of Georgia-2012 State Income Tax return - estimated | 120,000 |
| 7 | TEPC loan re: Florida Department of Taxation lein against item A25 | 59,743 |
| 8 | Property taxes due on item A25 | 57,812 |
| | There is 1 continuation schedule attached | |
| | Total from continuation schedules (or additional statements) attached to this schedule | 5,016,027 |
| | TOTAL. (Also enter on Part 5 — Recapitulation, page 3, at item 15.) | 8,178,528 |

| Item number | Mortgages and Liens — Description | Amount |
|---|---|---|
| 1 | CITI Mortgage - Original loan was $1,805,000. Interest is computed at 5.3% per annum. Secured by item G2 | 1,330,451<br>1,330,451 |
| 2 | Sitis Companies - Original loan was $1,200,000. Interest is 8.5% per annum Secured by item A7 | 0<br>796,148 |
| 3 | United Western Mortgage - Original loan was $2,000,000. Interest is 8.3% per annum. Secured by item A-24 | 0<br>561,093 |
| 4 | Wachovia Bank - Original loan was $980,000. Interest is 7.5% per annum. Secured by item G5. | 0<br>570,973 |
| 5 | Harrington State Bank - Original loan was $500,000. Interest is 5.5% per annum. Secured by item A18. | 0<br>297,582 |
| 6 | H Earl and Phyllis J Burcett - Original loan was $400,000. Interest is 8% per annum. Secured by item | 0 |
| | There is 1 continuation schedule attached | |
| | Total from continuation schedules (or additional statements) attached to this schedule | 9,134,771 |
| | TOTAL. (Also enter on Part 5 — Recapitulation, page 3, at item 16.) | 14,021,469 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE K CONTINUATION SCHEDULE - DEBTS

Continuation Schedule 1 of 1

| Item number | Debts of the Decedent — Creditor and nature of debt, and allowable death taxes | Amount |
|---|---|---|
| 9 | Judgement payable to Naples Polaris LLC under appeal as of December 1, 2012. Posted cash bond is shown at item F5. | 2,227,626 |
| 10 | Accrued interest on judgment from April 21, 2011 through December 1, 2012 | 188,401 |
| 11 | Judgement payable to Abramovitz Investment Properties LLC under appeal in the Superior Court of the State of Arizona in and for County of Maricopa as of date of decedents death. | 2,600,000 |

TOTAL. (Carry forward to main schedule) ........ 5,016,027

Schedule K Continuation Debt

DAA

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE K CONTINUATION SCHEDULE - MORTGAGES AND LIENS

Continuation Schedule 1 of 1

| Item number | Mortgages and Liens — Description | Amount |
|---|---|---|
| | A29 | 38,657 |
| 7 | James E Hammock - Original loan was $400,000. Interest is 6% per annum. Secured by item A27. | 0<br>337,583 |
| 8 | Chase Mortgage - Original loan was $$440,000. Interest is 6.7% per annum. Secured by item A10. | 0<br>391,549 |
| 9 | TransCapital Bank - Original loan was $2,600,000. Interest is 8.5% per annum. Secured by item A21. | 0<br>2,450,381 |
| 10 | TransCapital Bank - Original loan was $1,200,000. Interest is at 6% per annum Secured by item A21 | 0<br>1,142,413 |
| 11 | InterAmerican Bank - Original loan was $2,000,000. Interest is 9.2% per annum. Secured by item A25 | 0<br>1,362,863 |
| 12 | TransCapital Bank - Original Loan was $4,000,000. Interest is 7.5% per annum. Secured by item G3 | 0<br>3,411,325 |

TOTAL. (Carry forward to main schedule) ........ 9,134,771

Form 706

# Election to Pay Estate Tax Related to Closely Held Business in Installments

2012

Date of Death [redacted]

Estate of: Jack E Galardi

Social Security Number [redacted]

In accordance with IRC Section 6166(d) and Regulation 20.6166-1(b), the estate provides the following information with respect to its Section 6166 election:

Amount of tax being paid in installments $ 14,815,175

The first installment will be paid on 09/01/18

Tax will be paid in a total of 10 annual installments (including the first installment)

The property shown on the estate tax return that constitutes the closely held business interest is as follows:

| Estate Return Schedule | Item No. | Amount |
|---|---|---|
| See Statement 3 | | |

The estate tax value of the property(ies) listed above totals: $ 48,575,500

This amount exceeds 35% of the value of the adjusted gross estate.

GALARDI706 Galardi, Jack E.                                                    3/3/2014 2:44 PM

**Federal Statements**

FYE: ████████

## Statement 1 - Form 706, Part 4, Line 5 - Beneficiaries Receiving $5,000 or More

| Name | TIN | Relationship to Decedent | Amount |
|------|-----|--------------------------|--------|
| Teri Gale Galardi | | | $ 25,891,903 |
| Jack Galardi Jr. | | | 8,630,635 |
| Kathy Holder | | | 300,000 |
| Emelita Sy | | | 200,000 |
| Maricar Martinez | | | 100,000 |
| Jeffrey Stromatt | | | 65,000 |
| Diana Pontrelli | | | 100,000 |
| Daniel Geiger | | | 200,000 |
| MIchael Porter | | | 20,000 |
| Daniel Purdy | | | 100,000 |
| Charles Wright | | | 100,000 |
| Total | | | $ 35,707,538 |

## Statement 2 - Form 706, Part 4, Line 8b and 8c - Federal Gift Tax Return Information

| Period(s) Covered | IRS Office(s) Where Filed |
|-------------------|---------------------------|
| 2007 | Cincinnati, OH  45999 |
| 2012 | Cincinnati, OH  45999 |

# Federal Statements

FYE

## Statement 3 - Property which Comprises Closely Held Business Interest

| Schedule | Item No. | Amount |
|---|---|---|
| A | 7 | $ 2,260,000 |
| A | 21 | 3,240,000 |
| A | 22 | 3,475,000 |
| A | 24 | 4,200,000 |
| A | 31 | 2,000,000 |
| A | 32 | 800,000 |
| A | 8 | 380,000 |
| A | 29 | 950,000 |
| B | 1 | 6,338,000 |
| B | 2 | 7,476,000 |
| B | 3 | 1,669,000 |
| B | 4 | 4,098,700 |
| B | 5 | 2,283,600 |
| B | 6 | 2,402,000 |
| B | 7 | 909,800 |
| B | 9 | 2,070,000 |
| B | 10 | 2,523,400 |
| B | 11 | 1,500,000 |
| Total | | $ 48,575,500 |

Form **706**

**Taxable Gifts Reconciliation and Computation of Adjusted Taxable Gifts**

**2012**

Date of Death [redacted]

Estate of:
Jack E Galardi

Social Security Number [redacted]

## Taxable Gifts Reconciliation

| a. Calendar year or calendar quarter | b. Total taxable gifts for period (see Note) | c. Taxable amount included in col. b for gifts included in the gross estate | d. Taxable amount included in col. b for gifts that qualify for "special treatment of split gifts" | e. Gift tax paid by decedent on gifts in col. d | f. Gift tax paid by decedent's spouse on gifts in col. c |
|---|---|---|---|---|---|

**1. Taxable gifts made before 1977**

| a. | b. |
|---|---|
| | |
| Total | |

**2. Taxable gifts made after 1976**

| a. | b. | c. | d. | e. | f. |
|---|---|---|---|---|---|
| 12/31/07 | 2,490,445 | 2,490,445 | | 668,333 | |
| 12/31/12 | 2,090,145 | 0 | | 0 | |
| Total | 4,580,590 | 2,490,445 | 0 | 668,333 | 0 |

## Adjusted Taxable Gifts Made After 1976

| | | |
|---|---|---|
| 1. Taxable gifts made after 1976. Enter the amount from line 2, column b, TG Worksheet | | 4,580,590 |
| 2. Taxable gifts made after 1976 reportable on Schedule G. Enter the amount from line 2, column c, TG Worksheet | 2,490,445 | |
| 3. Taxable gifts made after 1976 that qualify for "special treatment." Enter the amount from line 2, column d, TG Worksheet | 0 | |
| 4. Add lines 2 and 3 | | 2,490,445 |
| 5. Adjusted taxable gifts. Subtract line 4 from line 1. Enter here and on line 4 of the Tax Computation of Form 706 | | 2,090,145 |

Form 706

# Allocation of Residual Estate to Beneficiaries Worksheet

2012

Date of Death [redacted]

Estate of: Jack E Galardi

Social Security Number [redacted]

## Calculation of Residual Estate

| | | |
|---|---|---|
| Gross estate (Form 706, Part 5, Line 12) | | 75,409,987 |
| Less: | | |
| Schedule J - Funeral expenses and property administration expenses | 915,548 | |
| Schedule K - Debts of the decedent, mortgages, and liens | 22,199,997 | |
| Schedule L - Net losses during administration | | |
| Schedule L - Expenses incurred in administering property | | |
| Schedule M - Bequests to surviving spouse | | |
| Schedule O - Charitable, public, and similar gifts and bequests | | |
| Federal estate tax calculated | 16,586,905 | |
| State and other taxes paid or payable | | |
| Generation-skipping transfer tax paid | | |
| Subtotal | | 39,702,450 |
| Net residual estate available | | 35,707,537 |

## Specific Allocations to Beneficiaries

| | | |
|---|---|---|
| Specific allocations to beneficiaries | 1,185,000 | |
| Taxes allocated to beneficiaries | 16,586,905 | |
| Subtotal | | -15,401,905 |
| Residual estate available for allocation to beneficiaries | | 51,109,442 |

# Beneficiary Asset Reconciliation

Form 706 | Beneficiary: Teri Gale Galardi | Date of Death: [redacted] | 2012

Estate of: Jack E Galardi | Social Security Number: [redacted]

| Sch. | Item | Description of Bequest | % | Value |
|---|---|---|---|---|
| | | ----- GROSS ESTATE DISTRIBUTIONS ----- | | |
| | | ALLOCATED FROM RESIDUAL ESTATE | | 38,332,082 |
| | | TOTAL GROSS DISTRIBUTIONS | | 38,332,082 |
| | | ---------- ALLOCATED TAXES ----------- | | |
| | | Federal Estate Taxes | 75.0000 | 12,440,179 |
| | | TOTAL BENEFITS | | 25,891,903 |

# Beneficiary Asset Reconciliation

Form **706** | Beneficiary: Jack Galardi Jr. | Date of Death: [redacted] | 2012

Estate of: Jack E Galardi | Social Security Number: [redacted]

| Sch. | Item | Description of Bequest | % | Value |
|---|---|---|---|---|
| | | ----- GROSS ESTATE DISTRIBUTIONS ----- | | |
| | | ALLOCATED FROM RESIDUAL ESTATE | | 12,777,361 |
| | | TOTAL GROSS DISTRIBUTIONS | | 12,777,361 |
| | | ---------- ALLOCATED TAXES ----------- | | |
| | | Federal Estate Taxes | 25.0000 | 4,146,726 |
| | | TOTAL BENEFITS | | 8,630,635 |

# Beneficiary Asset Reconciliation

Form 706 | Beneficiary: Kathy Holder | Date of Death: [redacted] | 2012

Estate of: Jack E Galardi | Social Security Number: [redacted]

| Sch. | Item | Description of Bequest | % | Value |
|---|---|---|---|---|
| | | Cash received | | 300,000 |
| | | TOTAL BENEFITS | | 300,000 |

Form 706 — Beneficiary Asset Reconciliation — 2012

Beneficiary: Emelita Sy

Date of Death: [redacted]

Estate of: Jack E Galardi

Social Security Number: [redacted]

| Sch. | Item | Description of Bequest | % | Value |
|---|---|---|---|---|
| | | Cash received | | 200,000 |
| | | TOTAL BENEFITS | | 200,000 |

# Beneficiary Asset Reconciliation

Form 706 | Beneficiary: Maricar Martinez | 2012

Date of Death: [redacted]

Estate of: Jack E Galardi

Social Security Number: [redacted]

| Sch. | Item | Description of Bequest | % | Value |
|---|---|---|---|---|
| | | Cash received | | 100,000 |
| | | TOTAL BENEFITS | | 100,000 |

## Beneficiary Asset Reconciliation

Form **706** | Beneficiary: Jeffrey Stromatt | Date of Death: [redacted] | 2012

Estate of: Jack E Galardi | Social Security Number: [redacted]

| Sch. | Item | Description of Bequest | % | Value |
|---|---|---|---|---|
| | | Cash received | | 65,000 |
| | | TOTAL BENEFITS | | 65,000 |

## Beneficiary Asset Reconciliation

Form **706** | Beneficiary: Diana Pontrelli | Date of Death: [redacted] | 2012

Estate of: Jack E Galardi | Social Security Number: [redacted]

| Sch. | Item | Description of Bequest | % | Value |
|---|---|---|---|---|
| | | Cash received | | 100,000 |
| | | TOTAL BENEFITS | | 100,000 |

## Beneficiary Asset Reconciliation

Form 706 | Beneficiary: Daniel Geiger | Date of Death: [redacted] | 2012

Estate of: Jack E Galardi | Social Security Number: [redacted]

| Sch. | Item | Description of Bequest | % | Value |
|---|---|---|---|---|
| | | Cash received | | 200,000 |
| | | TOTAL BENEFITS | | 200,000 |

# Beneficiary Asset Reconciliation

Form 706 | Beneficiary MIchael Porter | 2012
Date of Death [redacted]

Estate of: Jack E Galardi | Social Security Number [redacted]

| Sch. | Item | Description of Bequest | % | Value |
|---|---|---|---|---|
| | | Cash received | | 20,000 |
| | | TOTAL BENEFITS | | 20,000 |

## Beneficiary Asset Reconciliation

Form **706** | Beneficiary: Daniel Purdy | 2012
Date of Death: [redacted]

Estate of: Jack E Galardi | Social Security Number: [redacted]

| Sch. | Item | Description of Bequest | % | Value |
|---|---|---|---|---|
| | | Cash received | | 100,000 |
| | | TOTAL BENEFITS | | 100,000 |

**Beneficiary Asset Reconciliation**

Form **706** | Beneficiary Charles Wright | Date of Death [redacted] | 2012

Estate of:
Jack E Galardi

Social Security Number [redacted]

| Sch. | Item | Description of Bequest | % | Value |
|---|---|---|---|---|
| | | Cash received | | 100,000 |
| | | TOTAL BENEFITS | | 100,000 |

PROTECTIVE ELECTION TO USE ALTERNATIVE VALUATION DATE ATTACHED

Form **706** (Rev. August 2012) Department of the Treasury Internal Revenue Service

# United States Estate (and Generation-Skipping Transfer) Tax Return

▶ Estate of a citizen or resident of the United States (see instructions). To be filed for decedents dying after December 31, 2011, and before January 1, 2013.
▶ Information about Form 706 and its separate instructions is at www.irs.gov/form706.

OMB No 1545-0015

COPY

**Part 1—Decedent and Executor**

1a Decedent's first name and middle initial (and maiden name, if any): Jack E
1b Decedent's last name: Galardi
2 Decedent's SSN: [redacted]
3a County, state, and ZIP or foreign country and postal code, of legal residence (domicile) at time of death: Butts, GA 30216
3b Year domicile established: 2012
4 Date of birth: [redacted]
5 Date of death: [redacted]
6a Name of executor (see instructions): Teri Gale Galardi
6b Executor's address (number and street including apartment or suite no., city, town, or post office; state; country; and ZIP or postal code) and phone no: 2146 Hwy 42, Flovilla GA 30216
Phone no [redacted]
6c Executor's social security number (see instructions): [redacted]
6d If there are multiple executors, check here [ ] and attach a list showing the names, addresses, telephone numbers, and SSNs of the additional executors.
7a Name and location of court where will was probated or estate administered: Butts County, Jackson, GA
7b Case number:
8 If decedent died testate, check here ▶ [X] and attach a certified copy of the will.
9 If you extended the time to file this Form 706, check here ▶ [X]
10 If Schedule R-1 is attached, check here ▶ [ ]
11 If you are estimating the value of assets included in the gross estate on line 1 pursuant to the special rule of Reg. section 20.2010-2T(a)(7)(ii), check here ▶ [ ]

**Part 2—Tax Computation**

| Line | Description | | Amount | | Amount |
|---|---|---|---|---|---|
| 1 | Total gross estate less exclusion (from Part 5—Recapitulation, item 13) | | | 1 | 79,194,770 |
| 2 | Tentative total allowable deductions (from Part 5—Recapitulation, item 24) | | | 2 | 26,900,328 |
| 3a | Tentative taxable estate (subtract line 2 from line 1) | | | 3a | 52,294,442 |
| b | State death tax deduction | | | 3b | |
| c | Taxable estate (subtract line 3b from line 3a) | | | 3c | 52,294,442 |
| 4 | Adjusted taxable gifts (see instructions) | | | 4 | 2,090,145 |
| 5 | Add lines 3c and 4 | | | 5 | 54,384,587 |
| 6 | Tentative tax on the amount on line 5 from Table A in the instructions | | | 6 | 19,015,405 |
| 7 | Total gift tax paid or payable (see instructions) | | | 7 | 655,700 |
| 8 | Gross estate tax (subtract line 7 from line 6) | | | 8 | 18,359,705 |
| 9a | Basic exclusion amount | 9a | 5,120,000 | | |
| 9b | Deceased spousal unused exclusion (DSUE) amount from predeceased spouse(s), if any (from Section D, Part 6-Portability of Deceased Spousal Unused Exclusion) | 9b | | | |
| 9c | Applicable exclusion amount (add lines 9a and 9b) | 9c | 5,120,000 | | |
| 9d | Applicable credit amount (tentative tax on the amount in 9c from Table A in the instructions) | 9d | 1,772,800 | | |
| 10 | Adjustment to applicable credit amount (May not exceed $6,000. See instructions.) | 10 | 0 | | |
| 11 | Allowable applicable credit amount (subtract line 10 from line 9d) | | | 11 | 1,772,800 |
| 12 | Subtract line 11 from line 8 (but do not enter less than zero) | | | 12 | 16,586,905 |
| 13 | Credit for foreign death taxes (from Schedule P). (Attach Form(s) 706-CE.) | 13 | | | |
| 14 | Credit for tax on prior transfers (from Schedule Q) | 14 | | | |
| 15 | Total credits (add lines 13 and 14) | | | 15 | |
| 16 | Net estate tax (subtract line 15 from line 12) | | | 16 | 16,586,905 |
| 17 | Generation-skipping transfer (GST) taxes payable (from Schedule R, Part 2, line 10) | | | 17 | |
| 18 | Total transfer taxes (add lines 16 and 17) | | | 18 | 16,586,905 |
| 19 | Prior payments (explain in an attached statement) | | | 19 | 3,000,000 |
| 20 | Balance due (or overpayment) (subtract line 19 from line 18) | | | 20 | 13,586,905 |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer other than the executor is based on all information of which preparer has any knowledge

**Sign Here**

▶ Signature of executor ▶ Date 03/03/14

▶ Signature of executor ▶ Date

**Paid Preparer Use Only**

Print/Type preparer's name: Daniel Geiger | Preparer's signature: Daniel Geiger | Date | Check [ ] if self-employed | PTIN P01265326

Firm's name ▶ Nyberg & Associates | Firm's EIN ▶ 88-0394581

Firm's address ▶ 2850 S Jones Blvd Ste 2, Las Vegas, NV 89146 | Phone no 702-795-7990

For Privacy Act and Paperwork Reduction Act Notice, see instructions.

ATTACHMENT
IRS Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return
Estate of Jack E. Galardi, [redacted]

Page 2, Part 4 – General Information

Authorization to receive confidential tax information under Reg. section 601.504(b)(2)(i); to act as the estate's representative before the IRS; and to make written or oral presentations on behalf of the estate:

First Representative:

| | |
|---|---|
| Name: | Arthur Korth, Esquire |
| State: | New Jersey |
| Address: | Cooper Levenson, P.A.<br>1125 Atlantic Avenue, 3rd Floor<br>Atlantic City, NJ 08401-4806 |
| CAF Number: | 2605-14435R |
| Telephone Number: | (609) 572-7348 |

I declare that I am one of the attorneys for the executor. I am not under suspension or disbarment from practice before the Internal Revenue Service and am qualified to practice in the state shown above.

ARTHUR KORTH, ESQUIRE

Date: February 27, 2014

Second Representative:

| | |
|---|---|
| Name: | Robert E. Salad, Esquire |
| State: | New Jersey |
| Address: | Cooper Levenson, P.A.<br>1125 Atlantic Avenue, 3rd Floor<br>Atlantic City, NJ 08401-4806 |
| CAF Number: | 2005 15617R |
| Telephone Number: | (609) 572-7777 |

I declare that I am one of the attorneys for the executor. I am not under suspension or disbarment from practice before the Internal Revenue Service and am qualified to practice in the state shown above.

ROBERT E. SALAD, ESQUIRE

Date: February 27, 2014

ATTACHMENT
IRS Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return
Estate of Jack E. Galardi, [redacted]
Date of Death: [redacted]

**PROTECTIVE ELECTION TO USE ALTERNATE DATE VALUATION**

Pursuant to Treas. Reg. § 20.2032-1(b)(2), the executrix hereby makes a protective election to use alternate date valuation of the assets in the Estate of Jack Galardi should it be subsequently determined that a decrease in both the value of the gross estate and the sum (reduced by allowable credits) of the estate tax and the generation-skipping transfer tax liability payable by reason of the decedent's death with respect to the property includable in the decedent's gross estate will result from using alternate date valuation.

Date: ____________________

____________________________________
TERI G. GALARDI, Executrix

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number: [redacted]

## Part 3—Elections by the Executor

Note. For information on electing portability of the decedent's DSUE amount, including how to opt out of the election, see Part 6—Portability of Deceased Spousal Unused Exclusion.

Note. Some of the following elections may require the posting of bonds or liens.

Please check "Yes" or "No" box for each question (see instructions).

| | Question | | Yes | No |
|---|---|---|---|---|
| 1 | Do you elect alternate valuation? | 1 | | X |
| 2 | Do you elect special-use valuation? If "Yes," you must complete and attach Schedule A-1 | 2 | | X |
| 3 | Do you elect to pay the taxes in installments as described in section 6166? If "Yes," you must attach the additional information described in the instructions. **Note. By electing section 6166 installment payments, you may be required to provide security for estate tax deferred under section 6166 and interest in the form of a surety bond or a section 6324A lien.** | 3 | X | |
| 4 | Do you elect to postpone the part of the taxes due to a reversionary or remainder interest as described in section 6163? | 4 | | X |

## Part 4—General Information

Note. Please attach the necessary supplemental documents. You must attach the death certificate. (See instructions)

Authorization to receive confidential tax information under Reg. section 601.504(b)(2)(i); to act as the estate's representative before the IRS; and to make written or oral presentations on behalf of the estate:

| Name of representative (print or type) | State | Address (number, street, and room or suite no., city, state, and ZIP code) |
|---|---|---|
| Schedule Attached | | |

I declare that I am the ☐ attorney/ ☐ certified public accountant/ ☐ enrolled agent (check the applicable box) for the executor. I am not under suspension or disbarment from practice before the Internal Revenue Service and am qualified to practice in the state shown above.

| Signature | CAF number | Date | Telephone number |
|---|---|---|---|
| | | | |

1 Death certificate number and issuing authority (attach a copy of the death certificate to this return).
034259

2 Decedent's business or occupation. If retired, check here ▶ ☐ and state decedent's former business or occupation.
Corporate executive

3a Marital status of the decedent at time of death:
☐ Married ☐ Widow/widower ☐ Single ☐ Legally separated ☒ Divorced

3b For all prior marriages, list the name and SSN of the former spouse, the date the marriage ended, and whether the marriage ended by annulment, divorce, or death. Attach additional statements of the same size if necessary.
Shirley Galardi [redacted] [redacted]
Joyce Wombley

| 4a Surviving spouse's name | 4b Social security number | 4c Amount received (see instructions) |
|---|---|---|
| None | | |

5 Individuals (other than the surviving spouse), trusts, or other estates who receive benefits from the estate (do not include charitable beneficiaries shown in Schedule O) (see instructions).

| Name of individual, trust, or estate receiving $5,000 or more | Identifying number | Relationship to decedent | Amount (see instructions) |
|---|---|---|---|
| See Statement 1 | | | 35,707,538 |
| | | | |
| | | | |
| | | | |
| | | | |
| All unascertainable beneficiaries and those who receive less than $5,000 ▶ | | | |
| Total | | | 35,707,538 |

**If you answer "Yes" to any of the following questions, you must attach additional information as described.**

| | Question | Yes | No |
|---|---|---|---|
| 6 | Is the estate filing a protective claim for refund? If "Yes," complete and attach two copies of Schedule PC for each claim. | | X |
| 7 | Does the gross estate contain any section 2044 property (qualified terminable interest property (QTIP) from a prior gift or estate)? (see instructions) | | X |
| 8a | Have federal gift tax returns ever been filed? If "Yes," attach copies of the returns, if available, and furnish the following information: | X | |
| b | Period(s) covered: See Statement 2 — c Internal Revenue office(s) where filed: | | |
| 9a | Was there any insurance on the decedent's life that is not included on the return as part of the gross estate? | | X |
| b | Did the decedent own any insurance on the life of another that is not included in the gross estate? | | X |

DAA

Form 706 (Rev. 8-2012)

**Estate of:** Jack E Galardi | Decedent's social security number: [redacted]

## Part 4—General Information (continued)

| If you answer "Yes" to any of the following questions, you must attach additional information as described. | Yes | No |
|---|---|---|
| 10 Did the decedent at the time of death own any property as a joint tenant with right of survivorship in which (a) one or more of the other joint tenants was someone other than the decedent's spouse, and (b) less than the full value of the property is included on the return as part of the gross estate? If "Yes," you must complete and attach Schedule E | | X |
| 11a Did the decedent, at the time of death, own any interest in a partnership (for example, a family limited partnership), an unincorporated business, or a limited liability company; or own any stock in an inactive or closely held corporation? | X | |
| b If "Yes," was the value of any interest owned (from above) discounted on this estate tax return? If "Yes," see the instructions on reporting the total accumulated or effective discounts taken on Schedule F or G | | X |
| 12 Did the decedent make any transfer described in sections 2035, 2036, 2037, or 2038? (see instructions) If "Yes," you must complete and attach Schedule G | X | |
| 13a Were there in existence at the time of the decedent's death any trusts created by the decedent during his or her lifetime? | X | |
| b Were there in existence at the time of the decedent's death any trusts not created by the decedent under which the decedent possessed any power, beneficial interest, or trusteeship? | | X |
| c Was the decedent receiving income from a trust created after October 22, 1986, by a parent or grandparent? | | X |
| If "Yes," was there a GST taxable termination (under section 2612) on the death of the decedent? | | X |
| d If there was a GST taxable termination (under section 2612), attach a statement to explain. Provide a copy of the trust or will creating the trust, and give the name, address, and phone number of the current trustee(s). | | |
| e Did the decedent at any time during his or her lifetime transfer or sell an interest in a partnership, limited liability company, or closely held corporation to a trust described in lines 13a or 13b? | | X |
| If "Yes," provide the EIN for this transferred/sold item. ▶ | | |
| 14 Did the decedent ever possess, exercise, or release any general power of appointment? If "Yes," you must complete and attach Schedule H | | X |
| 15 Did the decedent have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account? | | X |
| 16 Was the decedent, immediately before death, receiving an annuity described in the "General" paragraph of the instructions for Schedule I or a private annuity? If "Yes," you must complete and attach Schedule I | | X |
| 17 Was the decedent ever the beneficiary of a trust for which a deduction was claimed by the estate of a predeceased spouse under section 2056(b)(7) and which is not reported on this return? If "Yes," attach an explanation | | X |

## Part 5—Recapitulation.

**Note.** If estimating the value of one or more assets pursuant to the special rule of Reg. section 20.2010-2T(a)(7)(ii), enter on both lines 10 and 23 the amount noted in the instructions for the corresponding range of values. (See instructions for details.)

| Item no. | Gross estate | | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Schedule A—Real Estate | 1 | | 33,709,373 |
| 2 | Schedule B—Stocks and Bonds | 2 | | 33,464,720 |
| 3 | Schedule C—Mortgages, Notes, and Cash | 3 | | 423,499 |
| 4 | Schedule D—Insurance on the Decedent's Life (attach Form(s) 712) | 4 | | 2,000,000 |
| 5 | Schedule E—Jointly Owned Property (attach Form(s) 712 for life insurance) | 5 | | 0 |
| 6 | Schedule F—Other Miscellaneous Property (attach Form(s) 712 for life insurance) | 6 | | 4,637,178 |
| 7 | Schedule G—Transfers During Decedent's Life (att. Form(s) 712 for life insurance) | 7 | | 4,960,000 |
| 8 | Schedule H—Powers of Appointment | 8 | | 0 |
| 9 | Schedule I—Annuities | 9 | | 0 |
| 10 | Estimated value of assets subject to the special rule of Reg. section 20.2010-2T(a)(7)(ii) | 10 | | 0 |
| 11 | Total gross estate (add items 1 through 10) | 11 | | 79,194,770 |
| 12 | Schedule U—Qualified Conservation Easement Exclusion | 12 | | 0 |
| 13 | Total gross estate less exclusion (subtract item 12 from item 11). Enter here and on line 1 of Part 2—Tax Computation | 13 | | 79,194,770 |

| Item no. | Deductions | | Amount |
|---|---|---|---|
| 14 | Schedule J—Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims | 14 | 720,758 |
| 15 | Schedule K—Debts of the Decedent | 15 | 9,518,819 |
| 16 | Schedule K—Mortgages and Liens | 16 | 16,660,751 |
| 17 | Total of items 14 through 16 | 17 | 26,900,328 |
| 18 | Allowable amount of deductions from item 17 (see the instructions for item 18 of the Recapitulation) | 18 | 26,900,328 |
| 19 | Schedule L—Net Losses During Administration | 19 | |
| 20 | Schedule L—Expenses Incurred in Administering Property Not Subject to Claims | 20 | |
| 21 | Schedule M—Bequests, etc., to Surviving Spouse | 21 | |
| 22 | Schedule O—Charitable, Public, and Similar Gifts and Bequests | 22 | |
| 23 | Estimated value of deductible assets subject to the special rule of Reg. section 20.2010-2T(a)(7)(ii) | 23 | 0 |
| 24 | Tentative total allowable deductions (add items 18 through 23). Enter here and on line 2 of the Tax Computation | 24 | 26,900,328 |

Form 706 (Rev. 8-2012)

**Estate of:** Jack E Galardi | **Decedent's social security number** [redacted]

## Part 6—Portability of Deceased Spousal Unused Exclusion (DSUE)

### Portability Election

A decedent with a surviving spouse elects portability of the deceased spousal unused exclusion (DSUE) amount, if any, by completing and timely-filing this return. No further action is required to elect portability of the DSUE amount to allow the surviving spouse to use the decedent's DSUE amount.

### Section A. Opting Out of Portability

The estate of a decedent with a surviving spouse may opt out of electing portability of the DSUE amount. Check here and do not complete Sections B and C of Part 6 only if the estate opts NOT to elect portability of the DSUE amount. ☐

### Section B. QDOT

| | Yes | No |
|---|---|---|
| Are any assets of the estate being transferred to a qualified domestic trust (QDOT)? | | X |

If "Yes," the DSUE amount portable to a surviving spouse (calculated in Section C, below) is preliminary and shall be redetermined at the time of the final distribution or other taxable event imposing estate tax under section 2056A. See instructions for more details.

### Section C. DSUE Amount Portable to the Surviving Spouse (To be completed by the estate of a decedent making a portability election.)

Complete the following calculation to determine the DSUE amount that can be transferred to the surviving spouse.

| | | | |
|---|---|---|---|
| 1 | Enter amount from line 9c, Part 2—Tax Computation | 1 | |
| 2 | Enter amount from line 7, Part 2—Tax Computation | 2 | |
| 3 | Divide amount on line 2 by 35% (0.35). (do not enter less than zero) | 3 | |
| 4 | Add lines 1 and 3 | 4 | |
| 5 | Enter the amount from line 5, Part 2—Tax Computation | 5 | |
| 6 | Subtract line 5 from line 4 (do not enter less than zero) | 6 | |
| 7 | DSUE amount portable to the surviving spouse (Enter the lesser of line 6 or line 9a, Part 2—Tax Computation) | 7 | |

### Section D. DSUE Amount Received from Predeceased Spouse(s) (To be completed by the estate of a deceased surviving spouse with DSUE amount from predeceased spouse(s))

Provide the following information to determine the DSUE amount received from deceased spouses.

| A<br>Name of Deceased Spouse (dates of death after December 31, 2010, only) | B<br>Date of Death (enter as mm/dd/yy) | C<br>Portability Election Made? Yes | No | D<br>If "Yes," DSUE Amount Received from Spouse | E<br>DSUE Amount Applied by Decedent to Lifetime Gifts | F<br>Year of Form 709 Reporting Use of DSUE Amount Listed in col E | G<br>Remaining DSUE Amount, if any (subtract col. E from col. D) |
|---|---|---|---|---|---|---|---|
| **Part 1 — DSUE RECEIVED FROM LAST DECEASED SPOUSE** | | | | | | | |
| | | | | | | | |
| **Part 2 — DSUE RECEIVED FROM OTHER PREDECEASED SPOUSE(S) AND USED BY DECEDENT** | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Total (for all DSUE amounts from predeceased spouse(s) applied) | | | | | | | |

Add the amount from Part 1, column D and the total from Part 2, column E. Enter the result on line 9b, Part 2—Tax Computation ▶

DAA

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A — Real Estate

- For jointly owned property that must be disclosed on Schedule E, see instructions.
- Real estate that is part of a sole proprietorship should be shown on Schedule F.
- Real estate that is included in the gross estate under sections 2035, 2036, 2037, or 2038 should be shown on Schedule G.
- Real estate that is included in the gross estate under section 2041 should be shown on Schedule H.
- If you elect section 2032A valuation, you must complete Schedule A and Schedule A-1.

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010-2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last three columns.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | House and lot-760 Piedmont Avenue, Atlanta, GA and more specifically Dis 14, LI49, Lot 47, Piedmont Avenue. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-1 | | | 728,000 |
| 2 | Vacant land-1730 NW 33rd St., Pompano Beach, FL, and more specifically The Cigna Freshna Plat Two 128-41B Tract "A". Value per appraisal attached as Exhibit A-2. | | | 1,520,000 |
| 3 | House and lot-13922 NW 13th St, Pembroke Pines, FL. and more specifically Lot 25 Block 17 Pembroke Falls Phase #5 164-7B. Value per appraisal attached as Exhibit A-3 | | | 500,000 |
| 4 | Vacant land-20 acres, Moapa Valley, Clark County, NV and more specifically APN 071-18-601-015. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-4. | | | 20,000 |
| 5 | Vacant land-2 parcels, Clark County NV and more specifically 2 acres APN 041-25-301-012 and 1 acre APN 041-25-301-013. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-5 | | | 48,000 |
| 6 | Vacant land-2 gross acres, Clark County, NV and more specifically apn 041-36-201-029. Titled in the name of JEG Family Trust. Value per appraisal attached as | | | 39,000 |
| | Total from continuation schedules or additional statements attached to this schedule | | | 30,854,373 |
| | **TOTAL.** (Also enter on Part 5 — Recapitulation, page 3, at item 1.) | | | 33,709,373 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)

There are 6 continuation schedules attached

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A CONTINUATION SCHEDULE

Continuation Schedule 1 of 6

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | Exhibit A-6. | | | |
| 7 | Land and building-2112 Western Avenue, Las Vegas, NV and more specifically APN 162-04-302-006, 162-04-302-007, 162-04-403-001. Titled in the name of New International Properties, LLC. Value per appraisal attached as Exhibit A-7. | | | 2,260,000 |
| 8 | Land and building-2111 and 2121 Highland Avenue, Las Vegas, NV and more specifically APR 1652-04-403-002 and 162-04-403-003. Titled in the name of New International Properties, LLC. Value per appraisal attached as Exhibit A-8. | | | 380,000 |
| 9 | Vacant land-6.45 acres, Naples FL, and more specifically Royal Palm Golf Estates Replat #3 Tract B. Titled in the name of Jack E Galardi LLC. Value per appraisal attached as Exhibit A-9. | | | 84,000 |
| 10 | House and lot, 3445 Shoreland Dr., Buford GA, and more specifically LI167, 8th District, Lots 1-2, Block C, H E Compton, Hall County. Value per appraisal attached as Exhibit A-10. | | | 629,000 |
| 11 | House and lot, 18511 Royal Hammock Blvd.,Naples FL and more specifically Royal Palm Golf Estates Unit #1 Blk A Lot 66. Value per appraisal attached as Exhibit A-11 | | | 230,000 |
| 12 | 2 Unit Condominium warehouse/retail building located at7951 and 7971NW 33rd St., Doral, FL 33122 and more specifically Airport Ind Center Condo Whse Unit 1-B | | | 755,000 |
| | TOTAL. (Carry forward to main schedule.) | | | 4,338,000 |

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A CONTINUATION SCHEDULE

Continuation Schedule 2 of 6

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | and 9-B-1 undivided 5% and 2.75% interest in common elements off rec Rec-11292-2134. Value per appraisal attached as Exhibit A-12 | | | |
| 13 | Vacant land-Lot 58 on S/S Lake Hammond Dr, Naples FL and more specifically Royal Palm Golf Estates Replat #3 Lot 58. Titled in the name of Jack Galardi LLC. Value per appraisal attached as Exhibit A-13 | | | 21,000 |
| 14 | Vacant land-1.47 acre residential lot-747-751 Scott Road, Forest Park, GA, and more specifically City of Forest Park Parcel ID# 13015D A012. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-14. | | | 30,000 |
| 15 | Vacant land-.341 acres-775 Conley Rd. SE, Atlanta, GA and more specifically City of Atlanta, Parcel ID# 14-0032-LL-080-6 and City of Forest Park Parcel ID# 13015B B002A. Titled in the name of Walleye LLC. Value perappraisal attached as Exhibit A-15. | | | 135,000 |
| 16 | Vacant land-.812 acres-3700 Jonesboro Rd SE, Atlanta GA and more specifically City of Atlanta Tax ID# 14 0032 LL0715 Titled in the name of JEG Family Trust.Value per appraisal attached as Exhibit A-16 | | | 530,000 |
| 17 | Vacant lot-1xx 15th St., Marathon, FL, and more specifically Parrish sub Marathon sub PB 2--18 S"ly lots 1 & 2 blk 2. Value per appraisal attached as Exhibit A-17. | | | 43,000 |
| 18 | Land and building,-1704 Hudson | | | 245,000 |
| | TOTAL. (Carry forward to main schedule.) | | | 1,004,000 |

Schedule A Continuation

DAA

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A CONTINUATION SCHEDULE

Continuation Schedule 3 of 6

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | Bridge Rd., Stockbridge, GA and more specifically parcel ID 032-01012007. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-18 | | | |
| 19 | Land and building-3920 Jonesboro Road, Forest Park, GA and more specifically Clayton County parcel ID# 13015B B002. Titled in the name of Walleye LLC. Value per appraisal attached as Exhibit A-19 | | | 650,000 |
| 20 | Vacant land-425 Industrial Boulevard, McDonough, GA and more specifically Henry County, City of McDonough, Parcel ID# 093-01018005. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-20 | | | 440,000 |
| 21 | Land and buildings including personal property located at 18100 Royal Tree Parkway, Naples FL and more specifically APN 71370080006. Titled in the name of Jack E Galardi, LLC. Value per appraisal attached as Exhibit A-21 | | | 3,240,000 |
| 22 | Land and building-1901 Mr. Joe White Avenue, Myrtle Beach SC and more specificall APN 18100-01-031. Value per appraisal attached as Exhibit A-22 | | | 3,475,000 |
| 23 | Vacant land-Mokelumne Hill, Calaveral County, CA and more specifically APN 020-001-091. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit-A23 | | | 67,500 |
| 24 | House and lot-201 Navarro Isle A.K.A Gordon Rd., Ft. Lauderdale, FL, and more | | | 4,200,000 |
| | TOTAL. (Carry forward to main schedule.) | | | 12,072,500 |

Schedule A Continuation

DAA

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A CONTINUATION SCHEDULE

Continuation Schedule 4 of 6

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | specifically Lot 7,8 Navarro Isle 15-40B. Property is titled in the name of JEG LV Qualified Personal Residence Trust per appraisal, but was deeded to JEG Family Trust On July 20, 2012. Value per appraisal attached as Exhibit A-24 . | | | |
| 25 | Land and building-29 NE 11th St., 1135 North Miami Avenue and adjacent vacant land, all located in Miami FL. This real estate is a part of a sale, agreed to prior to December 1, 2012 and consumated December 18, 2012. Titled in the name of Fino Property & Management Consulting LLC. Value per closing statement attached as Exhibit A-25 | | | 4,500,000 |
| 26 | Land and building-973 Marietta Street, Atlanta GA. This property is a part of a sale, agreed to prior to December 1, 2012 and consumated September 18, 2013. Value per closing statement attached as Exhibit A-26 | | | 750,000 |
| 27 | Land and building-4766 Frontage Road, Forest Park, GA and more specifically APN 13044C A002. Titled in the name of JGP&P LLC. Value per appraisal attached as Exhibit A-27. | | | 450,000 |
| 28 | Vacant land-2.718 acres 10710 Walker Road, Thonotosassa, Hillsborough County, FL and more specifically, Parcel ID #U182820ZZZ000002096900 or Folio Number 061121-000. Value per appraisal attached as Exhibit A-28. | | | 275,000 |
| | TOTAL. (Carry forward to main schedule.) | | | 5,975,000 |

DAA

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A CONTINUATION SCHEDULE

Continuation Schedule 5 of 6

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 29 | Land and Building-1837 Corporate Boulevard, Atlant GA. and more specifically APN 18-156-01-003. Titled in the name of JEG Family Trust. Value per appraisal attached as Exhibit A-29 | | | 2,491,946 |
| 30 | Land-6220 E. Adamo Dr., Tampa FL and more specifically APN 81-96 -15-000-0. Titled in the name of Galardi Rentals LLC. Appraisal forthcoming. | | | 5,000 |
| 31 | Land and building-2608 Metropolitan Parkway, Atlanta, GA and more specifically Fulton County parcel ID's 14-0092-0003-053-6 and 14-0092-003-056-9. Titled in the name of Trinidad Creations,LLC. Value per appraisal attached as Exhibit A-31 | | | 1,600,000 |
| 32 | Land and buildings-826 Knox Chapel Rd.,Social Circle, Butts County, GA.and more specifically #C170-000000-0118-000. Titled in the name of Geno G's LLC, Value per appraisal attached as Exhibit A-32 | | | 448,000 |
| 33 | Land and building-4730 Frontage Road, Forest Park, GA and more specifically APN 13044C A002. Titled in the name of JGP&P LLC. Appraisal forthcoming. | | | 1,414,000 |
| 34 | Land and building-211 New Goff Mountain Rd., Cross Lanes WV 25313 and more specifically Part Parcel A-10 91/100 Rocky Fork Relocated State Route 622 and B-10 Containing 36/1000 SW Cross Lanes Exit 64, Union District, Deed Book 2524, Page 366. Value per appraisal attached as Exhibit A-34 | | | 650,000 |
| | TOTAL. (Carry forward to main schedule.) | | | 6,608,946 |

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE A CONTINUATION SCHEDULE

Continuation Schedule 6 of 6

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 35 | Vacant land 1477 Overseas Hwy., Marathon, FL. and more specifically Parrish Sub Marathon PB 2-18N 15" Lot 1 & 2 Blk 2. Value per appraisal attached as Exhibit A-16 | | | 225,000 |
| 36 | Vacant lot 1xx 15 Street (interior lot) and more specifically Parrish Sub Marathon PB 2-18 NLT 50' of the S'ly 115' Lots 1 & 2 Blk 2 | | | 41,000 |
| 37 | Condominium-354 Mcgill Pl, NE, Atlanta, GA 30312 and more specifically District 14 LL 47, Unit 354, Mcgill Place. Value per appraisal attached sa Exhibit A-30 | | | 85,000 |
| 38 | Vacant land, North Park Court, Stockbridge, GA. | | | 504,927 |
| | TOTAL. (Carry forward to main schedule.) | | | 855,927 |

Schedule A Continuation

DAA

Form 706 (Rev. 8-2012)

**Estate of:** Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE B — Stocks and Bonds

(For jointly owned property that must be disclosed on Schedule E, see instructions.)

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010-2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last four columns.

| Item number | Description, including face amount of bonds or number of shares and par value for identification. Give CUSIP number. If trust, partnership, or closely held entity, give EIN. | CUSIP number or EIN, where applicable | Unit value | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|---|
| 1 | 100% ownership - Trop, Inc., 2555 Chantilly Drive, Atlanta GA 30324. Value per appraisal attached as Exhibit B-1 | | | | | 6,299,800 |
| 2 | 100% ownership - Turntable Entertainment & Production Company, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Value per appraisal attached as Exhibit B-2 | | | | | 7,476,000 |
| 3 | 100% ownership - Country Club, Inc. 2555 Chantilly Drive, Atlanta, GA 30324 (a Georgia corporation). Value per appraisal attched as Exhibity B-3 | | | | | 1,453,600 |
| 4 | 100% ownership - Ponytail, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Value per appraisal attached as Exhibit B-4 | | | | | 4,086,900 |
| 5 | 100% ownership - Lafuente, Inc. 713 E Ogden St., Las Vegas, NV 89101. Value per appraisal attached as Exhibit B-5 | | | | | 1,848,300 |
| 6 | 100% ownership - Fly Low, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Value per appraisal attached as Exhibit B-6 | | | | | 1,892,500 |
| 7 | 100% ownership - Bella Mia, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Value per appraisal attached as Exhibit B-7 | | | | | 865,700 |
| 8 | 50% ownership - MBJG Inc. 2555 Chantilly Drive, Atlanta, GA. Value estimated.Value per appraisal attached as Exhibit B-8 | | | | | 1,853,000 |
| | Total from continuation schedules (or additional statements) attached to this schedule | | | | | 7,688,920 |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 2.) | | | | | 33,464,720 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)



DAA There are 2 continuation schedules attached

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE B CONTINUATION SCHEDULE

Continuation Schedule 1 of 2

| Item number | Description, including face amount of bonds or number of shares and par value for identification. Give CUSIP number. If trust, partnership, or closely held entity, give EIN. | CUSIP number or EIN, where applicable | Unit value | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|---|
| 9 | 100% ownership - Galardi Eagle Lakes LLC 2555 Chantilly Drive, Atlanta, GA 30324. Value per appraisal attached as Exhibit B-9 | | | | | 2,070,000 |
| 10 | 100% ownership - Country Club, Inc. 2555 Chantilly Drive, Atlanta GA 30324 (a South Carolina corporation). Value per appraisal attached as Exhibit B-10 | | | | | 2,451,600 |
| 11 | 100% ownership - LVA Management, Inc. 713 E. Ogden Street, Las Vegas, NV 89101. Value per appraisal attached as Exhibit B-11. | | | | | 1,832,100 |
| 12 | 100% ownership - Three Women, Inc., 2555 Chantilly Drive.tlanta, GA 30324. Value per appraisal attached as Exhibit B-12. | | | | | 1,207,000 |
| 13 | 100% ownership - Candy Pink, Inc. 713 E. Ogden St., Las Vegas, NV 89101. Value estimated. Appraisal forthcoming. | | | | | 10,000 |
| 14 | 100% ownership - E & J Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Value estimated. Appraisal forthcoming. | | | | | 25,000 |
| 15 | 100% ownership - The Riviera Entertainment Group, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Value estimated, Appraisal forthcoming. | | | | | 10,000 |
| 16 | 100% ownership - GFT Management and Consulting, Inc., 2555 Chantilly Drive, Atlanta GA 30324. Value estimated. Appraisal forthcoming. | | | | | 10,000 |
| | TOTAL. (Carry forward to main schedule.) | | | | | 7,615,700 |

GALAAMENDED 11/10/2014 10:40 AM

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE B CONTINUATION SCHEDULE

Continuation Schedule 2 of 2

| Item number | Description, including face amount of bonds or number of shares and par value for identification. Give CUSIP number. If trust, partnership, or closely held entity, give EIN. | CUSIP number or EIN, where applicable | Unit value | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|---|
| 17 | 100% ownership - Extreme Tours, Inc. d/b/a Rebel Adventure Tours - 713 E. Ogden Street, Las Vegas, NV 89101. Value estimated, Appraisal forthcoming. | | | | | 10,000 |
| 18 | 100% ownership - WV Country Club, Inc., 2555 Chantilly Drive, Atlanta GA. 30324. Value estimated. Appraisal forthcoming. | | | | | 1,000 |
| 18 | 100% ownership - GFT Management & Consulting, Inc. 2555 Chantilly Drive, Atlanta, GA 30324. Value estimated. Appraisal forthcoming. | | | | | 10,000 |
| 19 | 50% ownership - Jacmak LLC Value estimated. Appraisal forthcoming. | | | | | 1,000 |
| 20 | 100% Ownership - Mia Luna, Inc. 2555 Chantilly Drive, Atlanta, Ga 30324. Value estimated. Appraisal forthcoming. | | | | | 1,000 |
| 21 | 18,000 shares - Sirius XM Radio Inc. common. CUSIP 98375YAU0 | | | | | 50,220 |

TOTAL. (Carry forward to main schedule.) ........ 73,220

DAA

GALAAMENDED 11/10/2014 10:40 AM

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE C—Mortgages, Notes, and Cash

(For jointly owned property that must be disclosed on Schedule E, see instructions.)

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010–2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last three columns.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Cash on hand | | | 20,000 |
| 2 | Nevada State Bank-230 Las Vegas Blvd South, Las Vegas, NV checking account | | | 1,136 |
| 3 | Bank of North Las Vegas - 6385 Simmons St., North Las Vegas, NV checking account. | | | 351 |
| 4 | Wells Fargo Bank - 1700 East Charleston Ave., Las Vegas, NV | | | 1,041 |
| 5 | Note receivable-James I Dent and Willye Dent, 17817 Simms Road, Odessa Fl, 33556, The note is dated September 16, 2011, payable monthly, interest only, with interest computed at 5.25% per annum. The note matures September 14, 2018 and is secured by real estate located in Hillsborough County, FL. | | | 400,000 |
| 6 | Accrued interest on Note receivable from James I Dent and Willye M Dent. $400,000 @5.25% per annum from November 15, 2012 to December 1, 2012, or 17 days. | | | 971 |
| | Total from continuation schedules (or additional statements) attached to this schedule | | | |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 3.) | | | 423,499 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)

DAA There are no continuation schedules attached

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE D — Insurance on the Decedent's Life

You must list all policies on the life of the decedent and attach a Form 712 for each policy.

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010-2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last three columns.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Universal Life Insurance Policy Pacific Life Insurance Company, P O Box 2030, Omaha, NV 89103-2030, Policy # VF50001050. | | | 2,000,000 |
| | Total from continuation schedules (or additional statements) attached to this schedule | | | |
| | TOTAL. (Also enter on Part 5 — Recapitulation, page 3, at item 4.) | | | 2,000,000 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)

DAA There are no continuation schedules attached

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

# SCHEDULE F—Other Miscellaneous Property Not Reportable Under Any Other Schedule

(For jointly owned property that must be disclosed on Schedule E, see instructions.)

(If you elect section 2032A valuation, you must complete Schedule F and Schedule A-1.)

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010-2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last three columns.

| | | Yes | No |
|---|---|---|---|
| 1 | Did the decedent own any works of art, items, or any collections whose artistic or collectible value at date of death exceeded $3,000? If "Yes," submit full details on this schedule and attach appraisals. | | X |
| 2 | Has the decedent's estate, spouse, or any other person received (or will receive) any bonus or award as a result of the decedent's employment or death? If "Yes," submit full details on this schedule. | | X |
| 3 | Did the decedent at the time of death have, or have access to, a safe deposit box? If "Yes," state location, and if held jointly by decedent and another, state name and relationship of joint depositor. If any of the contents of the safe deposit box are omitted from the schedules in this return, explain fully why omitted. | | X |

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | CUSIP number or EIN, where applicable | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|
| 1 | 31 Work and collectible vehicles known as the Circle G Ranch Automobile Collection. Value per appraisal attached as Exhibit F-1 | | | | 1,031,455 |
| 2 | Contents, 2200 Waldman Avenue, Las Vegas, NV. Value per appraisal attached as Exhibit F-2 | | | | 85,047 |
| 3 | Contents, 4205 Gordon Avenue, Ft. Lauderdale, FL. Appraisal forthcoming. | | | | 75,000 |
| 4 | Contents, 760 Piedmont Avenue, Atlanta, GA. Appraisal forthcoming. | | | | 75,000 |
| 5 | Cash bond established on appeal of judgement in the Nevada Supreme Court. On May 13, 2013 | | | | 2,227,626 |
| 6 | Accrued interest on cash bond - Item F5 from April 21,2011 through December 1, 2012 | | | | 188,350 |
| 7 | Gun Collection, Jewelry and other personal items - appraisals forthcoming. | | | | 120,000 |
| | Total from continuation schedules (or additional statements) attached to this schedule | | | | 834,700 |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 6.) | | | | 4,637,178 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)

DAA There is 1 continuation schedule attached

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

# SCHEDULE F CONTINUATION SCHEDULE

Continuation Schedule 1 of 1

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | CUSIP number or EIN, where applicable | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|
| 8 | 1.1192569% interest in Dominium Elwood Villas, L.P. - 2905 Northwest Blvd., ste 150, Plymouth MN. Estimated value. | | | | |
| 9 | 2007 Gift tax paid for which credit is being allowed. See Schedule G. | | | | 655,700 |
| 10 | 100% ownership in Hazeleyes LLC - (a disregarded entity) value estimated, appraisal forthcoming. | | | | 5,000 |
| 11 | 100% ownership - New International Properties, LLC., 713 East Ogden St., Las vegas, NV. The only asset is real estate subject to a mortgage. Value of the real estate is reflected on Schedule A7 and A8. Liabilty is reflected on Schedule G2. | | | | |
| 12 | 100% ownership - Jack E Galardi, LLC., 2555 Chantilly Drive, Atlanta, GA. The only assets are real estate subject to mortgages. Values of the real estate are reflected on Schedule A9, A11, A12, and A21. Mortgages are reflected on Schedule K9 and K10 | | | | |
| 13 | 100% ownership - Walleye, LLC, 2555 Chantilly Drive, Atlanta, GA 30324. The only asset is real estate subject to a mortgage. The value of the real estate is reflected on Schedule A31, The mortgage is reflected on Schedule K | | | | |
| 14 | 50% ownership in JG Holdings, LLC. The only asset held is real estate. Appraisal forthcoming. | | | | 174,000 |
| | TOTAL. (Carry forward to main schedule.) | | | | 834,700 |

GALAAMENDED 11/10/2014 10:40 AM
Form 706 (Rev. 8-2012)

Estate of: | Decedent's social security number [redacted]

## SCHEDULE G—Transfers During Decedent's Life

(If you elect section 2032A valuation, you must complete Schedule G and Schedule A-1.)

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010-2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last three columns.

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| A. | Gift tax paid or payable by the decedent or the estate for all gifts made by the decedent or his or her spouse within 3 years before the decedent's death (section 2035(b)) | X X X X X | | |
| B. | Transfers includible under sections 2035(a), 2036, 2037, or 2038: | | | |
| 1 | House and lot-1245 Rancho Dr, Las Vegas, NV, and more specifically Parcel map, pg 28 & part NW4 sec 04 21 61. Property is titled in the name of Jeg LV Qual Personal Res Trust. Value per appraisal attached as Exhibit G2-1 | | | 2,000,000 |
| 2 | House and lot-2211 Edgewood Ave, Las Vegas, NV more specificall Parcel map File 31, page 28, Lot 1. Value per appraisal attached as Exhibit G2-2 | | | 330,000 |
| 3 | Vacant land-Hwy 42 South, Flovilla GA and more | | | 101,000 |
| | There is 1 continuation schedule attached | | | |
| | Total from continuation schedules (or additional statements) attached to this schedule | | | 2,529,000 |
| | **TOTAL.** (Also enter on Part 5—Recapitulation, page 3, at item 7.) | | | 4,960,000 |

## SCHEDULE H—Powers of Appointment

(Include "5 and 5 lapsing" powers (section 2041(b)(2)) held by the decedent.)
(If you elect section 2032A valuation, you must complete Schedule H and Schedule A-1.)

**Note.** If the value of the gross estate, together with the amount of adjusted taxable gifts, is less than the basic exclusion amount and the Form 706 is being filed solely to elect portability of the DSUE amount, consideration should be given as to whether you are required to report the value of assets eligible for the marital or charitable deduction on this schedule. See the instructions and Reg. section 20.2010-2T (a)(7)(ii) for more information. If you are not required to report the value of an asset, identify the property but make no entries in the last three columns.

| Item number | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | | | | |
| | There are no continuation schedules attached | | | |
| | Total from continuation schedules (or additional statements) attached to this schedule | | | |
| | **TOTAL.** (Also enter on Part 5—Recapitulation, page 3, at item 8.) | | | 0 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE G CONTINUATION SCHEDULE

Continuation Schedule 1 of 1

| Item number | Description. For securities, give CUSIP number. If trust, partnership, or closely held entity, give EIN | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | specifically LL33,34 of the 4th LD, cont. 51.71 acres, See Deed Book 638-160. Deeded to JEG FL Qualified Personal Residence Trust, shown on apprasal as owned by Circle G Holdings, LLC. Value per appraisal attached as Exhibit G2-3 | | | |
| 4 | Vacant land-Hwy 42 South, Flovilla GA and more specifically LL33,34 of the 4th LD, cont. 30 acres. See Deed Book 434-524. Deeded to JEG FL Qualified Personal Residence Trust. Shown on appraisal as owned by Circle G Holdings, LLC, Value oer appraisal attached as Exhibit G2-4 | | | 79,000 |
| 5 | House and lot-Highway 42 S, Flovilla, GA and more specifically LL33,34,35,56,63,64 of the 4th LD, cont. 109.364 acres, Tract A & D. See Deed Book 638-160. Deeded to JEG FL Qualified Personal Residence Trust, shown on appraisal as titled in the name of Circle G Holdings. | | | 2,450,000 |
| | TOTAL. (Carry forward to main schedule.) | | | 2,529,000 |

DAA

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi | Decedent's social security number [redacted]

## SCHEDULE J — Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims

▶ Use Schedule PC to make a protective claim for refund due to an expense not currently deductible. For such a claim, report the expense on Schedule J but without a value in the last column.

**Note.** Do not list expenses of administering property not subject to claims on this schedule. To report those expenses, see instructions.

If executors' commissions, attorney fees, etc., are claimed and allowed as a deduction for estate tax purposes, they are not allowable as a deduction in computing the taxable income of the estate for federal income tax purposes. They are allowable as an income tax deduction on Form 1041, U.S. Income Tax Return for Estates and Trusts, if a waiver is filed to forgo the deduction on Form 706 (see Instructions for Form 1041).

| | Yes | No |
|---|---|---|
| Are you aware of any actual or potential reimbursement to the estate for any expense claimed as a deduction on this schedule? | | X |

If "Yes," attach a statement describing the expense(s) subject to potential reimbursement. (see instructions)

| Item number | Description | Expense amount | Total amount |
|---|---|---|---|
| | A. Funeral expenses: | | |
| 1 | West Memorials<br>2481 Brood Ave., Memphis, TN 38112 | 509,013 | |
| | Horticulture Consultation and Desig | 78,725 | |
| | Total funeral expenses ▶ | | 587,738 |
| | B. Administration expenses: | | |
| | 1 Executors' commissions — (Strike out the words that do not apply.) | | 0 |
| | 2 Attorney fees — (Strike out the words that do not apply.)<br>Paid | | 10,435 |
| | 3 Accountant fees — (Strike out the words that do not apply.)<br>Amount estimated, Paid | | 60,725 |
| | 4 Miscellaneous expenses: | Expense amount | |
| | Wrights Appraisals. 211 Theall St.<br>Sonora CA. - Real Estate appraisal. | 750 | |
| | Auto Appraisal Network, Inc.<br>19 Spectrum Pointe Dr. #605<br>Lake Forest, CA 92630 - Vehicle appraisals | 3,100 | |
| | Oracle Real Estate Services, Inc.<br>3544 Haberdham St., Tucker, GA<br>30084 - Real estate appraisals | 14,050 | |
| | David Arenaz CAGA<br>International Estate Auctions<br>900 Las Vegas Blvd S., Las Vegas<br>NV 89101. Personal property appraisal | 760 | |
| | Landauer Valuation & Advisory<br>1551 N Tustin Ave., Santa Ana, CA<br>- Real estate appraisals | 20,500 | |
| | Pritchett, Ball & Wise, Inc.<br>2295 Parklake Dr,Atlanta GA<br>30345 - Real estate appraisals | 3,000 | |
| | Casey Dean Eisnor | | |
| | Total miscellaneous expenses from continuation schedules (or additional statements) attached to this schedule | 19,700 | |
| | Total miscellaneous expenses ▶ | | 61,860 |
| | TOTAL. (Also enter on Part 5—Recapitulation, page 3, at item 14.) ▶ | | 720,758 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)



DAA There is 1 continuation schedule attached

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE J CONTINUATION SCHEDULE

Continuation Schedule 1 of 1

| | Description of Miscellaneous expense | Expense amount |
|---|---|---|
| | 34 Mutiny Place, Key Largo, FL 33037 - Real estate appraisal | 800 |
| | Dover Realty 464 W 3rd St. Jackson, GA 30233 Real estate appraisals | 5,100 |
| | Bloom Sugarman Everett LLP 977 Ponce De Leon Ave., Atlanta, GA-Real estate appraisal | 12,000 |
| | Balsiero & Associates Inc P O Box 10725 Tampa, FL 33624 Real Estate appraisal | 1,800 |

TOTAL. (Carry forward to main schedule.) 19,700

Form 706 (Rev. 8-2012)

Estate of: | Decedent's social security number [redacted]

## SCHEDULE K — Debts of the Decedent, and Mortgages and Liens

▶ Use Schedule PC to make a protective claim for refund due to a claim not currently deductible. For such a claim, report the expense on Schedule K but without a value in the last column.

| | Yes | No |
|---|---|---|
| Are you aware of any actual or potential reimbursement to the estate for any debt of the decedent, mortgage, or lien claimed as a deduction on this schedule? | | X |
| If "Yes," attach a statement describing the items subject to potential reimbursement. (see instructions) | | |
| Are any of the items on this schedule deductible under Reg. section 20.2053-4(b) and Reg. section 20.2053-4(c)? | | X |
| If "Yes," attach a statement indicating the applicable provision and documenting the value of the claim. | | |

| Item number | Debts of the Decedent — Creditor and nature of debt, and allowable death taxes | Amount |
|---|---|---|
| 1 | United States Treasury - 2012 income tax liability-estimated | 2,000,000 |
| 2 | United States Treasury-2011 amended Federal Income Tax Return | 508,692 |
| 3 | Accrued interest and penalty on 2011 amended Federal Income Tax return | 12,041 |
| 4 | United States Treasury- 2010 amended Federal income Tax return | 407,468 |
| 5 | Accrued interest and penalty on 2010 amended Federal Inome Tax return - estimated | 60,000 |
| 6 | State of Georgia-2012 State Income Tax return - estimated | 120,000 |
| 7 | TEPC loan re: Florida Department of Taxation lein against item A25 | 59,743 |
| 8 | Property taxes due on item A25 | 57,812 |
| | There is 1 continuation schedule attached | |
| | Total from continuation schedules (or additional statements) attached to this schedule | 6,293,063 |
| | TOTAL. (Also enter on Part 5 — Recapitulation, page 3, at item 15.) | 9,518,819 |

| Item number | Mortgages and Liens — Description | Amount |
|---|---|---|
| 1 | CITI Mortgage - Original loan was $1,805,000. Interest is computed at 5.3% per annum. Secured by item G2-1 | 1,330,451 |
| 2 | Sitis Companies - Original loan was $1,200,000. Interest is 8.5% per annum Secured by item A7 | 796,148 |
| 3 | United Western Mortgage - Original loan was $2,000,000. Interest is 8.3% per annum. Secured by item A-24 | 561,093 |
| 4 | Wachovia Bank - Original loan was $980,000. Interest is 7.5% per annum. Secured by item G5. | 570,973 |
| 5 | Hamilton State Bank - Original loan was $500,000. Interest is 5.5% per annum. Secured by item A18. | 397,582 |
| 6 | H Earl and Phyllis J Burchett - Original loan was $400,000. Interest is 8% per annum. Secured by item | |
| | There is 1 continuation schedule attached | |
| | Total from continuation schedules (or additional statements) attached to this schedule | 13,004,504 |
| | TOTAL. (Also enter on Part 5 — Recapitulation, page 3, at item 16.) | 16,660,751 |

(If more space is needed, attach the continuation schedule from the end of this package or additional statements of the same size.)

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

# SCHEDULE K CONTINUATION SCHEDULE - DEBTS

Continuation Schedule 1 of 1

| Item number | Debts of the Decedent — Creditor and nature of debt, and allowable death taxes | Amount |
|---|---|---|
| 9 | Judgement payable to Naples Polaris LLC under appeal as of December 1, 2012. Posted cash bond is shown at item F5. | 2,227,626 |
| 10 | Accrued interest on judgment from April 21, 2011 through December 1, 2012 | 188,401 |
| 11 | Judgement payable to Abramovitz Investment Properties LLC under appeal in the Superior Court of the State of Arizona in and for County of Maricopa as of date of decedents death. Judgement attached as Exhibit K-1. | 2,924,800 |
| 12 | Accrued interest on Abramowitz Investments Properties LLC judgement pending appeal. 312 days at 4.25% per annum. | 105,964 |
| 13 | Judgement payable to Marchiol Family Limited Partnership under appeal in the Superior Court of State of Arizona in and for the County of Maricopa as of date of decedents death. Judgement attached as as Exhibit K-1. | 518,837 |
| 14 | Accrued interest on Marichol Family Partnership judgement pending appeal. 312 days at 4.25% per annum. | 18,797 |
| 15 | Loan payable MBJG, Inc. The debt was incurred in 2010 and is non-interest bearing. | 308,638 |
| | TOTAL. (Carry forward to main schedule) | 6,293,063 |

Schedule K Continuation Debt

DAA

Form 706 (Rev. 8-2012)

Estate of: Jack E Galardi

Decedent's social security number [redacted]

## SCHEDULE K CONTINUATION SCHEDULE - MORTGAGES AND LIENS

Continuation Schedule 1 of 1

| Item number | Mortgages and Liens — Description | Amount |
|---|---|---|
| | A32 | 38,657 |
| 7 | James E Hammock - Original loan was $400,000. Interest is 6% per annum. Secured by item A27. | 337,583 |
| 8 | Chase Mortgage - Original loan was $$440,000. Interest is 6.7% per annum. Secured by item A10. | 391,549 |
| 9 | TransCapital Bank - Original loan was $2,600,000. Interest is 8.5% per annum. Secured by item A21. | 2,450,381 |
| 10 | TransCapital Bank - Original loan was $1,200,000. Interest is at 6% per annum Secured by item A21 | 1,142,413 |
| 11 | InterAmerican Bank - Original loan was $2,000,000. Interest is 9.2% per annum. Secured by item A25 | 1,362,863 |
| 12 | TransCapital Bank - Original loan was $4,000,000. Interest is 7.5% per annum. Secured by item A24 | 3,411,325 |
| 13 | Business First Bank- Original loan was $1,500,000. Interest is 8.75% per annum. Secured by item A33 | 1,607,829 |
| 14 | Tumlin Enterprises-Original loan was $1,900,000. Interest is at 7% per annum. Secured by item A31 | 993,045 |
| 15 | Key Bank R E Capital-Original loan was $1,500,000. Interest is computed at 7% per annum. Secured by item A22 | 576,029 |
| 16 | Wells Fargo Bank-Original loan was $736,250. Interest is computed at 6.875% per annum. Secured by item A3 | 692,830 |

TOTAL. (Carry forward to main schedule) . . . . . . . . . . 13,004,504

| Form 706 | Election to Pay Estate Tax Related to Closely Held Business in Installments<br>Date of Death [redacted] | 2012 |
|---|---|---|

Estate of: **Jack E Galardi** — Social Security Number [redacted]

In accordance with IRC Section 6166(d) and Regulation 20.6166-1(b), the estate provides the following information with respect to its Section 6166 election:

Amount of tax being paid in installments $ 15,085,673

The first installment will be paid on 09/01/18

Tax will be paid in a total of 10 annual installments (including the first installment)

The property shown on the estate tax return that constitutes the closely held business interest is as follows:

| Estate Return Schedule | Item No. | Amount |
|---|---|---|
| See Statement 3 | | |

The estate tax value of the property(ies) listed above totals: $ 44,686,246

This amount exceeds 35% of the value of the adjusted gross estate.

# Federal Statements

## Statement 1 - Form 706, Part 4, Line 5 - Beneficiaries Receiving $5,000 or More

| Name | TIN | Relationship to Decedent | Amount |
|---|---|---|---|
| Teri Gale Galardi | [redacted] | [redacted] | $ 25,891,903 |
| Jack Galardi Jr. | | | 8,630,635 |
| Kathy Holder | | | 300,000 |
| Emelita Sy | | | 200,000 |
| Maricar Martinez | | | 100,000 |
| Jeffrey Stromatt | | | 65,000 |
| Diana Pontrelli | | | 100,000 |
| Daniel Geiger | | | 200,000 |
| MIchael Porter | | | 20,000 |
| Daniel Purdy | | | 100,000 |
| Charles Wright | | | 100,000 |
| Total | | | $ 35,707,538 |

## Statement 2 - Form 706, Part 4, Line 8b and 8c - Federal Gift Tax Return Information

| Period(s) Covered | IRS Office(s) Where Filed |
|---|---|
| 2007 | Cincinnati, OH 45999 |
| 2012 | Cincinnati, OH 45999 |

## Statement 3 - Property which Comprises Closely Held Business Interest

| Schedule | Item No. | Amount |
|---|---|---|
| A | 7 | $ 2,260,000 |
| A | 8 | 380,000 |
| A | 19 | 650,000 |
| A | 21 | 3,240,000 |
| A | 22 | 3,475,000 |
| A | 27 | 450,000 |
| A | 29 | 2,491,946 |
| A | 31 | 1,600,000 |
| A | 33 | 1,414,000 |
| B | 1 | 6,299,800 |
| B | 2 | 7,476,000 |
| B | 3 | 1,453,600 |
| B | 4 | 4,086,900 |
| B | 5 | 1,848,300 |
| B | 9 | 2,070,000 |
| B | 10 | 2,451,600 |
| B | 11 | 1,832,100 |
| B | 12 | 1,207,000 |
| Total | | $ 44,686,246 |

# EXHIBIT 4

EXHIBIT 4

Electronically Filed
9/19/2018 9:23 AM
Steven D. Grierson
CLERK OF THE COURT

PET

SHIRLEY A. DERKE, ESQ.
Nevada Bar No. 2686
627 S. Seventh St.
Las Vegas, NV 89101
702-386-6800
shirley@Derke.lvcoxmail.com
Attorney for Petitioner

DISTRICT COURT

CLARK COUNTY, NEVADA

* * *

In the Matter of the

JEG TRUST - JACK GALARDI JR. SUB-TRUST

Case No. P P-18-096792-T
Dept. PC1
DATE:
TIME: 9:30 a.m.

**PETITION TO ALLOW THIS COURT TO TAKE JURISDICTION OVER THE TRUST; AND REQUEST FOR REMOVAL OF NAMED SUCCESSOR TRUSTEE**

Comes now, the Petitioner, JACK GALARDI, JR., sole beneficiary of the JEG TRUST - JACK GALARDI JR. SUB-TRUST, by and through his attorney, Shirley A. Derke, Esq., hereby moves this court for an order taking jurisdiction of the trust in rem and for removal of Terri Gale Galardi, named Successor Trustee by alleging as follows:

**GENERAL FACTS**

1. JACK E. GALARDI, also known as Jack Harold Edward Galardi, created a revocable living trust on November 1, 2006 and this trust was totally amended and restated on August 16, 2012. At the time of restatement, Jack E. Galardi declared he was a resident of Clark County, Nevada. The Trustor was the Trustee of this trust. A copy of this trust is provided in camera for the court.

2. JACK E. GALARDI passed away on December 1, 2012, leaving a taxable estate of more than $50,000,000.

3. TERI GALE GALARDI, the named Personal Representative under JACK E. GALARDI's will dated August 16, 2012 caused probate proceedings to begin in Clark County, Nevada under case No. P-13-076839-E and a final discharge was granted by this court on June 25, 2014.

4. TERI GALE GALARDI also caused the filing of the Decedent's form 706, a copy of which is provided in camera for the court.

5. The Decedent's form 706 indicates and Section 5.3(b) of the amended and restated trust states as follows:

(b) THE JACK GALARDI, JR. SUB-TRUST: Twenty-five percent (25%) of the remaining Trust estate shall be distributed to the JACK GALARDI, JR. SUB-TRUST

6. When attempting to fund twenty five percent of the remaining trust estate, the Successor Trustee, TERI GALE GALARDI, found that the many of the assets of the trust could not be held by the JACK GALARDI, JR. SUB-TRUST due to their restricted license requirements. As a result, TERI GALE GALARDI was unable to use any of the business interests in the funding of this trust.

7. From documents provided by TERI GALE GALARDI, Trustee of the JACK GALARDI, JR. SUB-TRUST, it appears that the trust was funded approximately January 2015. Based upon the 2015 General Ledger, the net assets recorded were $6,693,388.60 and the decedent's form 706 indicates that JACK GALARDI, JR.'S distribution was to be $8,630,635 (which was after deducting apportioned federal estate taxes in the amount of $4,146,726).

8. As stated in Paragraph 6 above, due to the sensitive licensing of many of the assets of the estate, TERI GALE GALARDI, the remaining beneficiary of the estate took these assets that required licensing, giving the JACK GALARDI, JR. SUB-TRUST an unsecured promissory note in the principal amount of $1,688,742.00, to make up the difference. This note is based upon a 30-year amortization with an annual interest rate of 3.32%. See Exhibit A attached hereto.

9. The interest rate for a 30-year secured mortgage loan for the period when this note was executed was approximately 4% as shown by HSH.COM and attached hereto as Exhibit B. Therefore, the interest rate appears to be below market.

10. TERI GALE GALARDI has made sporadic payments in various amounts since January 2015, and in fact her principal balance has increased at times when the payments failed

to fully cover the interest due at the time the payment was received. There have been checks written to TERI GALE GALARDI from the JACK E. GALARDI, JR. SUB-TRUST, increasing her principal balance, as follows:

| | |
|---|---|
| a. 1/29/16 taken out of the trust account by Debit | $1,500.00 |
| b. 7/8/16 taken out of the trust account by Debit - was apparently covered three days later with a deposit in the same amount | 10,000.00 |
| c. 7/19/16 taken out of the trust account by Debit - was apparently covered 3 days later with a deposit from Goodtimes Bar | 6,000.00 |
| d. 8/30/16 taken out of the trust account by Debit | 2,120.00 |
| e. 9/2/16 taken out of the trust account by Debit | 5,954.74 |
| f. 9/16/16 taken out of the trust account by Debit | 6,331.59 |
| g. 12/16/16 taken out of the trust account by Debit | 2,300.00 |
| h. 12/23/16 taken out of the trust account by Debit - was apparently covered 6 days later with a deposit | 7,900.00 |

11. TERI GALE GALARDI has made at least, if not more, than required under her note - $7,425.00 monthly or $89,100.00 annually. The sporadic payments, both increasing and decreasing the principal balance creates an accounting nightmare for the sub-trust. It also appears that the Trustee is using the trust bank account as her personal overdraft/temporary funds.

12. The JACK GALARDI, JR. SUB-TRUST was also funded with a $400,000 mortgage note given to the Decedent on September 16, 2011. This note provides for monthly interest payments at the annual rate of 5.25%. Petitioner has been informed and believes that the makers of this note are currently in bankruptcy and Petitioner has requested that TERI GALE GALARDI provide information regarding the underlying security as well as the creditor claim filed in the bankruptcy. TERI GALE GALARDI has failed to provide adequate information to determine if the investment is secure.

13. The JACK GALARDI, JR. SUB-TRUST was also funded with a residence and lot located at Navarro Isle, Ft. Lauderdale, FL with a date of death value of $4,200,000 per Form 706 (Schedule A, item 14) and noted in the 2015 general ledger at a value of $4,275,000. This property was subject to a mortgage, listed on Schedule K, item 13 of the Form 706 in the amount of $3,411,325. The information from the form 706 is confusing on this note as well. It is unclear from the financial records whether this property generated any income during the time the trust

held title, but the 2015 general ledger reflects that the trust had a loss of $1,243,346.63 when disposing of the property on 10/22/2015. Form 706 is also confusing (see Schedule K - item 12). It lists this loan amount as a security against another property - Schedule G, Item 3. I believe that this was a mistake on the 706 as this property is vacant land in Floville, GA valued at $101,000.

14. The JACK GALARDI, JR. SUB-TRUST was also funded with commercial property located at 211 New Goff Mountain Rd., Cross Lanes, WV, which was valued at $650,000 on Form 706 (Schedule A, Item 34) and also on the general ledger. This property was rented at the time of the Decedent's death, pursuant to verbal information received from DANIEL GEIGER, CPA for the Trust and named Successor Co-Trustee after TERRI GALE GALARDI, The existing tenant was unwilling to purchase the property at the appraised value, and therefore decided to vacate (unknown as to the date the tenant vacated). A new lease was entered into on July 12, 2016. See Exhibit C for the 7/15/16 lease. There are problems with this lease as follows:

a. First of all, the lessor on the lease is the JEG Trust - not the JACK GALARDI, JR. SUB-TRUST.

b. The terms of the lease are questionable, to say the least. The tenant has an option to purchase the property that states as follows:

> Tenant, upon satisfactory performance of this lease or *at any time within the term of this lease or any renewal period, shall have the option to purchase the real property described herein for a purchase price of $700,000.00 less all applied payments to date, as described,* provided that the Tenant timely executes the option to purchase and is not in default of the Lease Agreement.

With this broad period allowing the Tenant to exercise their option to purchase right up until the end of the lease including any extensions thereto, the tenant may use ***<u>all rental payments against the $700,000.00 purchase price</u>***, as well as freezing the purchase price against any inflation on the property value and avoiding any interest on the principal paid over time!

15. The JACK GALARDI, JR. SUB-TRUST was also funded with raw land that has not been income producing since the Decedent's death as follows:

a. 20 acres in Moapa Valley, Clark County, Nevada APN 071-18-601-015 listed on the

Form 706 as $20,000 (Schedule A, item 4). It should be noted that this property was not retitled into the JACK GALARDI, JR. SUB-TRUST until 2017. The annual real property taxes on this parcel are $835.71 and the Clark County Assessor's taxable value is stated as $94,500. There have been 2 acre parcels next to this property that have sold for $14,000 each in 2006. The Trustee has made no moves to attempt to liquidate this property.

b. 2 acres in Moapa Valley, Clark County, NV APN 041-25-25-301-012 along with a 1 acre parcel near it - APN 041-25-301-013. (Schedule A, item 5). It should be noted that this property was not retitled into the JACK GALARDI, JR. SUB-TRUST until 2017. The annual real property taxes on this parcels are $571.99 and the Clark County Assessor's taxable values are a total of $66,551. There were two parcels totaling 5 acres adjacent to both these parcels (APN 041-25-301-028 and 041-25-301-029) that sold for $570,000 in 2006.

c. Vacant land located at 6220 E. Adamo Dr., Tampa, FL, APN 81-96-15-000-0 that was represented as titled in the name of Galardi Rentals, LLC. TERI GALE GALARDI presented documents showing that the Decedent assigned all membership interest in Galardi Rentals from himself personally to his 2006 trust on February 21, 2011. See Exhibit D attached hereto. There is no indication that the trust assigned the ownership interest to JACK GALARDI, JR. SUB-TRUST. Also, there does not appear to be any indication of income being earned and passed through this entity to JACK GALARDI, JR. and therefore it is assumed that this also is non-income producing. It is also interesting to note that this property was listed on Schedule A (Item 30) rather than on Schedule B - Stocks and Bonds as an LLC ownership. This property appeared to be sold in 2017 for the sales price of $43,778.49 according to the 2017 general ledger.

d. DANIEL GEIGER, CPA verbally informed Petitioner that vacant property located on 15th St., Marathon, Florida was sold in 2015 - but did not provide any supporting documents on the sale to indicate if there was a profit from the Form 706 value of $43,000 (Schedule A 17). This property was never listed on 2015 the general ledger nor the sales proceeds.

e. The Trust sold vacant property located on 425 Industrial Blvd., McDonough, GA (Schedule A Item 24 on form 706) valued at $440,000.00 for a sales price of $400,000 in 2017.

The 2017 general ledger indicates that the property was sold at a loss of $41,055.57.

16. The names, ages, relationships and residences of the beneficiaries, trustee and Successor Trustees of the trust, so far as known to the Petitioner are as follows:

Jack E. Galardi, Jr., sole beneficiary
C/O Shirley A. Derke, Esq.
627 S. Seventh St.
Las Vegas, NV 89101

Teri Gale Galardi, Trustee of the JACK E. GALARDI, JR. SUB-TRUST
C/O Greg Smith, Esq.
Smith & Shapiro, PLLC
2520 St. Rose Parkway #220
Henderson, NV 89074

Daniel Geiger, named Successor Co-Trustee of the JACK E. GALARDI, JR. SUB-TRUST
2850 S. Jones Blvd, Suite 2
Las Vegas, NV 89146

Emelita P. Sy, named Successor Co-Trustee of the JACK E. GALARDI, JR. SUB-TRUST
2121 S. Highland Dr.
Las Vegas, NV 89102

WHEREFORE, Petitioner prays that the court finds the following:

A. That this court take jurisdiction over the trust in rem pursuant to NRS 164.010 and 164.015;

B. That this court find that TERI GALE GALARDI has failed to perform her duties as trustee of this trust and therefore be removed;

C. That this court confirm DANIEL GEIGER and EMELITA P. SY as Co-Trustees of the JACK E. GALARDI, JR. SUB-TRUST; and

D. And for such other and further relief as to the Court may seem just and proper in the premises.

DATED this 17th day of September 2018.

SHIRLEY A. DERKE, ESQ.

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

JACK GALARDI, JR., being first duly sworn, deposes and says:

That he is the Petitioner in the above entitled matter; that he has read the above and foregoing Petition and knows the contents thereof, and that the same is true of his own knowledge, except as to those matters therein stated on information and belief, and for those matters, he believes them to be true.

Jack Galardi
JACK GALARDI, JR.

SUBSCRIBED and SWORN to before me this 17th day of September 2018.

Shirley Derke
NOTARY PUBLIC

SHIRLEY DERKE
Notary Public State of Nevada
No. 92-1690-1
My Appt. Exp. Dec. 16, 2020

SUBMITTED BY:

Shirley Derke
SHIRLEY A. DERKE, ESQ.

# EXHIBIT 5

EXHIBIT 5

Electronically Filed
8/16/2019 3:22 PM
Steven D. Grierson
CLERK OF THE COURT

PET

SHIRLEY A. DERKE, ESQ.
Nevada Bar No. 2686
627 S. Seventh St.
Las Vegas, NV 89101
702-386-6800
shirley@Derke.lvcoxmail.com
Attorney for Petitioner

DISTRICT COURT

CLARK COUNTY, NEVADA

* * *

In the Matter of the

JEG TRUST - JACK GALARDI JR. SUB-TRUST

Case No. P 18-096792-T
Dept. PC1
DATE:
TIME: 9:30 a.m.

**PETITION FOR REMOVAL OF TERI GALARDI, SUCCESSOR TRUSTEE**

Comes now, the Petitioner, JACK GALARDI, JR., sole beneficiary of the JEG TRUST - JACK GALARDI JR. SUB-TRUST, (hereinafter referred to as JACK, JR.). by and through his attorney, Shirley A. Derke, Esq., hereby moves this court for an order removing TERI GALE GALARDI, Successor Trustee (hereinafter referred to as TERI) by alleging as follows:

**GENERAL FACTS**

1. This Court has taken jurisdiction of this Sub Trust created under JACK GALARDI, SR.'s revocable living trust dated November 1, 2006 and amended and restated on August 16, 2012 and confirmed Teri Galardi as the Successor Trustee under an order entered on December 7, 2018.

2. Under the order entered on December 7, 2018 TERI was ordered to provide the JACK JR. the following documents within 30 days from the entry of the order, which was served on TERI's counsel on December 10, 2018:

A. An accounting of the funding of the assets of the sub-trust, which includes all activities from the date of death until the sub-trust was fully funded and fully identifying all assets separated from the Family Trust.

B. An accounting of the sub-trust, since initial funding to date.

C. All accounting is to be prepared in accordance with NRS 165.135.

3. Since the entry of this Court's order on December 10, 2018, the parties have met to discuss the issues numerous times, without any final resolution.

4. TERI has provided the following accounting records (some provided prior to this court's order and others not necessarily within the 30 days as ordered by this Court) as follows:

A. Trust Income tax return form 1041 for the Galardi Family Trust for the fiscal years ending 11/30/13; 11/30/14; 11/30/15 and 11/30/16 (which was marked as a final return)

B. 2007 gift tax return form 709 for Jack E. Galardi (this was for 2 qualified personal residence trusts created by Jack E. Galardi on June 4, 2007 - Las Vegas and Florida)

C. TERI's Final Trust Allocation for the Jack Galardi Trust with asset distributions as approved by TERI on 11/7/2014

D. 2015 Quickbooks general ledger for JACK JR.'s Sub-trust - which was the initial year of financial records on sub trust

E. 2016 Quickbooks general ledger; 12/31/16 Balance Sheet and 2016 Profit & Loss on JACK, JR's sub trust

F. 2017 Quickbooks general ledger; 12/31/16 Balance Sheet and 2016 Profit & Loss on JACK, JR.'s sub trust

G. Quickbooks general ledger for the period 12/1/17-11/30/18 for JACK, JR.'s sub trust - which is not on a fiscal year, but a calender year

H. Quickbooks general ledger for the period 12/1/17-11/30/18 for the Family Trust along with the 11/30/18 Balance sheet and Profit & Loss.

I. Our files indicate on approximately March 20, 2019 Emelita Sy dropped off a general ledger for the Galardi Family trust along with Balance Sheets and profits and Loss statements for the periods ending 11/30/13 and 11/30/14. The documents were reviewed by Shirley A. Derke, Esq. prior to a 3/26/19 meeting with counsel for TERI, but it was discovered in June 2019 that the records cannot be located and a duplicate copy (preferably an electronic version of the quickbooks data) was requested by e-mail to TERI's counsel on June 25, 2019 and nothing has been received for this period.

**ESTATE TAXES HAVE NOT BEEN ALLOCATED ON SPECIFIC BEQUESTS AND/OR ASSETS DISTRIBUTED DIRECTLY TO NAMED BENEFICIARIES**

4. Upon review of the Federal Estate Tax return, form 706, it appears that there were estate taxes imposed in the amount of $16,586,905. The assets taxed on this return included items that were paid out to beneficiaries named or listed as specific bequests in the Jack E. Galardi Family Trust restated on August 15, 2012 are as follows:

| | | |
|---|---|---|
| A. Life insurance paid directly to Teri Galardi, Schedule D of 706 | | $2,000,000 |
| B. Specific Bequests listed in the trust & Form 706, Part 4, Line 5 | | |
| a. Kathy Holder | $300,000 | |
| b. Emelita Sy | 200,000 | |
| c. Maricar Martinez | 100,000 | |
| d. Jeffrey Stromatt | 65,000[a] | |
| e. Diana Pontrelli | 100,000[c] | |
| f. Daniel Geiger | 200,000 | |
| g. Michael Porter | 20,000[b] | |
| h. Daniel Purdy | 100,000 | |
| i. Charles Wright | 100,000 | 1,185,000 |
| | | $3,185,000 |

5. This trust is governed by Nevada Law. Nevada adopted the Federal Estate Tax Apportionment Law in 1957 to equitably prorate payment of the federal estate tax among those persons interested in the estate subject to that tax and is a fundamental public policy of this state subject only to the expressed will of the testator to the contrary. NRS 150.310 states, in part, as follows:

> NRS 150.310 Proration of tax among persons interested in estate; exceptions.
> 1. If it appears upon any accounting, or in any appropriate action or proceeding, that a personal representative, trustee or other fiduciary has paid or may be required to pay an estate tax to the Federal Government under the provisions of any federal estate tax law, now existing or hereafter enacted, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the

---

(a) Disposition of personal property states that Jeff Stromatt was to receive a Falcon 20 (airplane?) which is not listed on the form 706. Not sure if this was cash paid out or fair market value of the airplane. Not sure who owned the Falcon 20 - possibly an asset of LVA Management, Inc., an entity transferred to Teri Galardi per the distribution schedule.

(b) Disposition of personal property states that Michel Porter was to receive a gun collection. Item F7 on form 706 groups the gun collection with jewelry and other personal items for a total value of $120,000. Teri Galardi's distribution schedule shows that she received the entire value of $120,000.

(c) Disposition of personal property states that Diana Pontrelli was to receive $200,000 in cash, not $100,000. It appears that this bequest has not been fully satisfied.

amount of the tax must be equitably prorated among the persons interested in the estate, whether residents or nonresidents of this State, to whom the property was, is or may be transferred or to whom any benefit accrues, except:

(a) Where a testator otherwise directs in his or her will.

(b) Where by written instrument, including, without limitation, an electronic trust, executed inter vivos direction is given for apportionment among the beneficiaries of taxes assessed upon the specific fund dealt with in the instrument.

6. Upon review of the Total Amendment and Restatement of the JEG Family Trust and the pour over will as admitted to probate by this Court under Case P-13-076839-E, there was no direction indicating that these beneficiaries were to receive their inheritance free from any estate taxes.

7. TERI's distribution schedule incorrectly allocates all of the estate taxes to the residual beneficiaries. In this distribution schedule signed on 11/7/14 (See Exhibit A attached hereto) TERI allocated all of the estate taxes to her portion to reduce the value of the assets she has received and thereby overstating the trust value of her 75% residual share of the remaining trust estate.

**ASSETS APPEAR TO BE NOT PROPERLY ACCOUNTED FOR**

8. Upon review of the Estate income tax returns, form 1041, along with form 706, the following discrepencies were discovered:

A. The Family Trust forms 1041 for 2012 (FYE 11/30/13) thorough 2014 (FYE 11/30/15) indicate that there was a pass-through entity reported on Schedule E, namely Red Eyed, Inc. This entity was never listed on the estate tax return, form 706. As the division of assets dated 11/7/2014 uses assets as listed on form 706, this entity has not been taken into consideration in the division. It should be noted that the pass through from this entity were losses for each taxable year, but it unknown as to the value of the entity.

B. The 2013 form 1041, Schedule D and form 8949, page 2, reports that DAMM, Inc. was written off as a capital loss in the amount of $10,000. This entity was never listed on the estate tax return, form 706. As the division of assets on 11/7/2014 uses assets as listed on form 706, this entity has not been taken into consideration in the division. If it were a worthless asset as the date of death, then there would be no capital loss to take as of 9/20/14, the

disposition date used on the income tax return.

C. Form 706 lists GFT Management and Consulting, Inc. twice on Schedule B - See item 16 and item 19 (both item reflect a fair market value of $10,000). TERI's distribution schedule lists item 16 at a value of $10 and item 19 at a value of $10,000. It has been acknowledged by TERI's accountant, Dan Geiger, as well as her counsel, that the true value of this *one* asset is $10,000 and the value was over reported on form 706.

D. The 2013 form 1041, Schedule D and form 8949, page 2 reports a sale of real property located at 3010 Overseas Hwy., Marathon, FL for a sales price of $80,000 and a basis of $91,353 with a resulting net loss of $11,353. The only Overseas Hwy., Marathon, FL property listed on Form 706 was vacant land at 1477 Overseas Hwy (See 706, Schedule A, item 35) with a basis of $225,000 - which property was allocated to JACK GALARDI, JR. sub trust and sold 11/2015. It appears that there were two real properties held by the decedent on Overseas Highway and both parcels were not reported on the form 706. As the division of assets on 11/7/2014 uses assets as listed on form 706, this property has not been taken into consideration in the division.

E. The 2013 form 1041, Schedule D and form 8949, page 2 reports a sale of real property located at North Park Court, Stockbridge, GA (see 706, Schedule A, item 38) on 12/27/13. The basis on form 706 was $504,927 and the basis reported on the sale was $431,044. There is no supporting documentation provided to show a reduction in basis from the date of death.

F. Vacant land located at 6220 E. Adamo Dr., Tampa, FL, APN 81-96-15-000-0 (Form 706, Schedule A item 30 represented as titled in the name of Galardi Rentals, LLC., but Galardi Rentals, LLC was not listed on Schedule B of the form). TERI's distribution schedule funded JACK, JR.'s sub-trust with this real property. There is no disclosure as to other assets held in the Galardi, Rentals, LLC, if any on form 706.

G. Vacant property located on 15th St., Marathon, Florida (Form 706, Schedule A, item 17) valued at $43,000 and used to fund JACK, JR.'s sub-trust. DANIEL GEIGER, CPA

verbally informed Petitioner, during one of the meetings, that the property was sold in 2015. JACK JR's sub trust general ledger as of 12/31/16 lists the property as still being held. In fact, the 2016 Profit and Loss reflects the following amounts as Other Income/Expense:

| | |
|---|---|
| Forfeited deposits received from Great American Realty of Tampa | $5,000 |
| Loss on sale of Ft. Lauderdale property | < 65> |

The records do not clearly indicate it the property was sold or not. How can the Profit and Loss show a loss on sale, yet a forfeited deposit that exceeds the recorded loss? No sale was reported in JACK JR.'s sub trust 2015 form 1041 of this property.

9. Based upon prior conversations with TERI's counsel, it was questioned why the Galardi Family Trust general ledger would include the $2,000,000 of life insurance on Jack E. Galardi when TERI was the sole beneficiary. This indicates that TERI may have been co-mingling her personal assets with the Family Trust Assets.

10. The division of assets dated 11/7/2014 states that the decedent held a publicly traded stock - 18,000 shares of Sirus XM Radio with a date of death value of $50,220. This asset was used to fund JACK JR.'s sub-trust but does not appear on JACK, JR.'s sub-trust general ledger.

11. JACK JR.'s sub-trust was funded with a residence and lot located at Navarro Isle, Ft. Lauderdale, FL with a date of death value of $4,200,000 per Form 706 (Schedule A, item 24) and recorded in JACK JR.'s sub-trust 2015 general ledger at a different value of $4,275,000. This property was subject to a mortgage, listed on Schedule K, item 12 of the Form 706 in the amount of $3,411,325. The 706 implies that there was equity in the property of $788,675. The distribution schedule improperly allocated two liens secured by other real property of the estate in the total amount of $3,592,794 - an error of $181,469 undervaluing the assets received by JACK, JR.'s sub trust. It is interesting to note that JACK JR.'s sub trust general ledger reflected the proper mortgage of $3,411,325 as of the date of death - which presumes that no payments were made against the mortgage from the date of death to the date of distribution. When the property was sold by JACK, JR.'s sub-trust on 10/22/2015, the trust showed a loss of $1,243,346.63 - a difference in equity in the property of over $2,000,000. It is also interesting to

note that this property represented 13.8% of the total assets funding JACK, JR.'s sub-trust (788,675/5,694,500).

**THE DISTRIBUTION SCHEDULE FAILS TO ADDRESS THE CHANGES IN THE ASSETS HELD AT THE TIME OF DISTRIBUTION AS WELL AS THE INCOME AND EXPENSES ALLOCATED TO JACK, JR.'S SUB-TRUST FROM THE TIME OF DEATH TO DATE OF DISTRIBUTION**

12. Proper trust accounting requires the fiduciary to have an accurate record of the assets and liabilities of the trust at all times. TERI presented a distribution of assets to the residuary beneficiaries dated 11/7/2014. This list presumes that the trust held all of the assets as listed, but in fact it was attempting to account for distribution of the assets as of the date of death and as reported on form 706 - without regard to sales of assets during administration; income and expenses during administration; payment on any existing liabilities as of the date of death including any negotiated reductions as well as additional interest and assessments; and distributions to or on behalf of the residual beneficiaries. Note that the only information provided by the Trustee was income tax returns without any general ledgers to support.

13. The following assets were disposed of prior to the 11/7/2014 distribution proposal and should not have been part of the allocations:

A. Real Property - 1730 NW 33rd St., Pompano Beach, FL (Schedule A, Item 2) was sold 2/5/14 and reported a net capital loss of $395,999

B. Real property - 13922 NW 13th St., Pompano Beach, FL (Schedule A, Item 3) was sold 10/17/13 and reported a net capital loss of $10,480. The basis on form 706 was $500,000 and the basis on Form 1041, Schedule D was $530,480. No support as to the difference in basis.

C. Real property -3445 Shoreland Dr., Buford, GA (Schedule A, Item 10) was sold 9/12/13 and reported on 2012 form 4979, Line 10, Statement 6 with a net capital loss of $228,189.

D. Real property - 1704 Hudson Bridge Rd., Stockbridge, CA (Schedule A, Item 18) was sold 9/12/13 and reported on 2012 form 4979, Line 10, Statement 6 with a net capital

gain of $106,629.

E. Real property - 973 Marrietta St., Atlanta, GA (Schedule A, Item 26) was sold 9/18/13 and reported on the Family Trust 2012 form 1041, 4979, Line 10, Statement 6 with a net capital loss of $29,672. The basis on form 706 was $750,000 and the basis on Form 1041, Schedule D was $793,561. No support as to the difference in basis. In fact, the 706 states that the sale was agreed upon prior to death and the date of death basis was taken from the 9/18/2013 closing statement. The form 706 was signed by TERI GALE GALARDI on March 3, 2014.

**TERI HAS FAILED TO DISCLOSE ALL DEBTS OF THE DECEDENT AS WELL AS ALL SECURED DEBTS AGAINST THE SUB-TRUST ASSETS**

14. TERI, acting as Trustee of the JEG LV Qualified Personal Residence Trust dated June 4, 2007, encumbered the real property of the Decedent located at 1245 S. Rancho Drive on September 10, 2012 (within 90 days prior to the decedent's death) as indicated on the $750,000 Deed of Trust attached hereto as Exhibit B. This loan is not disclosed on the Decedent's 706 or any financial reports provided by TERI This property was used to fund JACK, JR.'s sub-trust and the lien is not reflected on JACK, JR's sub-trust general ledger.

15. TERI has also failed to disclose a prior $250,000.00 mortgage lien on the real property located at 1245 S. Rancho Drive, Las Vegas, NV as indicated in the Deed of Trust attached hereto as Exhibit C. This loan is not disclosed on the Decedent's 706 or any financial reports provided by TERI. This property was used to fund JACK, JR.'s sub-trust and the lien is not reflected on JACK, JR.'s sub-trust general ledger.

16. The names, ages, relationships and residences of the beneficiaries, trustee and Successor Trustees of the trust, so far as known to the Petitioner are as follows:

Jack E. Galardi, Jr., sole beneficiary
C/O Shirley A. Derke, Esq.
627 S. Seventh St.
Las Vegas, NV 89101

Teri Gale Galardi, Trustee of the JACK E. GALARDI, JR. SUB-TRUST
C/O Greg Smith, Esq.
Smith & Shapiro, PLLC
2520 St. Rose Parkway #220
Henderson, NV 89074

Daniel Geiger, named Successor Co-Trustee of the JACK E. GALARDI, JR. SUB-TRUST
2850 S. Jones Blvd, Suite 2
Las Vegas, NV 89146

Emelita P. Sy, named Successor Co-Trustee of the JACK E. GALARDI, JR. SUB-TRUST
2121 S. Highland Dr.
Las Vegas, NV 89102

17. Prior to the Decedent's death, Daniel Geiger was the accountant and income tax preparer for JACK GALARDI, SR. To the Petitioner's knowledge, he has remained the accountant and income tax preparer to TERI, as Trustee of the JACK, JR. sub trust. Due to many of the issues contained herein and his apparent participation in the accountings complained of, Petitioner hereby objects to him acting as Successor Trustee for this Trust.

WHEREFORE, Petitioner prays that the court finds the following:

A. That this court immediately suspend TERI GALE GALARDI as Trustee of the JACK E. GALARDI, JR. SUB-TRUST;

C. That this court confirm EMELITA P. SY as Successor Trustee of the JACK E. GALARDI, JR. SUB-TRUST; and

D. And for such other and further relief as to the Court may seem just and proper in the premises.

DATED this 16th day of August 2019.

SHIRLEY A. DERKE, ESQ.

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

JACK GALARDI, JR., being first duly sworn, deposes and says:

That he is the Petitioner in the above entitled matter; that he has read the above and foregoing Petition and knows the contents thereof, and that the same is true of his own knowledge, except as to those matters therein stated on information and belief, and for those matters, he believes them to be true.

JACK GALARDI, JR.

SUBSCRIBED and SWORN to before me this 16th day of September 2019.

SHIRLEY DERKE
Notary Public State of Nevada
No. 92-1690-1
My Appt. Exp. Dec. 16, 2020

NOTARY PUBLIC

SUBMITTED BY:

SHIRLEY A. DERKE, ESQ.
Case No. P-18-096792-T

# EXHIBIT 6

EXHIBIT 6

Electronically Filed
9/27/2019 11:55 AM
Steven D. Grierson
CLERK OF THE COURT

24

ORDR

SHIRLEY A. DERKE, ESQ.
Nevada Bar No. 2686
627 S. Seventh St.
Las Vegas, NV 89101
702-386-6800
shirley@Derke.lvcoxmail.com
Attorney for JACK E. GALARDI, JR.

DISTRICT COURT

CLARK COUNTY, NEVADA

* * *

| | |
|---|---|
| In the Matter of the<br><br>JEG TRUST - JACK GALARDI JR. SUB-TRUST | Case No. P-18-096792-T<br>Dept. PC1<br>DATE: September 27, 2019<br>TIME: 9:30 a.m. |

**STIPULATION AND ORDER RE: PETITION FOR REMOVAL OF TERI GALARDI, SUCCESSOR TRUSTEE**

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their respective counsel as follows:

1. TERI GALE GALARDI has resigned as Successor Trustee of the JACK E. GALARDI, JR. SUB-TRUST created under the terms of the JACK GALARDI, SR.'s revocable living trust dated November 1, 2006 and amended and restated on August 16, 2012. (See resignation attached hereto as Exhibit A)

2. DANIEL GEIGER is named in Section 7.1 of said trust as Successor Co-Trustee upon the death or incapacity of TERI GALE GALARDI. DANIEL GEIGER is refusing to act as Successor Trustee of the JACK E. GALARDI, JR. SUB-TRUST created under the terms of the JACK GALARDI, SR.'s revocable living trust dated November 1, 2006 and amended and restated on August 16, 2012. (See Declination and refusal to act attached hereto as Exhibit B).

3. EMELITA P. SY is named in Section 7.1 of said trust as Successor Co-Trustee upon the death or incapacity of TERI GALE GALARDI. EMELITA P. SY has accepted the position of Successor Trustee of the JACK E. GALARDI, JR. SUB-TRUST created under the terms of the JACK GALARDI, SR.'s revocable living trust dated November 1, 2006 and amended and restated on August 16, 2012. (See Acceptance to act attached hereto as Exhibit C).

4. EMELITA P. SY, as Successor Trustee of the JACK E. GALARDI, JR. SUB-TRUST created under the terms of the JACK GALARDI, SR.'s revocable living trust dated November 1,

2006 and amended and restated on August 16, 2012 will not be held accountable for any acts of the prior trustee(s).

5. JACK E. GALARDI, JR., the sole adult beneficiary of the JACK E. GALARDI, JR. SUB-TRUST created under the terms of the JACK GALARDI, SR.'s revocable living trust dated November 1, 2006 and amended and restated on August 16, 2012 waives any right to demand EMELITA P. SY, as Successor Trustee to audit or investigate the accounts or administration of the prior trustee as stated in Article 7.3 of said trust.

6. JACK E. GALARDI, JR. does not waive his individual right as a beneficiary to audit or investigate the accounts or administration of the prior trustee.

DATED September 20, 2019

SHIRLEY A. DERKE, ESQ.
Attorney for JACK GALARDI, JR.
Bar No. 2686
627 S. Seventh St.
Las Vegas, NV 89101

DATED September __, 2019

MICHAEL D. RAWLINS, ESQ.
Bar No. 5467
SMITH & SHAPIRO, PLLC
Attorney for TERI GALE GALARDI, Succ Trustee
3333 E. Serene Ave., Ste. 130
Henderson, NV 89074

**ORDER**

IT IS HEREBY ORDERED AS FOLLOWS:

A. TERI GALE GALARDI is hereby removed as Successor Trustee of the JACK E. GALARDI, JR. SUB-TRUST created under the terms of the JACK GALARDI, SR.'s revocable living trust dated November 1, 2006 and amended and restated on August 16, 2012.

B. EMELITA P. SY is confirmed as Successor Trustee of the JACK E. GALARDI, JR. SUB-TRUST created under the terms of the JACK GALARDI, SR.'s revocable living trust dated November 1, 2006 and amended and restated on August 16, 2012.

C. This court will continue to retain jurisdiction over this trust, as well as over TERI GALE GALARDI for any actions taken by her when acting as Successor Trustee.

DATED this 27 day of September 2019.

DISTRICT COURT JUDGE

DocuSign Envelope ID: 00B5D0A6-DB06-4305-BE23-A405C85AD0E0

**STATEMENT OF NAMED SUCCESSOR TRUSTEE**
**DECLINATION TO ACT**

I, DANIEL GEIGER, am named in Section 7.1 of the JACK E. GALARDI, JR. SUB-TRUST created under the terms of the JACK GALARDI, SR.'s revocable living trust dated November 1, 2006 and amended and restated on August 16, 2012 to act as Successor Co-Trustee upon the death or incapacity of TERI GALE GALARDI. TERI GALE GALARDI has resigned as Successor Trustee of said trust. I decline and refuse to act as Successor Trustee of said trust.

DATED this 18 day of September 2019.

DocuSigned by:
Dan Geiger
DANIEL GEIGER

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

SUBSCRIBED and SWORN to before me on September 18, 2019

NOTARY PUBLIC

NOTARY PUBLIC
WHITNEY A. MUGAN
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. JULY 8, 2022
No: 10-2511-1

**ACCEPTANCE OF SUCCESSOR TRUSTEE POSITION**

I, EMELITA P. SY am named in Section 7.1 of the JACK E. GALARDI, JR. SUB-TRUST created under the terms of the JACK GALARDI, SR.'s revocable living trust dated November 1, 2006 and amended and restated on August 16, 2012 as Successor Co-Trustee upon the death or incapacity of TERI GALE GALARDI. TERI GALE GALARDI has resigned as Successor Trustee of said trust. DANIEL GEIGER, the named Co-Trustee with me, has declined and refused to act as Successor Trustee. I hereby accept the position of sole Successor Trustee of said trust, upon the condition that I am not held accountable for the actions of the prior trustee, nor will I be required to audit or investigate the actions of the prior trustee.

DATED this 18 day of September 2019.

Emelita P. Sy
EMELITA P. SY

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

SUBSCRIBED and SWORN to before me on September 18, 2019

NOTARY PUBLIC



**NOTICE OF RESIGNATION AS SUCCESSOR TRUSTEE**

I, TERI GALE GALARDI am resigning as Successor Trustee of the JACK E. GALARDI, JR. SUB-TRUST created under the terms of the JACK GALARDI, SR.'s revocable living trust dated November 1, 2006 and amended and restated on August 16, 2012, effective immediately.

DATED this 18 day of September 2019.

TERI GALE GALARDI

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

SUBSCRIBED and SWORN to before me on September 18, 2019

NOTARY PUBLIC

NOTARY PUBLIC
WHITNEY A. MUGAN
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. JULY 8, 2022
No: 10-2511-1