**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| TERI G. GALARDI , | ) | CASE NO. 22-50035-JPS |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JACK E. GALARDI, JR. AND | ) | |
| EMELITA P. SY, as the TRUSTEE of the | ) | |
| JACK E. GALARDI, JR. SUB-TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Proceeding No.  22-05008 |
| | ) | |
| v. | ) | |
| | ) | |
| TERI G. GALARDI, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISQUALIFY GEER LAW GROUP, LLC, AND WILL GEER**
**AND CECILIA J. CHRISTY**

COMES NOW Teri Galardi ("Ms. Galardi") and moves to disqualify counsel to Jack E. Galardi, Jr ("Jack Jr.") in this Adversary Proceeding because Cecilia J. Christy ("Ms. Christy"), an attorney working for Geer Law Group, LLC ("Geer Law") and its principal member Will Geer ("Mr. Geer"), formerly represented entities 100% owned by Ms. Galardi and, in the course of such attorney-client engagement, participated in conferences with Ms. Galardi at which Ms. Galardi disclosed to Ms. Christy confidential information relating to the assets and funds that are the subject of the Complaint filed by Geer Law on behalf of Jack Jr.  Ms. Galardi does not consent to nor waive this conflict of interest.

I.  **RELEVANT FACTS**

From May 2015 until August 2021, Cecilia J. Christy worked as a contract attorney for McBryan, LLC (the "McBryan Firm"). McBryan, LLC, is counsel to Ms. Galardi, the debtor and defendant in this Adversary Proceeding.  As contract counsel for McBryan, LLC, Ms. Christy was listed on the McBryan Firm's website as "Counsel," had a McBryan Firm email address and performed legal services for the McBryan Firm's clients.  Specifically, from August 2018 to and through the spring of 2021, Ms. Christy worked on the bankruptcy cases of Trop, Inc., Country Club, Inc., Pony Tail, Inc., and Fly Low, Inc. (the "Galardi Entity Bankruptcies"), of which such entities Ms. Galardi owned 100%. (the "Galardi Entities").  While representing the Galardi Entities in the Galardi Entity Bankruptcies, Ms. Christy conferred with Ms. Galardi, and others regarding various matters and involving various information.  Significantly, Ms. Christy signed pleadings and attended hearings in her representation of the Galardi Entities, and attended meetings with Ms. Galardi and others, wherein, under protection of the attorney-client privilege, Ms. Galardi disclosed confidential information to Ms. Christy, inter alia, for purposes of the formulation of the plans of reorganizations in the Galardi Entities Bankruptcies.

On April 28, 2022, Louis G. McBryan ("Mr. McBryan") of the McBryan Firm, spoke with Ms. Christy to confirm that her status with the McBryan Firm was terminated.[1]  During that conversation, Mr. McBryan learned that Ms. Christy was and had been working with Geer Law, also as a contract attorney.  Subsequently,  Mr. McBryan spoke with Mr. Geer, principal of Geer Law, and advised him that Ms. Christy had worked on the Galardi Entities Bankruptcies and, in her capacity as counsel, Ms. Christy had received confidential information of Ms. Galardi during

---

[1] Upon the termination of Ms. Christy, the McBryan Firm removed her information from its website.

2

that representation and, thus, that Ms. Christy should recuse herself from association with the Adversary Proceeding. Mr. Geer denied that Ms. Christy's representation of the Galardi Entities presented a conflict of interest and further, he did not indicate that Ms. Christy would recuse herself from the Adversary Proceeding, nor did Mr. Geer suggest that Ms. Christy had not worked on this the Adversary Proceeding. Based upon the conversation with Mr. Geer, Mr. McBryan believes that Ms. Christy has in fact worked on this Adversary Proceeding without obtaining a conflict waiver; therefore, Ms. Christy, Mr. Geer and Geer Law should be disqualified as counsel for Jack Jr. in this Adversary Proceeding.

### II.     ARGUMENT & CITATION TO AUTHORITY

#### A.  General Conflict of Interest Rule: Rule 1.7

Rule 1.7 of the Georgia Rules of Professional Conduct provides a general conflict of interest rule that precludes the representation of a client if there is a significant risk that the lawyer's duties to a former client will materially and adversely affect the representation of the client. The rule states that:

> A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client, except as permitted in (b).

Ga. Rules of Prof'l Conduct R. 1.7. None of the exceptions permitted in Rule 1.7(b) are applicable here. The principal underlying this rule is clear: "'a lawyer should always act in a manner consistent with the best interests of his client.' It is a proud hallmark of the legal profession that an attorney owes undivided loyalty to his client-undiluted by conflicting or contrariant obligations, and undiminished by interests of himself or of others." *Paul v. Smith, Gambrell & Russell*, 267 Ga. App. 107, 110, 599 S.E.2d 206, 209 (2004).

Loyalty to a client is "impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of the lawyer's other competing responsibilities or interests." Ga. Rules of Prof'l Conduct R. 1.7 cmt. 4. Thus, if the interests of another client may impair the lawyer's independent professional judgment or in any way foreclose alternatives that would otherwise be available to the client, the lawyer is prohibited from undertaking simultaneous representation. *Id.*  That is precisely the case here - Ms. Christy's representation of Jack Jr. impairs the interests of Ms. Galardi, Ms. Christy's former client.

    B.  <u>Organization as a Client: Rule 1.13</u>

Rule 1.13 of the Georgia Rules Professional Conduct states that a "lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents."  Here, Ms. Christy assisted in her capacity as an attorney for the McBryan Firm in the representation of entities owned and operated by Ms. Galardi. At the time, Ms. Galardi was the CEO, owner, and the sponsor of the plans of reorganization for the Galardi Entities in their respective bankruptcy cases.

As it pertains to confidentiality and organizational clients, comment 2 of Rule 1.13 states:

> [2] When one of the constituents of an organizational client communicates with the organization's lawyer in that person's organizational capacity, the communication is protected by Rule 1.6. Thus, by way of example, if an organizational client requests its lawyer to investigate allegations of wrongdoing, interviews made in the course of that investigation between the lawyer and the client's employees, or other constituents are covered by Rule 1.6. This does not mean, however, that constituents of an organizational client are the clients of the lawyer. The lawyer may not disclose to such constituents information relating to the representation except for disclosures explicitly or impliedly authorized by the organizational client in order to carry out the representation or as otherwise permitted by Rule 1.6.

4

Rule 1.6 pertains to the duty of confidentiality that an attorney is required to uphold, stating that:

> A lawyer shall maintain in confidence all information gained in the professional relationship with a client, including information which the client has requested to be held inviolate or the disclosure of which would be embarrassing or would likely be detrimental to the client, unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, or are required by these rules or other law, or by order of the court.

Here, Ms. Christy is mandated to keep in confidence all information gained during her representation of the Galardi Entities. In her capacity as an attorney for the McBryan Firm, Ms. Christy attended multiple meetings with Ms. Galardi. Ms. Christy was also involved in the discussions for the plans of reorganization of the Galardi Entities, including a particular instance when Ms. Galardi was providing new value to retain her equity in the reorganized debtor entities. Indeed, in many attorney-client meetings and discussions involving Ms. Christy and Ms. Galardi, confidential information, including crucial financial data, was disclosed.

### C. Conflict of Interests Pertaining to Former Clients: Rule 1.9

Under Rule 1.6(c), "[t]he duty of confidentiality shall continue after the client-lawyer relationship has terminated," which implicates Rule 1.9, the rule addressing duties owed to former clients. Further, Rule 1.9(a) also extends the protections of Rule 1.7 to former clients and prevents switching sides in the same or a related matter. Under this rule, an attorney owes a duty of loyalty not only to his current clients, but also to his former clients and provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Ga. Rules of Prof'l Conduct R. 1.9(a). This rule prevents attorneys from acting against the interests of a former client by later representing an adverse party in a matter involving substantially the

5

same relevant facts. *In re Cabe & Cato*, 524 B.R. 870, 881 (Bankr. N.D. Ga. 2014). Thus, "[w]hen a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited." Ga. Rules of Prof'l Conduct R. 1.9(a), cmt. [2].

> [3] Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter. … [this part is cited later.]

Ga. Rules of Prof'l Conduct r. 1.9(a), cmt. [3].

In this case, Ms. Christy learned confidential information of Ms. Galardi during the course of representing the Galardi Entities., Paragraph 31 of the Adversary Complaint references an Exhibit that details the businesses of Ms. Galardi about which Jack Jr. now complains throughout his Complaint. This is adverse to Ms. Galardi. Some of those entities are in fact the Galardi Entities.

The rules of professional conduct are, in part, intended to maintain client confidences, which in turn bolsters public confidence in the way attorneys conduct their business and client expectations in seeking counsel. *See In re American Airlines*, 972 F.2d 605, 619–20 (5th Cir. 1992) ("Disqualification rules not only preserve the purity of particular trials but also unavoidably affect relationships among attorneys and clients in general. This court bars attorneys from appearing in substantially related matters not only to protect individual parties against the adverse use of information but also 'to aid the frank exchange between attorney and client.'").

    D.  <u>Disqualification under Rule 1.9(a)</u>

For client confidences to be maintained and to protect Ms. Galardi, Ms. Christy must be disqualified from "switching sides" in this related matter. Disqualification under Rule 1.9 is appropriate if the moving party establishes that: (1) the moving party and opposing counsel had a

6

prior attorney-client relationship; (2) the present matter is substantially related to the matter in which counsel previously represented the moving party; (3) the interests of the moving party and opposing counsel's current clients are materially adverse; and (4) the moving party does not consent. Ga. Rules of Prof'l Conduct R. 1.9(a).

1. **Christy and Galardi were in an Attorney-Client Relationship**

An attorney-client relationship existed between Ms. Christy and Ms. Galardi through Ms. Christy's representation of the Galardi Entities in their bankruptcy cases. Here, the conflict of interest has arisen due to the attorney-client relationship between Ms. Christy and Ms. Galardi because Geer Law, the current firm with which Ms. Christy is currently working, represents an adverse party suing her former client, Ms. Galardi. In her capacity as an attorney for the McBryan Firm, Ms. Christy was in the room and participated in discussions deeming the two to possess an attorney-client relationship.

2. **These Matters are Substantially Related**

Without more, attorney is not typically prevented from "taking employment in a case merely because [s]he previously represented an opposing party to the case." *Toole v. I.T.T. Grinnell Corp.*, 156 Ga. App. 591, 592(4), 275 S.E.2d 97, 99 (1980). An attorney is, however, "disqualified from representing a party against a former client in a matter that is 'substantially related' to the lawyer's prior representation." *Rescigno v. Vesali*, 306 Ga. App. 610, 612, 703 S.E.2d 65, 68 (2010). A subsequent case may be deemed substantially related to a prior representation if the two matters have material and logical connections. *Duvall v. Bledsoe*, 274 Ga. App. 256, 259, 617 S.E.2d 601, 605 (2005).

Matters are "substantially related" if they involve "the same transaction or legal dispute or if there otherwise is a substantial risk that confidential information as would normally have been

obtained in the prior representation would materially advance the client's position in the subsequent matter." Ga. Rules of Prof'l Conduct r. 1.9, cmt. 3.

"The circumstance of representing a client against a former client in an action that is of the same general subject matter and grows out of an event that occurred during the time of such representation, creates an impermissible appearance of impropriety." *Crawford W. Long Mem. Hosp. etc. v. Yerby*, 258 Ga. 720, 721–22, 373 S.E.2d 749, 750–51 (1988).

Here, the subject matter involved in the latter case arose out of the subject matter of the prior case; hence the two cases clearly were substantially related. Disqualification of Ms. Christy is mandatory. These two cases possess material and logical connections to one another. Further, there is a substantial risk that Ms. Christy's possession of Ms. Galardi's confidential information will materially advance Ms. Christy's current client's position in the suit against Ms. Galardi.

### 3. The Parties' Interests are Materially Adverse to One Another

Generally, parties' interests are materially adverse when "the attorney's participation in the second matter can be regarded as 'changing sides' from his position in the first." *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 2006 WL 8446247, at *3 (N.D. Ga. Dec. 28, 2006); *see also Brooks v. Quinlan*, 353 Ga. App. 573, 578, 839 S.E.2d 51, 55 (2020).

Here, Ms. Christy has literally "changed sides." Mr. McBryan of the McBryan Firm informed Mr. Geer, the opposing party's lead counsel of the said conflict. Ms. Christy has gained knowledge of specific facts from the prior representation of Ms. Galardi. Per comment 3 to Rule 1.9(a), Ms. Galardi is not required to reveal the actual information disclosed in confidential to Ms. Christy in order to establish this substantial adversity:

> In the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; on the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation. A

> former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter. A conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services.

Ga. Rules of Prof'l Conduct R. 1.9, cmt. 3.

### 4. Informed Consent Was Never Obtained By Ms. Christy

There is no consent in this case, informed or otherwise. Ms. Galardi does not consent to Ms. Christy's current representation of an opposing party and has never been asked for consent to such representation. The provisions of Rule 1.9 are for the protection of former clients and can be waived if the client gives informed consent, *in writing*. Ga. Rules of Prof'l Conduct R. 1.9(a), cmt. 9 (emphasis added). Informed consent is defined as "the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." Ga. Rules of Prof'l Conduct R. 1.0(1).

Such a writing may consist of a document executed by the client or one that the lawyer promptly records and transmits to the client following an oral consent and if it's not feasible to obtain or transmit the writing at the time the client gives informed consent, then the lawyer must obtain or transmit it within a reasonable time thereafter. See Rule 1.0(b). However,

> The requirement of a writing does not supplant the need in most cases for the lawyer to talk with the client, to explain the risks and advantages, if any, of representation burdened with a conflict of interest, as well as reasonably available alternatives, and to afford the client a reasonable opportunity to consider the risks and alternatives and to raise questions and concerns. Rather, the writing is required in order to impress upon clients the seriousness of the decision the client is being asked to make and to avoid disputes or ambiguities that might later occur in the absence of a writing.

The policy behind the exception of informed consent is explained in comment 4 to Rule 1.7:

> As a general proposition, loyalty to a client prohibits undertaking representation directly adverse to that client without that client's informed consent. Thus, a lawyer ordinarily may not act as advocate against a person the lawyer represents in some other matter, even if it is wholly unrelated. . . . Simultaneous representation in unrelated matters of clients whose interests are only generally adverse, such as competing economic enterprises, does not require informed consent of the respective clients.

Here, no informed consent has been attempted – in fact, neither Ms. Christy nor Mr. Geer made any attempt to even inform the McBryan Firm or Ms. Galardi prior to filing the Adversary Proceeding. Mr. McBryan was made aware of Ms. Christy switching sides outside of the proper means of communicating these conflicts under the Georgia Rules of Professional Conduct. Further, no such writing has been executed by the opposing parties' attorneys, which must be done after a reasonable amount of time after the conflict has come to fruition. Even if the present time were to be considered reasonable, which it is not, Ms. Galardi would not consent to Ms. Christy's representation of Jack Jr.

In summary, to maintain the duty of loyalty outlined by the Rules, Ms. Christy must be disqualified from her representation of Jack Jr., the adverse party to Ms. Galardi, in this suit There was an attorney-client relationship between the two parties based on Ms. Christy's assistance of Ms. Galardi in her capacity as an attorney for the McBryan Firm. Ms. Christy attended and participated in discussions of confidential information pertaining to this representation in the plans of reorganization of Ms. Galardi's entities. Further, these two matters are substantially related, and the parties are materially adverse to one another, as they are currently involved in litigation. There is a substantial risk that Ms. Galardi's confidential information will materially advance Ms. Christy's current client's position in the suit against Ms. Galardi. And, finally, Ms. Galardi does not consent to Ms. Christy's representation of the adverse party nor have there been any attempts by Ms. Christy or her current firm to obtain informed consent.

10

### 5. **Imputed Disqualification to Whole Firm: Rule 1.10**

Since Ms. Christy is clearly disqualified from representing the adverse party in a suit against Ms. Galardi, so too should the entire firm of Geer Law, including its principal Mr. Geer, who is imputed and must be disqualified from representing the adverse party under Rule 1.10(a).

"While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by . . . Rule 1.9." Ga. Rules of Prof'l Conduct R. 1.10. This rule imputes a lawyer's disqualification under Rule 1.9 to all other lawyers associated with that lawyer's firm; thus, any conflict of interest attributable to one attorney imputes equally to his current partners and employees. See *Rescigno*, 306 Ga. App. at 613, 703 S.E.2d at 69; *Freund v. Butterworth*, 165 F.3d 839, 863 (11th Cir. 1999), *Cox v. Am. Cast Iron Pipe Co.*, 847 F.2d 725, 729 (11th Cir. 1988); ("if one attorney in a firm has an actual conflict of interest, we impute that conflict to all the attorneys in the firm, subjecting the entire firm to disqualification").

Imputed disqualification, also referred to as "vicarious disqualification," "occurs when one attorney could handle the matter if he were a sole practitioner but is prohibited [from doing so] because of a relationship with a partner or an associate who is barred from the same representation." *Hunter, Maclean, Exley & Dunn, P.C. v. St. Simons Waterfront, LLC*, 317 Ga. App. 1, 16, 730 S.E.2d 608, 621 (2012). This Rule aims to give effect to the principle of loyalty to the client. Ga. Rules of Prof'l Conduct R. 1.10, cmt. 6. "Such situations can be considered from the premise that a firm of lawyers is essentially one lawyer for purposes of the rules governing loyalty to the client, or from the premise that each lawyer is vicariously bound by the obligation of loyalty owed by each lawyer with whom the lawyer is associated." *Id. See Hodge v. URFA-Sexton, LP*, 295 Ga. 136, 139–40, 758 S.E.2d 314, 319 (2014).

Further, "[l]aw firms have ethical duties to inform clients of decisions or circumstances with respect to which the client's informed consent is required, and if the firm fails to provide adequate notice to the client of the firm's potentially adverse interests, the firm has no argument for waiver of firm counsel's imputed conflict." *Hunter, Maclean, Exley & Dunn*, 317 Ga. App. at 19–20, 730 S.E.2d at 623.

Due to Ms. Christy's current engagement with Geer Law, the Rule 1.9 conflict of interest is inherently imputed to the entire firm. The notion that each lawyer from the firm is vicariously bound by the duty of loyalty owed by each lawyer associated therein is crucial here. Additionally, Geer Law has failed to provide adequate notice to both the McBryan Firm or Ms. Galardi, the former client, of the conflict and potentially adverse interests. Therefore, the firm possesses no valid argument for waiver of said imputed conflict.

Wherefore, Ms. Galardi prays that this Court inquire into the representation of and disqualify the attorneys for Jack Galardi, Jr. in this pending Adversary Proceeding.

    Respectfully submitted,

    **MCBRYAN, LLC**

    /s/Louis G. McBryan
    Louis G. McBryan, Ga. Bar No. 480993
    6849 Peachtree Dunwoody Road
    Building B-3, Suite 100
    Atlanta, GA 30328
    Telephone (678) 733-9322
    Facsimile (678) 498-2709
    **Attorneys for Defendant**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| **TERI G. GALARDI ,** | ) | CASE NO. 22-50035-JPS |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **JACK E. GALARDI, JR. AND** | ) | |
| **EMELITA P. SY, as the TRUSTEE of the** | ) | |
| **JACK E. GALARDI, JR. SUB-TRUST,** | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Proceeding No.  22-05008 |
| | ) | |
| v. | ) | |
| | ) | |
| **TERI G. GALARDI,** | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing **MOTION TO DISQUALIFY GEER LAW GROUP, LLC AND WILL GEER AND CECILIA J. CHRISTY** using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the following parties in this case under the Bankruptcy Court's Electronic Case Filing Program:

The following parties were served by electronic notice:

| | |
|---|---|
| **William Bussell Geer** | wgeer@geerlawgroup.com, notices@nextchapterbk.com; |
| | willgeer@ecf.courtdrive.com |
| **Garrett A. Nail** | gnail@pgnlaw.com |

This 31st day of May 2022.

                                                **McBRYAN, LLC**

                                                /s/Louis G. McBryan
                                                Louis G. McBryan, Georgia Bar No. 480993
                                                lmcbryan@mcbryanlaw.com
                                                **Attorneys for Defendant**