**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 11** |
| | ) | |
| **TERI G. GALARDI,** | ) | **CASE NO. 22-50035-JPS** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| **JACK E. GALARDI, JR. and** | ) | |
| **EMELITA P. SY, as the TRUSTEE** | ) | |
| **of the JACK E. GALARDI, JR.** | ) | |
| **SUB-TRUST** | ) | |
| | ) | |
| Plaintiffs, | ) | **Adversary Proceeding No. 22-05008** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TERI G. GALARDI,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### JACK E. GALARDI'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO ABSTAIN

COME NOW, Plaintiffs Jack. E. Galardi, Jr. ("**Jack**") and Emelita P. Sy, as the Trustee

of the Jack E. Galardi, Jr. Sub-Trust ("**Ms. Sy**") (collectively, "**Plaintiffs**"), and respond to

Defendant Teri G. Galardi's ("**Defendant**" or "**Teri**") Motion to Dismiss or, in the alternative,

Motion to Abstain (the "**Motion**") as follows[1]:

### FACTUAL BACKGROUND

Jack and Teri are siblings who share the same father, Jack Galardi, but not the same mother

and whose age difference is significant. Teri, through her counsel in the Nevada State Court

---

[1] Defined terms in this Response have the same meaning as the terms defined in Plaintiffs' Complaint.

Action, stated that Jack has Asperger's Syndrome and "lacks the kind of life skills that would permit him to care for and make decisions for himself."

Jack Galardi provided for Jack in his revocable living trust, JEG Family Trust, which was amended and restated on August 16, 2012 (the "**JEG Family Trust**").  Upon his passing, Teri was to serve as the successor trustee of the JEG Family Trust. In that role, the JEG Family Trust directed her to divide the JEG Family Trust into two shares – Seventy-five percent (75%) to the Teri Galardi Sub-Trust (the "**Teri SubTrust**") and twenty-five percent (25%) to the Jack Galardi, Jr. SubTrust (the "**JGJ SubTrust**"). Teri was named the trustee of the JGJ SubTrust. Jack is the sole beneficiary of the JGJ SubTrust.

When Teri funded the JGJ SubTrust in 2015, its share was to be $8,630,635. The JEG Family Trust general ledger indicated that the actual net value of these allocated assets was $6,693,388.60. To fully fund the JGJ SubTrust, Teri as the trustee of her subtrust, executed an unsecured promissory note in favor of the JGJ SubTrust guaranteed by Teri, individually, in the amount of $1,688,742 (the "**Teri Note**").

She also placed Jack Galardi's residence into the JGJ SubTrust which had a value of $2,000,000 and was encumbered by a secured mortgage of $1,330,451 (the "**Residence**"). The mortgage created another gap in funding value, so Teri, individually, assumed the mortgage and paid the mortgage payments for the Residence (the "**Mortgage Assumption**"). Jack continues to live in the Residence.

During her tenure as the subtrustee of the JGJ SubTrust, Teri intentionally and willfully breached her fiduciary duties to the JGJ SubTrust and, by extension, to Jack.

On September 19, 2018, Jack filed in the District Court, Clark County, Nevada a Petition to Allow the Court to Take Jurisdiction Over the Trust; and Request for Removal of Named

Successor Trustee (the "**Petition**") (the "**Nevada State Court Action**"). Teri filed an Objection to the Petition on October 4, 2018 (the "**Response**"). On November 2, 2018, the Nevada State Court held a hearing on the Petition. On December 10, 2018, that court entered an Order requiring Teri to provide an accounting of the funding of the JGJ SubTrust within thirty days (the "Accounting Order").

Teri failed to provide the full accounting as ordered. On September 27, 2019, Jack and Teri stipulated and agreed that Ms. Sy would replace Teri as the trustee for the JGJ SubTrust (the "**Removal Stipulation**"). The Nevada State Court entered an order stating that it would retain jurisdiction over the trust and Teri for any actions taken by her when acting as the successor trustee to the JGJ SubTrust (the "**Removal Order**"). A true and correct copy of the Removal Order and Removal Stipulation is attached hereto as Exhibit A.

The Petition alleged that Teri's actions and failure to act in funding the JGJ SubTrust constituted a breach of her fiduciary duty. Teri failed to raise the affirmative defense of the expiration of the statute of limitations in the Nevada State Court Action, and she also failed to comply with Nevada Court's Accounting Order.

On January 12, 2021, Jack filed a Petition for Recovery of Assets from Teri Galardi, Co-Beneficiary of the JGJ Trust (the "**Recovery Petition**") asserting that Teri, amongst other things, failed to properly fund the JGJ Trust; took inequitable distributions during the funding of the Galardi Family Trust; allocated estate taxes on assets to her benefit and to the detriment of Jack and the JGJ SubTrust; and failed to disclose certain secured claims against assets she used to fund the JGJ SubTrust. On March 24, 2021, Teri filed a Motion to Dismiss the Petition. Jack filed a Response to the Motion to Dismiss on May 12, 2021. On March 10, 2022, Jack filed a Petition to Enforce Court Order to Account.

Two and a half years after Jack initiated his state court action against Teri, she raised the statute of limitations as a defense to Nevada State Court Action. Jack responded that Teri had waived the affirmative defense by waiting so long to raise it.

In the Nevada State Court Action, Jack and Teri now have stipulated that three years is the applicable statute of limitations period under N.R.S. § 11.190(3)(d) for the fraud and defalcation claims against Teri for breach of her fiduciary duties as the trustee of the JGJ SubTrust. This statute provides that the period begins running from the date the aggrieved party discovered the facts constituting the fraud. The parties disagree on the date of discovery.

The Nevada State Court entered an Order dated November 15, 2021 finding that additional briefing from Jack and Teri was required to "clarify dates and facts to allow a proper ruling" on the statute of limitations issue. The Court has not ruled on this issue.

Prior to filing this adversary proceeding, counsel for Jack asked counsel for Teri to stipulate to the nondischargeability of the debt owed by Teri to Jack. Counsel for Teri declined.

## ARGUMENT AND CITATION TO AUTHORITY

### I.     Introduction

Teri's Motion seeks dismissal of Plaintiffs' Complaint for a Determination that Debt is Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(6), § 523(a)(4), and § 523(a)(2)(A) (the "Complaint") under Federal Rules of Civil Procedure 8(a)(2), 10(b), and 12(b)(6).   In the alternative, Teri asks the Court to abstain from adjudicating the Complaint, because the claims in the Complaint are based upon Nevada state law causes of action. Because Teri's Motion attempts to conflate all Teri's conduct into one amorphous category that she claims should be either dismissed or subject to abstention, Jack submits this short summary of the claims against Teri:

| Conduct/Claim | Statute of Limitation Issue | Dischargeability Statute |
|---|---|---|
| The Teri Note and the Mortgage Assumption. | No issue as to statute of limitations. | 523(a)(4); 523(a)(6), and 523(a)(2)(a). |
| Jack's allegations that Teri had, among other thingfs, not fully funded the subtrust, had sold subtrust property at a loss, had funded the subtrust with encumbered property, and had taken distributions from the subtrust for her personal use. (the "**Nevada Claims**") | Teri asserts that Jack's claims for breach of fiduciary duty and fraud under Nevada state law are barred by the applicable statute of limitations. Jack asserts the the applicable SOL has not passed and addresses the issue below. | 523(a)(4); 523(a)(6), and 523(a)(2)(a). |

The Court should deny the Motion to dismiss because the Complaint is not a "shotgun pleading." The Complaint does state a claim upon which relief can be granted as the only statute of limitations that applies to the issue of dischargeability is Federal Rule of Bankruptcy Procedure 4007(c). It is not apparent from the Complaint itself that Teri intends to assert a statute of limitations affirmative defense. The Court also should deny the alternative Motion for abstention as the dischargeability claims asserted in the Complaint are core proceedings and liquidating the underlying claims is integral to the dischargeability adjudication. Further, the dischargeability claims are clearly within the Court's jurisdiction, are core matters, and are most appropriately adjudicated in the bankruptcy court.

## II.      The Court Should Deny Teri's Motion to Dismiss.[2]

### A.  The Complaint Satisfies the Pleading Standards of Rule 8 and Rule 10.

Federal Rule of Civil Procedure 8 ("Rule 8") provides that a pleading must contain "a short and plain statement of the claim that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10 ("Rule 10") states that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The pleadings are construed broadly, and ... allegations in the complaint are viewed in the light most favorable to the plaintiff." *Watts v. Florida Int'l University,* 495 F.3d 1289, 1295 (11th Cir. 2007) (internal citations omitted).  Moreover, when a complaint makes detailed factual allegations, it is not a "shotgun pleading." *In re Jaime Torres Sports Management, Inc.*, 2015 WL 13186218, at *2 (Bankr. S.D. Fla. July 6, 2015) (detailed factual allegations of complaint satisfied pleading standards and was not a "shotgun pleading").

The Eleventh Circuit Court of Appeals has stated that when the allegations of each count are "not rolled into every successive count on down the line," the complaint is not a "shotgun pleading." *Weiland v. Palm Beach County Sheriff's Office,* 792 F.3d 1313, 1324 (11th Cir. 2015).

---

[2] Teri attached two exhibits to her Motion which Plaintiffs did not include in their Complaint. The Court cannot consider documents outside of the Complaint in deciding the Motion to Dismiss.

The Court also explained that when a complaint organizes the factual allegations preceding the counts in a manner that adequately puts the defendant on notice of the specific claims against them, the complaint is not a "shotgun pleading." *Id.* at 1325. "A dismissal under Rules 8(a)(2) and 10(b) is appropriate where 'it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* (quoting *Anderson,* 77 F.3d at 366) (emphasis in original).

In this matter, Plaintiffs' Complaint satisfies the statutory pleading standards and falls soundly within the Eleventh Circuit's analysis, defeating Teri's arguments for dismissal for the following reasons.

First, contrary to Teri's assertion, each count in the Complaint does not adopt the "allegations of all preceding counts." *Motion*, at 7. The Complaint consists of 3 counts. Count I is a claim for relief under 11 U.S.C. § 523(a)(4) in paragraphs 63-80 of the Complaint. Count II is a claim for relief under 11 U.S.C. § 523(a)(6) in paragraphs 81-88 of the Complaint. Count III is a claim for relief under 11 U.S.C. § 523(a)(2)(A) in paragraphs 89-97 of the Complaint. None of the 3 counts incorporate or adopt the allegations contained in one or more of the other counts. *See Complaint* ¶¶ 63, 81, 89. "The allegations of each count are not rolled into every successive count on down the line." *Weiland,* at 1324. Thus, the Complaint is not a "shotgun pleading" subject to dismissal under Rule 8.

Second, the Complaint is not "replete with conclusory, vague, and immaterial facts not obviously connected" to the cause of action. *Motion* at 7. The factual allegations in the Complaint are organized in a manner approved by the Eleventh Circuit in *Weiland.* The Complaint proceeds chronologically from the formation of the JGJ Subtrust, Teri's funding of it, Teri's funding of her subtrust, Teri's fiduciary duties as the trustee of the JGJ SubTrust, Teri's factual assertions regarding Jack's health, and through the Nevada State Court Action. The facts are not vague or

conclusory or immaterial, but intentionally and succinctly drafted to put Teri on notice of Plaintiffs' claims against her. Therefore, the Complaint complies with the Eleventh Circuit's requirements and is not a "shotgun pleading."

Third, Teri also contends that the additional facts in Complaint paragraphs 68, 70, 71, 72 are conclusory and immaterial. The allegations in these paragraphs, however, establish the duty Teri had to JGJ Subtrust as the trustee and to Jack as the sole beneficiary. The other paragraphs that Teri contends are conclusory and immaterial in the Complaint are recitations of § 523 and citations to clarifying authority for each cause of action under § 523(a). *Complaint* ¶¶ paragraphs 82, 83, 90, and 91. These paragraphs certainly are material to the claims asserted by Plaintiffs in Counts I, II, and III. Thus, Teri's argument fails.

In sum, Plaintiffs' Complaint meets the pleading standards of Rule 8 and Rule 10. The Complaint also satisfies the Eleventh Circuit's requirements for pleading. It is not a "shotgun pleading" and states with clarity the facts to support the relief sought under § 523(a). Thus, the Court should deny Teri's Motion to Dismiss under Rule 8 and Rule 10.

## B. The Complaint States Claims Upon Which Relief Can Be Granted.

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6"), the Court must accept the facts pled in the complaint as true and construe them in the light most favorable to the plaintiff. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); and *Kwok v. Delta Air Lines Inc.*, 994 F. Supp. 2d 1290, 1292 (N.D. Ga. 2014). Teri argues that Jack's claims are barred as the statute of limitations has run on the claims he asserts under § 523(a).

A statute of limitations bar is an affirmative defense that plaintiffs "are not required to negate" in their complaint. *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718

(7th Cir.1993). A dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

Pursuant to Federal Rule of Bankruptcy Procedure 4007(c), a complaint to determine the dischargeability of a debt under § 523 "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). As many courts have held, "the only limitations period applicable to the issue of dischargeability is the requirement of Bankruptcy Rule 4007(c) . . . ." *In re May,* 2006 WL 5940803, at *4 (Bankr. N.D. Ga. Sept. 29, 2006) (citing cases). Teri does not allege that Plaintiffs filed their Complaint in violation of Rule 4007(c). She does argue that the state statute of limitations for breach of fiduciary duty and fraud have run, thereby barring Plaintiffs' claims.

In the § 523(a) context, the applicable statute of limitations analysis for the underlying claims was first enunciated by the Tenth Circuit Court of Appeals in *Resolution Tr, Corp. v. McKendry (In re McKendry),* 40 F.3d 331 (10th Cir. 1994). This analysis requires two steps: first, "the establishment of the debt itself, which is subject to the applicable state statute of limitations; and second, a determination as to the nature of that debt, an issue within the jurisdiction of the bankruptcy court and thus governed by Bankruptcy Rule 4007." *Id.* at 337. *See also Hurston v. Anzo (In re Anzo),* 547 B.R. 454, 464 (Bankr. N.D. Ga. 2016) (J., Sacca).

Because these two steps are intertwined, numerous circuit courts have found that "bankruptcy court, in addition to declaring a debt nondischargeable, has jurisdiction to liquidate the debt and enter a monetary judgment against the debtor." *Morrison v. W. Builders of Amarillo, Inc.* (*In re Morrison*), 555 F.3d 473, 478 (5th Cir. 2009); *Johnson v. Riebesell* (*In re Riebesell*), 586 F.3d 782, 793 (10th Cir. 2009); *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1017–

18 (9th Cir.1997); *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 965–66 (6th Cir.1993); *Abramowitz v. Palmer,* 999 F.2d 1274, 1278–79 (8th Cir.1993); *N.I.S. Corp. v. Hallahan (In re Hallahan*), 936 F.2d 1496, 1508 (7th Cir.1991).

In the Northern District of Georgia, Judge Diehl held that bankruptcy courts have the authority to liquidate debts and enter final monetary judgments on damages in a dischargeability action because "(i) "determination of the debt lies within the equitable jurisdiction of the bankruptcy court," (ii) a debtor "by filing bankruptcy has consented to jurisdiction of the bankruptcy court over matters necessary to the determination of adversarial [sic] proceedings," and (iii) interests in judicial economy and efficiency empower a bankruptcy court to "settle both the dischargeability of the debt and the amount of the monetary judgment." *In re Tamri,* 2017 WL 4325564, at *4 (Bankr. N.D. Ga. Sept.27, 2017) (citations omitted).

As discussed below, "entering a judgment liquidating the non-dischargeable claims is statutorily "core" under 28 U.S.C. § 157." *In re Dambowsky*, 526 B.R. 590, 606 (Bankr. M.D.N.C. 2015). The bankruptcy courts have statutory authority to hear and determine the amount and extent of any claims asserted to be non-dischargeable. *Id.*

A debt is defined in the bankruptcy context as "liability on a claim." 11 U.S.C. § 101(12). Claim means the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . ." 11 U.S.C. § 101(5)(A).

In this case, Plaintiffs' claims fall into two categories or traunches: the Teri Note and Mortgage Assumption in one category and the Nevada Claims - the claims against Teri that Jack asserts in the January 12, 2021 Recovery Petition for Teri's breach of fiduciary duty and fraud under Nevada state law.

### 1. The Teri Note

The first step in the analysis under *McKendry* is to establish the debt owed under the Teri Note. Teri's debt to Plaintiffs arising under the Teri Note is established by its terms. Plaintiffs are not required to file a state court lawsuit against Teri to determine the amount of the debt owed to them under the Teri Note. A mathematical computation will establish the remaining balance Teri owes. As a result, no statute of limitations is applicable to the debt established by the Teri Note.

Also, Teri scheduled this debt in her Schedules with a value of $1,688,742 [Docket 34]. Ms. Sy filed a proof of claim for this debt which attaches the Teri Note and gives the principal amount of the debt as $1,053,191.20 [Proof of Claim 113]. And, the Complaint details the terms of the Teri Note. *Complaint* ¶¶ 28, 34. Therefore, on the face of the Complaint, Plaintiffs' claim for this debt under the Teri Note is not time barred.

The second step under *McKendry* is the determination of whether the debt is dischargeable. *Anzo,* 547 B.R. at 464. After the debt is established, the bankruptcy court is barred from considering the state statute of limitations in determining whether the debt is dischargeable. *Id.* As stated above, Plaintiffs filed this adversary proceeding timely, and this Court has clear jurisdiction to decide whether Teri can discharge her obligations under the Teri Note. Jack asserts that a trustee of a trust can never discharge a debt she owes to the trust under 523(a)(4). Thus, Plaintiffs Count I claim is not time-barred and the Complaint states a claim upon which relief can be granted as to the nondischargeability of debt evidenced by the Teri Note.

### 2. The Mortgage Assumption

As with the Teri Note, the first step in the analysis under *McKendry* is to establish the debt owed under the Mortgage Assumption. Teri's debt to Plaintiffs arising under the Mortgage

Assumption is established by its terms. Plaintiffs are not required to file a state court lawsuit against Teri to determine the amount of the debt owed to them under the Mortgage Assumption. A mathematical computation will establish the remaining balance Teri owes. As a result, no statute of limitations is applicable to the debt established by the Mortgage Assumption.

Ms. Sy filed a proof of claim in the amount of $843,509.20 which represents the amount due and owing on the secured mortgage loan on the Residence [Proof of Claim 112]. Teri personally assumed this debt to fully fund the JGJ SubTrust.

Prior to her bankruptcy filing, Teri was paying the mortgage loan. A review of her schedules does not appear to include this debt [Docket 34]. The Complaint details this debt in paragraphs 28, 77, and 86. Thus, on the face of the Complaint, Plaintiffs' claim for this debt is not time barred.

The second step under *McKendry* is the determination of whether the debt is dischargeable. *Anzo,* 547 B.R. at 464. After the debt is established, the bankruptcy court is barred from considering the state statute of limitations in determining whether the debt is dischargeable. *Id.* As stated above, Plaintiffs filed this adversary proceeding timely, and the Court has unquestionable jurisdiction to determine the dischargeability of Teri's obligations under the Mortgage Assumption. Jack asserts that a trustee of a trust can never discharge a debt she owes to the trust under 523(a)(4). Thus, Plaintiffs Count I claim is not time-barred and the Complaint states a claim upon which relief can be granted as to the nondischargeability of debt evidenced by the Mortgage Assumption.

### 3. Nevada Claims

The first step regarding the Nevada Claims is also to establish the debt owed as a result of Teri's breach of her fiduciary duties and fraud to Plaintiffs.

With regard to the remaining claims for Teri's breach of her fiduciary duties, Teri asserts that the three-year statute of limitations agreed upon by the parties in the Nevada State Court Action expired in November 2017. Teri is incorrect in this assertion. The parties in the Nevada State Court Action entered into a stipulation agreeing that the statute of limitations for Teri's breach of fiduciary duties is three years. The parties, however, did not agree on the discovery date of the breach that would trigger the running of the statute of limitations. Neither of the proposed dates would result in an expiration of November 2017 as stated by Teri here. In fact, the Nevada State Court in its Order dated November 15, 2021 specifically asked for the parties to submit briefs on the issue of when the statute should begin running.

In her Motion, Teri asserts that the Nevada State Court made statements in a June 2021 hearing about Teri's assertion of the statute of limitations as an affirmative defense and Jack's assertion that Teri waived that defense. Teri has not produced any evidence of those purported comments and the court did not enter any notes or an order on the docket other than the November 15, 2021 Removal Order and Removal Stipulation which expressly does not confirm Teri's contentions..

Lastly, in her Motion to Dismiss Jack's second Recovery Petition, Teri raised for the first time the statute of limitations as an affirmative defense. Jack countered in his response that Teri had waived this affirmative defense by not raising it in her first responsive pleading in October 2018 or at some point during the ensuing almost three-year period. The court did not rule on the waiver issue.

Nevada Rules of Civil Procedure 8(c) provides, "[i]n pleading to a preceding pleading, a party shall set forth affirmatively. . . statute of limitations. . .and any other matter constituting an avoidance or affirmative defense."[3] "Failure to timely assert an affirmative defense may operate as a waiver if the opposing party is not given reasonable notice and an opportunity to respond." *Williams v. Cottonwood Cove Dev. Co.,* 619 P.2d 1219, 1221 (Nev. 1980) (citing *Schwartz v. Schwartz,* 591 P.2d 1137, 1140 (Nev. 1979)). Put simply, "[a]n affirmative defense not pleaded in the answer is waived." *State, Univ. and Cmty. Coll. Sys. v. Sutton,* 103 P.3d 8, 18 (Nev. 2004) (citing *Tobler & Oliver Constr. v. Nev. St. Bank,* 510 P.2d 1364, 1365 (Nev. 1973)).

Jack filed his initial petition on September 18, 2018. Teri answered his petition on October 4, 2018 with an eight page pleading. In her answer, she only prayed that "[t]he Court should deny [Jack's] request." *Teri's Response,* p. 8. At that time, she should and could have raised the statute of limitations as an affirmative defense, but she failed to do so. She had ample notice and an opportunity to raise this defense: multiple hearings were held and multiple court orders were filed between the time the initial Petition was filed (2018) and her motion to dismiss was filed (2021). Instead, she waited until March, 24, 2021—two and a half years after the initial Petition was filed. Based upon this timeline and the activity in the Nevada State Court Action, this Court should find that Teri waived her affirmative defense of statute of limitations.

Therefore, on the face of the Complaint, Plaintiffs' claims breach of fiduciary duties are not time-barred and the statute of limitations does not apply to the debt analysis. The Court can adjudicate Plaintiffs' Nevada Claims under Count I, Counts II and III.

---

[3] At the time the court action began, the 1986 Nevada Rules of Civil Procedure were in effect.

The second step under *McKendry* is the determination of whether the debt is dischargeable. *Anzo,* 547 B.R. at 464. Because there is no statute of limitations to consider regarding the Nevada Claims, the court must look only to whether this adversary proceeding was filed timely in determining whether the debt is dischargeable. *Id.* Plaintiffs did file this adversary proceeding timely. Thus, the Nevada Claims are not time-barred and the Complaint states a claim upon which relief can be granted as to the nondischargeability of debt evidenced by Teri's breach of her fiduciary duties.

III.     **The Court Should Not Abstain from Adjudicating the Adversary Proceeding.**

"The doctrine of abstention is an 'extraordinary and narrow exception' to a federal court's strict duty to adjudicate a controversy properly before it and it 'may be invoked only in those 'exceptional circumstances' in which surrendering jurisdiction 'would clearly serve an important countervailing interest.'" *Van–Voegler v. Myrtle (In re Myrtle),* 500 B.R. 441, 446 (Bankr. W.D. Va. 2013) (citing *Int'l Coll. of Surgeons v. Chicago,* 153 F.3d 356, 360 (7th Cir.1998)). This adversary proceeding presents a unique situation with a claim for nondischargeability of a debt that involves liquidating the underlying claim giving rise to the debt.

28 U.S.C. § 1334(b) creates jurisdiction in this Court in three categories of proceedings: those that "arise under title 11," those that "arise in cases under title 11," and those "related to cases under title 11." 28 U.S.C. § 1334(b). The Court's jurisdiction is "derivative of and dependent upon these three bases." *Celotex Corp. v. Edwards,* 514 U.S. 300, 307 (1995).

This case did not arise under title 11, but it arises in a case under title 11 since it involves a matter that could arise only in a bankruptcy case – dischargeability. *See In re Toledo,* 170 F.3d 1340, 1344-45 (11th Cir. 1999). "The ultimate issue of dischargeability is a legal question to be

addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability." *In re St. Laurent,* 991 F.2d 672, 675 (11th Cir. 1993).

With regard to the underlying causes of action in the Nevada Claims, the Court has jurisdiction over these issues under the "related to" category. "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 788 (11th Cir. 1990) (quoting cases). The Court's determination of the amount of these claims will affect Teri's liabilities and the provisions of any liquidation or reorganization plan.

The next determination is whether the Complaint is a core or non-core proceeding. Pursuant to 28 U.S.C. § 157(b)(2)(I), "determinations as to the dischargeability of particular debt" is a core proceeding. Section 157(b)(2)(B) provides that "allowance or disallowance of claims against the estate . . ." is a core proceeding. 28 U.S.C. § 157(b)(2)(B). Section 157(b)(3) states that the Court "shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by state law."

Because liquidation of a claim is integral to the determination of the non-dischargeability of that claim, "the liquidation of the claim is tied to the core jurisdiction of the bankruptcy court as well because the dispute and its complete resolution invoke the court's equitable jurisdiction. *See Dragisic v. Boricich,* 464 B.R. 335 (Bankr. N.D. Ill. 2011); *In re Carroll,* 464 B.R. 293 (Bankr. N.D. Tex. 2011); *see also Stern v. Marshall,* 131 S. Ct. 2594, 2618 (2011) (the

bankruptcy court's jurisdiction extends to actions that "would necessarily be resolved in the claims allowance process")." *In re Neves*, 500 B.R. 651, 659–60 (Bankr. S.D. Fla. 2013).

Thus, Plaintiffs' requests for the Court to determine that Counts I, II, and III are not dischargeable and for the Court to determine the amount of the Nevada Claims against Teri are core proceedings.

### A. The Court Cannot Exercise Mandatory Abstention.

Teri asks the Court to abstain from adjudicating the three counts in the Complaint under 28 U.S.C. § 1334(c)(2). Section 1334(c)(2) provides for mandatory abstention when a proceeding is based on a state law claim; lacks federal jurisdiction absent the bankruptcy; is commenced in a state forum of appropriate jurisdiction; is capable of timely adjudication; and is a non-core proceeding. *Giese v. Lexington v. Lexington Coal Co. (In re HNRC Dissolution Co.),* 585 B.R. 837, 844 (B.A.P. 6th Cir. 2018).

Here, the underlying claims in this dischargeability action are based on state law and the Nevada State Court Action is pending. This adversary proceeding, however, is a core proceeding and this Court has exclusive jurisdiction to adjudicate the dischargeability claims. The determination of whether a claim is non-dischargeable is a core matter. 28 U.S.C. § 157(b)(I); *see also In re Neves*, 500 B.R. 651, 659–60 (Bankr. S.D. Fla. 2013). Further, the Court also has subject matter jurisdiction and constitutional authority to liquidate claims in a dischargeability action. *In re Dambowsky,* 526 B.R. 590, 604-05 (Bankr. M.D.N.C. 2015). The Court's entry of a judgment liquidating the non-dischargeable claims is "statutorily core under 28 U.S.C. § 157." *Id.* at 606. As a result, mandatory abstention is not applicable. The Court must deny Teri's Motion to Abstain under § 1334(c)(2).

### B.  The Court Should Not Grant Teri's Request for Permissive Abstention.

28 U.S.C. § 1334(c)(1) allows the Court to permissively abstain from hearing a proceeding "arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Generally, bankruptcy courts may abstain when it "best serves the interest of justice, judicial economy, or comity with state courts." *Montoya v. Curtis (In re Cashco, Inc.)*, 614 B.R. 715, 725 (Bankr. D. N.M. 2020).

Judicial economy concerns do not weigh against this Court issuing a final judgment in this case; any underlying state law issues are not complicated; and judicial economy is favored by the Court retaining the case since dischargeability is in the exclusive province of this Court. Abstaining will result in the case returning to this Court on the dischargeability issues. The bankruptcy court has the statutory duty and exclusive jurisdiction to make the determination of whether Plaintiffs' claims are dischargeable. *Dambowsky*, 526 B.R. at 607–08.

In her Motion, Teri addresses fourteen factors that the Court may consider in its permissive abstention determination.  Plaintiffs will counter her arguments and show that twelve of the fourteen factors weigh against abstention.

### 1.  Abstention Will not Have an Adverse Effect on the Efficient Administration of the Bankruptcy Estate.

Abstention will have an adverse effect on the efficient administration of Teri's bankruptcy estate. At this point, Plaintiffs do not know if Teri will implement a reorganization plan or a liquidation plan, but neither will likely pay Plaintiffs' claim in full.  The Complaint seeks a determination regarding the dischargeability of Plaintiffs' debts. The Nevada State Court cannot make that decision, which means this Court would need to toll or stay this action while that court

liquidated Plaintiffs' Nevada Claims. Plaintiffs' debt under the Teri Note and the Mortgage Assumption are liquidated. Abstention will negatively impact the administration of this estate.

### 2.   State Law Issues Do Not Predominate Over Bankruptcy Issues.

State law is not involved with the dischargeability claims or the Teri Note or the Mortgage Assumption. Bankruptcy issues clearly dominate this case.

### 3.   The Applicable State Law Issues Are Not Difficult.

The state law issue – the Nevada Claims – can be resolved easily by this Court.

### 4.   The Related Proceeding Is Pending.

The Nevada State Court Action has been pending since September 2018 without resolution. This Court can adjudicate the issues much quicker than the State Court.

### 5.   There is a Jurisdictional Basis Outside of § 1334.

As explained above, the claims in this adversary proceeding are core under 28 U.S.C. § 157. Teri's contention that this proceeding is not a core proceeding is disingenuous.

### 6.   The Nevada Claims are Related to the Main Bankruptcy Case.

This Court has jurisdiction over the debts owed under the Teri Note and under the Mortgage Assumption and the determination of dischargeability. The Nevada Claims are also nondischargeable under all three Counts. But for Teri's bankruptcy filing, Plaintiffs would not need to seek nondischargeability of these debts.

### 7.   The Substance Rather Than the Form of an Asserted Core Proceeding.

The dischargeability claims are core proceedings as well as the underlying claims. The underlying claims speak to over $2,000,000 in debt owed by Teri to Plaintiffs.

**8.   The Feasibility of Severing State Law Claims from Core Bankruptcy Matters to Allow Judgments to Be Entered in State Court with Enforcement Left to The Bankruptcy Court.**

As discussed above, the dischargeablitiy of the claims is intertwined with the liquidation of the claims. If the Court abstains, the claims will come back to the Court for it to determine dischargeability. If the Court retains the matter, the Court will resolve all the issues at one time in this one proceeding.

**9.   The Burden on the Bankruptcy Court's Docket.**

This factor is neutral as to both courts

**10.  The Likelihood that the Commencement of the Proceeding in Bankruptcy Court Involves Forum Shopping by One of the Parties.**

Plaintiffs are not forum shopping as the only Court that can hear the dischargeability claims is this Court.

**11. The Existence of a Right to a Jury Trial.**

This factor is not applicable.

**12. The Presence in the Proceeding of Non-Debtor Parties.**

This factor is not applicable.

**13. Comity.**

Again, this Court has exclusive jurisdiction over dischargeability claims.

**14. The Possibility of Prejudice to Other Parties in the Action.**

There is no prejudice to Teri if the Court retains the case, because the issues go to the heart of her potential plan provisions. Abstaining from the case only delays this Court's involvement.

These factors indicate that the Court should not permissively abstain from deciding the adversary proceeding. The interests in this bankruptcy case and the interests of Plaintiffs should prevent the Court from surrendering jurisdiction to the Nevada State Court only to have the claims return to this Court for adjudication on dischargeability.

## IV.    MS. SY DID NOT WAIVE HER RIGHT TO ASSERT THE CLAIMS IN COUNTS I, II, AND III AGAINST TERI.

Teri asserts in the Motion that Ms. Sy in the Nevada State Court Action waived her right to assert claims against Teri. That is not the case.

Jack is the sole beneficiary of the JGJ Trust. Ms. Sy's duties as the trustee of the JGJ Trust are to act in the best interests of the JGJ Trust and to act for the benefit of the JGJ Trust, which means she is acting in the best interests of Jack. To have Teri removed as the trustee of the JGJ Trust, Jack "waives any right to demand EMELITA P. SY, as Successor Trustee to audit or investigate the accounts or administration of the prior trustee as stated in Article 7.3 of said trust." *Complaint,* Exh. B Stipulation and Order Re: Petition for Removal of Teri Galardi, Successor Trustee, ¶ 6.

Article 7.3 dictates that the successor trustee shall not be liable for the "acts, omissions, or default of a prior Trustee." And, unless the beneficiary of the trust requests an audit or investigation in writing within sixty days of appointment, the successor trustee shall not have a duty to audit or investigate the accounts or administration of the prior trustee. *Complaint,* Exh. A The Total Amendment and Restatement of the JEG Family Trust, Art. 7.3.

Jack personally waived his right to make this demand of Ms. Sy. Ms. Sy, however, in her capacity as the JGJ Trust trustee made the independent decision to bring the § 523 claims against Teri based on the facts and the accounting that already exist. Further, Jack did not waive his

individual right as a beneficiary to audit or investigate Teri's actions as the former trustee of the JGJ Trust. The § 523(a)(4), § 523(a)(6), and § 523(a)(2)(A) counts are supported by the actions taken and misrepresentations made by Teri when she was the trustee of the JGJ Trust as evidenced by the known facts when Plaintiffs initiated this adversary proceeding.

## V.    CONCLUSION

Plaintiffs' Complaint is not a "shotgun pleading" and does not reallege and incorporate the paragraphs from the preceding counts. The Complaint satisfies the pleading requirements in Rule 8 and Rule 10. It also states a claim upon which relief can be granted pursuant to Rule 12(b)(6). Teri did not assert the statute of limitations affirmative defense timely for the breach of fiduciary duty claim and therefore waived it. The debt under the     Teri Note and the Residence mortgage assumption are established debts. Each of the claims under all three Counts are not dischargeable. The Court has jurisdiction and authority to determine the underlying claims as they are core proceedings when intertwined with nondischargeability claims.

Mandatory abstention is not available since the adversary proceeding is a core proceeding. The Court should not permissively abstain from deciding the adversary proceeding because it is a core proceeding, the Court has exclusive jurisdiction over the dischargeability claims, and the Court has the authority to liquidate the Nevada Claims.

Wherefore, Plaintiffs respectfully ask the Court to deny Teri's Motion in full, and, in the alternative, should the Court grant the Motion to Dismiss, grant leave to Plaintiffs to amend the Complaint, and grant such other relief to Plaintiffs as the Court deems just and proper.

This 23rd day of June 2022.

[signatures on following page]

/s/Will Geer_____
Will Geer
Georgia Bar No. 940493
Rountree, Leitman, Klein & Geer, LLC
Century Plaza
2987 Clairmont Road
Suite 350
Atlanta, Georgia 30329
T: 404-856-0540
F: 404-310-3371
wgeer@rlkglaw.com
*Attorneys for Plaintiffs*


/s/ Garrett Nail
Will Geer
Georgia Bar No. 997924
Portnoy, Garner & Nail, LLC
3350 Riverwood Parkway, Suite 460
Atlanta, Georgia 30339
Telephone: (404) 688-8800
Facsimile: (678) 214-2313
Email:  gnail@pgnlaw.com
**Attorney for JGJ Subtrust**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CHAPTER 11** |
| **TERI G. GALARDI,** | ) | **CASE NO. 22-50035-JPS** |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **JACK E. GALARDI, JR. AND** | ) | |
| **EMELITA P. SY, as the TRUSTEE of the** | ) | |
| **JACK E. GALARDI, JR. SUB-TRUST,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ADVERSARY PROCEEDING** |
| | ) | **NO. 22-05008** |
| **TERI G. GALARDI,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2022 I electronically filed JACK E. GALARDI'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO ABSTAIN with the Clerk of Court using the CM/ECF system, which will provide electronic notice to the following parties:

- **Will Bussell Geer**    wgeer@rlkglaw.com, notices@nextchapterbk.com;willgeer@ecf.courtdrive.com
- **Louis G. McBryan**    lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**    gnail@pgnlaw.com

This 23rd day of June, 2022.

Rountree, Leitman, Klein & Geer LLC

 /s/ Will B. Geer
_____
Will B. Geer, GA Bar Number 940493
Century Plaza I
2987 Clairmont Road, Suite 350

Atlanta, Georgia 30329
(404) 584-1244 Telephone
(404) 581-5038 Facsimile
wgeer@rlkglaw.com