# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| TERI G. GALARDI, | ) | CASE NO. 22-50035-JPS |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JACK E. GALARDI, JR. AND | ) | |
| EMELITA P. SY, as the TRUSTEE of the | ) | |
| JACK E. GALARDI, JR. SUB-TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Proceeding No. 22-05008 |
| | ) | |
| v. | ) | |
| | ) | |
| TERI G. GALARDI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO JACK E. GALARDI JR'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO ABSTAIN**

Plaintiffs filed their Jack E. Galardi Jr.'s Response to Defendant's Motion to Dismiss, or in the alternative Motion to Abstain (the "Response") [Docket No. 11]. The gravamen of Plaintiff's Response seems to be that 1) the Complaint is not a shotgun pleading and 2) the statute of limitations does not apply. For purposes of a motion to dismiss the Court should consider as true well plead facts.[1] The Court may consider documents attached to the Motion to Dismiss that the Plaintiff refers to in the Complaint, that is central to the Plaintiff's claim, and whose contents are not in dispute, and that are attached to the motion to dismiss. *Gamache v Hogue,* 446 F. Supp.3d

---

[1] For purposes of this motion only, the "well-pleaded factual allegations" in the Complaint accepted as true. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010). Plaintiffs' bald assertions and "legal conclusions," which are not "well-pleaded facts," are disregarded on a motion to dismiss. Id. (quotation marks omitted); see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

1315, n.1.(M.D.Ga. 2020). In this case, Plaintiffs cite often to the Nevada case, and thus such documents are relevant to the Complaint and the motion to dismiss.

Plaintiffs make note that all of their claims under §§523(a)(2)(4) and (6) rely on the same facts. As they correctly point out, they only incorporated by reference ¶¶ 1 through 62 for each count, and the remaining paragraphs of each count are the recitation of the code sections or conclusory statements. But these claims under these Bankruptcy code sections are still based upon state law. The Complaint seeks to find Teri liable to Jack Jr. for alleged violation of her fiduciary duties occurring in or before November 2014. The Complaint's claims under §§523(a)(2)(A), §523(a)(4) and §523(a)(6) all of which exceptions to discharge are founded on Teri's alleged breach of fiduciary duty, which under Nevada law are deemed to be fraud and is subject to a three-year statute of limitations. NRS. 11.190(3)(d). Filing Bankruptcy does not automatically resurrect claims that are time-barred, especially as the Plaintiffs allege fraud as the bases for all their counts. The amount claimed in each cause of action asserted is the same $2 million asserted for breach of fiduciary duty.

In sum, acknowledging the two-step process asserted by Plaintiffs and articulated in *In Re McKendry, 40 F.3d 331 (10th Cir. 1994)* and cases that follow them, including those in Georgia, although none so far in the Middle District of Georgia, the Plaintiffs' claim' fail under Nevada law because it is time barred and thus under *McKendry* there is no debt. *See also Frank & Barbarra Broyles Legacy Foundation v. Nichols (In Re Nichols)* 509 B.R. 722 (Bankr. N.D. Okla. 2014)( finding no debt when statute of limitations ran under Oklahoma law.) The Court in *Nichols* notes also: "Had the statute of limitations expired after the filing of the bankruptcy case, the Foundation may have been able to avail itself of the protections contained in § 108(c). Where, as here, the

statute of limitations expires prior to the filing of a bankruptcy petition, § 108(c) does not come into play." Id., n. 14.

The Count III under §523(a)(2) does not include any facts that demonstrate the Note or the mortgage was assumed or was procured by any fraud and Rule 9 requires with particularity and thus the claim related to the Note must be dismissed.

### 1. There is No Debt For Breach of Fiduciary Duty

Plaintiffs assert that because the Note is listed in the petition the "debt" is established for purposes of dischargeability. Response at 11. But the claims specifically asserted under §§523(a)(4) and (a)(6) are breach of fiduciary duty with resulting damages. The only "claim" related to the Note or assumed mortgage is under §523(a)(2). There is no disputed debt listed for breach of fiduciary duty, nor was any claim listed as alleged for this as Jack Jr had seemingly abandoned his probate court matter. See Response, Exhibit A. (Order requiring Jack Jr. to amend his pleadings, and no allegations or facts that he did so by the date ordered by the Probate Court.)

"Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000). That principle requires bankruptcy courts to consult state law in determining the validity of most claims. See ibid.

> Indeed, we have long recognized that the " 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having 'generally left the determination of property rights in the assets of a bankrupt's estate to state law.' " Ibid. Travelers Casualty and Surety Co. of America v. Pacific Gas and Elec. Co., 549 U.S. 443, 450–51, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007) (citations omitted); see, e.g., Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 161, 67 S.Ct. 237, 91 L.Ed. 162 (1946) ("What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition in bankruptcy is filed, is a question which, in the absence of overruling feral law, is to be determined by reference to state law.").

In re August, 448 B.R. 331, 347-48 (Bankr. E.D. Pa. 2011)

There is no doubt that Nevada law applies to any claim for breach of fiduciary duty, as both Plaintiffs and Teri stipulated to that in the Nevada Cases. As the claim arose more than 3 years ago, it is time barred. See *In Re Nichols.; e.g. Wilcox v. Dopson (In Re Dopson) slip. Op Adv. Proc. 18-05020-jrs, Aug. 29, 2018 (Bankr. N.D. Ga. 2018).*

### 2. Rule 9(b) Applies To Plaintiffs' Fraud-Based Claims, and It was not met in the 523(a)(2) claim

Because allegations of fraud are easy to make, but reputationally damaging for defendants, Rule 9(b) imposes a heightened and strict pleading requirement on plaintiffs who allege they were defrauded. U.*S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (describing Rule 9(b) as guarding against "spurious charges of immoral and fraudulent behavior"). Before they can proceed to discovery, plaintiffs alleging fraud must plead specific facts establishing "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental*, 605 F.3d at 1291. In other words, plaintiffs "must actually plead the who, what, when, where, and how of specific misrepresentations that led them astray." *Lawrie v. Ginn Dev. Co., LLC*, 656 F. App'x 464, 474 (11th Cir. 2016). Rule 9(b)'s heightened pleading standard is not limited to common-law fraud claims—it applies to any claim that is based on allegations that a defendant acted fraudulently, even if fraud is not an element of the claim itself. See *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006) (a "claim must be pled with particularity [under Rule 9(b)] when the facts underlying the misrepresentation at stake in the claim are said to be part of a fraud," even if the claim could be based on mere negligence). Thus, any claim that is based on "fraudulent conduct" is held to "the same level of detail in pleading" required

4

by Rule 9(b). *Lawrie*, 656 F. App'x at 4740 (applying Rule 9(b) to RICO conspiracy claims based on fraud allegations).

In this Complaint, Plaintiffs allegations of what Teri said, to whom, and when it was said, are missing. See Complaint ¶ 33 ("Teri contends that she could not fund the JGJ Subtrust with income producing assets given the nature of those assets") and Complaint ¶ 76 (Teri failed to make mandatory monthly payments under the Teri Note from December 1, 2014, to April 2017). Complaint ¶ 92 (Teri made a false representation to Plaintiffs when she stated that she fully funded the JGJ Subtrust. Through her actions and statements, Teri indicated that she had funded the JGJ Subtrust with assets from the Galardi Family Trust. When Jack Jr filed the Nevada State Court Action in 2018, he discovered that Teri had breached her fiduciary duty and had not fully funded the subtrust, had sold subtrust property at a loss, had funded the subtrust with encumbered property, and had taken distributions from the subtrust for her personal use.); and Complaint ¶ 94 (Teri never intended to provide assets from the Galardi Family Trust to fund the JGJ Subtrust as required under the Family Trust. Instead, she issued the Teri Note to the JGJ Subtrust and used the income from the Galardi Family Trust income producing assets that she kept for her subtrust to pay Teri Note payments as she pleased.)

While the two-step process set forth in *McKendry* has been used by other Courts in Georgia, Galardi has not found one in the Middle District. The debt owed by Teri on the Note is not necessarily disputed, but there are no allegations that it was obtained by fraud, or otherwise, under §523(a)(2) as claimed.

### 3. Abstention Is The Better Course of Action

This matter has been going on since 2018 per Complaint in the Nevada Probate Court and Teri asserts it should continue there. Plaintiff's Response attaches an Order of the Nevada Probate

5

Court compelling Jack Jr to act by a date certain, and yet he did not. Response Exhibit A. That Plaintiffs have not sought stay relief is merely another form of forum shopping. The claims for breach of fiduciary duty are purely Nevada law based and related specifically to the probate law of Nevada. That court has been handling the matter for two years. Although Jack Jr has not been successful in that court is no reason to burden this Court.

  Wherefore for all the forgoing reasons, and as more fully set forth in the Brief in Support of Defendant's Motion to Dismiss or, In the Alternative Motion to Abstain, Defendant prays that this Honorable Court Dismiss the Complaint or in the alternative, abstain from adjudication.

            Respectfully submitted,

            **MCBRYAN, LLC**

            /s/Louis G. McBryan
            Louis G. McBryan, Ga. Bar No. 480993
            6849 Peachtree Dunwoody Road
            Building B-3, Suite 100
            Atlanta, GA 30328
            (678) 733-9322 Telephone
            **Attorney for Teri Galardi**

## **CERTIFICATE OF SERVICE**

    This is to certify that I have on this day electronically filed the foregoing **DEFENDANT'S REPLY TO JACK E. GALARDI JR.'s RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO ABSTAIN** using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the following parties in this case under the Bankruptcy Court's Electronic Case Filing Program:

The following parties were served by electronic notice:

| | |
|---|---|
| **William Russell Geer** | wgeer@geerlawgroup.com, notices@nextchapterbk.com; willgeer@ecf.courtdrive.com |
| **Garrett A. Nail** | gnail@pgnlaw.com |

    This 27 day of June 2022.

                                **McBRYAN, LLC**

                                /s/Louis G. McBryan
                                Louis G. McBryan, Georgia Bar No. 480993
                                lmcbryan@mcbryanlaw.com
                                **Attorney for Teri Galardi**