**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| TERI G. GALARDI, ) | CASE NO. 22-50035-JPS |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| JACK E. GALARDI, JR. and ) | |
| EMELITA P. SY, as the TRUSTEE ) | |
| of the JACK E. GALARDI, JR. ) | |
| SUB-TRUST ) | |
| ) | |
| Plaintiffs, ) | Adversary Proceeding No. 22-05008 |
| ) | |
| v. ) | |
| ) | |
| TERI G. GALARDI, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**JACK E. GALARDI'S SURREPLY TO DEFENDANT'S REPLY TO**
**JACK E. GALARDI'S RESPONSE TO DEFENDANT'S MOTION TO DISQUALIFY**

A review of the Local Rules for the Middle District of Georgia Bankruptcy Court do not indicate that surreplies require the Court's permission. Ms. Galardi asserted new facts and arguments in her Reply not presented in her original Motion. Mr. Galardi submits this surreply in response to those additional facts and arguments. *See First Specialty Ins. Corp. v. 633 Partners, Ltd.,* 300 Fed. App'x. 777 (11th Cir. 2008)(surreply allowed when movant raises new arguments or facts in reply brief). First, Ms. Galardi mentions for the first time a confidential personal financial statement (the "PFS") Mr. McBryan asserts he emailed to Ms. Christy on January 24, 2019. *Reply* at 2, 4. Second, Ms. Galardi expressly states that Ms. Galardi's personal interest and the Clubs' interests were aligned and not adverse during the Clubs' bankruptcy cases, which

makes the two matters "substantially related." *Reply* at 3. Third, Ms. Galardi now contends that Ms. Christy's billable hours in the Clubs' bankruptcy cases established an attorney client relationship between Ms. Galardi and Ms. Christy. *Reply* at 2.

**A.     Ms. Galardi's PFS is not Confidential Financial Information.**

First, Ms. Galardi states that on January 24, 2019, Mr. McBryan shared her confidential personal financial statement (the "PFS") with Ms. Christy during the McBryan Firm's representation of the Clubs in their bankruptcies which "contains information on the liabilities in this Adversary Proceeding." *Reply* at 2. This statement is disconcerting to say the least as it raises serious concerns about Ms. Galardi's veracity as a debtor.

"The purpose of the requirement of filing a Statement of Financial Affairs is to furnish the trustee and creditors with detailed information about the debtor's financial condition, thereby saving the expense of long and protracted examination for the purpose of soliciting the information." *See Garcia v. Coombs (In re Coombs),* 193 B.R. 557, 563 (Bankr. S.D. Cal.1996). "This purpose requires full and complete disclosure of the precise nature of all of a debtor's assets, liabilities, and financial affairs prior to and surrounding the commencement of the case. Neither a debtor nor debtor's counsel is entitled to omit information or provide partial incomplete information simply because, in their view, the information provided is sufficient to allow the trustee to determine the value of a debtor's estate or the debtor's financial affairs. The Firm's failure to ensure that its clients fully and accurately disclose their relationships, agreements, arrangements, payments, and dealings with bankruptcy counsel brings into strong question the veracity of debtors' entire schedules and statements." *In re Dellutri L. Grp.*, 482 B.R. 642, 653 (Bankr. M.D. Fla. 2012).

Ms. Galardi signed her schedules and statement of financial affairs (collectively, "Schedules") under penalty of perjury. Any financial information that does or could impact the Court's determination of the Adversary Proceeding should be on display in the PACER system or can be obtained through the discovery process. The Nevada State Court Action involves the debts addressed in the Adversary Proceeding and Ms. Galardi's subtrust assets. Those pleadings also are available for public consumption. If the PFS contains undisclosed financial information that impacts Ms. Galardi's bankruptcy case as stated by Mr. McBryan, then Ms. Galardi must amend her schedules and statement of financial affairs to include it.

This Adversary Proceeding concerns dischargeability of debts Ms. Galardi owes to Mr. Galardi and the JGJ SubTrust. Ms. Galardi's continuous argument that Ms. Christy has confidential financial information supporting the adversary, which she does not, implies that Ms. Galardi is not an "honest and unfortunate debtor." *See United States v. Fretz (In re Fretz),* 244 F.3d 1323, 1327 (11th Cir.2001).

The dispute over whether Ms. Galardi and Ms. Christy had an attorney client relationship appears to be a red herring to distract the Court from looking into Ms. Galardi's compliance with the Bankruptcy Code and Rules. Her repeated assertions of confidentiality and attorney client privilege simply reinforce that Ms. Galardi is not an "honest and unfortunate debtor," but a debtor who is taking great pains to conceal information from her creditors. Bluntly, "[t]he lady doth protest too much, methinks." William Shakespeare, Hamlet, act 3, sc. 2, l. 215.

**B.    Ms. Galardi's Interests were not Aligned with the Clubs nor was She the McBryan Firm's or Ms. Christy's Client.**

Second, Ms. Galardi has failed to demonstrate the existence of an independent attorney client relationship because being an officer of a company represented by counsel is not enough to create an attorney client relationship. The contention that an attorney client relationship between

3

the McBryan Firm or Ms. Christy and Ms. Galardi ever existed is refuted by Mr. McBryan's statements made under penalty of perjury in the Clubs' cases in which he was the Clubs' counsel.

In the Trop case (Case No. 18-65726, N.D. Ga.), Mr. McBryan filed an "Application for Approval of Employment of Debtor's Attorney" [Trop, Docket No. 3]. The Application is signed by Teri Galardi as CEO of Trop and is subject to the admonitions of Federal Rule of Bankruptcy Procedure 9011. In it, she states "To the best of Debtor's knowledge: (a) McBryan neither holds or represents any interest adverse to the Debtors or their estates in the matters upon which the firm is to be engaged . . . ." *Id.*

In his Declaration submitted in support of the Application, Mr. McBryan testified under penalty of perjury in paragraph 2: "Neither I nor the Firm have or represent any interest adverse to the Debtor or the Debtor's estate. The Firm has no connections with the Debtor, the Debtor's creditors, any other party in interest . . . ." *Id.* Ms. Galardi and Mr. McBryan made these statements in support of a finding by the Bankruptcy Court that the McBryan Firm was disinterested as defined in 11 U.S.C.§ 101 so that it could be employed as Trop's counsel. *See* 11 U.S.C.§ 327.

The Trop schedules, however, show that the Teri Galardi Separate Trust was the lessor of the property from which Trop operated and that Ms. Galardi was a co-debtor for a debt of over $1,000,000 owed to Business First Bank [Trop, Docket. No. 39]. Also, allegations were made in the Trop case that Ms. Galardi, or her affiliates, may have received substantial avoidable transfers from Trop [Trop, Docket No. 270]. Given Ms. Galardi's status as a creditor and co-debtor of Trop, if the McBryan Firm represented her in any capacity, the firm would not have been disinterested and could not have been employed as Trop's bankruptcy counsel. Therefore,

4

McBryan Firm and Ms. Christy could not have represented Ms. Galardi individually during the Trop bankruptcy case, which precludes a privileged or attorney client relationship with her.

Compounding the conclusion that no attorney client relationship existed with Ms. Galardi is that Mr. McBryan's appointment as the disbursing agent for creditors pursuant to the confirmed Trop Plan [Trop, Docket. No. 387, 399]. Ms. Galardi executed a personal guaranty of a note in the principal amount of $1,800,000 payable directly to Mr. McBryan as the disbursing agent. Clearly, Mr. McBryan was adverse to his current client during the time he was the disbursing agent. To circumvent that obvious conflict, he filed a motion on December 16, 2021 in the Trop bankruptcy case to replace himself as disbursing agent [Trop, Docket No. 535], which was granted on December 29, 2021 [Trop, Docket No. 540]. He filed Ms. Galardi's personal bankruptcy two weeks later on January 12, 2022.

The allegation now being conveniently made that an attorney client relationship existed with Ms. Galardi, who had separate bankruptcy counsel [Trop, Docket No. 43] during the Clubs' cases, and that she somehow disclosed confidential information during the course of her discussions with the McBryan Firm in the Clubs' cases is inconsistent with Mr. McBryan's representation to the court under penalty of perjury that his firm was disinterested.

### C.   The Matters are not "Substantially Related" Based upon Hours Billed by Ms. Christy.

In the Reply, Ms. Galardi states that a majority of the hours billed by Ms. Christy while working for Mr. McBryan from May 2019-August 2021 was for work performed in the Club's bankruptcy cases. Ms. Galardi makes this erroneous statement to support her contention that Ms. Christy established an attorney client relationship with Ms. Galardi. Unfortunately for Ms. Galardi, her statement about Ms. Christy's hours is untrue and undermines Mr. McBryan's credibility. A review of the five fee applications filed by Mr. McBryan in the Clubs' bankruptcy cases show that

Ms. Christy billed 89.44 in those cases from May 2019 through August 2021. 89.44 hours is a mere 15% of the 610.44 total hours billed by Ms. Christy in the same time period.[1] *Reply* at 2.

If the determinative factor for claiming attorney client privilege is the percentage of time worked, then Ms. Galardi's effort here fails. Even without billable hour analysis, the McBryan Firm represented only the corporate debtors in their bankruptcy cases and not Ms. Galardi personally. Any communications she had with the firm did not create an attorney client relationship and nothing she disclosed was privileged. The case of *Zielinski v. Clorox Co.*, 270 Ga. 38 (1998) explains why this conclusion is correct.

In *Zielinski*, the Georgia Supreme Court developed a five-part test to determine when an officer of a corporation establishes an attorney client relationship with the corporation's counsel. *Id.* at 40 (law firm represented both the company and the plant supervisor simultaneously). The number of hours worked in a case is not one of the five parts.

The Supreme Court concluded that an attorney does not represent an individual assisting in a corporate matter merely because it represents the company. "[T]he corporate attorney-client privilege belongs to the corporation, not to an officer or employee of the corporation, and an officer or employee therefore has no power to assert the corporation's privilege or to prohibit the corporation from waiving it." *Id.* at 40. The Court adopted federal precedent to fashion a five-part test to determine when corporate officers may assert a personal privilege with respect to conversations with corporate counsel.

---

[1] Ms. Christy does not have access to the time she submitted to Mr. McBryan for a portion of 2017-2020. The time submissions were included in the body of emails to Mr. McBryan and his administrative assistant which emails Mrs. Christy can no longer access. Mrs. Christy asked Mr. McBryan for access to the emails to respond to this Motion, but he refused. Thus, Ms. Christy relies on Mr. McBryan's total billable hours for her time between May 2019 and August 2021 of 610.4 and the billable hours disclosed in the five fee applications attached to Mr. Galardi's Response.

First, the officer must show they approached corporate counsel for the purpose of seeking legal advice. Second, the officer must demonstrate they made clear they were seeking legal advice in their individual rather than in their representative capacities. Third, the officer must demonstrate that corporate counsel agreed to communicate with them in their individual capacities, knowing that a possible conflict could arise. Fourth, the officer must prove that their conversations with corporate counsel were confidential. Fifth, they must show that the substance of their conversations with corporate counsel did not concern matters within the company or the general affairs of the company. *Id.* at 40–41.

In this case, Ms. Galardi has made no showing to satisfy any of these factors. Any financial information she disclosed to the McBryan Firm and Ms. Christy was to satisfy objecting creditors that Trop could fund its plan [Trop, Docket No. 377]. All of her communications were not in the context of her personal representation, but that of the Clubs. An attorney client relationship never existed between her and the McBryan Firm or Ms. Christy. Thus, any disclosures by Ms. Galardi were not privileged.

### D.    The Court Should Not Disqualify Ms. Christy.

In summary, the Adversary Proceeding involves the distinct issue of dischargeability of debts Ms. Galardi owes to Mr. Galardi, which debts fund his JGJ SubTrust. The issues raised in the adversary do not concern whether Ms. Galardi could provide new value to fund the Trop plan in 2020. Neither Mr. Galardi nor the JGJ SubTrust was a creditor of Trop or the other clubs. A review of those case dockets shows their absence. Ms. Galardi, however, was and remains a creditor of Trop.

The Nevada State Court Action, which was initiated in 2018 and is stayed, does not involve the Trop Plan or its funding. Neither Ms. Christy, Mr. Geer, nor the Geer Law Firm had

7

any knowledge of that action or any knowledge of Mr. Galardi or the JGJ SubTrust until April 2022. Thus, the Adversary Proceeding cannot be substantially related to Clubs' bankruptcies.

A timeline of relevant events provides clarity regarding Ms. Galardi's assertions.

| | |
|---|---|
| 2018-2020 | The Clubs' bankruptcy cases were ongoing with the McBryan Firm representing the Clubs, not Ms. Galardi, per the applications to employ the McBryan Firm and Mr. McBryan's disclosures. |
| 2020-12/2021 | Mr. McBryan was the disbursing agent under the Trop Plan which was funded in part by a promissory note guaranteed by Ms. Galardi. |
| 12/16/2021 | Mr. McBryan asks the Court to allow him to withdraw as the disbursing agent. The Court grants the request. |
| 1/12/2022 | Ms. Galardi files her Chapter 11 Petition. Mr. McBryan is her counsel. |
| 2/4/2022 | Ms. Galardi files Schedules [Docket No. 34]<br>JGJ SubTrust listed as unsecured - $1,688,742.00<br>Trop Plan disbursing agent listed as secured - $1,300,000.00 |
| 2/15/2022 | Ms. Galardi filed amended Schedules [Docket No. 43] |
| 3/1/2022 | Ms. Galardi filed amended Schedules [Docket No.51] |
| 3/23/2022 | Ms. Sy, trustee for JGJ SubTrust, filed two proofs of claim<br>No. 112 – for the Residence Note that Ms. Galardi assumed; attached is the Final Trust Asset Allocation for the Jack Galardi Trust<br>No. 113 – for Promissory Note from Ms. Galardi's subtrust and guaranteed by her personally to the JGJ SubTrust |
| 4/21/2022 | Mr. Galardi retained the Geer Law Group for the specific purpose of filing this Adversary Proceeding to object to the dischargeability of the debts owed to the JGJ SubTrust and Mr. Galardi, as sole beneficiary. |

In conclusion, Ms. Galardi filed her Motion as a tactic to eliminate the almost $2,000,000 debt that she owes to her brother's trust and to her brother as the sole beneficiary. Since her bankruptcy filing, Ms. Galardi has not continued her monthly promissory note payments to the JGJ SubTrust, which payments were paid directly to Mr. Galardi for his living expenses. Given the tactical purpose of this Motion, Ms. Christy, Mr. Geer and the Geer Law Firm are defending

8

the Motion at no cost to Mr. Galardi. The misinformation contained in the Motion and the Reply evidence that purpose and also establishes that Ms. Galardi has not provided any basis for the Court to disqualify Ms. Christy, Mr. Geer, or the Geer Law Firm. Ms. Galardi's continued assertions that Ms. Christy is privy to financial information that no other creditor possesses opens the door for other creditors and United States Trustee to inquire about this missing information.

This 30th day of June 2022.

Respectfully submitted,

/s/Ceci Christy_____
Will Geer
Georgia Bar No. 940493
Ceci Christy
Georgia Bar No. 370092
Rountree, Leitman, Klein & Geer, LLC
Century Plaza
2987 Clairmont Road
Suite 350
Atlanta, Georgia 30329
T: 404-856-0540
F: 404-310-3371
wgeer@rlkglaw.com
cchristy@rlkglaw.com

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| TERI G. GALARDI, | ) | CASE NO. 22-50035-JPS |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| JACK E. GALARDI, JR. and | ) | |
| EMELITA P. SY, as the TRUSTEE | ) | |
| of the JACK E. GALARDI, JR. | ) | |
| SUB-TRUST | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Proceeding No. 22-05008 |
| | ) | |
| v. | ) | |
| | ) | |
| TERI G. GALARDI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DECLARATION OF CECI CHRISTY

I, Ceci Christy, state and declare under penalty of perjury that the following is true and correct:

1.

I am an attorney licensed to practice in Georgia with Bar No. 370092.

2.

I make this Declaration in support of Jack E. Galardi's Surreply to Defendant's Reply to Jack Galardi's Response to Defendant's Motion to Disqualify.

3.

I have no recollection of receiving Ms. Galardi's personal financial statement from Mr. McBryan on or about January 24, 2019. A review of the 5 fee applications submitted by Mr. McBryan in the Trop bankruptcy case does not show a time entry for me regarding such a document on that date or any other date.

5.

I represented the Clubs. I did not represent Ms. Galardi. I did not have an attorney client relationship with Ms. Galardi personally.  Any information I received from Mr. McBryan was in connection with my representation of the Clubs, not Ms. Galardi.

This 30th  day of June 2022.

/s/ Ceci Christy_____
Ceci Christy
Georgia Bar No. 370092

2

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CHAPTER 11** |
| TERI G. GALARDI, | ) | **CASE NO. 22-50035-JPS** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JACK E. GALARDI, JR. AND | ) | |
| EMELITA P. SY, as the TRUSTEE of the | ) | |
| JACK E. GALARDI, JR. SUB-TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ADVERSARY PROCEEDING** |
| | ) | **NO. 22-05008** |
| TERI G. GALARDI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2022 I electronically filed *JACK E. GALARDI'S SURREPLY TO DEFENDANT'S REPLY TO JACK E. GALARDI'S RESPONSE TO DEFENDANT'S MOTION TO DISQUALIFY* with the Clerk of Court using the CM/ECF system, which will provide electronic notice to the following parties:

- **Will Bussell Geer**   wgeer@rlkglaw.com, notices@nextchapterbk.com;willgeer@ecf.courtdrive.com
- **Louis G. McBryan**   lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **Garrett A. Nail**   gnail@pgnlaw.com

This 30th day of June, 2022.

                                                 Rountree, Leitman, Klein & Geer LLC

                                                 /s/ Will B. Geer
                                                 Will B. Geer, GA Bar Number 940493
                                                 Century Plaza I

2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1244 Telephone
(404) 581-5038 Facsimile
wgeer@rlkglaw.com

2