**SIGNED this 8 day of August, 2022.**



*James P. Smith*
**James P. Smith**
**Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 11 |
| | : | |
| TERI G. GALARDI, | : | Case No. 22-50035-JPS |
|         Debtor | : | |
| | : | |
| JACK E. GALARDI, JR. And | : | |
| EMELITA P. SY, as the Trustee of the | : | |
| JACK E. GALARDI, JR. SUB-TRUST, | : | |
|         Plaintiffs | : | |
| vs. | : | Adversary Proceeding |
| | : | No. 22-5008-JPS |
| TERI G. GALARDI, | : | |
|         Defendant | : | |

BEFORE

James P. Smith
United States Bankruptcy Judge

APPEARANCE:

    For Plaintiffs:    Will Bussell Geer
Rountree, Leitman, Klein & Geer, LLC
Century I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329
404-584-1238
Email: wgeer@rlkglaw.com

Garrett A. Nail
Portnoy, Garner & Nail, LLC
3350 Riverwood Parkway
Suite 460
Atlanta, GA 30339
678-385-9712
Fax : 678-214-2313
Email: gnail@pgnlaw.com

    For Debtor/Defendant:    Louis G. McBryan
McBRYAN, LLC
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
ATLANTA, GA 30328
678-733-9322
Fax : 678-498-2709
Email: lmcbryan@mcbryanlaw.com

## MEMORANDUM OPINION

Before the Court is Defendant's motion to disqualify Geer Law Group, LLC ("Geer") and its attorneys as counsel for Jack E. Galardi, Jr. ("Mr. Galardi") in this adversary proceeding (Docket No. 7).[1]  The parties have filed their respective briefs on the issues presented.  Having considered the briefs, facts and law, the Court now publishes its findings of fact and conclusions of law.  For the reasons stated below, the motion is denied.

## FACTS

Except as specified below, the facts are undisputed.  From May 2015 to August 2021, Cecilia J. Christy ("Ms. Christy") worked as a contract attorney for McBryan, LLC ("McBryan Firm").  From August 2018 through the spring of 2021, Ms. Christy worked on the bankruptcy cases of Trop, Inc., Country Club, Inc., Pony Tail, Inc. and Fly Low, Inc. ("the Galardi Entities"), all Chapter 11 cases filed in the Bankruptcy Court for the Northern District of Georgia (the "Atlanta Bankruptcy Cases").  The McBryan Firm was counsel for the Galardi Entities in the Atlanta Bankruptcy Cases.  Teri G. Galardi ("Ms. Galardi"), the Debtor and Defendant in this case, was the one hundred percent owner and CEO of the Galardi Entities. The McBryan Firm is now counsel for Ms. Galardi in this case.[2]

After August 2021, Ms. Christy no longer received work from the McBryan Firm.  In the summer of 2019, Ms. Christy began working for Geer as a contract attorney.  Geer began

---

[1] According to Mr. Galardi's response to the motion, Geer Law Group and Rountree, Leitman & Klein, LLC merged to form Rountree, Leitman, Klein & Geer, LLC on June 10, 2022.  (Docket No. 12, p. 5, n. 1).

[2] There is no allegation that Ms. Christy ever worked on any matters for Ms. Galardi after the McBryan Firm began representing her.

3

representing Mr. Galardi in the spring of 2022.

The extent of Ms. Christy's interactions with Ms. Galardi during her time at the McBryan Firm is in dispute. Ms. Christy averred in her Declaration (Docket No. 12, Exhibit B) that her interactions with Ms. Galardi and the other representatives of the Galardi Entities during the Atlanta Bankruptcy Cases were severely limited by Louis McBryan ("Mr. McBryan"), a partner in the McBryan Firm. Although she acknowledges working on the Atlanta Bankruptcy Cases, she denies she ever received any confidential information from Ms. Galardi. She recalls only two meetings in which she participated where Ms. Galardi was present. In September 2018, she attended a meeting at which Ms. Galardi was present as the CEO of the Galardi Entities and at which time the decision to file the Chapter 11 cases was made. At the second meeting in July 2019, she attended a meeting at Mr. McBryan's request to witness his giving instructions to Ms. Galardi about her obligations to make payments under the plan of reorganization of Trop, Inc.

Mr. McBryan avers in his Affidavit (Docket No. 14, pp. 6-11) that Ms. Christy's role in the Atlanta Bankruptcy Cases and her interaction with Ms. Galardi were much more extensive. He avers that Ms. Christy had numerous meetings with Ms. Galardi about strategy in the Atlanta Bankruptcy Cases, plan issues and drafting complaints to enjoin certain creditors' suits against Ms. Galardi. He avers that in preparation for mediation of cases involving the Galardi Entities and Ms. Galardi, Ms. Christy received confidential financial information about Ms. Galardi.

In the spring of 2022, Geer began representing Mr. Galardi. Mr. Galardi and Ms. Galardi share the same father, but had different mothers. On April 25, 2022, Geer filed this adversary

4

proceeding on behalf of Mr. Galardi.[3]  The following is a summary of the allegations made in the complaint.[4]

Prior to his death, the father of Ms. Galardi and Mr. Galardi formed a revokable living trust under the laws of the state of Nevada (the "Family Trust").  The father died in 2012 and, pursuant to the terms of his will, Ms. Galardi was named personal representative of the estate.  Probation of the will was completed in June 2014.

Under the terms of the Family Trust, Ms. Galardi was appointed successor trustee.  The Family Trust provided that, after paying for any final expenses of the father and making a certain specified distribution to a third party, seventy-five percent of the remaining trust assets were to be distributed to Ms. Galardi and twenty-five percent of the assets were to be distributed to a sub-trust of which Mr. Galardi is the sole beneficiary (the "JGJ Sub-Trust").  Pursuant to the Family Trust, Ms. Galardi was named successor trustee of the JGJ Sub-Trust.  The income and principal of the JGJ Sub-Trust was to be distributed, in Ms. Galardi's discretion, for the support of Mr. Galardi.[5]

According to the complaint, the twenty-five percent to which the JGJ Sub-Trust was entitled was $8,630,635.  However, the JGJ Sub-Trust only received $6,693,388.60.  To make up

---

[3] Emelita P. Sy, as the Trustee of the Jack E. Galardi, Jr. Sub-Trust, joined in the complaint and is represented by separate counsel, Portnoy, Garner & Nail, LLC.  The motion to disqualify does not implicate Portnoy, Garner & Nail, LLC.

[4] Because Ms. Galardi filed a motion to dismiss under Bankruptcy Rule 7012(b)(6), she has not filed a response to the complaint.

[5] According to the complaint, Ms. Galardi has asserted that Mr. Galardi has Asperger's syndrome and lacks the kinds of life skills that would permit him to care for and make decisions for himself.

5

the difference, in November 2014, Ms. Galardi caused a sub-trust in her name to give the JGJ Sub-Trust a note for $1,688,742, which Ms. Galardi personally guaranteed (the "Teri Note"). The father's residence, where Mr. Galardi then resided and where he continues to reside, was also placed in the JGJ Sub-Trust and Ms. Galardi assumed the mortgage debt on that residence. The complaint alleges that Ms. Galardi failed to make payments on the Teri Note from December 1, 2014 through April 2017.

The complaint alleges that Ms. Galardi, as trustee of the Family Trust, elected not to put any of the income producing assets of the Family Trust into the JGJ Sub-Trust. The complaint describes the assets placed in the JGJ Sub-Trust and describes decisions by Ms. Galardi relating to those assets that caused loss to the JGJ Sub-Trust. The complaint alleges that her decisions as to how the assets of the Family Trust were to be divided, the management of those assets, her failure to make payments on the Teri Note and her decision to use her personal assets (the Teri Note and the assumption of the mortgage) to partially fund the JGJ Sub-Trust, instead of using only assets from the Family Trust as required by the Family Trust terms, were all breaches of her fiduciary duties to the JGJ Sub-Trust and Mr. Galardi, as the sole beneficiary thereof.

The complaint further alleges that Mr. Galardi became aware of her breach of fiduciary duties in 2018. He filed an action in the District Court, Clark County, Nevada, to have Ms. Galardi removed as trustee of the JGJ Sub-Trust. The complaint alleges that the Nevada court ordered Ms. Galardi to give an accounting of her handling of the assets of the JGJ Sub-Trust by a date certain, and that she failed to comply with that order. The complaint further alleges that the Nevada court entered a Stipulation And Order on September 27, 2019, in which Ms. Galardi resigned as the trustee of the JGJ Sub-Trust and Emelita P. Sy was named successor trustee.

The complaint alleges that on January 12, 2021, Mr. Galardi filed a "Petition For Recovery Of Assets From Teri Galardi" in the Nevada court.[6] This action was stayed by the filing of this bankruptcy case.

The complaint asserts that Ms. Galardi's actions as trustee of the JGJ Sub-Trust caused Mr. Galardi and the Sub-Trust damages in the amount of $2,000,000. The complaint asks for judgment in that amount and that the debt be declared non-dischargeable under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6).

## **DISCUSSION**

In her motion, Ms. Galardi contends that during the time Ms. Christy worked on the Atlanta Bankruptcy Cases, she learned confidential information about Ms. Galardi. She contends that this prohibits Ms. Christy from representing Mr. Galardi in this adversary proceeding. She further contends that this disqualification is imputed to the Geer Firm.

As the court explained in In re Cabe & Cato, Inc., 524 B.R. 870 (Bankr. N.D. Ga. 2014):

> Generally, a party is entitled to the counsel of his choice. As the Eleventh Circuit Court of Appeals explained, "Because a party is presumptably entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist. A disqualification order is a harsh sanction, often working substantial hardship on the client and should therefore be resorted to sparingly. Herrmann v. GutterGuard, Inc. 199 Fed. Appx. 745, 752 (11th Cir. 2006). However, the right to choose counsel "must be balanced against the need to maintain the highest standards of the profession." Id.
>
> A lawyer has many responsibilities, the most important of which is to carry out his or her duties ethically and responsibly. There are

---

[6] Although copies of many of the pleadings and orders from the Nevada court actions have been filed with this Court as exhibits to the complaint, motion to dismiss and responses thereto, copies of the Petition For Recovery and Ms. Galardi's response thereto have not been filed.

> two main ethical duties: the duty of confidentiality and the duty of loyalty. The first, the lawyer's duty of confidentiality, fosters full and open communication between client and counsel. See Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney, LLP (In re Tevis), 347 B.R. 679, 689 (9th Cir. BAP 2006). The second, the duty of undivided loyalty to the client, is necessary, not only to protect the client but also to preserve public trust in the scrupulous administration of justice and the integrity of the bar. Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney, LLP (In re Tevis), 347 B.R. 679, 689 (9th Cir. BAP 2006) (citation omitted). When determining whether to disqualify counsel, a court must balance competing interests, namely a client's right to choose counsel against these ethical duties. See Adkins v. Hosp. Auth. of Hous. Cnty., Case No. 5:04-CV-80, 2009 WL 3428788, *6, 2009 U.S. Dist. LEXIS 97361, *19 (M.D. Ga. Oct. 20, 2009) (citing Nuri v. PRC, Inc., 5 F. Supp. 2d 1299, 1303 (M.D. Ala. 1998)).
>
> A party bringing a motion to disqualify bears the burden of proving the grounds for disqualification. In re Bellsouth Corp., 334 F.3d 941, 961 (11th Cir. 2003). The moving party must have "compelling reasons" to disqualify counsel. Id. Doubts as to the existence of an asserted conflict of interest should be resolved in favor of disqualification. Westinhouse Electric Corp. v. Gulf Oil Corp., 588 F.2d 221, 225 (7th Cir. 1978).

522 B.R. at 877-78.

Ms. Galardi's motion is based on Rules 1.6, 1.7 and 1.9 of the Georgia Rules of Professional Conduct.[7] Rule 1.6(a) provides:

> A lawyer shall maintain in confidence all information gained in the professional relationship with a client, including information which the client has requested to be held inviolate or the disclosure of which would be embarrassing or would likely be detrimental to the client, unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, or are required by these rules or other law, or by order of the court.

---

[7] Lawyers practicing in the Bankruptcy Court for the Middle District of Georgia are governed by the Georgia Rules of Professional Conduct. M.D. Ga. LBR 9010.3 and M.D. Ga. R 83.2.1.

Rule 1.7(a) provides:

> A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interest or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client, except as permitted in (b).[8]

As the court explained in In re Cabe & Cato, Inc.:

> Rule 1.7 provides a general conflict of interest rule and precludes the representation of a client if there is a significant risk that the lawyer's duties to a former client will materially and adversely affect the representation of the client.

Id. at 880.

Finally, Rule 1.9(a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interest of the former client unless the former client gives informed consent, confirmed in writing.

Again, the court in In re Cabe & Cato, Inc. explained:

> Disqualification under Rule 1.9 is appropriate if the moving party establishes that: (1) the moving party and opposing counsel had a prior attorney-client relationship: (2) the present matter is substantially related to the matter in which counsel previously represented the moving party; 3) the interests of the moving party and opposing counsel's current clients are materially adverse; and 4) the moving party does not consent. Ga. Rules of Prof'l Conduct r. 1.9(a).

Id. at 882.

Mr. Galardi argues that none of these rules apply to this case because the McBryan Firm represented the Galardi Entities in the Atlanta Bankruptcy Cases and not Ms. Galardi,

---

[8] None of the exceptions in Rule 1.7(b) are applicable to this case.

individually. Mr. Galardi argues that Ms. Galardi was represented by separate counsel in the Atlanta Bankruptcy Cases.

Ms. Galardi argues that, nevertheless, Rule 1.13 of the Georgia Rules of Professional Conduct prohibit Ms. Christy from using any confidential information which she, Ms. Christy, learned from "constituents" of the Galardi Entities, including from Ms. Galardi.

Rule 1.13(a) provides, "a lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." Comment 1 of that Rule provides, in pertinent part:

> An organizational client is a legal entity, but it cannot act except through its officers, directors, employees, shareholders and other constituents. Officers, directors, employees and shareholders are the constituents of the corporate organizational client....

Comment 2 of the Rule provides:

> When one of the constituents of the organizational client communicates with the organization's lawyer in that person's organizational capacity, the communication is protected by Rule 1.6. Thus, by way of example, if an organizational client requests its lawyer to investigate allegations of wrongdoing, interviews made in the course of the investigation between the lawyer and the client's employees or other constituents are covered by Rule 1.6. This does not mean, however, that constituents of an organizational client are the clients of the lawyer. The lawyer may not disclose to such constituents information relating to the representation except for disclosures explicitly or implicitly authorized by the organizational client in order to carry out the representations or as otherwise permitted by Rule 1.6.

The Declaration of Mr. McBryan in the Trop, Inc. Chapter 11 case in support of his "Application for Approval of Employment of Debtor's Attorney" (Chapter 11 Case No. 18-65726, Bankr. N.D. Ga., Doc. No. 3), a case in which Ms. Galardi was a creditor, and his

10

subsequent role as dispersing agent under the confirmed Trop, Inc. plan of reorganization, establish that the McBride Firm only represented Trop, Inc. in its bankruptcy case.[9] Thus, any privilege relating to confidential information which Ms. Christy learned while representing Trop, Inc., "belong[ed] to the corporation, not to an officer or employee of the corporation, and an officer or employee therefore has no power to assert the corporation's privilege..." Zielinski v. Clorox Co., 270 Ga. 38, 504 S.E.2d 683, 685 (1998).

In any event, even if Ms. Galardi could assert the privilege to prohibit Ms. Christy from using confidential information about Ms. Galardi learned while working on the Atlanta Bankruptcy Cases, Rule 1.7(a) would not require disqualification of Ms. Christy or Geer. Ms. Galardi has argued that Ms. Christy learned confidential information about Ms. Galardi's finances and received her personal financial statements and assets in a January 24, 2019 email. (McBryan Affidavit, Doc. No. 14, p. 10, Exhibit 1). However, this Court fails to see how such information would impair Ms. Christy's ability to represent Mr. Galardi in this case.

This adversary proceeding has nothing to do with Ms. Galardi's financial condition in 2019. Rather, this adversary proceeding involves the decisions which Ms. Galardi made in 2014 on how the assets of the Family Trust would be divided between her and the JGJ Sub-Trust and the manner in which she performed her fiduciary duties as Trustee to the JGJ Sub-Trust from 2014 until her removal in 2019. Accordingly, Ms. Galardi's financial condition in 2019 will not be relevant to the questions of whether her actions give rise to claims under 11 U.S.C. § 523(a)(2)(A), (a)(4) or (a)(6). Thus, whatever knowledge Ms. Christy has about Ms. Galardi's

---

[9] This Court may take judicial notice of the filings made in the Atlanta Bankruptcy Cases. See, e.g., Coney v. Smith, 738 F.3d 1199, 1200 (11th Cir. 1984) (district court may take judicial notice of state court proceedings).

financial condition will not "materially and adversely" affect her ability to represent Mr. Galardi.

Finally, as pointed out by Mr. Galardi, Ms. Galardi's personal assets and liabilities are no longer confidential information. As required by 11 U.S.C. § 521(a), and Bankruptcy Rules 1007(b) and 1008, Ms. Galardi has filed schedules, under penalty of perjury, disclosing all of her assets and liabilities. (Chapter 7 Case No. 22-50035, Doc. Nos. 34, 43 & 51). Accordingly, all of her personal financial information is now public knowledge.

Nor does Rule 1.9(a) require disqualification of Ms. Christy or Geer.

> Disqualification under Rule 1.9 is appropriate if the moving party establishes that: (1) the moving party and opposing counsel had a prior attorney-client relationship; (2) the present matter is substantially related to the matter in which counsel previously represented the moving party; 3) the interests of the moving party and opposing counsel's current clients are materially adverse; and 4) the moving party does not consent...
>
> Once an attorney-client relationship is established, the Court must determine whether the prior and current matters are substantially related. The Rules do not define what constitutes a "matter" for conflict-of-interest purposes. Comment 2 to Rule 1.9, however, provides that "the scope of a 'matter'...depends on the facts of a particular situation or transaction..."
>
> Cases may be "substantially related" if they have material and logical connections. Cardinal Robotics, Inc. v. Moody, 287 Ga. 18, 22 694 S.E. 2d 346 (Ga. 2010)...
>
> Matters may also be substantially related if there otherwise is a substantial risk that confidential information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter. Ga. Rules of Prof'l Conduct r. 1.9 cmt. 3.

524 B.R. at 882-83.

As explained above, and as made clear by Comment 2 to Rule 1.13(a), the constitutes of

12

an organizational client are not clients of the lawyer. Accordingly, when the McBryan Firm was representing the Galardi Entities, it did not represent Ms. Galardi, individually, even though she was one of the constituents through which the Galardi Entities acted. Accordingly, Rule 1.9(a) simply does not apply because Ms. Galardi is not a "former client" of Ms. Christy.

However, even if Ms. Galardi was a former client of Ms. Christy, Rule 1.9(a) would not require disqualification because the current adversary proceeding is in no way "substantially related" to the Atlanta Bankruptcy Cases. As explained above, the gravamen of this adversary proceeding is whether Ms. Galardi acted improperly in dividing the assets of the Family Trust and in the exercise of her duties as Trustee of the JGJ Sub-Trust. The two cases do not have any "material and logical connections". Nor can it be argued that Ms. Christy would have obtained information about Ms. Galardi's actions with respect to the Family Trust or the JGJ Sub-Trust while Ms. Christy represented the Galardi Entities in the Atlanta Bankruptcy Cases. There would have been no reason for that type of information to have come up during the McBryan Firm's representation of the Galardi Entities in their Chapter 11 cases. In fact, Ms. Christy has averred in her Declaration she did "not learn while working on the [Atlanta Bankruptcy Cases] that [Ms.] Galardi had a brother named Jack Galardi, Jr.. Nor [did she learn] any information about a Family Trust or the division of that trust." (Doc. No. 12, Exhibit B, para. 17). Tellingly, Ms. Galardi has offered no evidence to the contrary. Thus, the fact that Ms. Christy may have learned financial information about Ms. Galardi would not disqualify Ms. Christy under Rule 1.9. See Duvall v. Bledsoe, 274 Ga. App. 256, 617 S.E. 2d 601, 605 (2005) (knowledge of general financial information about a former client does not necessarily warrant disqualification where the subsequent matter is not substantially related to the prior matter).

## **CONCLUSION**

Ms. Galardi has failed to carry her burden to show that Ms. Christy and Geer should be disqualified from representing Mr. Galardi in this adversary proceeding. Accordingly, the motion to disqualify will be denied. An order consistent with this memorandum opinion will be entered on this date.

*END OF DOCUMENT*