## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 11** |
| | ) | |
| **TERI G. GALARDI,** | ) | **CASE NO. 22-50035-JPS** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **JACK E. GALARDI, JR. AND** | ) | |
| **EMELITA P. SY, as the TRUSTEE of the** | ) | |
| **JACK E. GALARDI, JR. SUB-TRUST,** | ) | |
| | ) | |
| Plaintiffs, | ) | **Adversary Proceeding No.  22-05008** |
| | ) | |
| v. | ) | |
| | ) | |
| **TERI G. GALARDI,** | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S AFFIRMATIVE DEFENSES, ANSWER AND COUNTERCLAIMS

COMES NOW, Defendant Teri G. Galardi ("Teri" or "Defendant") and hereby asserts its Affirmative Defenses and responds to Plaintiffs Jack E. Galardi, Jr. ("Jack Jr") and Emelita P. Sy, as the Trustee of the Jack E. Galardi, Jr., Sub-Trust's ("JGJ SubTrust") Complaint ("Plaintiff's Complaint") as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs claim is barred, in whole or in part, by laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped to assert some or all of its claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, by accord and satisfaction and previous

settlement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Statute of Frauds.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant, at all times relevant to the allegations contained in this complaint, acted with

reasonable care in the performance of any and all duties, if any.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of unclean hands.

## NINETH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the failure of consideration.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant owed no duty to Plaintiffs and to the extent owed, breached no duty alleged.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have failed to exercise reasonable diligence in the mitigation

of its alleged damages, such damages are denied.

2

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that this Defendant hereafter discover information that would have led this Defendant to discharge Plaintiffs, Plaintiffs' claims are barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

All possible affirmative defenses may not have been alleged herein insofar as facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, this Defendant reserves the right to amend his Answer to Complaint to allege additional affirmative defenses if subsequent investigation warrants.

## FIFTEENTH AFFIRMATIVE DEFENSE

It has been necessary for the Defendant to employ the services of an attorney to defend the action and a reasonable sum should be allowed Defendant for attorney's fees and all incurred costs of the suit.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiffs' Complaint as follows:

1.

The allegations contained in this Paragraph of the Complaint state legal conclusions for which no response if required.  To the extend further response is required, Defendant denies the allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2.

The allegations contained in this Paragraph of the Complaint state legal conclusions for which no response if required.  To the extend further response is required, Defendant denies the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

3

3.

Admitted.

4.

Defendant admits that she is the Debtor in this Chapter 11 bankruptcy case.  Defendant

admits that she resides in the State of Georgia.

## JURISDICTION AND VENUE

5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

Defendant admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

Denied that the Plaintiffs' claims asserted are core proceedings.

8.

Denied. The proper venue for Plaintiffs' claim is the Probate Court of Clark County

Nevada, as Plaintiffs have a matter pending there.

## THE JGJ SUBTRUST CLAIMS

9.

Defendant admits that she scheduled the Sub-Trust as a creditor. Defendant admits that the

Sub-Trust filed two (2) proofs of claims.

## FACTUAL BACKGROUND

Formation of the JGJ SubTrust

10.

Defendant admits that Teri and Jack Jr have the same father.

4

11.

Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Defendant admits the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendant admits the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.

Defendant admits the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

Defendant admits the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.

Defendant admits the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendant admits the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant admits that she resigned, and the stipulation was entered, but denies that it is a

Removal Order.

19.

Defendant admits the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

Defendant admits that Jack Jr is the sole beneficiary, so long as he is living.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

5

Defendant is the sole beneficiary of the 75% to be distributed under the JEG Family Trust. She further states that as she had a separate trust in existence prior to any distribution of the JEG Family Trust, such distribution was to her free of trust, per the document and the initial distribution was to Teri's Separate Property Trust.

22.

Defendant admits the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of the Plaintiffs' Complaint. The distribution was to Teri, free of trust.

24.

Defendant admits that Teri was the trustee of the Sub-Trust, all other allegations are denied.

25.

Defendant admits the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

<u>Teri's Funding of the JGJ Subtrust</u>

26.

Defendant is without information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 26 of the Complaint.

27.

Defendant admits the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.

Defendant admits the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

Defendant admits that the assets were placed into the JGJ SubTrust, but Emelita P. Sy was

the accountant for the SubTrust and any discrepancies or failure to put on any JGJ SubTrust ledger

would be her responsibility.

<u>Teri's Seventy-Five Percent (75%) share of the JGJ Family Trust</u>

30.

Defendant admits the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.

Defendant is without information or knowledge sufficient to either admit or deny the

allegations contained in Paragraph 32 of the Complaint.

33.

Defendant is without information or knowledge sufficient to either admit or deny the

allegations contained in Paragraph 33 of the Complaint.

34.

Defendant admits that she executed a note. She denies that such constitutes commingling.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

Teri's Fiduciary Duties as the Trustee of the JGJ Subtrust

38.

Defendant admits that Teri had a fiduciary duty.  Defendant admits that Jack Jr is the sole

beneficiary, so long as he is living.

39.

Defendant is without information or knowledge sufficient to either admit or deny the

allegations contained in Paragraph 39 of the Complaint.

40.

Defendant admits that the JEG Family Trust has such a provision.

41.

This allegation is a legal conclusion for which no response is required. To the extent a

response is required, the allegation is denied.

42.

This allegation is a legal conclusion for which no response is required. To the extent a

response is required, the allegation is denied.

43.

This allegation is a legal conclusion for which no response is required. To the extent a

response is required, the allegation is denied.

44.

This allegation is a legal conclusion for which no response is required. To the extent a

response is required, the allegation is denied.

45.

This allegation is a legal conclusion for which no response is required. To the extent a response is required, the allegation is denied.

46.

This allegation is a legal conclusion for which no response is required. To the extent a response is required, the allegation is denied.

47.

This allegation is a legal conclusion for which no response is required. To the extent a response is required, the allegation is denied.

48.

Defendant denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

Teri's Assertions Regarding Jack

49.

Defendant denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.

Defendant admits the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

The Nevada State Court Action

52.

Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint. Jack Jr was provided information on the Note when it was signed in November 2014, and he was provided the distribution of the JEG Family Trust through his attorneys as of March 20, 2015, if

not sooner. Teri denies she breached her fiduciary duties to the SubTrust or Jack Jr.

53.

Defendant admits the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.

Admitted that the Petition asks the Court to take jurisdiction over the trust in rem and seeks to remove Teri as trustee of the JGJ Subtrust.  Defendant denies the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

Defendant admits the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.

Defendant admits the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.

Defendant denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.

Defendant admits that she resigned as trustee of the JEG SubTrust on September 18, 2019, and Emelita P. Sy was appointed as the successor trustee for the JEG SubTrust.  Defendant denies the remaining allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

Defendant admits the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.

Defendant admits the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.

Defendant admits that the Order statement is a correct quote.

10

62.

Defendant admits that Jack Jr. filed another petition on January 12, 2021. Teri filed a response to the petition and a motion to dismiss based upon the statute of limitations.  At the hearing before the Probate Court, on June 3, 3021, the Probate Court provided Jack Jr. thirty days to file a supplement and amend his petition, no later than July 9, 2021.  Jack Jr. failed to comply with the Probate Court's direction and did not file a timely supplement, thereby abandoning the petition.  Subsequently, in violation of the automatic stay, in March 2022, Jack Jr. filed another request for accounting with the Probate Court.  The March 2022 petition is stayed.

## COUNT I
## CLAIM FOR RELIEF UNDER 11 U.S.C. § 523(a)(4)

63.

Defendant realleges and incorporates by reference, the responses set forth in paragraphs 1 through 63 above, as through fully set forth herein.

64.

Defendant admits that the code section and its quote are accurate.

65.

This allegation is a legal conclusion for which no response is required. To the extent a response is required, the allegation is denied.

66.

Defendant admits the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.

Defendant admits, while acting as the trustee, she held a position of trust over the assets with Jack, Jr. as beneficiary.

11

68.

Defendant can admit nor deny what her counsel said in open court.  Defendant admits
that she has said that Jack cannot manage his money. To the best of her knowledge, Jack has not
had a job which paid a salary, and thus Teri admits that Jack has not demonstrated an ability to
make a living for himself. Defendant denies the remaining allegations contained in Paragraph 68
of the Plaintiff's Complaint.

69.

Defendant denies the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.

Defendant admits that when she was the trustee of the JGJ SubTrust, as trustee, she owed
a fiduciary duty to the Trust and its beneficiaries. Defendant denies the remaining allegations
contained in Paragraph 70 of Plaintiff's Complaint.

71.

Defendant denies the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.

Defendant denies the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.

Defendant denies the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.

Defendant admits that Teri, on behalf of the Teri Galardi Separate Property Trust, executed
the Note to the JGJ SubTrust, assumed payments of the mortgage on Jack's residence, and assumed
his pro rata share of the estate tax liability.

75.

Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76.

Defendant denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint.  Teri made payments to the JEG Family Trust.  The payments were sent to Emelita P. Sy, as the accountant for the JEG Family Trust and the JGJ SubTrust.  Ms. Sy was tasked with allocating the appropriate amounts to the Note and the mortgage. If payments were not made or allocated correctly, Ms. Sy would be responsible.

77.

Defendant admits that Teri assumed the obligations to pay the loan secured by the house that became Jack's residence. Defendant denies the remaining allegations contained in Paragraph 77 of the Plaintiff's Complaint.

78.

Defendant denies the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79.

Defendant denies the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80.

Defendant denies the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

**COUNT II**
**CLAIM FOR RELIEF UNDER 11 U.S.C. § 523(a)(6)**

81.

Defendant realleges and incorporates by reference, the responses set forth in paragraphs 1 through 80 above, as through fully set forth herein.

13

82.

Defendant admits that the code section and its quote are accurate.

83.

 This allegation is a legal conclusion for which no response is required. To the extent a response is required, the allegation is denied.

84.

Defendant denies the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.

Defendant denies the allegations contained in Paragraph 85 of Plaintiffs' Complaint.  By way of further response, the Family Trust document speaks for itself.

86.

Defendant denies the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.

Defendant denies the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.

Defendant denies the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

## COUNT III
## CLAIM FOR RELIEF UNDER 11 U.S.C. § 523(a)(2)(A)

89.

Defendant realleges and incorporates by reference, the responses set forth in paragraphs 1 through 88 above, as through fully set forth herein.

90.

Defendant admits that the code section and its quote are accurate.

14

91.

This allegation is a legal conclusion for which no response is required. To the extent a response is required, the allegation is denied.

92.

Defendant denies the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

94.

Defendant denies the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.

Defendant denies the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.

Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.

Defendant denies the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation remaining whether enumerated or not, contained in the Complain, not otherwise expressly admitted above or responded thereto.

WHEREFORE, Defendant prays that this Honorable Court **DISMISS** Plaintiffs' Complaint and cast costs upon the Plaintiffs and for such other and further legal and equitable relief as this Court may deem just and proper.

## COUNTERCLAIM

Pursuant to Federal Rule of Bankruptcy Procedure 7013 and Federal Rule of Civil Procedure 13, Teri G. Galardi ("Teri" and "Debtor") hereby asserts her counterclaims against Plaintiffs' Jack E. Galardi, Jr. ("Jack Jr") and Emelita P. Sy, as the Trustee of the Jack E. Galardi,

15

Jr. Sub-trust ("JGJ SubTrust") (collectively "Plaintiffs") as follows:

## NATURE OF THE CASE

1.

Debtor seeks to avoid and recover from Plaintiffs, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of the Debtors pursuant to §§ 547 and 550 of Chapter 5 of Title 11 of the United States Code (the "Bankruptcy Code"). Subject to proof, Debtor also seeks to avoid and recover from Plaintiffs, or any other person or entity for whose benefit transfers were made, pursuant to §§ 548 and 550 of the Bankruptcy Code, any transfers that may have been fraudulent conveyances.

2.

In addition, Debtor seeks to disallow, pursuant to §§ 502(d) and (j) of the Bankruptcy Code, any claim that Plaintiffs have or has filed or asserted against the Debtor or that has been scheduled for Plaintiffs in the bankruptcy case. Debtor does not waive but hereby reserves all rights and the rights of the Debtor to object to any such claim for any reason, including, but not limited to, any reason set forth in §§ 502(a) through (j) of the Bankruptcy Code.

3.

By filing this Complaint, Jack Jr and the JGJ SubTrust have submitted themselves to the jurisdiction and venue of this Court.

4.

This adversary proceeding is a core proceeding as contemplated by 28 U.S.C. § 157 and this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

16

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

6.

The statutory and legal predicates for the relief sought herein are §§ 502, 547, 548, and 550

of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules").

7.

This adversary proceeding is a "core" proceeding to be heard and determined by the Court

pursuant to 28 U.S.C. § 157(b)(2)(B), (F) and (H), and the Court may enter final orders for matters

contained herein.

8.

Jack Jr., the brother of the Debtor, is an insider as defined by 11 U.S.C. § 101 (31).

Emelita P. Sy, as Trustee of the SubTrust, whose sole beneficiary is Jack Jr.is an insider.

### COUNTER CLAIM COUNT I
### AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 547 AND 550

9.

Debtor realleges and incorporates by reference, the responses set forth in paragraphs 1

through 8 above, as through fully set forth herein.

10.

Sections §§ 547(b) and 550(a) of the Bankruptcy Code empower a debtor for the benefit

of the estate, to avoid and recover a transfer to a creditor of an interest of the debtor in property if

the requirements set forth therein are met.

17

11.

Pursuant to Section 547(b) of the Bankruptcy Code, a debtor may avoid any transfer of an interest of the debtor in property:

a.  To or for the benefit of a creditor;

b.  For or on account of an antecedent debt owed by the debtor before such transfer was made;

c.  Made while the debtor was insolvent;

d.  Made: (A) one or within 90 days before the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

e.  That enables such creditor to receive more than such creditor would receive if: (A) the case was a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

12.

During the one-year period prior to the Petition Date (the "Preference Period"), Debtor made one or more transfers by check, cash, wire transfer, or its equivalent, in an aggregate amount of not less than $89,100.00, for payment on the Jack Note and, in an aggregate amount of not less than $85,545.36, for payment on the Mortgage.  These payments made during the Preference Period were made to or for the benefit of the Plaintiffs (the "Preferential Transfers"). To the extent the Debtor discovers the existence of additional transfers to Plaintiffs within the Preference Period, the Debtor intends to recover all such transfers, and this Complaint is not limited to those transfers disclosed as part of the defined term "Preferential Transfers."

13.

Each of the Preferential Transfers was a transfer of an interest of Debtor in property.

14.

Plaintiffs were creditors of the Debtor at the time of the Preferential Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Preferential Transfers, Plaintiffs had a right to payment on account of an obligation owed to Plaintiffs by Debtor.

15.

The Preferential Transfers were made to or for the benefit of Plaintiffs within the meaning of 11 U.S.C. § 547(b)(1). The Preferential Transfers either reduced or fully satisfied a debt then owed by the Debtor to Plaintiffs.

16.

The Preferential Transfers were made on account of an antecedent debt as the transfers were on account of a debt obligation for which Debtor was bound to pay Plaintiffs before the transfers were made.

17.

Pursuant to Section 547(f) of the Bankruptcy Code, Debtor is presumed insolvent during the 90-day Preference Period.

18.

Debtor was insolvent throughout the Preference Period within the meaning of sections 101(32)(A) and 547(b)(3) of the Bankruptcy Code.

19.

As a result of the Preferential Transfers, the Plaintiffs received a greater percentage of its claim from Debtor than it would have if the Preferential Transfers had not been made and if

the Plaintiffs had participated in the distribution of the assets of the Estate with all the other

creditors as provided by the provisions of the Bankruptcy Code.

20.

The Plaintiffs are the initial transferees of the Preferential Transfers or the entity for

whose benefit the Preferential Transfers were made.

21.

The Debtor may avoid all Preferential Transfers, including but not limited to the amount

set forth in Paragraph 22 of this Complaint, made to Plaintiffs from Debtor during the

Preference Period pursuant to 11 U.S.C. § 547.

22.

Accordingly, the Debtor is entitled to avoid and recover the Preferential Transfers made

to the Plaintiffs, together with pre-judgment interest, as well as post-judgment interest as

allowed by law from the date of the entry of the judgment until paid. 11 U.S.C. §§ 547, 550 and

551.

## <u>COUNTERCLAIM COUNT II</u>
## <u>AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER</u>
## <u>(11 U.S.C. §§ 548(A)(1)(A) & 550)</u>

23.

Debtor realleges and incorporates by reference, the responses set forth in paragraphs 1

through 22 above, as through fully set forth herein.

24.

Pursuant to Section 548(a)(1)(A) of the Bankruptcy Code, a debtor may avoid a transfer

to a creditor of an interest of the debtor in property if such transfer is made on or within two years

20

of the filing of the bankruptcy petition with actual intent to hinder, delay, or defraud any entity

to which the debtor was or became, on or after the date that such transfer was made, indebted.

25.

On or within two years of the Petition Date, Debtor made transfers of money or property

of Debtor to or for the benefit of Plaintiffs in an amount of not less than $346,000.00 together

with those transfers identified as Preferential Transfers above (such transfers, collectively, the

"Fraudulent Transfers"). To the extent that Debtor discovers the existence of additional transfers

to Plaintiffs, on or within the two years prior to the Petition Date, Debtor intends to recover all

such transfers ("Fraudulent Transfers"). This Complaint is not limited to those transfers disclosed

as part of the defined term "Fraudulent Transfers."

26.

Each of the Fraudulent Transfers was made with actual intent to hinder, delay, or

defraud an entity or entities to which Debtor was or became indebted on or after the date of

the Fraudulent Transfers.

27.

Plaintiffs did not act in good faith.

28.

Plaintiffs knew or should have known that the Fraudulent Transfers were fraudulent.

29.

Plaintiffs were the initial transferee with respect to the Fraudulent Transfers.

30.

At all times relevant hereto, Debtor was insolvent in that the sum of its debts was greater than the fair value of its assets, or the Debtor became insolvent as a result of each of the Fraudulent Transfers.

31.

At all times relevant hereto, Debtor intended to incur, or reasonably should have believed that Debtor would incur debts that would beyond Debtor's ability to pay as such debts matured.

32.

Accordingly, pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code, Teri is entitled to avoid and recover the Fraudulent Transfers from Plaintiffs together with pre-judgment interest, as well as post-judgment interest as allowed by law from the date of the entry of the judgment until paid.

### COUNTERCLAIMCOUNT III
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER
### 11 U. S.C. §§ 548(A)(1)(B) AND 550)

33.

Debtor realleges and incorporates by reference, the responses set forth in paragraphs 1 through 32 above, as through fully set forth herein.

34.

Section 548(a)(1)(B) of the Bankruptcy Code empowers a debtor, for the benefit of the estate, to avoid a transfer to a creditor of an interest of the debtor in property if the requirements set forth therein are met.

22

35.

Pursuant to Section 548(a)(1)(B) of the Bankruptcy Code, a debtor may avoid any transfer of an interest of the debtor in property if the transfer is involuntarily or voluntarily made within two years of the date of the filing of the petition, the debtor received less than reasonably equivalent value in exchange for such transfer and the debtor was insolvent on the date that such transfer was made or became insolvent as a result of such transfer.

36.

Each of the Fraudulent Transfers was transferred to Plaintiffs within two years before the Petition Date.

37.

Plaintiffs were the initial transferee of the Fraudulent Transfers.

38.

Debtor received less than reasonably equivalent value in exchange for each of the Fraudulent Transfers.

39.

At all times relevant hereto, Debtor was insolvent in that the sum of its debts was greater than the fair value of its assets, or the Debtor became insolvent as a result of each of the Fraudulent Transfers.

40.

At all times relevant hereto, Debtor intended to incur, or reasonably should have believed that Debtor would incur debts that would beyond Debtor's ability to pay as such debts matured.

23

41.

Plaintiffs did not act in good faith.

42.

Plaintiffs knew or should have known that Fraudulent Transfers were fraudulent.

43.

Plaintiffs failed to conduct any due diligence prior to accepting the Fraudulent Transfers.

44.

Accordingly, pursuant to Sections 548(a)(1)(B) and 550 of the Bankruptcy Code, Debtor is entitled to avoid and recover the Fraudulent Transfers from Plaintiffs together with pre-judgment interest, as well as post-judgment interest as allowed by law from the date of the entry of the judgment until paid.

## COUNTER CLAIM COUNT IV
## EQUITABLE SUBORDINATION (11 U.S.C. § 510(C))

45.

Debtor realleges and incorporates by reference, the responses set forth in paragraphs 1 through 44 above, as through fully set forth herein.

46.

Upon information and belief, the Debtor made transfers to parties who had either actual or constructive knowledge of the nature of Debtor's fraudulent activities. These transfers were made for the purpose of paying off creditors, under the threat of Debtor's business being exposed or otherwise bringing suit against Debtor based on Debtor's continuing fraud. These transfers were funded only through the commission of additional fraud, and continuing injury to innocent parties.

47.

To the extent that the Fraudulent Transfers were made with either actual or constructive knowledge on the part of Plaintiffs of the nature of Debtor's business activities, or to the extent that Plaintiffs had either actual or constructive knowledge of Debtor's activities and remained silent in the hope of receiving payment through Debtor's continuing fraud, grounds exist to subordinate Plaintiffs claims, if any, to those of the other, innocent victims of Debtor's fraud pursuant to 11 U.S.C. § 510(c).

## **RESERVATION OF RIGHT TO AMEND**

48.

Debtor reserves the right to amend this Complaint pursuant to a requested accounting as well as other discovery should facts be discovered to justify the assertion of additional claims, including without limitation any and all claims arising under Title 11 of the United States Code or applicable state law.

WHEREFORE, Plaintiff requests that the Court enter judgment:

(a)  Declaring that each of the Preferential Transfers is avoidable as a preferential transfer pursuant to Section 547 of the Bankruptcy Code, and that Debtor is entitled to recover each of the Preferential Transfers or the value thereof under Section 550 of the Bankruptcy Code;

(b)  Declaring that each of the Fraudulent Transfers is avoidable as a fraudulent transfer pursuant to Section 548 of the Bankruptcy Code, and that Debtor is entitled to recover each of the Fraudulent Transfers or the value thereof under Section 550 of the Bankruptcy Code;

(c)   Declaring that any claims filed by Plaintiffs are equitably subordinated pursuant to

Section 510(c) of the Bankruptcy Code.

Respectfully submitted,

**MCBRYAN, LLC**

/s/ Louis G. McBryan
Louis G. McBryan, Ga. Bar No. 480993
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
(678) 733-9322
lmcbryan@mcbryanlaw.com
**Attorney for Teri Galardi**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day electronically filed the foregoing **DEFENDANT'S AFFIRMATIVE DEFENSES, ANSWER AND COUNTERCLAIMS** using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the following parties in this case under the Bankruptcy Court's Electronic Case Filing Program:

The following parties were served by electronic notice:

**William Russell Geer**       wgeer@geerlawgroup.com, notices@nextchapterbk.com;
                              willgeer@ecf.courtdrive.com
**Garrett A. Nail**            gnail@pgnlaw.com

This 11th day of October 2022.

Respectfully submitted,

**MCBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan, Ga. Bar No. 480993
lmcbryan@mcbryanlaw.com
**Attorney for Defendant Teri G. Galardi**