**SIGNED this 9 day of March, 2023.**



_____
**James P. Smith
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 11 |
| | : | |
| TERI G. GALARDI, | : | Case No. 22-50035-JPS |
|          Debtor | : | |
| | : | |
| JACK E. GALARDI, JR. And | : | |
| EMELITA P. SY, as the Trustee of the | : | |
| JACK E. GALARDI, JR. SUB-TRUST, | : | |
|          Plaintiffs | : | |
| vs. | : | Adversary Proceeding |
| | : | No. 22-5008-JPS |
| TERI G. GALARDI, | : | |
|          Defendant | : | |

BEFORE

James P. Smith
United States Bankruptcy Judge

APPEARANCE:

    For Plaintiffs:    Will Bussell Geer
Rountree, Leitman, Klein & Geer, LLC
Century I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329
404-584-1238
Email: wgeer@rlkglaw.com

    Garrett A. Nail
Portnoy, Garner & Nail, LLC
3350 Riverwood Parkway
Suite 460
Atlanta, GA 30339
678-385-9712
Fax : 678-214-2313
Email: gnail@pgnlaw.com

    For Debtor/Defendant:    Louis G. McBryan
McBRYAN, LLC
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
ATLANTA, GA 30328
678-733-9322
Fax : 678-498-2709
Email: lmcbryan@mcbryanlaw.com

# MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO ABSTAIN

Before the Court is Defendant's renewed motion to dismiss or, in the alternative, motion to abstain. Along with her motion and brief, Defendant has filed with this Court the voluminous record from the Clark County, Nevada District Court case, Case Number P-18-096792-T (the "Nevada case"), the pre-petition litigation between Plaintiff and Defendant involving a trust set up for Plaintiff and Defendant's administration thereof as trustee.[1] In her motion to dismiss, Defendant argues that Plaintiff's complaint should be dismissed because all of Plaintiff's claims are barred by the applicable Nevada statute of limitations. In the alternative, Defendant asks this Court to abstain pursuant to 28 U.S.C. §1334(c)(1).

In response, Plaintiff argues that Defendant waived the statute of limitations defense by failing to timely assert that defense in the Nevada case. Alternatively, Plaintiff argues that Defendant's debt to Plaintiff on a note and mortgage are "Established Claims" for which there is no statue of limitations. He further argues that the three year statute of limitations on his breach of fiduciary duty claims did not begin to run until December 6, 2018, and, therefore, his assertion of those claims in the Nevada case was timely.

For the reasons explained below, the Court will deny the motion to dismiss. However, the Court will grant the motion to abstain.

## FACTS

"On a motion to dismiss, the facts stated in [Plaintiff's] complaint and all reasonable inferences therefrom are taken as true." <u>Stephens v. Dept. of Health and Human Servs.</u>, 901 F. 2d

---

[1] Defendant's prior motion, filed June 22, 2022, was denied, without prejudice, because the Court did not have a sufficient record relating to the Nevada case.

1571, 1573 (11th Cir. 1990). The court may also consider documents attached to the motion to dismiss that Plaintiff refers to in his complaint, that are central to his claims and who's contents are not in dispute. Harris v. Ivax Corp., 182 F.3d 799, 802 n. 2 (11th Cir. 1999); Brooks v. Blue Cross & Blue Shield of Fla. Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997). Accordingly, the following is a summary of the complaint's allegations.

Prior to his death, the father of Plaintiff and Defendant formed a revocable living trust under the laws in the state of Nevada (the "Family Trust"). The father died in 2012 and, pursuant to the terms of his will, Defendant was named the personal representative of the estate. Probation of the will was completed in June 2014.

Under the terms of the Family Trust, Defendant was appointed successor trustee. The Family Trust provided that, after paying for any final expenses of the father and making a certain specified distribution to a third party, seventy- five percent of the remaining trust assets were to be distributed to Defendant and twenty- five percent of the assets were to be distributed to a sub-trust of which Plaintiff is the sole beneficiary (the "JGJ Sub-Trust"). Pursuant to the Family Trust, Defendant was named successor trustee of the JGJ Sub-Trust. The income and principle of the JGJ Sub-Trust was to be distributed, in Defendant's discretion, for the support of Plaintiff.[2]

According to the complaint, the twenty- five percent to which the JGJ Sub-Trust was entitled totaled $8,630,635. However, the JGJ Sub-Trust only received $6,693,388.60. To make up the difference, in November 2014, Defendant caused a sub-trust in her name to give the JGJ Sub-Trust a note for $1,688,742, which Defendant personally guaranteed ("the Teri Note"). The

---

[2] According to the complaint, Defendant has asserted that Plaintiff has Asperger's Syndrome and lacks the kinds of life skills that would permit him to care for and make decisions for himself.

father's residence, where Plaintiff then resided and where he continues to reside, was also placed in the JGJ Sub-Trust and Defendant assumed the mortgage debt on that residence. The complaint alleges that Defendant failed to make payments on the Teri Note from December 1, 2014 through April 2017.

The complaint alleges that Defendant, as trustee of the Family Trust, elected not to put any of the income producing assets of the Family Trust into the JGJ Sub-Trust. The complaint describes the assets placed in the JGJ Sub-Trust and describes decisions by Defendant relating to those assets that caused loss to the JGJ Sub-Trust. The complaint alleges that her decisions as to how the assets of the Family Trust were to be divided, the management of those assets, her failure to make payments on the Teri Note and her decision to use her personal assets (the Teri Note and the assumption of the mortgage) to partially fund the JGJ Sub-Trust, instead of using only assets from the Family Trust as required by the Family Trust terms, were all breaches of her fiduciary duties to the JGJ Sub-Trust and Plaintiff. The complaint alleges that these actions were intentional and were certain to cause injury to Plaintiff.

The complaint further alleges that Plaintiff became aware of Defendant's breach of fiduciary duties in 2018. He filed the Nevada case to have Defendant removed as trustee of the JGJ Sub-Trust. The complaint alleges that the Nevada court ordered Defendant to give an accounting of her handling of the assets of the JGJ Sub-Trust by a date certain, and that she failed to comply with that order. The complaint further alleges that the Nevada court entered a Stipulation And Order on September 27, 2019, in which Defendant resigned as the trustee of the JGJ Sub-Trust and Emelita P. Sy was named successor trustee.

The complaint alleges that on January 12, 2021, Plaintiff filed a "Petition for Recovery of

Assets From Teri Galardi" in the Nevada court. This action was stayed by the filing of this bankruptcy case.

The complaint asserts that Defendant's actions as trustee of the JGJ Sub-Trust caused Plaintiff and the Sub-Trust damages. Count I of the complaint asserts a claim under 11 U.S.C. §523(a)(4) for damages caused by Defendant's breach of fiduciary duty. Counts II and III assert claims under 11 U.S.C. §523(a)(6) and 11 U.S.C. §523(a)(2)(A) for damages in the amount of $2,000,000. The complaint asks the Court to enter judgement against Defendant and declare the debt nondischargeable.

## DISCUSSION

A. Motion to Dismiss. As Defendant argues, "A Rule 12 (b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-bar.'" Gonsalvez v. Celebrity Cruises Inc., 750 F.3d 1195, 1197 (11th Cir. 2013) (quoting La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)). Defendant argues that under Nevada law, there is a three- year statute of limitations for breach of fiduciary claims. Defendant further argues that the statute began to run no later than March 20, 2015. Accordingly, Defendant argues that the statute had run when Plaintiff filed the Petition for Recovery of Assets in the Nevada case on January 12, 2021 (Doc.37, Tab 7, hereinafter "Petition for Recovery").

Plaintiff acknowledges that the applicable statute of limitations under Nevada law is three years. However, he alleges in his complaint that the statute did not begin to run until 2018, when he first became aware of Defendant's alleged breaches of fiduciary duty. Citing Nev. Rev. St. 11.190 (3)(g)(d), Plaintiff argues that the statute does not begin to run until the aggrieved party discovers the facts constituting the fraud or mistake. Accordingly, he alleges that the Petition for

6

Recovery was filed before the statute expired.

Since the Court must accept as true the allegation by Plaintiff that he first learned of the breaches in 2018, the Court must accept his argument that the statute did not begin to run until that time and that the statute had not expired when he filed his Petition for Recovery on January 12, 2021. Accordingly, it is not apparent from the face of the complaint that Plaintiff's claims are time barred and the motion to dismiss must be denied.[3]

B. Motion to Abstain. As an alternative to dismissing the case, Defendant asks this Court to exercise permissive abstention pursuant to 28 U.S.C. §1334 (c)(1). That statute provides, in relevant part:

> ... nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

As explained by the court in Nilhan Dev., LLC v. Glass (In re Nilhan Dev.,LLC) 631 B.R. 507, 542 (Bankr. N.D. Ga. 2021),

> Courts employ a multifactor test to determine whether abstention is appropriate. Courts consider the following nonexclusive factors:
> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of relative proceedings commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334
> (6) the degree of relativeness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an assertive "core" proceeding;

---

[3]Since the Court is denying the motion to dismiss on the grounds that the running of the statute is not apparent on the face of the complaint, it is not necessary for the Court to consider Plaintiff's arguments that Defendant has waived the statute of limitations defense or that the statute of limitations does not apply to Plaintiff's "Established Claims."

    (8) the feasability of severing state law claims from core bankruptcy matters to allow judgements to be entered in state court with enforcement left to the bankruptcy court;
    (9) the burden of the bankruptcy court's docket
    (10) the likelihood that the commencement of the proceeding in bankruptcy court involves form shopping by one of the parties;
    (11) the existence of a right to a jury trial; and
    (12) the presence in the proceeding of non-debtor parties.

The Court will address each of these factors.

    1. <u>Efficient administration of the bankruptcy estate</u>. Abstention should not have any impact on the administration of Defendant's bankruptcy estate. Defendant and the Official Committee of Unsecured Creditors have filed a joint disclosure statement and plan (Doc. 300 & 299) and the Court has entered an order establishing deadlines for objections thereto and setting the date for a combined hearing on the approval of the disclosure statement and plan. (Doc. 309). Plaintiff's claim is classified as the class 9 claim in the amount of $1,896,700.40. Article III, 3.2.9 acknowledges that the claim is being litigated in this adversary proceeding. The plan provides that, upon determination of the claim, Plaintiff is to receive the same distribution as class 8 unsecured creditors. Further, the plan provides that, if the claim is determined to be nondischargeable, it will be paid in full, with interest. Accordingly, the parties can pursue Plaintiff's claims and defenses thereto in the Nevada case. At the same time the Court can sever and the parties can litigate Defendant's counterclaim avoidance actions in this Court without any impact on the administration of Defendant's bankruptcy case. Therefore, this factor weighs in favor of abstention.

    2. <u>State law issues</u>. All of Plaintiff's claims are controlled by Nevada state law. There are no claims arising under bankruptcy or nonbankruptcy federal law. Although Defendant's counter-

claims assert avoidance actions under 11 U.S.C. §547 and 548, those claims can be severed from Plaintiff's claims and resolved separately by this Court. See Bankruptcy Rule 7021. Further, once the Nevada case has been resolved and Plaintiff's claims determined, the parties can return to this Court, report the results of the Nevada case and request this Court to make a final determination as to whether the claims against Defendant, if any, are nondischargeable. See Rayonier Wood Products, LLC v. Scanware, Inc. (In re Scanware, Inc.), 411 B.R. 889, 898 (Bankr. S.D. Ga. 2009), aff'd, 420 B.R. 915 (S.D. Ga. 2009). Accordingly, this favor weighs in favor of abstention.

    3. Difficulty or unsettled nature of applicable law. Plaintiff's breach of fiduciary claims are garden variety state law claims which can be easily dealt with by the Nevada court. This factor weighs in favor of the abstention.

    4. Presence of related proceedings commenced in state court. The Nevada case has been pending since September 2018. All of the claims, defenses and arguments raised in this adversary proceeding, including the issues relating to the statute of limitations defense and whether that defense has been waived, have been asserted in the Nevada case. Accordingly, the Nevada court should be throughly familiar with all the issues presented in this case. It simply makes no sense to start anew in this Court. This factor weighs in favor of abstention.

    5. Jurisdictional basis other than 28 U.S.C. §1334. As evidenced by the fact that Plaintiff filed the Nevada case in the state District Court of Nevada and continued to litigate the case there until this bankruptcy case was filed, it is clear that, absent this bankruptcy case and 28 U.S.C. §1334, these claims would be litigated in Nevada state court. There does not appear to be any other grounds for federal court jurisdiction. This factor weighs in favor of abstention.

6. <u>The degree of relatedness to the main bankruptcy case</u>. As explained above, other than establishing Plaintiff's claims and determining whether those claims, if any, are nondischargeable, this adversary proceeding has no impact on the main bankruptcy case. Accordingly, this adversary proceeding is remote to the main bankruptcy case. This factor weighs in favor of abstention.

7. <u>Substance rather than form of an assertive "core" proceeding</u>. Pursuant to 28 U.S.C. §157 (b)(2)(I), this is a core proceeding. Accordingly, this factor weighs in favor of non-abstention.

8. <u>Feasibility of severing state law claims from core bankruptcy matters</u>. As explained above, determination of Plaintiff's claims can be easily severed from the question of dischargeability, with that question remaining with this Court. Further, the counterclaim avoidance actions can be severed and handled by this Court. This favor weighs in favor of abstention.

9. <u>Burden on Court's docket</u>. This Court has sufficient time to adjudicate this adversary proceeding. This factor weighs in favor of nonabstention.

10. <u>Forum shopping</u>. As previously discussed, the Nevada case has been pending since September 2018. Essentially all the claims asserted in this adversary proceeding were asserted in the Petition for Recovery. Defendant asserted her statute of limitations defense on March 24, 2021 in response to the Petition for Recovery. <u>See</u> Doc. 37, Tab 8, pp.245-252. Plaintiff asserted his argument that the defense had been waived (<u>See</u> Doc. 37, Tab 9, pp. 404-434) and argued that the statute of limitations did not began to run until December 6, 2018. Doc. 37, Tab 11, pp. 416-418. In response, the court, on November 15, 2021, found, "Additional briefing from [Plaintiff]

Case 22-05008-JPS    Doc 42    Filed 03/09/23    Entered 03/09/23 15:21:44    Desc Main
                        Document      Page 11 of 11

and [Defendant] is required to clarify dates and facts to allow a proper ruling" with respect to the statute of limitations issue. Therefore, the court ordered Plaintiff to file a supplemental brief no later than July 9, 2021. Doc. 37, Tab 11, p. 2. However, it does not appear that Plaintiff availed himself of that opportunity, which would have allowed the Nevada court to rule on those issues. Further, rather than asking this Court for relief from stay to proceed with the Nevada case after this bankruptcy case was filed, Plaintiff filed this adversary proceeding. It clearly appears that Plaintiff is forum shopping in the hopes in getting a more favorable result from this Court. Accordingly, this factor weighs in favor of abstention.

      11. <u>Existence of right to a jury trial</u>. This factor does not exist in this case and thus weighs in favor of nonabstention.

      12. <u>Presence of non-debtor parties</u>. Other than Plaintiff, there are no non-debtor parties in this case. Accordingly, this factor weighs in favor of nonabstention.

      In summary, all of these factors overwhelming favor abstention to allow the Nevada case to proceed. Accordingly, the motion to abstain will be granted. The Court will enter a separate order consistent with this opinion.

*END OF DOCUMENT*